UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:20-cv-01126-SB (SHKx) | Date: | April 14, 2021 |
|---|---|---|---|
| Title: | *Danielle Gamino v. KPC Healthcare Holdings, Inc., et al.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: ORDER GRANTING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORY NO. 3 [ECF NO. 72]**

On January 8, 2021, Defendants' filed their Memorandum Regarding Scope of Discovery Pending Decisions On The Motions to Dismiss and Objection to Plaintiff's Interrogatory No. 3 ("Objections"). ECF No. 72. Plaintiff filed their Response to Defendants' Memorandum Regarding Timing and Scope of Discovery ("Opposition" or "Opp'n"), ECF No. 75, and Defendants' filed their Reply, ECF No. 78. The issue of generally conducting non-bifurcated discovery was previously addressed, ECF No. 103, and the only issue that remains with respect to the Objections is whether Plaintiff's Interrogatory No. 3 requires a response.

After reviewing the record and the parties' briefs, the Court **GRANTS** Defendants' Objections to currently providing a response to Plaintiff's Interrogatory No. 3.

### I. BACKGROUND

**A.   Factual And Procedural History**

In the Order Denying Motion to Dismiss, the Court provided the following description of the case:

> This putative class action challenges a 2015 debt-leveraged purchase of stock by a company's employee stock ownership plan (ESOP).

> Plaintiff Danielle Gamino is a former employee of defendant KPC Healthcare Holdings Inc. and a participant in the company's ESOP.  In 2015, KPC Healthcare's CEO, Defendant Kali Pradip Chaudhuri, allegedly sold 100% of the company's stock to the ESOP.  To oversee and facilitate this transaction, Defendant Alerus Financial N.A. was appointed as an independent trustee.  Allegedly, the company, Defendant KPC Healthcare. has sole authority to appoint and remove the trustee.
>
> According to the complaint, this transaction was not in the best interest of the ESOP and its participants because the ESOP paid Defendant Kali Pradip Chaudhary more than fair market value for the stock and incurred significant debt to do so.  The complaint also alleges the ESOP committee, which serves as the plan administrator, has failed to file or disclose several documents mandated for disclosure by ERISA.  According to the complaint, the company's Board of Directors (the Director of Defendants) serve on and monitor the ESOP Committee.

Electronic Case Filing Number ("ECF No.") 76, Order Denying Motions to Dismiss at 1-2.

As previously discussed, non-bifurcated discovery is ongoing.  Additionally, the Court set a briefing schedule regarding class certification with Plaintiff's class certification briefing due on May 19, 2021.  ECF No. 99, Order Granting Stipulation Re Briefing Schedule for Class Certification at 2.

**B.      Disputed Discovery**

Plaintiff's Interrogatory No. 3, the objections from the KPC Defendants, and Response is set forth below:

> **INTERROGATORY NO. 3**
> For any of Plaintiff's claims that YOU contend do not meet the requirements of Rule 23(a) or any portion of 23(b)(1), (b)(2), or (b)(3), identify the claim that cannot be certified under Rule 23, the subsection of Rule 23(a) and/or (b) under which YOU contend that the claim cannot be certified, and summarize the facts that support YOUR contention that the claim does not meet the requirements for certification under that subsection of Rule 23 (a) or (b).
>
> **OBJECTIONS:** The KPC Defendants object to this Interrogatory because it seeks privileged information protected from disclosure by the attorney work product doctrine, including the KPC Defendants' counsel's litigation strategy.  The KPC Defendants further object to this Interrogatory as premature because it requires the KPC Defendants to anticipate their response to Plaintiff's class certification motion, which has not yet been filed.
>
> **RESPONSE:** The KPC Defendants' response to Plaintiff's class certification motion will set forth the KPC Defendants' legal arguments regarding class certification, including those based on whether the class meets any of the

specific requirements of Rule 23(a) or (b)(1)-(3). To the extent necessary, the KPC Defendants will amend their objections and response to this Interrogatory as the litigation progresses.

ECF No. 72-2, Exhibit A to Objections at 6-7.

