UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 5:20-cv-01126-SB-SHK | Date: | 6/2/2021 |

| | |
|---|---|
| Title: | Danielle Gamino v. KPC Healthcare Holdings, Inc. et al |

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 125)

Before the Court is the motion for reconsideration filed by Defendants Kali Pradip Chaudhuri, Kali Priyo Chaudhuri, Amelia Hippert, KPC Healthcare Holdings, Inc., KPC Healthcare, Inc. Employee Stock Ownership Plan, KPC Healthcare, Inc. Employee Stock Ownership Plan Committee, William E Thomas, and Lori Van Arsdale. Dkt. Nos. 125, 125-1 (Mot.); *see* Dkt. Nos. 130 (Opp.), 134 (Reply).

I.

This motion arises out of a putative class action challenging a debt-leveraged purchase of stock by a company's employee stock ownership plan and specifically concerns Magistrate Judge Kewalramani's order overruling Defendants' objection to Plaintiff's request for production of the putative class members' contact information. Dkt. No. 123 (Order). Judge Kewalramani concluded the requested discovery was relevant to class-certification issues and required KPC Defendants to "produce the names, addresses, and phone numbers of putative class members."

*Id.* at 7-9. Defendants now move this Court to set aside the Magistrate Judge's order to produce class contact information.

Defendants requested, by ex parte application, a stay of the discovery order and an instruction that Plaintiffs sequester the information pending the resolution of this motion for reconsideration. Dkt. No. 126. The Court granted the limited stay, noting that the Court was "not convinced that Defendants have shown that the Magistrate Judge's order likely should be reversed" but that, absent a stay, "Defendants would be deprived of any meaningful right to reconsideration." Dkt. No. 128.

Under Federal Rule of Civil Procedure 72(a), when there is a timely objection to a magistrate judge's decision on a nondispositive, pretrial matter, the district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." "[A] magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002). An application of this standard requires denial of the motion.

## II.

Defendants' primary argument is that the required "class contact information is not relevant or discoverable" under the Ninth Circuit's recent decision in *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020). Mot. 6-9. There, the Ninth Circuit granted a petition for a writ of mandamus and vacated a district court's pre-class-certification discovery order to produce a list of California customers who had purchased products at issue in the litigation. *Id.* at 537-40. The court held the requested information was not relevant according to Federal Rule of Civil Procedure 26(b)(1), which "limits the scope of discovery to 'nonprivileged matter that is relevant to any party's claim or defense.'" *Id.* at 539 (quoting Fed. R. Civ. P. 26(b)(1)). Defendants claim the Magistrate Judge's order here is "nearly identical" and contradicts this "recent binding precedent." Mot. 1.

The Magistrate Judge did not clearly err or act contrary to law in concluding that Defendants read *Williams-Sonoma* too broadly. There, "[t]he purpose of the discovery was to enable opposing counsel to find a lead plaintiff to pursue a class action against Williams-Sonoma under California law." *Williams-Sonoma*, 947

F.3d at 537. The Ninth Circuit held the discovery order was improper because "using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *Id.* at 540. Though the party seeking the class information contended it may be "relevant to class certification issues," the Ninth Circuit concluded that the argument did not "undercut . . . the primary point" that the request improperly sought to identify a new class representative. *Id. Williams-Sonoma* did not bar the production of class contact information for all purposes in all circumstances.  The court had no occasion to sweep that broadly because the "sole purpose" of the discovery in that case was to aid plaintiff's counsel in finding someone "who might be willing to sue." *Id.* at 538. Here, the Magistrate Judge correctly noted that "Plaintiff Gamino still remains as the named plaintiff and there is no indication on the record before the Court that she is an inadequate class representative." Order 7-9. The Magistrate Judge further noted that the discovery sought "appears . . . solely for class certification purposes, which . . . is relevant and permitted in this Circuit." Order 8.[1] Based on these differences, the Court certainly cannot say that the Magistrate Judge committed clear error in finding *Williams-Sonoma* to be distinguishable. Order 7-8.[2]

       Defendants contend that "*Williams-Sonoma* at a minimum requires that a plaintiff make a particularized showing that the class contact information is

---

[1] Defendants claim the magistrate judge "improperly disregarded a written statement from Plaintiff's counsel indicating that they intended to use discovery to search for potential new claims and potential new defendants." Mot. 18. But "based on the record," the magistrate judge found Defendants "misconstrued or misrepresented" the statement from Plaintiff's counsel and concluded the discovery was sought "solely" for proper purposes. Order 8. Based on its own review of the statement and full record, the Court is not "left with the definite and firm conviction that a mistake has been committed" in determining the discovery was sought for proper purposes. *Yent,* 2002 WL 32810316, at *2.

