R. Joseph Barton, CSBN 212340
Email: jbarton@blockleviton.com
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020

*Attorneys for Plaintiff*
*(additional counsel listed below)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, | ) ) ) Case No.: 5:20-cv-01126-SB-SHK |
| *Plaintiff*, | ) ) **PLAINTIFF'S MEMORANDUM OF** |
| | ) **POINTS AND AUTHORITIES IN** |
| v. | ) **SUPPORT OF AMENDED** ) **MOTION FOR CLASS** |
| | ) **CERTIFICATION** |
| KPC HEALTHCARE HOLDINGS, INC., *et al.*, | ) ) Hearing set for August 6, 2021 |
| | ) 8:30 a.m., Courtroom 6C |
| *Defendants*, | ) ) |
| and | ) ) |
| KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | ) ) ) ) |
| *Nominal Defendant* | ) ) |

## TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................17

II. BACKGROUND ................................................................................19

    A. Statement of Facts Alleged in the Complaint ...............................19

    B. Claims of the Complaint ...............................................................20

III. ARGUMENT .....................................................................................21

    A. The Class is Objectively And Properly Defined. ...........................22

    B. The Class Meets Each of the Rule 23(a) Criteria. ..........................22

        1. The Class Members Are So Numerous That Joinder Would Be Impracticable...............................................................................23

        2. Plaintiff's Claims Raise Numerous Common Questions .........23

        3. The Typicality Requirement of Rule 23(a)(3) is Met..............27

            a. Plaintiff's Claims Are Typical of the Class...................27

            b. There Are No Unique Defenses .....................................29

        4. Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Class...............................................29

            a. There Is No Evidence of Conflict...................................30

            b. Plaintiff will Vigorously Prosecute The Claims............30

            c. Plaintiff's Counsel Are Adequate..................................32

    C. The Claims Meet the Requirements of Rule 23(b)(1). ...................33

        1. Certification Under Rule 23(b)(1)(A) Is Appropriate .............33

        2. Certification Under Rule 23(b)(1)(B) Is Appropriate..............34

        3. Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Remedies ..................................................................................35

D.     The Claims Meet the Requirements of Rule 23(b)(2). ..................36

    1.     Defendants Have Acted or Refused to Act on Grounds That
        Apply Generally To the Class....................................................36

    2.     The Claims Seek Injunctive and Declaratory Relief ...............36

E.     The Claims Also Satisfy Both of the Rule 23(b)(3) Criteria. ..........39

    1.     Common Questions of Law and Fact Predominate. .................39

    2.     A Class Action is a Superior Method of Resolution.................41

IV.   CONCLUSION..............................................................................41

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alday v. Raytheon Co.*,
   619 F. Supp. 2d 726 (D. Ariz. 2008) ....................................................................32

*Allen v. Hyland's Inc.*,
   300 F.R.D. 643 (C.D. Cal. 2014) ............................................................... 28, 30

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)................................................................................ 20, 31

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
   568 U.S. 455 (2013)....................................................................................20

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ......................................................................25

*Baleja v. Northrop Grumman Space & Missions Sys. Corp.*,
   No. EDCV17235JGBSPX, 2020 WL 3213708 (C.D. Cal. Mar. 26, 2020) . 26, 35

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
   270 F.R.D. 488 (N.D. Cal. 2010)........................................................ 27, 28, 34

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ....................................................................30

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
   338 F.3d 755 (7th Cir. 2003) ......................................................................35

*Binder v. Gillespie*,
   184 F.3d 1059 (9th Cir. 1999) ....................................................................24

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) .............................................................. 20, 39

*Buttonwood Tree Value Partners, LP v. Sweeney*,
   SA-CV-1000537-CJCMLGX, 2013 WL 12125980
   (C.D. Cal. Sept. 12, 2013)..........................................................................25

*Campbell v. PricewaterhouseCoopers, LLP*,
    253 F.R.D. 586 (E.D. Cal. 2008) .........................................................................21

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011).........................................................................................35

*Colesberry v. Ruiz Food Prods., Inc.*,
    CVF 04-5516 AWISMS, 2006 WL 1875444 (E.D. Cal. June 30, 2006)...........31

*Cryer v. Franklin Templeton Res., Inc.*,
    C 16-4265 CW, 2017 WL 4023149 (N.D. Cal. July 26, 2017).........................32

*Cummings v. Connell*,
    316 F.3d 886 (9th Cir. 2003) ............................................................................28

*Delarosa v. Boiron, Inc.*,
    275 F.R.D. 582 (C.D. Cal. 2011) .......................................................................21

*Fernandez v. K-M Indus. Holding Co.*,
    No. C 06-7339 CW, 2008 WL 2625874 (N.D. Cal. June 26, 2008) ..................29

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
    463 U.S. 1 (1983)...............................................................................................35

*Fremont Gen. Corp. Litig.*,
    No. 2:07-cv-02693-JHN-FFMx., 2010 WL 3168088
    (C.D. Cal. Apr. 15, 2010)...................................................................................38

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................... 28, 38

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) .............................................................................27

*Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.*,
    530 U.S. 238 (2000)...........................................................................................36

*Harris v. Amgen, Inc.*,
    CV075442PSGPLAX, 2016 WL 7626161 (C.D. Cal. Nov. 29, 2016)..............28

*Hernandez v. Cnty. of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015)........................................................................20

*Hurtado v. Rainbow Disposal, Co.,*
  Case No. 8:17-cv-1605-JLS-DFM, 2019 WL 1771797
  (C.D. Cal. Apr. 22, 2019)................................................................. passim

*In re Comput. Scis. Corp. ERISA Litig.,*
  CV 08-02398 SJO JWJX, 2008 WL 7527872
  (C.D. Cal. Dec. 29, 2008) ............................................................ 26, 38

*In re Northrop Grumman Corp.,*
  No. CV 06-06213 MMM (JCx), 2011 WL 3505264
  (C.D. Cal. Mar. 29, 2011) ........................................................... 29, 33

*In re Schering Plough Corp. ERISA Litig.,*
  589 F.3d 585 (3rd Cir. 2009) ...............................................................31

*In re Syncor ERISA Litig.,*
  227 F.R.D. 338 (C.D. Cal. 2005) ................................................. 23, 26

*Johnson v. Meriter Health Servs. Emp. Ret. Plan,*
  702 F.3d 364 (7th Cir. 2012) ...............................................................35

*Just Film, Inc. v. Buono,*
  847 F.3d 1108 (9th Cir. 2017) ............................................................38

*Kanawi v. Bechtel Corp.,*
  254 F.R.D. 102 (N.D. Cal. 2008).........................................................25

*MadKudu Inc. v. U.S. Citizenship and Immig. Servs.,*
  20-CV-02653-SVK, 2020 WL 7389419 (N.D. Cal. Nov. 17, 2020)..................20

*Marshall v. Northrup Grumman Corp.,*
  No. CV 16-06794-AB (JCX), 2017 WL 6888281
  (C.D. Cal. Nov. 2, 2017)................................................................. passim

*Microsoft Corp. v. U-Top Printing Corp.,*
  46 F.3d 1143 (9th Cir. 1995) ...............................................................37

