Daniel Feinberg (SBN 135983)
Darin Ranahan (SBN 273532)
Nina Wasow (SBN 242047)
FEINBERG, JACKSON, WORTHMAN
& WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
        darin@feinbergjackson.com
        nina@feinbergjackson.com

*Counsel for the Plaintiff*
*[additional counsel listed below]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIELLE GAMINO, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KPC HEALTHCARE HOLDINGS, INC.,** *et al*.<br><br>**Defendants** | **Case No.: 5:20-cv-01126-SB (SHK)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing:<br>Date:          August 6, 2021<br>Time:          8:30 a.m.<br> Location:     Courtroom of the Hon. Stanley Blumenfeld, Jr. |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................1

II.  BACKGROUND ..........................................................1

III. LEGAL STANDARD ...................................................17

IV.  ARGUMENT................................................................18

     A.   Defendants Will Not Be Prejudiced By Amendment. .......................18

     B.   Plaintiff Has Been Diligent in Seeking to Amend. ............................19

     C.   Plaintiff is Acting in Good Faith. ..........................................................20

     D.   Plaintiff Does Not Seek to Amend the Complaint Because of Any Deficiency, and Amendment is Not Futile..........................................20

V.   CONCLUSION ...........................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AIG Property Casualty Co. v. Cosby*,
   2016 WL 6662730 (C.D. Cal. Jan. 8, 2016) ...................................................17

*Am. Express Travel Related Serv. Co., Inc. v. D & A Corp.*,
   2007 WL 2462080 (E.D. Cal. Aug. 28, 2007) ...............................................19

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) .........................................................................19

*Burrito Labs, Inc. v. Sickday, LLC*,
   2016 WL 11499659 (C.D. Cal. Apr. 29, 2016) .............................................18

*Dauth v. Convenience Retailers*,
   LLC, 2013 WL 4225587 (N.D. Cal. July 31, 2013) ......................................19

*DCD Programs Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) .........................................................................19

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .......................................................................17

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................17, 18

*Garden v. Cty. of Los Angeles*,
   2020 WL 5210954 (C.D. Cal. May 27, 2020) ..............................................18

*Gould v. Motel 6, Inc.*,
   2011 WL 759472 (C.D. Cal. Feb. 22, 2011) ................................................19

*Kinney v. Three Arch Bay Cmty. Servs. Dist.*,
   2018 WL 6016935 (C.D. Cal. June 12, 2018) ..............................................21

*Missouri ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) .........................................................................20

*M/V Am. Queen v. San Diego Marine Const. Corp.*,
   708 F.2d 1483 (9th Cir. 1983) .......................................................................18

*Morris v. Fresno Police Dep't*,
    2010 WL 4977626 (E.D. Cal. Dec. 2, 2010) ......................................................20

*Navajo Nation v. Dep't of the Interior*,
    876 F.3d 1144 (9th Cir. 2017) ......................................................................17

*Navarro v. Eskanos & Adler*,
    2006 WL 3533039 (N.D. Cal. Dec. 7, 2006) ............................................18

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987) ......................................................................20

*Trans Video Elec., Ltd. v. Sony Elec., Inc.*,
    278 F.R.D. 505 (N.D. Cal. 2011), *aff'd sub nom. Trans Video
    Elec., Ltd. v. Sony Elec., Inc.*, 475 F. App'x 334 (Fed. Cir. 2012) ....................20

**Statutes**

ERISA § 3(14), 29 U.S.C. § 1002(14) ......................................................................10

ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) ..............................................13, 14, 15

ERISA § 405, 29 U.S.C. § 1105 ......................................................................2, 15, 16

ERISA § 405(a)(1), 29 U.S.C. 1105(a)(1) ..............................................................16

ERISA § 405(a)(2), 29 U.S.C. 1105(a)(2) ..............................................................16

ERISA § 405(a)(3), 29 U.S.C. 1105(a)(3) ..............................................................16

ERISA § 406(a), 29 U.S.C. § 1106(a) ......................................................................2

ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A) ..............................................11

ERISA § 406(a)(1)(D), 29 U.S.C. § 406(a)(1)(D) ..............................................11

ERISA § 406(b), 29 U.S.C. § 1106(b) ..............................................................2, 12, 13

ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3) ..............................................................12

**Other Authorities**

Fed. R. Civ. P. 15(a) ..............................................................................................1, 17

Fed. R. Civ. P. 15(a)(2) ..............................................................................................17

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## I.   INTRODUCTION

Plaintiff seeks leave to file a First Amended Complaint ("FAC") based on documents produced by Defendants in discovery in April 2021, which revealed that the original complaint omitted a party to the transaction that gave rise to this lawsuit as well as claims that various parties to that transaction knowingly participated in each other's ERISA violations. Discovery is still at an early stage, there have been no previous amendments, the proposed changes to the Complaint do not significantly change the nature of this action or require Defendants to pursue substantively different discovery, and Plaintiff has acted diligently and in good faith in seeking to amend. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted unless there is a compelling reason not to. As there is no such compelling reason here, Plaintiff's motion for leave to amend should be granted.