## II.   LEGAL STANDARD

### A.   Requirements And Scope Of Discovery Under Rule 26

Rule 26(b)(1) governs the scope of permissible discovery and provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (internal citations and quotation marks omitted).

Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless. See Fed. R. Civ. P. 26(b)(1). Discovery may be denied where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009). "The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." Reece v. Basi, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014), aff'd, 704 F. App'x 685 (9th Cir. 2017) (quoting Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)).

Finally, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled."

United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *2 (C.D. Cal. July 24, 2015) (internal citations and quotation marks omitted).

B.     **Interrogatory Requirements And Scope Under Rule 33**

Federal Rule of Civil Procedure 33 governs interrogatories to parties. The purpose of interrogatories is to limit and clarify the issues for the parties in preparation for further trial proceedings. See Soria v. Oxnard Sch. Dist. Bd. of Trustees, 488 F.2d 579, 587 (9th Cir. 1973). "An interrogatory may relate to any matter that may be inquired into under Rule 26." Fed. R. Civ. P. 33(a)(2). "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"If objections are made, the burden is on the interrogating party to move under Rule 37(a) for a court order compelling answers, in the course of which the court will pass on the objections. The change in the burden of going forward does not alter the existing obligation of an objecting party to justify his objections." Fed. R. Civ. P. 33, Advisory Committee Notes 1970 Amendments, Subdivision (a)(3).

Parties responding to interrogatories must do so "to the fullest extent possible" and "objections must be stated with specificity." Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 12731923, at *4 (citations omitted). Further, "answers to interrogatories must be responsive, full, complete and unevasive." In re Rivera, No. CV 16-4676 JAK (SSx), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) (internal citations and quotations marks omitted).

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete . . . or some other time." Fed. R. Civ. P. 33(a)(2). "Although contention interrogatories propounded in the early stages of discovery can be a form of discovery abuse" and are generally disfavored, where contention interrogatories are served close to trial, rather than at the inception of an action, "they can also be a useful tool to narrow the issues in dispute." Protective Optics, Inc. v. Panoptx, Inc., No. C-05-02732 CRB (EDL), 2007 WL 963972, at *2 (N.D. Cal. Mar. 30, 2007) (compelling defendants in patent litigation to respond to contention interrogatories and emphasizing that plaintiff argued "persuasively it cannot adequately obtain the information by other means," plaintiff had been unsuccessful in discovering information through document requests and doubted the likelihood of obtaining the relevant information in deposition," a more costly discovery tool than interrogatories).

"Whether contention interrogatories are appropriate is appropriately addressed on a case-by-case and interrogatory-by-interrogatory basis." Kraft Americas, LP v. Oldcastle Precast, Inc., No. LA CV 12-03681 JAK (Ex), 2013 WL 12125759, at *7 (C.D. Cal. Dec. 18, 2013) (citing, inter alia, Cable & Comp. Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 651-52 (C.D. Cal. 1997) (granting a motion to compel responses to contention interrogatories); see also

Lincoln Ben. Life Co. v. Fundament, No. SACV 18-000260-DOC (JDEx), 2018 WL 7051064, at *3-4 (C.D. Cal. Dec. 6, 2018) (plaintiff, who provided no objections, was ordered to respond to defendant's interrogatory as to whether it contended someone was dead or alive).

### III. DISCUSSION

#### A. Arguments

##### 1. Plaintiff's Arguments

Plaintiff argues that Interrogatory No. 3 is appropriate because "it merely asks Defendants to summarize why the claim cannot be certified under Rule 23(a) and (b) . . . ," ECF No. 75, Opp'n at 23, and also cited to Facedouble, Inc. v. Face.com, Inc., No. 12CV1584, 2014 WL 585868, at *2 (S.D. Cal. Fed. 13, 2014) for the proposition that timing of the contention interrogatory is appropriate. ECF No. 75, Opp'n at 24. Finally, Plaintiff's argue that the contention argument is appropriate because it seeks "'an opinion or contention that relates to fact or the application of law to fact.'" Id. (quoting Fed. R. Civ. P. 33(c)).