[2] Other courts have likewise distinguished *Williams Sonoma* where the discovery was not sought for the sole purpose of identifying new named plaintiffs. *See, e.g., Perez v. DirecTV Grp. Holdings, LLC*, No. SA CV 16-01440-JLS (DFMx), 2020 WL 3124353, at *2 (C.D. Cal. May 14, 2020) (finding that "unlike *Williams-Sonoma*, the class list discovery . . . was not sought solely to identify a new class representative . . . but also to support Plaintiff's class certification arguments . . . , matters that are relevant to her claims and defenses"); *Florece v. Jose Pepper's Restaurants, LLC*, No. 20-2339-TC-ADM, 2021 WL 351413, at *5 (D. Kan. Feb. 2, 2021).

relevant to a specific 'claim or defense' in that case," i.e., the ERISA claims here. Reply 4. However, for purposes of discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Nguyen v. Lotus by Johnny Dung Inc.*, No. 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *1 (C.D. Cal. June 5, 2019) (citations omitted). Once again, the Court does not find that the Magistrate Judge clearly erred or misapplied the law in rejecting the view that *Williams-Sonoma* imposes a strict particularity requirement.

Upon applying the correct standard, the Magistrate Judge determined "that the identities and contact information of putative class members are relevant to the inquiry of commonality and typicality." Order 7 (noting the question of whether Plaintiff is "atypical or inadequate class representative" appears to remain in dispute). This conclusion was not clear error or contrary to law but, rather, in accordance with the frequent findings of courts within this circuit. *See, e.g.*, *Perez*, 2020 WL 3124353, at *2 (C.D. Cal. May 14, 2020) ("the Ninth Circuit has favored 'allowing class contact discovery unless it is apparent that Plaintiff cannot maintain the action on behalf of the class'") (citation omitted); *Sung Gon Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359-AWI-SKO, 2020 WL 1689708, at *3 (E.D. Cal. Apr. 7, 2020) (internal citations and quotations omitted) (finding information about potential class members "relevant for Rule 23 purposes" and noting that "district courts in this Circuit have often found that [a]s a general rule . . . all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action" and "[f]or that reason, discovery of the putative class members' identities and contact information is routinely allowed").[3]

Finally, Defendants have not persuaded the Court that the Magistrate Judge "failed to properly consider the significant prejudice that would result from disclosure of the ESOP participants' contact information." Reply 14. Plaintiff has a

---

[3] The discovery order's statement that "Defendants have not offered any adequate explanation as to why such information is not relevant to the issues of commonality or typicality," Order 7, does not show that the Magistrate Judge "improperly shifted" the burden regarding relevance, Mot. 16. The Magistrate Judge made that statement after concluding the information sought "satisfies the relevancy requirements of Rule 26(b)(1)," at which point "[t]he party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009).

4

strong interest in obtaining class contact information, and the affected individuals are "not disinterested third parties, but rather potential plaintiffs themselves." *See Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007). Moreover, the sort of general contact information at issue here implicates minimal privacy concerns. *Johnson v. Moss Bros. Auto Grp.*, No. ED CV 19-2456-FMO (SPx), 2020 WL 6565315, at *9 (C.D. Cal. Sept. 14, 2020) ("In the context of discovery seeking basic contact information, courts have recognized that individuals have a reduced privacy interest in this information."). The Magistrate Judge correctly noted that there is no "evidence that the current protective order is insufficient" to sufficiently mitigate any risk of prejudice. Order 8; see *Johnson,* 2020 WL 6565315, at *10 (finding "existing protective order . . . adequate to address any privacy concerns" from disclosing class contact information).

### III.

For these reasons, the motion for reconsideration is **DENIED**. The Court's previous stay, Dkt. No. 128, is **VACATED**.

The Court previously indicated that if the Court affirmed the Magistrate Judge's discovery order, it would consider granting Plaintiff 14 days from the resolution of the motion for reconsideration to refile the motion for class certification or file a supplement addressing any evidence or argument that the current stay precluded Plaintiff from referencing. Dkt. No. 135.

The Court thus sets the following schedule:

- Plaintiff must file an amended motion for class certification, addressing any evidence or argument affected by the Court's prior stay, by **June 16, 2021**

- Defendants must file their opposition(s) **June 30, 2021**

- Plaintiff must file the reply by **July 23, 2021**

- The hearing is set for **August 6, 2021 at 8:30 a.m.**

**IT IS SO ORDERED**.