*Moyle v. Liberty Mut. Ret. Ben. Plan,*
  823 F.3d 948 (9th Cir. 2016) ................................................. 24, 26, 33

*Munday v. Navy Fed. Credit Union,*
  No. SACV151629JLSKESX, 2016 WL 7655807 (C.D. Cal. Sept. 15, 2016)....39

*Munro v. U. of S. Cal.*,
   2:16-CV-06191-VAP-EX, 2019 WL 7842551
   (C.D. Cal. Dec. 20, 2019) ................................................................ 23, 25, 26, 33

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999) ................................................................................... 32

*Osberg v. Foot Locker, Inc.*,
   No. 07-cv-1358 (KBF), 2014 WL 5796686 (S.D.N.Y. Sept. 24, 2014), *aff'd*
   *Osberg v. Foot Locker, Inc.*, 862 F.3d 198 (2d Cir. 2017) ................................... 38

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ...................................................................... 25

*Pfeifer v. Wawa, Inc.*,
   No. CV 16-497, 2018 WL 2057466 (E.D. Pa. May 1, 2018) ............................... 25

*Porter v. Warner Holding Co.*,
   328 U.S. 395 (1946) ................................................................................... 36

*Reynolds v. Nat'l Football League*,
   584 F.2d 280 (8th Cir. 1978) ...................................................................... 37

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) .................................................................... 27

*S.E.C. v. AMX, Int'l*,
   7 F.3d 71 (5th Cir. 1993) ........................................................................... 36

*Santomenno v. Transamerica Life Ins. Co.*,
   316 F.R.D. 295 (C.D. Cal. 2016), *rev'd on other grounds* 883 F.3d 833
   (9th Cir. 2018) .......................................................................................... 23

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ................................................................................... 20

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ...................................................................... 27

*Stoetzner v. U.S. Steel Corp.*,
   897 F.2d 115 (3d Cir. 1990) ....................................................................... 37

*Surowitz v. Hilton Hotels Corp.*,
  383 U.S. 363 (1966).................................................................................29

*Tawfilis v. Allergan, Inc.*,
  No. 815CV00307JLSJCG, 2017 WL 3084275
  (C.D. Cal. June 26, 2017) ........................................................................21

*Tibble v. Edison Int'l*,
  No. CV 07-5359 SVW AGRX, 2009 WL 6764541
  (C.D. Cal. June 30, 2009) ........................................................ 23, 29, 33

*Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ................................................................21

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016).................................................................................37

*U.S. Commodity Futures Trading Comm'n v. Crombie*,
  914 F.3d 1208 (9th Cir. 2019) ................................................................36

*Urakhchin v. Allianz Asset Mgt. of Am., L.P.*,
  815CV1614JLSJCGX, 2017 WL 2655678
  (C.D. Cal. June 15, 2017) ........................................... 21, 27, 28, 33

*Vaquero v. Ashley Furniture Indus., Inc.*,
  824 F.3d 1150 (9th Cir. 2016) ................................................................22

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)................................................... 19, 22, 34

*Wang v. Chinese Daily News, Inc.*,
  737 F.3d 538 (9th Cir. 2013) ..................................................................21

*Wilcox v. Swapp*,
  330 F.R.D. 584 (E.D. Wash. 2019)........................................................20

*Wolin v. Jaguar Land Rover N.A., LLC*,
  617 F.3d 1168 (9th Cir. 2010) ................................................................39

**Other Authorities**

*Black's Law Dictionary* (7th ed. 1999)..................................................36

Dan B. Dobbs, *The Law of Remedies* (2d ed. 1993)..................................................36

Fed. R. Civ. P. 23 ................................................................................. passim

George G. Bogert, et al., *The Law Of Trusts And Trustees* (2008) ........................36

Restatement (3d) of Restitution and Unjust Enrichment (2011) ...........................36

# INDEX OF EXHIBITS

Declaration of Danielle Gamino with the following attachments ("Gamino Decl.", Dkt. No. 133-2):

Exhibit 1:    Duties of a Class Representative

Exhibit 2:    Letter from Danielle Gamino to KPC Healthcare Holdings, Inc.'s Human Resources Department dated February 28, 2019

Exhibit 3:    Letter from Danielle Gamino to the Plan Administrator of the KPC Healthcare Holdings, Inc. Employee Stock Ownership Plan dated February 28, 2019

Exhibit 4:    KPC Healthcare, Inc. Employee Stock Ownership Plan Document dated April 1, 2015

Exhibit 5:    KPC Healthcare, Inc. Employee Stock Ownership Plan Summary Plan Description dated September 1, 2017

Declaration of Colin M. Downes ("Downes Decl.", Dkt. No 133-8) with the following attachments:

Exhibit 6:    KPC Healthcare, Inc. Employee Stock Ownership Plan Form 5500 for the 2015 plan year, dated June 15, 2017

Exhibit 7:    Amendment to a Schedule 13D, filed by Silver Point Capital, L.P. with the SEC on September 12, 2013

Exhibit 8:    News article by Aurora Aguilar entitled "Q&A with CEO Suzanne Richards on KPC Healthcare's financial turnaround for behavioral health," published on Modern Healthcare.com on June 16, 2018

Exhibit 9:    Defendant Alerus Financial, N.A.'s Amended Objections and Responses to Plaintiff's Interrogatories No. 1 & 2

Exhibit 10:  KPC Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories dated December 23, 2020

Exhibit 11:  Plaintiff's Initial Rule 26(a) Disclosures dated November 10, 2020

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 15

1
2

Exhibit 12:   Plaintiff's Responses to KPC Defendants' First Set of
Interrogatories to Plaintiff dated May 4, 2021

3

Exhibit 13:   Statement of Information filed by KPC Healthcare Holdings,
Inc. with the California Secretary of State on March 7, 2019

4
5

Exhibit 14:   Excerpts from the Deposition of Danielle Gamino taken on
May 11, 2021 ("Gamino Dep.")

6
7

Declaration of R. Joseph Barton with the following attachments ("Barton Decl.",
Dkt. No. 133-18):

8

Exhibit A:    Block & Leviton LLP Firm Resume

9
10

Declaration of Daniel M. Feinberg ("Feinberg Decl.", Dkt. No. 133-20)

Declaration of Richard E. Donahoo ("Donahoo Decl.", Dkt. No. 133-21)

11
12

Second Declaration of Colin M. Downes ("2d Downes Decl.")[1]

13
14
15
16
17
18
19
20
21
22
23
24
25
26

[1] Plaintiff has filed today an application to file this declaration under seal. *See* Dkt.
No. 142).