## II.   BACKGROUND

This case was filed on June 1, 2020, alleging ERISA breach of fiduciary duty and prohibited transactions claims against a group of entities and individuals involved in a 2015 transaction through which Defendant Kali Pradip Chaudhuri sold 100% of the stock of KPC Healthcare Holdings, Inc. to the KPC ESOP. ECF No. 1. Defendants filed motions to dismiss on September 3, 2020. ECF Nos. 43, 46. While those motions were pending, in October 2020, Plaintiff issued a first set of interrogatories and requests for production of documents. Declaration of Nina Wasow in Support of Plaintiff's Motion for Leave to File First Amended Complaint ("Wasow Decl.") ¶ 2. Plaintiff issued a second and third set of requests for production of documents in November 2020. *Id.* ¶ 3. Except for a handful of documents (consisting of Gamino's account statements and Defendants' insurance policies), Defendants refused to produce any other responsive documents based on their objection that no documents should be produced prior to a ruling on the motions to dismiss and then only "to the extent that they relate to class certification

issues." ECF No. 72 at 2, 10.[1] Magistrate Judge Kewalramani resolved the dispute over the appropriate scope of discovery prior to class certification on March 16, 2021, ordering "non-bifurcated discovery is to commence immediately." ECF No. 103. Defendants produced more than 43,000 pages of documents in April. Wasow Decl. ¶¶ 4-5.[2] Upon reviewing these documents, Plaintiff's counsel learned substantial new information about the terms of and parties to the 2015 ESOP transaction. The documents provided in discovery serve as the basis for the changes to the First Complaint.

The proposed changes to the Complaint can be summarized as follows: (1) Adding SPCP Group, LLC ("SPCP Group") as a Defendant, based on evidence that SPCP Group was a party to the 2015 ESOP Transaction; (2) Adding SPCP Group and Defendant William Thomas to Counts I and II (prohibited transactions claims) based on their knowing participation in Dr. Chaudhury's violations of ERISA § 406(a) and § 406(b); (3) Adding SPCP Group, Defendant Thomas, and Defendant Kali Pradip Chaudhuri to Count III based on their knowing participation in Alerus's breaches of fiduciary duty; (3) Adding Count VIII, a co-fiduciary liability claim under ERISA § 405 against the Committee Defendants, Director Defendants, Kali Pradip Chaudhury, Alerus, and Thomas based on their knowing participation in each other's ERISA violations; (5) Correcting factual allegations about the identities of the KPC Directors at the time of the ESOP transaction; and (6) Adding factual allegations regarding a previously-unknown step of the ESOP Transaction. Ex. A (proposed FAC).

In accordance with this Court's standing order, the following chart shows each proposed change to the complaint.

---

[1] KPC Defendants and Defendant Alerus Financial, N.A. produced a small number of documents in January and February 2021. Wasow Decl. ¶¶ 4-5. Document production is not complete. *Id*. ¶ 6.

[2] Non-parties Stout Risius Ross Advisers, LLC and Eureka Capital Partners, LLC, on whom Plaintiff served subpoenas, also produced documents in April. Wasow Decl. ¶ 7.

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| Page/Line of Original Complaint | Wording of Proposed Change or Addition of Material |
| --- | --- |
| 1:13 | Add: First Amended |
| 1:21 | Add: SPCP Group, LLC |
| 1:22 | Italicize |
| 1:27 | Italicize |
| Footer | Add: First Amended |
| 2:5 | Add: , |
| 2:9 | Delete: ,and in fact all but one, |
| 2:17 | Add: ESOP |
| 2:23 | Add: even before taking into account any other consideration that Dr. Chaudhuri received as part of the 2015 ESOP Transaction. |
| 2:27 | Delete: at |
| 3: 12-13 | Replace: "Eastern Division of the Central District of California" with "State of Georgia" |
| 3:14 | Change: Defendants |
| 3:16 | Change: Defendant |
| 3:16-17 | Replace: "The one defendant who is located outside the Central District of California is" with "Defendants Alerus Financial, N.A. and SPCP Group, LLC are" |
| 3:23 | Delete: Healthcare |
| 3:24 | Delete: Healthcare |
| 3:25 | Add: first at Costal Communities Hospital (now known as South Coast Global medical Center) and then |
| 3:26 | Add: both |
| 4:2 | Replace: "Corona, California" with "Buford, Georgia" |
| 4:4 | Delete: Healthcare |
| 4:8 | Delete: Healthcare |
| 4:10 | Replace: "KPC Healthcare's" with "KPC's" |
| 4:12 | Delete: Healthcare |
| 4:14 | Replace: "KPC Healthcare's" with "KPC's" |
| 5:13 | Add: ESOP |
| 5:16 | Add: ESOP |
| 5:24 | Delete: Healthcare |
| 5:25 | Delete: Healthcare |
| 5:28 | Add: ESOP |
| 6:1 | Add: ESOP |
| 6:3 | Add: ESOP |
| 6:3 | Replace: "owner" with "sole shareholder" |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