##### 2. Defendants' Arguments

In their opening brief, Defendants' argue that the contention interrogatory is improper because "Plaintiff wants to know how Defendants and their counsel will oppose Plaintiff's motion for class certification—which [Plaintiff] has not yet even filed [and that] Courts have refused to require defendants to answer similar interrogatories, because they seek counsel's work product in the form of legal strategies and mental impressions and require defendants to 'essentially . . . present [their] motion for [or against] class certification in advance of the motion deadline.'" ECF No. 72, Objections at 12 (quoting Ramirez v. GEO Grp., Inc., No 18CV2136-LAB (MSB), 2019 WL 950328, at *5 (S.D. Cal. Feb. 26, 2019)). Further, Defendants argue that "Plaintiff cannot establish 'plausible grounds showing that early answers to contention requests will efficiently advance litigation,' because Defendants have not determined their arguments yet." ECF No. 72, Objections at 12 (citing Gen-Probe, Inc. v. Becton, Dickinson & Co., No. 09-cv-2310-BEN-NLS, 2010 WL 2011526, at *1-2 (S.D. Cal. May 19, 2010)).

In their Reply, Defendants further argue that Facedouble, Inc. v. Face.com, Inc., No. 12CV1584, 2014 WL 585868, at *2 (S.D. Cal. Fed. 13, 2014) poses a different situation than the current one and that other cases, including Ramirez v. GEO Grp., Inc., No 18CV2136-LAB (MSB), 2019 WL 950328, at *5 (S.D. Cal. Feb. 26, 2019) provide better guidance regarding requiring responses to the type of contention interrogatory propounded in this case at this stage of the litigation. ECF No. 78, Reply at 7.

#### B. Analysis

At the outset, there does not appear to be any dispute that Interrogatory No. 3 is a contention interrogatory.

With respect to the timing of the interrogatory, of the cases cited by the parties, Ramirez v. GEO Grp., Inc., No 18CV2136-LAB (MSB), 2019 WL 950328, at *5 (S.D. Cal. Feb. 26,

2019) is the closest case to the situation presented here where the contention interrogatory is seeking Defendants' position as to why class certification is not appropriate. The Court, after conducting its own extensive independent research and finding nothing controlling, finds Ramirez persuasive. Though Plaintiff claims that Defendants have enough information from the Complaint to identify the relevant facts allowing Defendants to formulate an adequate response, there is no indication what discovery has been completed, what discovery remains and how this request is anything but a preview of Defendants' opposition to Plaintiff's class certification brief. Though it may allow a narrowing of the scope of the dispute for class certification, it will not likely set up early settlement discussions or provide a "substantial basis for a motion under Rule 11 or Rule 56." Id. (citing In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 338-39 (N.D. Cal. 1985)).

The Magistrate Judge also finds Facedouble, Inc. v. Face.com, Inc., No. 12CV1584, 2014 WL 585868, at *2 (S.D. Cal. Fed. 13, 2014) distinguishable, because in that case, Plaintiffs had disclosed their own contentions, beyond the allegations in the complaint, regarding the basis for infringement as well positions regarding claim construction in a patent case. Id. at *3. There is no indication here that Plaintiff has provided its class certification position in greater detail than is set forth in the Complaint. Consequently, seeking the information sought in Interrogatory No. 3, on the record before the Magistrate Judge is premature.

The Magistrate Judge finds the remaining arguments by Defendants unpersuasive as the contention interrogatories may properly inquire about the factual bases for responses provided in Defendants' Answer at ¶¶ 29-34. ECF No. 87, KPC Defendants' Answer at 6-7.

Therefore, Defendants' Objections are **GRANTED** for the time being as to Interrogatory No. 3, though it may be re-urged after further discovery is conducted.

### IV.   CONCLUSION

For the reasons set forth above Defendants' Objections are **GRANTED** for the time being as to Interrogatory No. 3, though it may be re-urged after further discovery is conducted.

**IT IS SO ORDERED.**