27
28

# I.    INTRODUCTION

This case challenges an August 28, 2015, transaction in which the KPC Healthcare, Inc. Employee Stock Ownership Plan (the "ESOP" or "Plan") purchased 100% of KPC Healthcare Holdings, Inc (such purchase, the "Transaction," and such company, "KPC") and post-Transaction disclosures. Plaintiff is a former employee of a hospital owned by KPC and a participant in the ESOP. The Complaint was filed on behalf of the following Class, for which Plaintiff now seeks certification:

> All participants in the KPC ESOP from August 28, 2015 or any time thereafter (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries.[2]

The Complaint alleges eight claims under the Employee Retirement Income Security Act ("ERISA"), all of which arise out of the 2015 ESOP Transaction or subsequent non-disclosures to Plan participants.[3] Plaintiff seeks class certification for all claims excepting Count VI, which alleges violations with respect to Plaintiff's individual request for documents from the Plan's administrator. The other claims allege that Defendants engaged in transactions prohibited by ERISA (Counts I and II), violated their fiduciary duties to participants in the Plan (Counts III and VII), failed to make disclosures to all participants required by ERISA (Counts IV and V), and cannot benefit from a provision in the Plan requiring KPC

---

[2] Excluded from the Class are (a) Defendants, (b) any fiduciary of the Plan; (c) the officers and directors of KPC or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors, and assigns of any such excluded persons.

[3] Plaintiff intends to file a motion for leave to file an Amended Complaint (the "FAC") to allege additional claims based on documents obtained in discovery. The additional claims are described in the footnotes below.

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 17

to indemnify certain fiduciaries—because it is void against public policy (Count VIII). These claims are brought under ERISA §§ 502(a)(2) and (a)(3), 29 U.S.C. § 1132(a)(2) and (3).

The claims are well-suited for class certification because the underlying facts, and the legal claims arising from those facts, are the same for all members of the Class. All members of the Class were participants in the ESOP or their beneficiaries and have the same rights to recover the same losses on behalf of the ESOP arising from the fiduciary breaches and prohibited transactions carried out by Defendants. As fiduciaries of the ESOP, Defendants had the same duties as to all class members (including to make required disclosures) and either breached their fiduciary duties or otherwise violated ERISA as to all class members or none.

The prerequisites of Rule 23(a) are easily met. The class numbers in the thousands, the questions of fact and law surrounding Defendants' conduct are the same for all class members, Plaintiff's claims are typical of the class, and Plaintiff and her counsel will adequately represent the proposed class. As with many cases involving ESOP transactions, these claims are ideally suited for class certification under Rule 23(b). Because adjudication of these issues for one participant would effectively resolve the issues for all class members, and separate actions by individual class members would create the risk of inconsistent standards of conduct for ESOP fiduciaries, this case meets the requirements of Rule 23(b)(1). The claims also meet the requirements of Rule 23(b)(2), because Defendants have acted on grounds that apply generally to the Class and Plaintiff seeks a declaratory or injunctive remedy to provide relief to all class members. Finally, and alternatively, the Class may be certified under Rule 23(b)(3) because common questions of law and fact predominate and a class action is superior to other methods for resolving these claims.

## II.    BACKGROUND

### A.    Statement of Facts Alleged in the Complaint

The ESOP is an employee benefit plan established in 2015 for employees of KPC. Ex. 6 at 1. Shortly after it was established, the Plan purchased 100% of the common stock of KPC from Defendant Kali Pradip Chaudhuri for what it reported to the Department of Labor was an aggregate purchase price of $227,107,262 financed largely through a loan from Dr. Chaudhuri. Ex. 2 at 10. Employees of KPC who satisfy the eligibility requirements may participate in the Plan, and over time KPC stock is allocated to their individual accounts. Ex. 6 at §§ 3.1, 5.1.

But Dr. Chaudhuri had himself acquired all outstanding stock of KPC's predecessor, Integrated Healthcare Holdings, Inc. just a year prior to the establishment of the ESOP, in May of 2014—at a price of $0.203 per share. Ex. 3. This implied an equity value of $51,827,374 (255,307,262 shares at $0.203/share). In the intervening period, KPC experienced significant financial distress. Its hospitals "were not even close to making budget" or "hav[ing] a profit" and were "losing $2.5 million a month." Ex. 8. The August 2015 purchase price represented a more than 400% increase over the price paid by Dr. Chaudhuri just 15 months prior. The Plan's fiduciaries – including Alerus Financial, N.A. ("Alerus"), its Trustee, the ESOP Committee (the Plan Administrator of the ESOP), and the members of KPC's board of directors (who appoint and monitor the Trustee) all knew or should have known that this was an inflated price that did not represent the fair market value of KPC.

Since the 2015 ESOP Transaction, KPC has provided incomplete disclosures to participants. These included issuing a Summary Plan Description ("SPD") in 2017 that omitted important information ERISA requires fiduciaries to disclose, such as the identity of the Plan Administrator and the address of the Trustee, *see*

Ex. 7 at §§ 6.2, 12.1, as well as failing to timely file basic disclosures required by ERISA. Compl. ¶ 136.

**B.      Claims of the Complaint**

The Complaint alleges eight claims for relief, which are brought pursuant to ERISA §§ 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), on behalf of the ESOP (except for Count VI which is brought individually on behalf of Plaintiff and pursuant to ERISA § 502(a)(1)(A)). *Id*. ¶¶ 169-70. Those claims are as follows:

**Count I** alleges that Alerus, as Trustee, caused the ESOP to engage in a prohibited transaction in violation of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D), by failing to ensure the ESOP paid no more than adequate consideration for KPC stock purchased from Dr. Chaudhuri and that Dr. Chaudhuri knowingly participated in this violation. Compl. ¶100-101.[4]

**Count II** alleges that Dr. Chaudhuri, who was an ESOP fiduciary at the time of the 2015 Transaction, engaged in a prohibited transaction in violation of ERISA § 406(b), 29 U.S.C. § 1106(b), because his interests were adverse to the Plan participants in the 2015 Transaction, he dealt with the Plan's assets in his own interest, and he received consideration for his personal account in connection with the Transaction. *Id*. ¶¶ 106-108.[5]

**Count III** alleges that Alerus breached its fiduciary duties of loyalty and prudence under ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. § 1104(A) and (B), by

_____

[4] The FAC will allege that Defendant Thomas also violated ERISA § 406 and that a new Defendant, SPCP Group, LLC ("SPCP") knowingly participated in these violations.

[5] The FAC will allege that Mr. Thomas also violated ERISA § 406(b) and that SPCP knowingly participated in the violations by both Mr. Thomas and Dr. Chaudhuri.

causing the ESOP to engage in the 2015 Transaction which was for more than adequate consideration and by failing to correct the 2015 Transaction, and thereby caused losses to the Plan and the accounts of the Class Members. *Id*. ¶¶115-16.[6]

**Count IV** alleges that the ESOP Committee, as Plan Administrator, failed to make required disclosures in the 2017 summary plan description (SPD). *Id*. ¶¶ 123-31.

**Count V** alleges that the ESOP Committee failed to timely file the required annual report (Form 5500) with the United States Department of Labor and failed to provide the summary annual report to class members. *Id*. ¶¶ 133-36.

**Count VII** alleges that KPC Healthcare and the Director Defendants breached their fiduciary duty to monitor the ESOP Committee and Alerus and failed to take corrective action to remedy fiduciary breaches. *Id*. ¶¶ 152-58.