3

| 6:3 | Change: "KPC Health who" to "KPC." |
|---|---|
| 6:4 | Add: He |
| 6:4 | Add: ESOP |
| 6:7 | Delete: Healthcare |
| 6:8 | Delete: Healthcare |
| 6:8 | Add: Defendant Kali Priyo Chaudhuri was a member of the Board at the time of the 2015 ESOP Transaction |
| 6:1 | Add: ESOP |
| 6:14 | Delete: Healthcare |
| 6:14 | Add: Defendant Amelia Hippert was appointed to the Board after the 2015 ESOP Transaction |
| 6:15 | Delete: Healthcare |
| 6:18 | Delete: the 2015 Transaction. |
| 6:18 | Add: her appointment to the KPC Board of Directors |
| 6:21 | Delete: Healthcare |
| 6:22 | Delete: Healthcare |
| 6:23 | Delete: Healthcare |
| 6:23 | Add: Defendant William E. Thomas was a member of the Board at the time of the 2015 ESOP Transaction |
| 6:23 | Change: Defendant |
| 7:1 | Change: ESOP Transaction |
| 7:1 | ███████████████████████████████ |
| 7:4 | Add: Defendant Lori Van Arsdale was appointed to the Board after the 2015 ESOP Transaction. |
| 7:4 | Change: Board of Directors |
| 7:7 | Replace: "the 2015 Transaction" with "her appointment to the KPC Board of Directors" |
| 7:12 | Add: Silver Point Capital Partners<br>Defendant SPCP Group, LLC ("SPCP Group") is a Delaware limited liability company and an investment management firm affiliated with Silver Point Capital Partners, a hedge fund. ████████████████████████████████ |
| 8:14 | Replace: "2017" to "2018" |

| 8:16 | Replace: "2,550" to "655" |
|------|---------------------------|
| 8:16 | Replace: "2166" to "2,132" |
| 8:16 | Replace: "147" to "228" |
| 8:17 | Replace: "237" to "283" |
| 8:19 | Replace: "2018" to "2019" |
| 8:22 | Change: Defendants' |
| 8:25 | Delete: and Kali Pradip Chaudhuri |
| 8:25 | Add: caused the ESOP to engage |
| 8:26 | Delete: a |
| 8:26 | Change: transactions |
| 8:27 | Delete: Healthcare |
| 8:28 | Add: ESOP |
| 9:1-2 | Add: Whether Defendants Dr. Chauhuri, William Thomas or SPCP Group knowingly participated in those prohibited transactions; |
| 9:2 | Delete: Healthcare |
| 9:2 | Add: ESOP |
| 9:5 | Delete: Healthcare |
| 9:9 | Delete: Healthcare |
| 9:26 | Delete: Healthcare |
| 11:18 | Delete: Healthcare |
| 11:18 | Add: ESOP |
| 12:12 | Delete: Healthcare |
| 12:20 | Add: Dr. |
| 13:2 | Replace: "Kali Pradip" with "Dr." |
| 13:7 | Add: Dr. |
| 13:9 | Change: MedPartners |
| 13:26 | Add: hand |
| 14:26 | Delete: slashing |
| 14:26 | Add: were slashed |
| 15:26 | Add: equity |
| 16:9 | Add: equity |
| 16:17 | Add: equity |
| 16:22 | Add: Dr. |
| 16:23 | Add: and Defendants Dr. Chaudhuri, Thomas and SPCP Group Acquire Integrated Health Warrants |
| 17:1-9 | Add: 52. Based on documents publicly filed with the Securities and Exchange Commission , in April of 2010 Dr. Chaudhuri acquired two sets of common stock warrants collectively entitling the |

| | holder to acquire approximately 309,000 shares of Integrated Health common stock. |
| --- | --- |
| | 53. ██████████████████████████████████████████████ ████████████████████ |
| 17:24 | Change: under which |
| 18:13-16 | Add:  63. ████████████████████████████████ |
| 18:13 | Add: Dr. |
| 18:14 | Delete: Healthcare |
| 18:22 | Delete: Healthcare |
| 18:24 | Delete: Healthcare |
| 18:28 | Delete: Healthcare |
| 19:1 | Add: ESOP |
| 19:5 | Add:<br><br>68. According to the 2015 Form 5500 filed with the Department of Labor on June 15, 2017, KPC Healthcare adopted the ESOP effective April 1, 2015.<br><br>69. On August 28, 2015, Alerus, acting as Trustee of the ESOP, caused the ESOP to purchase 100% of the shares of KPC common stock.<br><br>70. ████████████████████████████████████ |



PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT



75.