**Count VIII** alleges that a provision in the Plan requiring KPC to indemnify Alerus and the ESOP Committee is void against public policy under ERISA § 410. *Id*. ¶¶162-68.[7]

## III.   ARGUMENT

Certification of a class is required where the party seeking certification demonstrates the four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). An analysis of whether a class can be certified may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). However, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to

___

[6] The FAC will allege that Dr. Chaudhuri, Mr. Thomas, and SPCP knowingly participated in this violation.
[7] The FAC will add a claim, Count IX, for co-fiduciary liability against Dr. Chaudhuri, the Committee Defendants, Director Defendants and Alerus.

1  determining whether the Rule 23 prerequisites for class certification are satisfied."

2  *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 466 (2013).

3          Once the elements of Rule 23 are met, a district court does not have

4  discretion to deny certification of a class. *Shady Grove Orthopedic Assocs. v.*

5  *Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (rejecting argument that court has

6  discretion to deny class certification because "[b]y its terms [Rule 23] creates a

7  categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue

8  his claim as a class action"). This action satisfies all the requirements of Rule 23.

9          **A.      The Class is Objectively And Properly Defined.**

10         "[A]t the certification stage, it [i]s sufficient that the class [i]s defined by an

11  objective criterion." *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1124, 1125

12  n.4 (9th Cir. 2017). The definition suffices if it provides "objective criteria that

13  allow class members to determine whether they are included in the proposed

14  class." *MadKudu Inc. v. U.S. Citizenship and Immig. Servs.,* 20-CV-02653-SVK,

15  2020 WL 7389419, at *4 (N.D. Cal. Nov. 17, 2020). A criterion is objective where

16  it is "not based on class members' feelings or beliefs; it is based on a fact." *Wilcox*

17  *v. Swapp,* 330 F.R.D. 584, 596 (E.D. Wash. 2019); *see Hernandez v. Cnty. of*

18  *Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015) (explaining that an objective class

19  definition "avoid[s] subjective standards (*e.g.* a plaintiff's state of mind) or terms

20  that depend on resolution of the merits (*e.g*., persons who were discriminated

21  against)"). Here, the class definition is objective because it is based on the

22  following objective criteria: (1) is or was the putative class member a participant in

23  the ESOP who (2) did not terminate or has not terminated employment with KPC

24  before vesting? Thus, the class is sufficiently and properly defined.

25         **B.      The Class Meets Each of the Rule 23(a) Criteria.**

26         Rule 23(a) provides that a Class must satisfy four criteria: (1) the class is so

27  numerous that joinder of all members is impracticable; (2) there are questions of

28

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 22

law or fact common to the class; (3) the claims and defenses of the representative

parties are typical of the claims or defenses of the class; and (4) the representative

parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P.

Rule 23(a). All these criteria are satisfied here.

### 1.   *The Class Members Are So Numerous That Joinder Would Be Impracticable.*

Rule 23(a) requires that a certifiable class must be so numerous that joinder

of individual parties is impracticable. Fed. R. Civ. P. 23(a)(1). "In general, 'classes

of forty or more are considered sufficiently numerous.'" *Urakhchin v. Allianz Asset

Mgt. of Am., L.P.*, 815CV1614JLSJCGX, 2017 WL 2655678, at *4 (C.D. Cal. June

15, 2017) (quoting *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 587 (C.D. Cal.

2011)). "Plaintiffs need not state the exact number of potential class members, nor

is there a bright-line minimum threshold requirement." *Tawfilis v. Allergan, Inc.*,

No. 815CV00307JLSJCG, 2017 WL 3084275, at *8 (C.D. Cal. June 26, 2017).

Classes "numbering in the hundreds… satisfy the numerosity requirement."

*Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 594 (E.D. Cal. 2008)

(citing cases). Defendants estimate 2,000 to 3,000 persons became vested

participants in the ESOP between August 28, 2015, and June 1, 2020. Ex. 5 at No.

1; Ex. 6 at No. 1; *see* 2d Downes Decl. ¶ 3 (identifying number of individuals in

class data produced by KPC Defendants). Thus, Rule 23(a)(1) is easily satisfied.

### 2.   *Plaintiff's Claims Raise Numerous Common Questions.*

Commonality requires only *one* question of law or fact common to the class.

Fed. R. Civ. P. 23(a)(2); *Torres v. Mercer Canyons Inc.,* 835 F.3d 1125, 1133 (9th

Cir. 2016) ("To satisfy Rule 23(a)(2) …, '[e]ven a single [common] question' will

do."). Not "every question in the case, or even a preponderance of questions," need

to be "capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737

F.3d 538, 544 (9th Cir. 2013). Commonality "means that the class members'

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 23

claims 'must depend upon a common contention' and that the 'common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1153 (9th Cir. 2016) (quoting *Dukes,* 564 U.S. at 350). Here, the claims for which Plaintiff seeks class certification include numerous common central questions of law and fact which can be resolved classwide:

**Count I:** Did Alerus cause the ESOP to purchase property from Dr. Chaudhuri or transfer of Plan assets to Dr. Chaudhuri? And was Dr. Chaudhuri aware of facts sufficient to establish that the 2015 ESOP Transaction was a prohibited transaction with a party in interest?

**Count II:** In selling his KPC stock to the ESOP, did Dr. Chaudhuri act in a transaction in which his interests were adverse to the Plan, deal in his own interest with the assets of the Plan, or receive consideration in connection with a transaction involving the assets of the Plan?

**Count III**: Did Alerus engage in an appropriate and independent investigation of the fair market value of KPC in the 2015 ESOP Transaction or cause the ESOP to pay more than fair market value in the 2015 Transaction?

**Count IV:** Did the ESOP Committee as Plan Administrator fail to make certain disclosures about the Plan Administrator, the Trustee and about service of process in the 2017 SPD that were required to be made under ERISA § 102?

**Count V**: Did the Committee Defendants as Plan Administrator fail to timely file a Form 5500 Annual Report for the 2018 Plan Year?

**Count VII**: Did KPC and its Board of Directors fail to adequately monitor the ESOP's Trustee and Committee Defendants and/or proper fail to take

appropriate remedial action or corrective action, such as removing Alerus as Trustee?

**Count VIII**: Is the Plan's indemnity provision void under ERISA § 410?

Each of the above questions (which also have subsidiary questions) are questions that are capable of resolution as to the entire Class at a single stroke because they focus entire on conduct by Defendants. None of these claims depend on individual issues about the ESOP participants. These issues of liability and injury are common to every member of the Class.

The prohibited transaction claims in Counts I and II raise common factual and legal questions, because the theory of liability is identical: the transactions are either illegal or not. *Marshall v. Northrup Grumman Corp.*, No. CV 16-06794-AB (JCX), 2017 WL 6888281, *5 (C.D. Cal. Nov. 2, 2017) (finding commonality for claims defendants engaged in a prohibited transaction and what equitable remedy should be imposed); *Santomenno v. Transamerica Life Ins. Co.*, 316 F.R.D. 295, 303 (C.D. Cal. 2016) (same), *rev'd on other grounds* 883 F.3d 833 (9th Cir. 2018). The breach of fiduciary duty claims in Counts III and VII raise common issues because "the primary focus … is on the actions of Defendants, not on the actions of the Plaintiffs." *Tibble v. Edison Int'l*, No. CV 07-5359 SVW AGRX, 2009 WL 6764541, at *3 (C.D. Cal. June 30, 2009) (holding commonality met as to ERISA breach of fiduciary duty claims). As another Court in this District explained, "[t]he essential question" for such claims "is whether Defendants breached their fiduciary duties and thereby caused losses *to the Plan[.]" Munro v. U. of S. Cal.*, 2:16-CV-06191-VAP-EX, 2019 WL 7842551, at *4 (C.D. Cal. Dec. 20, 2019). "The ways in which these alleged violations impacted individual participants is beyond the scope of" the issues on class certification. *Id.*; *In re Syncor Erisa Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (finding commonality satisfied based on investment of company and "the Defendants' alleged breaches of duty to the Plan").