76.

| 19:10 | Replace: "217,107,262" to "207,574,000" |
| 19:11 | Delete: Healthcare |
| 19:12 | Delete: Healthcare |
| 19:13 | Add: for the KPC stock component of the 2015 ESOP Transaction |
| 19:13 | Replace: "438" to "419" |
| 19:14 | Replace: "price" to "equity value" |
| 19:15 | Replace: "Company" to "company's stock" |
| 19:16 | Add: for the KPC stock component of the 2015 ESOP Transaction |
| 19:16 | Replace: "891" to "774" |
| 19:17 | Replace: "1,484" to "2,133" |
| 19:17 | Add: equity |
| 19:18 | Replace: "in early" to "between April 2012 and March" |
| 19:19 | Replace: "KPC Healthcare's" with "KPC's equity" |
| 19:20 | Replace" KPC Healthcare's" with "KPC's" |
| 19:21 | Replace" KPC Healthcare's" with "KPC's" |
| 19:26 | Delete: Healthcare |
| 19:27 | Delete: Healthcare |
| 20:4 | Add: reported equity |
| 20:5 | Delete: Healthcare |
| 20:5 | Add: ESOP |
| 20:17 | Delete: Healthcare |
| 20:27 | Add: purported |
| 20:27 | Delete: Healthcare |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

8

| 21:2 | Add: purported |
|---|---|
| 21:2 | Delete: Healthcare |
| 21:5 | Add: purported |
| 21:5 | Delete: Healthcare |
| 21:8 | Add: purported |
| 21:8 | Delete: Healthcare |
| 21:10 | Add:<br><br>87. According to the 2018 Form 5500 filed with the Department of Labor on July 9, 2020, the purported fair market value for the KPC stock held by the ESOP was $123,500,000 as of August 31, 2019. |
| 21:10 | Delete: Healthcare |
| 21:11 | Add: ESOP |
| 21:11 | Delete: available |
| 21:11 | Add: available prior to filing this lawsuit and information obtained in discovery |
| 21:12 | Add: ESOP |
| 21:25 | Add: ESOP |
| 21:25-26 | Replace: "as a result of their status as" with "the" |
| 22:3 | Add:<br><br>91. ██████████████████████████<br>███████████████████████████ 14<br>███████████████████████████<br>████████████████████<br><br>92. ████████████████████████████<br>████████████████████████████<br>████████████████████████████<br>████████████████████████<br>████████████████████████<br>████████████████████████<br>█████████████████████████████<br>█████████████████████████████<br>█████████████████████████████<br>████████████████ |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| | |
|---|---|
| | 93. ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████ |
| | 94. ████████████████████████ ████████████████████████ ████ |
| 22:3 | Add: ESOP |
| 22:4 | Delete: Healthcare |
| 22:4 | Add: ESOP |
| 22:7 | Add: ESOP |
| 22:8 | Add: fiduciary |
| 22:11 | Add: fiduciary |
| 22:12 | Add: ESOP |
| 22:14 | Add: Dr. |
| 22:14 | ████████████████████████████ ████████ |
| 22:16 | Add: Dr. |
| 22:17 | Delete: Healthcare |
| 22:21 | Delete: Healthcare |
| 22:24 | Delete: Healthcare |
| 23:16 | Delete: Healthcare |
| 23:19 | Delete: Healthcare |
| 24:26 | Delete: Healthcare |
| 26:18 | Delete: and |
| 26:18 | Add: Dr. |
| 26:18 | Add: William Thomas, and SPCP Group |
| 27:4-5 | Add: At least as a result of being a fiduciary of the ESOP, and as a result of being an officer of and director of KPC, |
| 27:4 | Add: Dr. |
| 27:6 | Add:<br><br>117. At least as a result of being a fiduciary of the ESOP, and as a result of being an officer of and director of KPC, Defendant Dr. Thomas qualified as a party in interest within the meaning of ERISA § 3(14). |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| 27:20 | Delete: Healthcare |
|---|---|
| 27:20 | Add: ESOP |
| 27:23 | Delete: Healthcare |
| 27:24 | Add: ESOP |
| 27:24 | Change: add |
| 27:25 | Delete: Healthcare |
| 27:25 | Add: ESOP |
| 27:26 | Add: ESOP |
| 28:3 | Add:<br><br>122. As an officer and director of KPC, a fiduciary of the ESOP in the 2015 ESOP Transaction, ███████████ ██████████████████████, Defendant William Thomas was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with parties-in interest. As a party in interest, Defendant Kali Pradip Chaudhuri is liable for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).<br><br>123. As an investor in Integrated Health/KPC ██████████ ████████████████████████████████ Defendant SPCP Group was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with parties-in interest. As a knowing participant in the 2015 ESOP Transaction, Defendant SPCP Group is subject to appropriate equitable relief for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D). |
| 28:5 | Delete: a)-( |
| 28:5 | Add: Dr. |
| 28:5 | Add: and William Thomas, and SPCP Group |
| 28:15 | Delete: Healthcare |
| 28:17 | Add: ESOP |
| | Add:<br><br>127. As a member of the Board of Directors of KPC and in turn a member of the ESOP Committee, Defendant Thomas was a fiduciary of the ESOP at the time of the 2015 ESOP Transaction. |
| 28:18 | Delete: Healthcare |
| 28:19 | Add: ESOP |
| 28:22 | Delete: Healthcare |
| 28:23 | Delete: Healthcare |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