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 25

This is particularly true for claims which challenge an ESOP transaction in which the individual participants were not involved, but which nonetheless affected the amount in their individual accounts. *See Hurtado v. Rainbow Disposal, Co.,* Case No. 8:17-cv-1605-JLS-DFM, 2019 WL 1771797, at *7 (C.D. Cal. Apr. 22, 2019) ("Plaintiffs' claims do not focus on injuries caused to each individual [ESOP Participant], but rather on how the Defendants' conduct affected the pool of assets that make up the [ESOP].") (alterations in original). Indeed, the 2015 ESOP Transaction commonly affected the ESOP participants.  2d Downes Decl. ¶ 7 (describing allocation of shares to participants).

The non-disclosure claims in Count IV and V are based on failures to make disclosures that are uniform to all participants in the Class: the SPD that must be provided to all participants and the Form 5500 filed with the DOL. Compl. ¶¶ 117-137. Commonality is met where such ERISA disclosure claims are based on "representations [that] were allegedly made on a uniform and classwide basis." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 964-65 (9th Cir. 2016) (finding commonality where SPD disclosures were made in "a uniform and classwide basis"). Moreover, where the disclosure claims allege "primarily, if not exclusively, improper nondisclosures," there is a "presumption of classwide reliance." *Hurtado*, 2019 WL 1771797 at *7 (quoting and relying on *Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999) to find commonality for claim alleging improper nondisclosures in an SPD). In such cases, "the burden is on Defendant to show that commonality is otherwise disrupted by virtue of some proposed class members in fact having received adequate disclosures on an individualized basis." *Id.* Commonality exists for these claims because the SPD either met the requirements of ERISA § 102 or it did not and the Form 5500 met the requirements of ERISA § 104(a)(1) or did not.

Finally, for similar reasons, the claim in Count VII to invalidate the indemnification provisions is also suitable for class certification – the provision is either void or not. *See Hurtado,* 2019 WL 1771797, at *6 (certifying similar claim); *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 2057466, at *3 (E.D. Pa. May 1, 2018) (same). Thus, Rule 23(a)(2) is met.

### 3.    *The Typicality Requirement of Rule 23(a)(3) is Met.*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan,* 754 F.3d 657, 685 (9th Cir. 2014). "To meet the typicality standard, the Ninth Circuit does not require the named plaintiffs' injuries to be 'identical with those of the other class members, [but] only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same injurious course of conduct.'" *Buttonwood Tree Value Partners, LP v. Sweeney*, SA-CV-1000537-CJCMLGX, 2013 WL 12125980, at *4 (C.D. Cal. Sept. 12, 2013) (citing *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001)). Here, Plaintiff's claims are typical of the Class and there are no unique defenses.

### a.    **Plaintiff's Claims Are Typical of the Class.**

ERISA claims alleging breach of fiduciary duty or prohibited transactions and seeking plan-wide relief meet the typicality requirement because those claims allege "injury to the Plan[], and their claims are therefore identical to those of all putative class members and implicate identical injuries" *Munro,* 2019 WL 7842551, at *5; *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 110 (N.D. Cal. 2008) (relying on "the representative nature of a suit filed pursuant to ERISA § 502(a)(2) and the injunctive relief sought pursuant to § 502(a)(3)" to find typicality). In

assessing typicality for such ERISA claims, the focus "is on the Defendants' conduct." *Marshall,* 2017 WL 6888281, at *7. That is because "[e]ach class member would have to rely on the same evidence to provide Defendants breached their duties, committed prohibited transactions, and harmed the Plan." *Id.* And in such cases, "there was only one course of conduct that occurred." *Munro,* 2019 WL 7842551, at *5. Claims challenging an ESOP transaction and disclosures made to ESOP participants are "typical of the proposed class because they focus on the conduct of Defendants as to the ESOP as a whole and not on conduct specific to any particular Plaintiff." *Hurtado*, 2019 WL 1771797, at *8 (finding typicality met for such claims); *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (finding typicality in § 502(a)(2) suit involving ESOP). Indeed, the purchase price in the 2015 ESOP Transaction affected the accounts of the ESOP participants. 2d Downes Decl. ¶ 7. Thus, Plaintiff's claims are typical of the class as the focus is on the conduct of Defendants as to the Plan, and not on conduct specific to Plaintiff.

The same analysis applies to disclosure claims where there are "allegations of plan-wide misrepresentations and non-disclosures, which by definition were not individualized." *In re Comput. Scis. Corp. ERISA Litig.,* CV 08-02398 SJO JWJX, 2008 WL 7527872, at *2 (C.D. Cal. Dec. 29, 2008) (citing cases and finding typicality met in case involving plan investment in employer stock). The Ninth Circuit affirmed certification of representation and non-disclosure claims under ERISA where "defendant's representations were allegedly made on a uniform and classwide basis" because "individual issues of reliance do not preclude class certification." *Moyle*, 823 F.3d at 964–65 (affirming finding of typicality). Following *Moyle,* the Courts of this District have found typicality for similar non-disclosure claims. *Baleja v. Northrop Grumman Space & Missions Sys. Corp.*, No. EDCV17235JGBSPX, 2020 WL 3213708, at *5 (C.D. Cal. Mar. 26, 2020) (holding typicality met in ERISA class action because omissions from SPD created

uniform presumption of reliance by class members); *Hurtado*, 2019 WL 1771797, at *8 (finding typicality met as to non-disclosure claims in private company ESOP case). Here, Counts IV and V are based on plan-wide communications to all participants and the failure to make a public filing, respectively. Compl. ¶¶ 119-20, 125, 134-36. Thus, the typicality requirement is also met for these claims.

### b.       There Are No Unique Defenses.

"Defenses unique to a class representative counsel against class certification *only where* they 'threaten to become the focus of the litigation.'" *Rodriguez v. Hayes,* 591 F.3d 1105, 1124 (9th Cir. 2010). On the other hand, "defenses that may bar recovery for some members of the putative class, but that are not applicable to the class representative do not render a class representative atypical under Rule 23." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 270 F.R.D. 488, 494 (N.D. Cal. 2010) (citing cases). "This is so because Rule 23(a)(3) is primarily concerned with ensuring that there is no 'danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to [him].'" *Id.* (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). While Defendants have asserted a handful of affirmative defenses, these defenses overwhelmingly implicate facts related to Defendants, the Plan, or the Class as a whole. Dkt No. 86 at 73-75; Dkt. No. 87 at 19-21.

### 4.       *Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Class.*

Rule 23(a)(4) involves two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Urakhchin*, 2017 WL 2655678, at *6 (same). Plaintiff and her counsel meet both requirements.