| 28:24 | Change: "their" to "his" |
| 29:8 | Delete: Healthcare |
| 29:9 | Add: ESOP |
| 29:13 | Add:<br><br>132. ██████████████████████████<br>███████████████████████████<br>█████████████████████████<br>████████████████████████<br>███████████████████████<br>██████████████████████████<br>████████████████████████<br>████████████████████<br>██████████████<br><br>133. As an officer and director of KPC, a fiduciary of the ESOP in the 2015 ESOP Transaction, as the purchaser of Integrated Health, and as the selling shareholder of KPC in the 2015 ESOP Transaction, Defendant Dr. Kali Pradip Chaudhuri was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with a Plan fiduciary, Mr. Thomas. As a party in interest, Defendant Kali Pradip Chaudhuri is liable for the violations of ERISA § 406(b), 29 U.S.C. § 1106(b), and/or is subject to appropriate equitable relief for the violations of ERISA § 406(b), 29 U.S.C. § 1106(b).<br><br>134. As an officer and director of KPC, a fiduciary of the ESOP in the 2015 ESOP Transaction, ████████████████████ ██████████████████ Defendant William Thomas was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with a Plan fiduciary, Dr. Chaudhuri. As a party in interest, Defendant William Thomas is liable for the violations of ERISA § 406(b), 29 U.S.C. § 1106(b), and/or is subject to appropriate equitable relief for the violations of ERISA § 406(b), 29 U.S.C. § 1106(b).<br><br>135. As an investor in Integrated Health/KPC ███████ ████████████████████████ Defendant SPCP Group was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with a Plan fiduciary. As a knowing participant in the 2015 ESOP Transaction, Defendant SPCP Group is subject to |

| | | |
|---|---|---|
| | | appropriate equitable relief for the violations of ERISA § 406(b), 29 U.S.C. § 1106(b). |
| | 29:15 | Add: , and Knowing Participation in Such Breaches by Defendants Kali Pradip Chaudhuri, William Thomas, and SPCP Group |
| | 30:9 | Delete: Healthcare |
| | 30:9 | Add: ESOP |
| | 30:13 | Add: ESOP |
| | 30:17 | Add: ESOP |
| | 30:18 | Delete: Healthcare |
| | 30:19 | Add: ESOP |
| | 30:20 | Add: ESOP |
| | 30:22 | Delete: Healthcare |
| | 30:22 | Add: ESOP |
| | 30:25 | Add: ESOP |
| | 30:26 | Add: ESOP |
| | 31:1 | Add: 144. As an officer and director of KPC, a fiduciary of the ESOP in the 2015 ESOP Transaction, and as the purchaser of Integrated Health, the selling shareholder of KPC in the 2015 ESOP Transaction, Defendant Kali Pradip Chaudhuri was aware of sufficient facts that Alerus' causing the ESOP to engage in the 2015 ESOP Transaction constituted a breach of fiduciary duty. As a party in interest who knowingly participated in the 2015 ESOP Transaction, Defendant Dr. Chaudhuri is liable for the violations of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) and/or is subject to appropriate equitable relief for the violations of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). 145. As an officer and director of KPC, a fiduciary of the ESOP in the 2015 ESOP Transaction, ████████████████ ████████████████████ Defendant Thomas was aware of sufficient facts that Alerus' causing the ESOP to engage in the 2015 ESOP Transaction constituted a breach of fiduciary duty. As a party in interest who knowingly participated in the 2015 ESOP Transaction, Defendant Thomas is liable for the violations of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) and/or is is subject to appropriate equitable relief for the violations of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). |