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 29

### a.   There Is No Evidence of Conflict.

There is no conflict where the class is "not divided into conflicting discrete categories" and where "each potential plaintiff has the same problem." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998). For there to be a "'conflict of interest' among the named Plaintiffs and the putative class members, the Court must find that the named Plaintiffs do not have the same tangible stake in the outcome of the litigation as the members of the proposed class." *Harris v. Amgen, Inc.,* CV075442PSGPLAX, 2016 WL 7626161, at *3 (C.D. Cal. Nov. 29, 2016); *Barnes*, 270 F.R.D. at 495 (finding that where the plaintiff's interests are aligned with the class regarding the central issue in the case, other issues including some affirmative defenses did not create a conflict). Under Ninth Circuit law, Defendants need to present evidence of an actual conflict and not merely a hypothetical or speculative conflict. *Urakhchin*, 2017 WL 2655678, at *6 (rejecting conflict as speculative); *see Cummings v. Connell,* 316 F.3d 886, 896 (9th Cir. 2003) (finding that speculative conflicts do not justify denial of class certification). "[T]he Ninth Circuit has stated on more than one occasion that potential future conflicts" – specifically as to remedies – "are insufficient to deny class certification." *Hurtado*, 2019 WL 1771797 at *8. In this case, the claims seek to establish that the ESOP participants are entitled to greater rights or a larger amount than they have been provided. Ex. 7 at 10-11. Thus, the Class share an interest in maximizing recovery to the Plan and ensuring its administration in accordance with law.

### b.   Plaintiff will Vigorously Prosecute the Claims.

"[D]istrict courts in this circuit have repeatedly stressed the relatively low level of familiarity a representative plaintiff must have to meet the Rule 23 adequacy requirement." *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 663 (C.D. Cal. 2014) (finding plaintiffs adequate where they "have made themselves available for

depositions and demonstrated familiarity with the case."); *see Fernandez v. K-M Indus. Holding Co.*, No. C 06-7339 CW, 2008 WL 2625874, at *4 (N.D. Cal. June 26, 2008) (holding ESOP class action plaintiffs adequate where they "are aware of their responsibilities as class representatives… have shown thus far that they are capable of fulfilling those responsibilities[, and] Defendants have provided no reason to doubt that they will continue to do so."). "[T]he Ninth Circuit has never imposed a knowledge requirement on proposed class representatives." *Hurtado*, 2019 WL at 1771797 at 9; *Marshall*, 2017 WL 6888281 at * 7 (reaching the same conclusion and citing *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 376 (1966)). Such a requirement would be inappropriate "in a case such as this involving complicated matters of ERISA law." *Hurtado,* 2019 WL 1771797 at *9 (quoting *Tibble,* 2009 WL 6764541, at *6 (ERISA fiduciary duty case)). So long as Plaintiff has a general understanding of her claims and a willingness to pursue them, that is sufficient. *Id; In re Northrop Grumman Corp.*, No. CV 06-06213 MMM (JCx), 2011 WL 3505264, at *14 (C.D. Cal. Mar. 29, 2011) (same). Ms. Gamino understands the gravamen of her claims: "Chaudhuri sold his stock at an increased value to the ESOP. Alerus caused the ESOP to buy it at an increased value. And there's also disclosure claims." Gamino Dep. 42:24-43:2. At deposition, Ms. Gamino articulated that Dr. Chaudhuri was required to sell his stock "at a fair value," *id*. at 45:15-16, that Alerus approved the purchase of stock from Dr. Chaudhuri as Trustee of the ESOP, *id*. at 47:1-6, and that the purpose of this suit is "making the ESOP parties whole, putting them back where they should be." *Id*. at 144:2-3. Plaintiff satisfies the Ninth Circuit standard.

Ms. Gamino has also demonstrated a willingness to pursue her claims and those of the Class. She has been actively engaged in the litigation since its inception. She made requests to obtain documents for her counsel to draft the Complaint. Gamino Dep. at 70:12-15; Ex. 2; Ex. 3. She has participated in

discovery, including verifying answers to interrogatories, searching for documents responsive to dozens of requests for production issued by Defendants, and sitting for her deposition. Gamino Decl. ¶ 2; Ex. 12; *see generally* Gamino Dep. She keeps apprised of developments in the case, including through personally reviewing the docket via PACER. *Id.* at 191:23-192:4. And she understands that as a representative of the Class she would have a fiduciary duty to act in the Class's best interests. *Id.* at 8:18-9:4; Ex. 1. Therefore, Plaintiff meets the adequacy requirement of Rule 23(a)(4).

### c.      Plaintiff's Counsel Are Adequate.

"The adequacy of counsel is considered under Rule 23(a)(4) and Rule 23(g)." *Allen,* 300 F.R.D. at 664 (citing *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1122–23 (9th Cir. 2014)). Rule 23(g) factors include "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Here, proposed Co-Lead Class Counsel R. Joseph Barton, Daniel Feinberg, and Richard Donahoo are adequate counsel.

Block & Leviton LLP and Joseph Barton (the partner on this case) have been appointed lead or co-lead counsel in numerous complex and class-action cases. Barton Decl. ¶ 3-6. Another court in this District recognized Mr. Barton's "extensive experience litigating complex ERISA class actions" in appointing him co-lead class counsel in a case challenging an ESOP transaction and disclosure violations. *Hurtado,* 2019 WL 1771797, at *9. Mr. Barton has substantial experience in ERISA cases in general and ESOP-related cases in particular. *Id.* ¶ 5. Mr. Barton has successfully tried several ERISA fiduciary breach actions including an ESOP class action. *Id.*

1       Feinberg Jackson Worthman and Wasow LLP and Daniel Feinberg have

2   extensive experience in complex litigation involving employee benefits, including

3   in cases related to fiduciary responsibility and prohibited transactions. Feinberg

4   Decl. ¶ 2-4. Mr. Feinberg has been appointed as class counsel in numerous ERISA

5   class action suits and has substantial experience in cases involving ESOPs. *Id.* ¶ 3.

6       Donahoo and Associates, PC and Richard Donahoo have expertise in the

7   representation of plaintiffs in complex employment matters. Donahoo Decl. ¶ 3.

8   Mr. Donahoo has served as class counsel in multiple class and/or collective actions

9   on behalf of employees, including cases involving ESOPs. *Id.* at ¶¶ 5, 7-8. Mr.

10  Donahoo has substantial trial experience in complex cases, *id.* at ¶¶ 9-11, and was

11  named Trial Lawyer of the year by the Orange County Trial Lawyers Association

12  in 2015. *Id.* at 13.

13      **C.    The Claims Meet the Requirements of Rule 23(b)(1).**

14      "Most ERISA class action cases are certified under Rule 23(b)(1)."