| | |
|---|---|
| | 146. As an investor in Integrated Health/KPC ██████ ████████ Defendant SPCP Group was aware of facts sufficient Alerus' causing the ESOP to engage in the 2015 ESOP Transaction constituted a breach of fiduciary duty. As a knowing participant in the 2015 ESOP Transaction, Defendant SPCP Group is subject to appropriate equitable relief for the violations of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). |
| 34:10 | Replace: "2018" with "2019" |
| 34:11 | Add: The Form 5500 Annual Report for 2018 was not filed until July 9, 2020 (i.e. after the original complaint in this lawsuit was filed). |
| 34:11-14 | Delete: As of May 31, 2020, the Department of Labor had not published the 2018 Form 5500 for the KPC ESOP.  Upon information and belief, the 2018 Form 5500 was either not filed or was not filed timely. |
| 34:16 | Delete: have |
| 35:13 | Delete: Healthcare |
| 36:1 | Replace: "April 18" with "May 4" |
| 36:1 | Replace: "Ms. Wilkerson" with "Theodore Becker" |
| 36:20 | Delete: Healthcare |
| 37:13 | Delete: Healthcare |
| 37:14 | Delete: Healthcare |
| 37:20 | Delete: Healthcare |
| 37:22 | Delete: Healthcare |
| 37:23 | Delete: Healthcare |
| 37:27 | Delete: Healthcare |
| 38:3 | Add: ESOP |
| 38:4 | Add: ESOP |
| 38:4 | Add: ESOP |
| 38:6 | Add: ESOP |
| 38:8 | Delete: Healthcare |
| 38:9-12 | Replace: "Despite knowing of the facts about these breaches by Alerus, the Director Defendants took no steps to protect the ESOP participants from these breaches, including but not limited to stopping or delaying the 2015 Transaction, removing Alerus as Trustee and/or remedying these breaches." with Defendants Dr. Chaudhuri, William Thomas, and Kali Priyo Chaudhuri knew that Alerus had breached its fiduciary duties and engaged in prohibited transactions because they were officers and directors of KPC at the time of the 2015 ESOP Transaction and as to Dr. |

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

14

| | | |
|---|---|---|
| | | Chaudhuri and Defendant Thomas were parties to the 2015 ESOP Transaction. |
| | 38:13 | Add:<br><br>186. Defendants Hippert and van Arsdale knew or should have known that Alerus had breached its fiduciary duties because once they joined the Board of Directors (and thus the ESOP committee) and had responsibility for reviewing the performance of Alerus. Had Hippert and van Arsdale conducted an appropriate review of the performance of Alerus after the Transaction, including a review of the post-performance stock price, they would have concluded that an investigation should have been conducted about or a correction made concerning the 2015 ESOP Transaction. |
| | 38:15 | Add: at the time of the violations |
| | 38:17 | Delete: Healthcare |
| | 38:18 | Delete: Healthcare |
| | 38:20 | Delete: Healthcare |
| | 38:22 | Add: ESOP |
| | 38:26 | Delete: Healthcare |
| | 39:3 | Delete: Healthcare |
| | 40:15 | Delete: Healthcare |
| | 41:5 | Delete: Healthcare |
| | 41:10 | Add:<br><br> COUNT VIII<br>Co-Fiduciary Liability Pursuant to ERISA § 405, 29 U.S.C. § 1105 <br>Against the Committee Defendants, Director Defendants, Kali Pradip Chaudhuri, Alerus, and William Thomas<br><br>200. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.<br><br>201. ERISA § 405, 29 U.S.C. § 1105, makes a fiduciary of a Plan liable for another fiduciary of the same plan's breach when (1) "he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission of such other fiduciary is a breach;" (2) "by his failure to comply with section 404(a)(1) in the administration of |

his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach;" or (3) "he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."

202. The Committee Defendants violated ERISA § 405(a)(1)-(3) when they knowingly participated in each other's violations when they acted as a Committee because (1) they each participated knowingly in the actions taken as a Committee and knew or were reckless in not knowing it was a breach, (2) failed to fulfill their duties as members of the Committee set forth in the Plan Document and (3) had knowledge of those breaches and made no apparent efforts to remedy the breach. As such, each of the Committee Defendants is liable for the breaches of the other members of the committee pursuant to ERISA § 405(a)(1)-(3).