15  *Marshall*, 2017 WL 6888281, at *9. The Third Circuit has recognized that "breach

16  of fiduciary duty claims brought under [ERISA §] 502(a)(2) are paradigmatic

17  examples of claims appropriate for certification as a Rule 23(b)(1) class, as

18  numerous courts have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d

19  585, 604 (3rd Cir. 2009). "The propriety of Rule 23(b)(1) certification in [an ESOP

20  case] is confirmed by the vast number of cases in which courts have certified

21  ERISA class actions pursuant either to Rule 23(b)(1)(A) or Rule 23(b)(1)(B), or

22  both." *Colesberry v. Ruiz Food Prods., Inc.,* CVF 04-5516 AWISMS, 2006 WL

23  1875444, at *5 (E.D. Cal. June 30, 2006) (collecting cases).

24      **1.    *Certification Under Rule 23(b)(1)(A) Is Appropriate.***

25      Certification under Rule 23(b)(1)(A) applies in "cases where the party is

26  obliged by law to treat the members of the class alike [...], or where the party must

27  treat all alike as a matter of practical necessity[.]" *Amchem*, 521 U.S. at 614 (citing

28

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 33

1966 Committee Note to Rule 23 to explain that the clause should be used to achieve a "unitary adjudication: when an individual seeks a determination concerning particular rights or duties which affect other individuals."). ERISA claims are often meet 23(b)(1)(A) because ERISA "requires plan administrators to treat all similarly situated participants in a consistent manner." *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008). As a result, if some of the class members were "forced to adjudicate individually, there would be a significant risk of inconsistent judgments." *Cryer v. Franklin Templeton Res., Inc*., C 16-4265 CW, 2017 WL 4023149, at *6 (N.D. Cal. July 26, 2017) (certifying ERISA breach of fiduciary duty and prohibited transaction claims under Rule 23(b)(1)). As to claims challenging an ESOP transaction and uniform disclosures, "[c]onflicting interpretations by separate tribunals could result in countervailing directives to the ESOP fiduciaries." *Hurtado*, 2019 WL 1771797, at *10 (finding Rule 23(b)(1)(A) met). Here, separate lawsuits have the potential for conflicting decisions that would make uniform administration of the Plan impossible. Thus, certification under Rule 23(b)(1)(A) is appropriate.

## 2. *Certification Under Rule 23(b)(1)(B) Is Appropriate*.

Certification under Rule 23(b)(1)(B) is appropriate in actions where if the action were litigated individually instead of as a class, it "would have the practical if not technical effect of" concluding or impairing the interests of persons who are not parties to the lawsuit. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999). Two classic examples for which Rule 23(b)(1)(B) apply here: First, "the adjudication of the rights of all participants in a fund in which the participants have common rights," *id*. at 834 n.14; Second, "an action which charges a breach of trust by a[ ] ... trustee or other fiduciary similarly affecting the members of a large class of security holders or their beneficiaries, and which requires an accounting or

like measures to restore the subject of the trust." 1966 Committee Note to Rule 23. This is precisely the type of action charged in this case.

With respect to breach of fiduciary duty and prohibited transaction claims in an ERISA defined contribution plan (like an ESOP), "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Urakhchin*, 2017 WL 2655678, at *7. That analysis applies to both injunctive and declaratory relief as well as monetary relief. *Id.* at *8-9; *In re Northrop Grumman Corp.*, 2011 WL 3505264, at *18 (finding Rule 23(b)(1)(B) satisfied where "plaintiffs assert § 502(a)(2) and (3) claims on behalf of the plan and allege breaches of fiduciary duty by defendants that will, if proved, affect every plan participant"). The claims challenging an ESOP transaction are similarly suitable for class certification under Rule (b)(1)(B) because a determination in this action about participants' rights or Defendants' conduct will affect the rights of other participants in the Plan. *Hurtado,* 2019 WL 177197 at 10. As in *Hurtado,* because the Complaint challenges a transaction and acts and omissions, any determination or judgment affects the rights and interests of all participants in the ESOP. Thus, certification under Rule 23(b)(1)(B) is likewise appropriate here.

### 3. *Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Remedies*

The Ninth Circuit has recognized that ERISA claims seeking declaratory and monetary equitable relief are appropriate for certification under Rule 23(b)(1). *Moyle,* 823 F.3d at 965 (affirming certification of ERISA claims seeking monetary relief). District courts in this District have certified such claims as well. *E.g. Munro,* 2019 WL 7842551 at *9 (certifying ERISA fiduciary duty claims seeking equitable remedies of disgorgement and injunctive relief under Rule 23(b)(1)); *Marshall,* 2017 WL 6888281, at *10 (same); *Tibble*, 2009 WL 6764541, at *7–8

(same). As a remedy for Defendants' violations, the Complaint seeks a variety of equitable relief, including remedies resulting in equitable monetary relief (such as the imposition of constructive trusts or disgorgement), and declaratory relief as well as other injunctive relief. Compl. at Prayer for Relief ¶¶ A-H, J-K, M-N, P.

### D. The Claims Meet the Requirements of Rule 23(b)(2).

Class certification under Rule 23(b)(2) is appropriate when (1) "the party opposing the class has acted or refused to act on grounds that apply generally to the class" and (2) "final injunctive relief or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

#### 1. *Defendants Have Acted or Refused to Act on Grounds That Apply Generally To the Class*

"Action or inaction is directed to a class within the meaning of [Rule 23(b)(2)] even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class." 1966 Committee Notes to Rule 23(b)(2). In the context of an ERISA plan where the fiduciaries must treat similarly situated participants similarly, this requirement is readily met. *Barnes*, 270 F.R.D. at 497. As there was a single ESOP transaction and uniform disclosures, Defendants acted on grounds generally applicable to the class regarding the allegations here.

#### 2. *The Claims Seek Injunctive and Declaratory Relief*

Rule 23(b)(2) applies to cases that seek "injunctive or declaratory relief" for the class. *Dukes*, 564 U.S. at 360–61 ("The key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" such as "conduct that was remedied by a single classwide order."). Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide the relief to each member of the class." *Id*. at 360. In this case, the relief primarily

consists of declaratory and injunctive relief and any monetary relief merely flows as a natural consequence of the requested declaratory and injunctive relief.

ERISA § 502(a) permits a participant to obtain an injunction, a declaration, or "other appropriate equitable relief" to redress violations or to enforce ERISA or the terms of the plan. *CIGNA Corp. v. Amara*, 563 U.S. 421, 443 (2011) (concluding "injunctions requir[ing] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed" was appropriate equitable relief); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 26-27 (1983) ("Under § 502(a)(3)(B) of ERISA, a participant … may bring a declaratory judgment action in federal court"). The mere fact that the claim results in monetary relief does not mean that the relief sought is not equitable. *See Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (holding Rule 23(b)(2) is satisfied even where a declaratory judgment is "merely a prelude to a request for" monetary relief). Re-affirming the validity of that rationale after *Dukes*, the Seventh Circuit concluded an ERISA case was properly certified under 23(b)(2):

> [A] declaration of the rights that the plan confers and an injunction ordering [defendant] to conform the text of the plan to the declaration. If once that is done the award of monetary relief will just be a matter of laying each class member's [plan] records alongside the text of the reformed plan and computing the employee's entitlement by subtracting the benefit already credited it to him from the benefit to which the reformed plan document entitles him, the monetary relief will truly be merely "incidental" to the declaratory and (if necessary) injunctive relief (necessary only if [defendant] ignores the declaration).