203. The Director Defendants violated ERISA § 405(a)(1) and (3) when they knowingly participated in each other's violations when they acted as a board because they each participated knowingly in the actions taken as a board, knew or were reckless in not knowing it was a breach, and had knowledge of those breaches and made no apparent efforts to remedy the breach. As such, each of the Director Defendants is liable for the breaches of the other members of the committee pursuant to ERISA § 405(a)(1), (3).

204. Defendants Kali Pradip Chaudhuri, Alerus, and William Thomas violated ERISA § 405(a)(1) and (3) when they knowingly participated in each other's respective prohibited transactions because they each participated knowingly in the respective prohibited transactions, had knowledge of those breaches, and made no apparent efforts to remedy the breaches. As such, each of them is liable for the breaches of the others as to each of those transactions pursuant to ERISA § 405(a)(1) and (3).

| 42:3 | Add: the |
| 42:3 | Add: ESOP |
| 42:12 | Add: or by virtue of liability pursuant to ERISA § 405 |
| 43:2 | Delete: Healthcare |
| 43:4 | Delete: Healthcare |
| 43:5 | Delete: Healthcare |
| 43:7 | Delete: Healthcare |

| 43:13 | Add: ESOP |
|---|---|
| 44:18 | Add:<br><br>Daniel Feinberg (SBN 135983)<br>Darin Ranahan (SBN 273532)<br>Nina Wasow (SBN 242047)<br>FEINBERG, JACKSON, WORTHMAN<br>& WASOW LLP<br>2030 Addison Street, Suite 500<br>Berkeley, CA 94704<br>Tel: (510) 269-7998<br>Fax: (510) 269-7994<br>Email: dan@feinbergjackson.com<br>darin@feinbergjackson.com<br>nina@feinbergjackson.com |

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading ... with ... the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave to amend when justice so requires." *Id.*; *see Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). The factors considered in determining whether amendment should be allowed are: "(1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of amendment." *AIG Property Casualty Co. v. Cosby*, 2016 WL 6662730, at *2 (C.D. Cal. Jan. 8, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these *Foman* factors, "[t]he Court weighs prejudice to the opposing party most heavily." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Rule 15's policy of favoring amendments to pleadings should "be applied with 'extreme liberality.'" *Eminence Capital,* 316 F.3d at 1051.

**IV.   ARGUMENT**

All of the *Foman* factors weigh in favor of granting Plaintiff's motion.

**A.   Defendants Will Not Be Prejudiced By Amendment.**

First, and most significantly, Defendants will not be prejudiced by this amendment because the new allegations do not significantly alter the nature of the case.

Courts find no substantial prejudice where "Plaintiff's new claims would not alter the nature of the litigation or require Defendants to "radically change their litigation strategy in order to accommodate the proposed [amendments]." *Garden v. Cty. of Los Angeles*, 2020 WL 5210954, at *3 (C.D. Cal. May 27, 2020) (citing *Serpa v. SBC Telecomm., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004)). *Cf. M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (denying leave to amend where the "new allegations would totally alter the basis of the action"). "The party opposing amendment bears the burden of showing prejudice." *Burrito Labs, Inc. v. Sickday, LLC*, 2016 WL 11499659, at *3 (C.D. Cal. Apr. 29, 2016) (quoting *DCD Programs Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted)).

Defendants will not be prejudiced by the new allegations in the FAC because they arise out of the same theory in the original Complaint: that the Defendants breached their fiduciary duties and engaged in prohibited transactions by participating in and/or approving the 2015 ESOP Transaction. Adding SPCP as a defendant and adding knowing participation and co-fiduciary liability claims do not fundamentally change this case, nor do they require Defendants to make any wholesale changes to their litigation strategy. *See Navarro v. Eskanos & Adler*, 2006 WL 3533039, at *2 (N.D. Cal. Dec. 7, 2006) (rejecting contention that defendants prejudiced by amendment where the "basic fact pattern will remain the same. All that is being added is another legal string to the same old bow."). Further, the fact that the case is in its infancy, with the bulk of fact discovery still

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

18

1   to be completed, weighs against a finding that Defendants would be prejudiced by

2   an amended complaint. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-

3   88 (9th Cir. 1987) (with no trial date or pretrial conference upcoming, no prejudice

4   would result from adding a new defendant at the discovery stage). Indeed,

5   Defendants have not even completed production of documents responsive to

6   Plaintiff's current outstanding document requests. Wasow Decl. ¶ 6. To date, the

7   KPC Defendants have only produced 3,284 pages of documents and Alerus has

8   only produced 40,753 pages of documents. *Id*. ¶¶ 4-5.