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371 (7th Cir. 2012); *see Baleja*, 2020 WL 3213708, at *6 (certifying ERISA class action under

Rule 23(b)(2) where monetary relief flowed from the injunctive relief principally sought). The relief requested here results from declarations or injunctions:

*Constructive Trust*: A constructive trust is obtained when the court "*declares* [the defendant] to be [the] constructive trustee, [and] then orders him as trustee to make a transfer of the property to the beneficiary of the constructive trust, the plaintiff." Dan B. Dobbs, *The Law of Remedies* § 4.3(2) at 393 (2d ed. 1993) (emphasis added); George G. Bogert, et al., *The Law Of Trusts And Trustees* § 471 (2008) (explaining that a constructive trust is accomplished "by merely issuing a decree that the defendant convey" property to the plaintiff).

*Disgorgement:* "Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief." *Porter v. Warner Holding Co.,* 328 U.S. 395, 399 (1946) (concluding order for return of illegal rents is injunctive relief); *Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 250–53 (2000) (explaining in an ERISA case that the return of monies wrongfully transferred is done by an injunction). As a result, courts have characterized disgorgement as "a continuing injunction." *S.E.C. v. AMX, Int'l*, 7 F.3d 71, 76 n.8 (5th Cir. 1993).

*Rescission*: Rescission is accomplished by issuing a declaration. Dan B. Dobbs, *The Law of Remedies* § 4.3(6) at 415 (2d ed. 1993) ("In equity rescission… the rescission does not take place until the court *declares* it.") (emphasis added); *Black's Law Dictionary*, 1308 (7th ed. 1999) ("[E]quitable rescission" is "decreed by a court of equity").

*Accounting*: The Ninth Circuit has recognized than an accounting is a form of "traditional equitable relief" and indeed part of the "classic form of restitutionary relief." *U.S. Commodity Futures Trading Comm'n v. Crombie*, 914 F.3d 1208, 1216 (9th Cir. 2019) (citing Restatement (3d) of Restitution and Unjust

Enrichment § 51 cmt. e (2011)); *see Microsoft Corp. v. U-Top Printing Corp.*, 46 F.3d 1143 (9th Cir. 1995) ("An accounting[] is an equitable remedy.").

As any payment of money in this suit would be accomplished by or the automatic consequence of the declaratory and injunctive relief sought by Plaintiff, these claims are ideally suited for certification under Rule 23(b)(2).

### E.     The Claims Also Satisfy Both of the Rule 23(b)(3) Criteria.

Certification under Rule 23(b)(3) is appropriate if (1) common questions predominate over any questions affecting only individual members, and (2) class resolution is superior to other available methods for the fair and efficient adjudication of claims. Fed. R. Civ. P. 23(b)(3). But an action should be certified under Rule 23(b)(3) only if the requirements of Rule 23(b)(1) or (2) are not met. *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) ("[A]n action maintainable under both (b)(2) and (b)(3) should be treated under (b)(2) to enjoy its superior res judicata effect and to eliminate the procedural complications of (b)(3), which serve no useful purpose under (b)(2)."); *Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir. 1978) ("[W]hen the choice exists between (b)(1) and (b)(3) certification, generally it is proper to proceed under (b)(1) exclusively in order to avoid inconsistent adjudication or a compromise of class interests."). If the Court finds that certification is not proper under Rule 23(b)(1) or (b)(2), the Court should certify the class under 23(b)(3).

### 1.     *Common Questions of Law and Fact Predominate.*

Rule 23(b)(3) requires that "common questions predominate over any questions affecting only individual members." Predominance "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). When the common questions "present a *significant aspect* of the case and . . . can be resolved for all members of the class

in a single adjudication," predominance is met. *Hanlon*, 150 F.3d at 1022 (emphasis added). When "[a] common nucleus of facts and potential legal remedies dominates th[e] litigation," common issues predominate. *Id*.; *see Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (finding predominance where claims "arise from a course of conduct that impacted the class").

Common issues predominate with respect to Plaintiff's prohibited transaction and breach of fiduciary duty claims as the conduct by Defendants— their breaches, self-dealing, and failures to make required disclosures—were identical with respect to each Class member. *See Fremont Gen. Corp. Litig.*, No. 2:07-cv-02693-JHN-FFMx., 2010 WL 3168088, *7 (C.D. Cal. Apr. 15, 2010) (holding common issues driving liability determination predominated in case involving breach of fiduciary duty claims regarding ESOP plan assets and related co-fiduciary and failure to monitor claims); *In re Comput. Scis. Corp. ERISA Litig.*, 2008 WL 7527872, at *4 (same). The remedy will have a plan-wide effect. *Supra* III.C.1&2. Relief obtained for the Plan, whether constructive trusts, disgorgement, or otherwise, will be common to every participant in the class. *Supra* III.C.2.

Finally, the Ninth Circuit affirmed certification of an ERISA § 102 claim under Rule 23(b)(1) where the SPDs were sent to the entire class and because no showing of individual reliance is necessary. *Supra* III.B.2-3 (discussing *Moyle*); *see Amara*, 563 U.S. at 443–44; *Osberg v. Foot Locker, Inc.,* No. 07-cv-1358, 2014 WL 5796686 at *4 (S.D.N.Y. Sept. 24, 2014) (rejecting argument that individual reliance on alleged misrepresentation prohibited certification under (b)(3) as foreclosed by *Amara*), *aff'd Osberg v. Foot Locker, Inc.,* 862 F.3d 198, 212 (2d Cir. 2017) (finding reliance was not required). Thus, common issues regarding Count IV and V predominate.

Accordingly, issues of law and fact common to all class members predominate over issues that may only affect individual members.

### 2. *A Class Action is a Superior Method of Resolution*.

Superiority measures whether "a class action is superior to other available methods for the fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Superiority "requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair." *Wolin v. Jaguar Land Rover N.A., LLC,* 617 F.3d 1168, 1175–76 (9th Cir. 2010). Among the factors to consider are the following: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability of concentrating the litigation of the claims in this forum; and (D) any difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3).

The first factor is met "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin,* 617 F.3d at 1175–76. The cost of litigating a complex ERISA case dwarfs the individual to relief for any individual class member. Second, there is no other litigation. Third, litigating the claims in this District is desirable as KPC is headquartered here, and many individual Defendants are located here—as are many class members. Ex. 12; 2d Downes Decl. ¶ 4-5 (describing geographic distribution of class members). Finally, no manageability issues weigh against certification, particularly compared to managing a case with thousands of individual plaintiffs. *Munday v. Navy Fed. Credit Union*, No. SACV151629, 2016 WL 7655807, at *5 (C.D. Cal. Sept. 15, 2016) (holding superiority met where "the court would be substantially burdened if even a fraction… pursued individual claims"); *see Briseno*, 844 F.3d at 1128 (explaining manageability is rarely a reason to deny certification).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 41

DATED:      June 16, 2021               Respectfully submitted,

_____
R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com
Email: colin@blockleviton.com

Daniel Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
Darin Ranahan (SBN 273532)
FEINBERG JACKSON WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: darin@feinbergjackson.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

Major Khan (admitted *pro hac vice*)
MKLLC LAW
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*Attorneys for Plaintiff*