9          Thus, the lack of prejudice favors allowing amendment.

10          **B.     Plaintiff Has Been Diligent in Seeking to Amend.**

11          In evaluating undue delay, courts in this Circuit "inquire 'whether the

12   moving party knew or should have known the facts and theories raised by the

13   amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West,*

14   *Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)). Plaintiff did not know – and could not

15   have known – the facts giving rise to the proposed FAC when the Complaint was

16   filed, because the new facts were recently ascertained in discovery. Only limited

17   information was available to Plaintiff and her counsel when she filed the

18   complaint. Plaintiff seeks to amend the Complaint less than three months after

19   receiving the documents that underlie the bulk of the proposed changes. *See*

20   Wasow Decl. ¶¶ 4-5.

21          Moreover, given that discovery is still underway, and the Court has not yet

22   set a deadline for the close of either fact or expert discovery, ECF No. 98, there is

23   no basis to find that Plaintiff unduly delayed in pursuing leave to amend. *See*

24   *Gould v. Motel 6, Inc*., 2011 WL 759472, at *5 (C.D. Cal. Feb. 22, 2011); *Dauth v.*

25   *Convenience Retailers*, LLC, 2013 WL 4225587, at *3 (N.D. Cal. July 31, 2013)

26   ("courts have found that undue delay cannot exist where discovery has not

27   ended"); *Am. Express Travel Related Serv. Co., Inc. v. D & A Corp.*, 2007 WL

28   2462080, at *8 (E.D. Cal. Aug. 28, 2007) (same).

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

### C.     Plaintiff is Acting in Good Faith.

Plaintiff seeks leave to file the FAC primarily in order to conform the operative Complaint to the facts learned during discovery to date, by correcting allegations that contained factual errors and adding claims against parties for which either the party or the claims were unknown at the time of the filing of the original complaint. There is no evidence that Plaintiff has an improper purpose or intends to delay the litigation. *Compare Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (finding bad faith when the amendment was solely to add a defendant to defeat diversity); *Morris v. Fresno Police Dep't*, 2010 WL 4977626, at *3 (E.D. Cal. Dec. 2, 2010) (finding an inference of bad faith where plaintiff was seeking leave to file an eighth amended complaint and violated court orders in its amendments); *Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd sub nom. Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 475 F. App'x 334 (Fed. Cir. 2012) (finding that a motion to amend was taken in bad faith where, after the court granted a defendant's motion for summary judgment, plaintiff moved to amend "as a last-ditch attempt to avoid the case being dismissed in its entirety."). Thus, this factor weighs in favor of granting leave to amend.

### D.     Plaintiff Does Not Seek to Amend the Complaint Because of Any Deficiency, and Amendment is Not Futile.

Plaintiff has not repeatedly failed to cure deficiencies by previous amendments: indeed, the original complaint survived Defendants' motions to dismiss before Plaintiff proposed to file this first amendment to the Complaint. *See* ECF No. 76.

Finally, amendment is not futile. "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Far from trying to resuscitate claims that have been held to lack merit, the FAC only adds one entirely new claim which is derivative of the claims

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

which the Court has already found valid and sufficient (as well as adding defendants to claims which the Court sustained): the new Count VIII seeks to hold co-fiduciaries liable for the ERISA violations previously held to be cognizable. ECF No. 76 at 4-9. "Denial of leave to amend for futility is rare . . . as courts will typically 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Kinney v. Three Arch Bay Cmty. Servs. Dist.*, 2018 WL 6016935, at *2 (C.D. Cal. June 12, 2018) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). This is not the rare case where denial of leave to amend for futility would be appropriate.

## V.    CONCLUSION

For the foregoing reasons, the Court should allow Plaintiff to file the proposed amended Complaint.

Dated: July 7, 2021                      Respectfully submitted,

                                         _/s/ Nina Wasow_____
                                         Daniel Feinberg (SBN 135983)
                                         Darin Ranahan (SBN 273532)
                                         Nina Wasow (SBN 242047)
                                         FEINBERG, JACKSON, WORTHMAN
                                         & WASOW LLP
                                         2030 Addison Street, Suite 500
                                         Berkeley, CA 94704
                                         Tel: (510) 269-7998
                                         Fax: (510) 269-7994
                                         Email: dan@feinbergjackson.com
                                                darin@feinbergjackson.com
                                                nina@feinbergjackson.com

                                         R. Joseph Barton (SBN 212340)
                                         Colin M. Downes (*pro hac vice*)
                                         BLOCK & LEVITON LLP
                                         1735 20th Street, N.W.

Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: joe@blockesq.com
Email: colin@blockesq.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780
Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

Major Khan (*pro hac vice*)
MKLLC Law
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT