UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:20-cv-01126-SB-MRW | Date: | 11/1/2021 |
|---|---|---|---|

| Title: | *Danielle Gamino v. KPC Healthcare Holdings, Inc. et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER DENYING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT [Dkt. Nos. 187, 188]**

Before the Court are separate motions to dismiss Plaintiff Danielle Gamino's First Amended Complaint from Defendant Alerus Financial, N.A., Dkt. No. 187, and Defendants Kali Pradip Chaudhuri (Dr. Chaudhuri), Kali Priyo Chaudhuri, Amelia Hippert, KPC Healthcare Holdings, Inc., KPC Healthcare, Inc. Employee Stock Ownership Plan, KPC Healthcare, Inc. Employee Stock Ownership Plan (ESOP) Committee, William E. Thomas, and Lori Van Arsdale (collectively, KPC Defendants), Dkt. No. 188-1.

**I.   BACKGROUND**

The facts of the case are familiar to the parties and were set forth by the Court in its January 15, 2021 Order denying motions to dismiss Plaintiff's initial complaint. Initial Order, Dkt. No. 76. On August 6, 2021, the Court issued a Sealed Order granting in part Plaintiff's motion for leave to file a First Amended

Complaint (FAC).  Amendment Order, Dkt. No. 174.  In the Amendment Order, the Court denied Plaintiff leave to add an entirely new party (SPCP Group) to the case.  The Court did grant Plaintiff leave to file an FAC with the following changes:  (1) adding Thomas[1] to Counts I and II for allegedly engaging in transactions prohibited by ERISA § 406(a) and (b); (2) adding Thomas and Dr. Chaudhuri to Count III for allegedly violating ERISA § 404(a) through their knowing participation in Alerus's breach of fiduciary duty; and (3) adding a new claim (Count IX) under ERISA § 405's co-fiduciary liability provision against Alerus, Thomas, Dr. Chaudhuri, the KPC ESOP Committee Defendants and KPC's Board of Directors (the Director Defendants).

On August 13, 2021, Plaintiff filed the FAC.  Dkt. No. 179.  On September 3, 2021, KPC Defendants filed a motion to dismiss the FAC, KPC MTD, and Alerus moved to dismiss Count IX of the FAC, Alerus MTD.  The motions are fully briefed.  Alerus Opp., Dkt. No. 196; KPC Opp., Dkt. No. 197; Alerus Reply, Dkt. No. 198; KPC Reply, Dkt. No. 199.

## II. DISCUSSION

### A. Prohibited Transaction Claims

Counts I and II allege that Dr. Chaudhuri and Thomas violated ERISA § 406(a) by knowingly participating in a prohibited transaction in which Alerus caused the ESOP to purchase 100% of the shares of KPC stock from Dr. Chaudhuri on August 28, 2015 (the 2015 ESOP Transaction) at an allegedly inflated price.  FAC ¶¶113-31.  Counts I and II further allege that an August 27, 2015 transaction between KPC and Thomas—in which Thomas sold his common stock warrant to KPC entitling him to acquire a large amount of KPC common stock (the Warrant Purchase)—was "part of" the 2015 ESOP Transaction.  Id. ¶ 70.  Count II also claims an additional breach of Section 406(b) by both Thomas and Dr. Chaudhuri for knowingly participating in the other's prohibited transaction.  Id. ¶ 132-33.

---

[1] Thomas is secretary, in-house counsel, and member of the Board of Directors of KPC.  FAC ¶ 17.  Plaintiff also alleges on information and belief that Thomas has been Dr. Chaudhuri's "long-standing attorney."  Id.

### 1. ERISA § 406(a)

"ERISA § 406(a) begins with the premise that virtually all transactions between a plan and a party in interest are prohibited, unless a statutory or administrative exemption applies." *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213, 1222 (N.D. Cal. 2008).

#### a. Dr. Chaudhuri

In its Initial Order, the Court denied KPC Defendants' motion to dismiss the Section 406(a) claim against Dr. Chaudhuri. Initial Order at 9. The Court found it undisputed that Dr. Chaudhuri was a party in interest to the 2015 ESOP Transaction and that the sale of 100% of the KPC stock to the ESOP was a prohibited transaction unless an exception applied. *Id.* at 6-9. KPC Defendants again move to dismiss the Section 406(a) claim against Dr. Chaudhuri. KPC Defendants cite the Ninth Circuit's recent decision in *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1028 (9th Cir. 2021), for the proposition that Dr. Chaudhuri cannot be held liable as a fiduciary unless "the alleged wrong . . . occur[ed] in connection with the performance of a fiduciary function." KPC MTD at 16. KPC Defendants argue that Dr. Chaudhuri was not acting as a fiduciary in connection with the 2015 ESOP Transaction because, unlike Alerus, he was merely a counterparty with no discretion or control over whether the stock sale closed. *Id.* Plaintiff responds that *Bafford* addressed only a breach of fiduciary duty under ERISA § 404 and should not apply to Section 406 claims. KPC Opp. at 11.

The Court need not determine whether *Bafford* applies to Section 406 claims to resolve this claim against Dr. Chaudhuri.[2] Under ERISA § 502(a)(3), a

---

[2] While the Court declines to decide this issue, the Court notes that *Bafford* held that the "calculation of pension benefits is a ministerial function that does not have a fiduciary duty attached to it." 994 F.3d at 1028. By contrast, courts have held that "the prohibited transactions listed [under Section 406] are a species of fiduciary breaches under ERISA." *McMaken on behalf of Chemonics Int'l, Inc. Emp. Stock Ownership Plan v. GreatBanc Tr. Co.* (*McMaken*), No. 17-CV-04983, 2019 WL 1468157, at *5 (N.D. Ill. Apr. 3, 2019); *see also Leigh v. Engle*, 727 F.2d 113, 132 (7th Cir. 1984) (concluding that violations of § 406 breach an ERISA fiduciary's "exacting" duty of loyalty); *Perez v. City Nat'l Corp.*, 176 F. Supp. 3d 945, 948 (C.D. Cal. 2016) (defendants "breached their fiduciary duties by engaging

"nonfiduciary party in interest" who participates in a prohibited transaction may be liable for "appropriate equitable relief." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 241 (2000). Liability under Section 502(a)(3) requires that the party in interest "have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Id.* at 250. The Court relied on *Harris Trust* in denying KPC Defendants' first motion to dismiss the Section 406(a) claim against Dr. Chaudhuri. Initial Order at 7. Because Plaintiff has adequately alleged that Dr. Chaudhuri violated Section 406(a) as a "nonfiduciary party in interest" under *Harris Trust*, it is immaterial whether Dr. Chaudhuri was acting as a fiduciary in connection with the 2015 ESOP Transaction.[3]

Next is the issue of "appropriate equitable relief." In their initial motion to dismiss, KPC Defendants argued that Plaintiff had failed to plead a "specific fund to which equitable relief can attach, not general assets of a defendant," and cited *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 660 (9th Cir. 2019), for the proposition that such pleading failure warrants dismissal of an ERISA § 502(a)(3) claim. Initial KPC MTD at 15, Dkt. No. 46-1. The Court distinguished *Depot* on the grounds that its "analysis was limited to equitable relief against a nonfiduciary and that breaches by a fiduciary, like Defendant Kali Pradip Chaudhuri, give rise to a more flexible set of equitable relief." Initial Order at 8. Because the Court now declines to decide whether Dr. Chaudhuri acted as a fiduciary in the 2015 ESOP Transaction, this principle arguably no longer applies. But this appears to be a moot issue because Plaintiff claims to have identified a

---

in self-dealing in violation of" ERISA section 406); *see also Chesemore v. All. Holdings, Inc.*, 886 F. Supp. 2d 1007, 1056 (W.D. Wis. 2012) (holding that an executive who "exercised his control to arrange a transaction that would use plan assets to benefit him personally . . . entered a prohibited transaction in his role as a fiduciary").

[3] A case cited by KPC Defendants, *Henry v. Champlain Enters., Inc.*, 288 F. Supp. 2d 202 (N.D.N.Y. 2003), supports this point. In that case, the court found that executives who sold shares in an ESOP transaction were not liable for breach of fiduciary duty because they had not acted as fiduciaries in connection with the challenged transaction. *Id.* at 230. But the court nonetheless noted that "any liability [sellers] may have arising out of the entire sequence of events in this case would be by virtue of their status as parties in interest to a prohibited transaction that was not for adequate consideration." *Id.*

| CV-90 (12/02) | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk VPC |
|---|---|---|

"specific fund," KPC Opp. at 14 (citing the FAC ¶ 120), and the KPC Defendants do not specifically challenge the adequacy of the pleading on this point in their Reply.

    b.  Thomas

The Court now turns to the ERISA § 406(a) claim against Thomas. Plaintiff seeks to hold Thomas liable under *Harris Trust* and ERISA § 502(a)(3) as a party in interest to the 2015 ESOP Transaction who was "aware of facts sufficient to establish" that the 2015 ESOP Transaction was prohibited. FAC ¶ 122. Unlike Dr. Chaudhuri, Plaintiff does not allege Thomas was a counterparty to the 2015 ESOP Transaction. Instead, Plaintiff alleges that Thomas was a counterparty to the Warrant Purchase with KPC, in which Thomas "sold his common stock warrant . . . to KPC." *Id.* ¶ 70. Plaintiff alleges that the Warrant Purchase was "a part" of the 2015 ESOP Transaction, *id.*, and that Thomas was therefore a party in interest to the 2015 ESOP Transaction, *id.* ¶ 122. KPC Defendants dispute this characterization and argue the transactions were "separate, albeit related." KPC MTD at 7. To support this argument, KPC Defendants cite to the terms of the Warrant Purchase Agreement, which state that Thomas's warrant sale to KPC was structured to close "simultaneously with and coincident to"—but was not contingent upon—the 2015 ESOP Transaction. Warrant Purchase Agreement, Dkt. No. 160-4 at 1-2.[4] KPC Defendants also argue that the deals were separate because Thomas received cash and consideration from KPC, rather than any ESOP assets, in exchange for his stock warrants. KPC Reply at 5.

KPC Defendants' arguments are not persuasive. Plaintiff has adequately alleged that the Warrant Purchase was "part of" the 2015 ESOP Transaction. FAC ¶ 70, 122. The Warrant Purchase (as well as a similar transaction where KPC purchased the outstanding common stock warrants held by SPCP Group, *id.* ¶ 71)

---

[4] KPC Defendants ask the Court to take judicial notice of the Warrant Purchase Agreement. RJN, Dkt. No. 189. The FAC explicitly refers to and relies upon the Warrant Purchase Agreement. *See* FAC ¶¶ 70, 122, 131, 133, 143. Courts may take judicial notice of a document on which the complaint relies if the document "is central to the plaintiff's claim[s]" and its "authenticity" cannot be reasonably disputed. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Thus, the Court takes judicial notice of the Warrant Purchase Agreement.

closed the day before the 2015 ESOP Transaction, and the KPC Defendants concede that they are "related." KPC MTD at 7. Further, the KPC Defendants provide no authority for the assertion that the Warrant Purchase cannot be a part of the 2015 ESOP Transaction because the former was not "contingent" on the latter's completion, but "merely structured to close coincident" to it. *Id.* at 8.

Construing the FAC "in the light most favorable to the non-moving party, and . . . tak[ing] . . . reasonable inferences as true," *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008), the Court finds Plaintiff has alleged that the Warrant Purchase (and KPC's purchase of SPCP Group's stock warrants) were "united in a single purpose and plan" to facilitate the ESOP's acquisition of 100% of the shares of outstanding KPC common stock. *Spear v. Fenkell*, No. CV 13-2391, 2016 WL 5661720, at *11 (E.D. Pa. Sept. 30, 2016) (deeming a transaction that "contemplated multiple steps and parties . . . *a* transaction" for ERISA purposes) (emphasis in original). Because "the protective provisions" of Section 406 "should be read broadly in light of Congress' concern with the welfare of plan beneficiaries," *Leigh*, 727 F.2d at 126, the Court declines to "parse the fiction of individual steps" at the pleading stage and instead considers the transactions as "an integrated whole," *Chesemore*, 886 F. Supp. 2d at 1056. Accordingly, the Court finds that Thomas—Dr. Chaudhuri's long-standing personal attorney, FAC ¶¶ 17, 38—was a party in interest to the 2015 ESOP Transaction and can be held liable under Section 406(a). *See Harris Trust*, 530 U.S. at 241-42 (noting that "Congress defined 'party in interest' to encompass those entities that a fiduciary might be inclined to favor at the expense of the Plan's beneficiaries"). Thus, KPC Defendants' motion to dismiss Count I is **DENIED** as to both Dr. Chaudhuri and Thomas.

### 2. ERISA § 406(b)

ERISA § 406(b) mandates that

> [a] fiduciary with respect to a plan shall not: (1) deal with the assets of the plan in his own interest or for his own account, (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or (3) receive any consideration for his own personal

account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

29 U.S.C. § 1106(b).

Count II first asserts that Dr. Chaudhuri violated each Section 406(b) provision by selling 100% of his KPC shares to the ESOP above fair market value in the 2015 ESOP Transaction. FAC ¶¶ 125-27, 130. In its Initial Order, the Court denied KPC Defendants' motion to dismiss the Section 406(b) claim against Dr. Chaudhuri. Initial Order at 9. The Court found that Plaintiff's allegation that Dr. Chaudhuri had "acted in a transaction involving a plan where his own interests were adverse to those of the ESOP," "dealt with the assets of the Plan," and "received consideration for [his] own personal account" were sufficient to establish a Section 406(b) violation. *Id*.

KPC Defendants again move to dismiss the Section 406(b) claim against Dr. Chaudhuri. KPC Defendants repeat the argument they advanced in moving to dismiss the Section 406(a) claim: that Plaintiff has failed to satisfy *Bafford* by not alleging that Dr. Chaudhuri "acted as a fiduciary when he sold his stock to the KPC ESOP." KPC MTD at 20. This argument fails. It is undisputed that Dr. Chaudhuri, as Chief Executive Officer of KPC and a member of both the KPC Board of Directors and the ESOP Committee, was a fiduciary of the ESOP. FAC ¶ 14. And Plaintiff has alleged that the 2015 ESOP Transaction violated each prong of Section 406(b), regardless of whether *Bafford*'s "acting as a fiduciary" requirement applies to such claims. KPC Defendants have not shown that these allegations are insufficient as a matter of law to state a claim against Dr. Chaudhuri for a Section 406(b) violation.

Count II next asserts that Thomas violated Section 406(b)(3) "[b]y selling his warrants to purchase KPC stock to KPC in the 2015 ESOP Transaction." FAC ¶ 131. For Thomas to be liable under Section 406(b)(3), Plaintiff must allege that he was a plan fiduciary and that he "receive[d] any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan." 29 U.S.C. § 1106(b)(3). Just as they did in moving to dismiss the Section 406(a) claim against Thomas, KPC Defendants argue that the Warrant Purchase was entirely separate from the 2015 ESOP Transaction, and that, assessed on its own, the Warrant Purchase "cannot be considered a prohibited transaction" under Section 406(b)(3). KPC MTD at 9.

This argument fails because, as discussed in section II.A.1.b, *supra*, the FAC adequately pleads that the Warrant Purchase was part of the 2015 ESOP Transaction. Thus, each element of Section 406(b)(3) is satisfied. Thomas, as a member of both the KPC Board of Directors and the ESOP Committee, was a fiduciary of the ESOP. FAC ¶ 17. Thomas received cash consideration for his own personal account from KPC as part of the Warrant Purchase. *Id*. ¶ 70. Thomas received that consideration from KPC, which dealt with the ESOP as part of the 2015 ESOP Transaction. *See Id*. ¶ 77 (alleging that the ESOP received both a term loan and a cash contribution from KPC to finance its purchase of Dr. Chaudhuri's shares). And the 2015 ESOP Transaction involved ESOP assets, as the ESOP paid cash and other consideration to purchase Dr. Chaudhuri's shares. *Id*. ¶ 73; *see also Perez*, 176 F. Supp. 3d at 948 (courts must read the term "assets of the plan" broadly and determine "whether the item in question may be used to the benefit . . . of the fiduciary at the expense of plan participants or beneficiaries") (quoting *Acosta v. Pac. Enters.*, 950 F.2d 611, 620 (9th Cir. 1991)).

Finally, Count II alleges that Dr. Chaudhuri and Thomas, as parties in interest to the 2015 ESOP Transaction, are liable for knowingly participating in the other's prohibited transaction. FAC ¶¶ 132-33. The Supreme Court authorized such liability in *Harris Trust*, extending ERISA Section 502(a)(3) to allow civil actions to obtain appropriate equitable relief against parties in interest to transactions barred by Section 406(a). 530 U.S. at 241. To be liable under *Harris Trust*, a party in interest "must be demonstrated to have had actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Id.* at 251.

KPC Defendants offer two arguments against holding Dr. Chaudhuri and Thomas liable for each other's Section 406(b) violations. First, KPC Defendants assert that the Ninth Circuit has not extended *Harris Trust* "knowing participation" liability under ERISA Section 502(a)(3) to Section 406(b) violations. KPC MTD at 12. This is true but largely irrelevant because the Ninth Circuit has not addressed the issue.[5] Second, KPC Defendants argue that even if the Court were to apply *Harris Trust* to the Section 406(b) claims at issue here, Plaintiff would still fail to show that Thomas knowingly participated in Dr. Chaudhuri's violations as

---

[5] The Third Circuit (*Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 91 (3d Cir. 2012)) and the Fourth Circuit (*LeBlanc v. Cahill*, 153 F.3d 134, 153 (4th Cir. 1998)) have extended *Harris Trust* to Section 406(b) claims.

required to subject him to equitable relief. KPC MTD at 12. KPC Defendants argue Plaintiff must establish that Thomas and Dr. Chaudhuri "actively facilitated" each other's violations. *Id.* (quoting *Iola*, 700 F.3d at 91). This misstates the legal principle applied in *Harris Trust*—i.e., a constructive trust theory of recovery. 530 U.S. at 250-51. Under this theory, Plaintiff must allege that they had "actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Id*. Plaintiff has done so here. See FAC ¶ 132-33 (alleging that Dr. Chaudhuri, as "the selling shareholder of KPC in the 2015 ESOP Transaction," and Thomas, as "a seller of warrants to KPC as part of the 2015 ESOP Transaction," were "aware of facts sufficient to establish" that the 2015 ESOP Transaction was prohibited under Section 406). Active facilitation is a sufficient—but not necessary—means of pleading knowing participation. *See, e.g., Acosta v. Saakvitne*, 355 F. Supp. 3d 908, 924-25 (D. Haw. 2019) (holding that a party in interest "need not have engaged in any wrongdoing" and that "[i]t is enough if he had knowledge, based on the surrounding circumstances, that the fiduciary was engaging in a prohibited transaction").

Thus, KPC Defendants' motion to dismiss Count II is **DENIED** as to both Dr. Chaudhuri and Thomas for both individual and knowing participation liability.

### B.  Knowing Participation in Alerus's Breach of Fiduciary Duty

Plaintiff alleges that Alerus breached its fiduciary duty under ERISA § 404 by failing "to undertake an appropriate and independent investigation of the fair market value of KPC Healthcare stock in the 2015 [ESOP] Transaction" and by subsequently failing to "correct[] the prohibited transaction by seeking the overpayment." FAC ¶¶ 138, 141. In its Initial Order, the Court denied Alerus's motion to dismiss Plaintiff's breach of fiduciary claim against it.[6] Initial Order at

---

[6] KPC Defendants (but not Alerus) move the Court to reverse this decision by arguing that Plaintiff has not "establish[ed] that Alerus breached its fiduciary duty by failing to conduct an adequate investigation of the 2015 ESOP Transaction." KPC MTD at 22. KPC Defendants ask the Court to take judicial notice of the Valuation Report provided to Alerus and argue that it contradicts Plaintiff's claims that the Report did not consider certain facts. *Id*. at 23-24; RJN at 1-3. The Court takes judicial notice of the Valuation Report because it is referred to in the FAC ¶ 88, but rejects KPC Defendants' argument that it mandates a different outcome on the breach of fiduciary duty claim against Alerus. The Valuation Report

5.  In Count III of her FAC, Plaintiff now seeks to hold Dr. Chaudhuri and Thomas liable under *Harris Trust* and ERISA § 502(a)(3) for knowingly participating as transferees in Alerus's breach of fiduciary duty.  FAC ¶¶ 142-43.

"Neither the Ninth Circuit nor the Supreme Court has addressed the scope of [knowing participation] liability under ERISA § 404.  However, the construction of ERISA in *Harris Trust* suggests such liability may exist." *Perez v. Brain*, No. LA CV14-03911 JAK, 2015 WL 3505249, at *12 (C.D. Cal. Jan. 30, 2015).  Courts that have extended *Harris Trust* liability to Section 404 breaches have applied the same standard for knowing participation used in the Section 406 analysis, requiring that the "[d]efendants, as transferees, knew or should have known" that the transaction was unlawful.  *Netel v. Netel*, No. SACV 11-01935-JVS (RNBx), 2012 WL 13162839, at *2 (C.D. Cal. Mar. 29, 2012) (citing *Harris Trust*, 530 U.S. at 251).  The Court again rejects KPC Defendants' attempts to create a higher standard for knowing participation liability than the one set forth by the Supreme Court in *Harris Trust*.  *See, e.g.*, KPC MTD at 14 (arguing that such liability requires a showing that "the defendants actively assisted or facilitated the underlying fiduciary breaches").  As discussed, Plaintiff has alleged that Dr. Chaudhuri and Thomas knew or should have known about the purported breach of Alerus's duties given their roles and their knowledge of the value of the securities they sold.  FAC ¶ 142-43, 182.  These allegations raise a reasonable inference that both Dr. Chaudhuri and Thomas knowingly participated in Alerus's ERISA § 404 breach.[7]  *See Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir. 1988) (noting that

---

arguably contains information that could justify the share price paid in the 2015 ESOP Transaction, though "independent expert advice is not a whitewash." *Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir. 1996) (internal quotation omitted).  But there are still factual issues, unsuitable for resolution at the pleading stage, as to whether the Valuation Report demonstrated a thorough investigation.  *See id.* (reliance on an expert report as a defense requires that fiduciary (1) investigate the expert's qualifications, (2) provide accurate information to the expert, and (3) ensure that reliance on the expert's advice is reasonable).  And it is Alerus—not Plaintiff, as KPC Defendants claim—that "carr[ies] the[] burden to prove that adequate consideration was paid by showing that they arrived at their determination by way of a prudent investigation . . . ." *Donovan v. Cunningham*, 716 F.2d 1455, 1467-68 (5th Cir. 1983).

[7] Plaintiff arguably has met her pleading burden even under KPC Defendants' proposed "active facilitation" standard.  Alerus presumably could not have violated

"a nonfiduciary's knowledge of the breach can be inferred from surrounding circumstances raising a reasonable inference of knowledge").

Thus, KPC Defendants' motion to dismiss Count III is **DENIED** as to both Dr. Chaudhuri and Thomas.

### C.   Co-Fiduciary Liability

"Besides direct liability, ERISA [Section 405] holds any fiduciary liable for the breaches of co-fiduciaries of the same plan under certain circumstances." *Cusack-Acocella v. Dual Diagnosis Treatment Ctr., Inc.*, No. SACV 180-1009 AG (KESx), 2018 WL 7501579, at *4 (C.D. Cal. Dec. 13, 2018). ERISA § 405 defines those circumstances:

> [A] fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:  (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach . . . or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a)(1), (3).

To bring a claim under Section 405(a)(1), a plaintiff must "show:  (1) that a co-fiduciary breached a duty to the plan, (2) that the fiduciary knowingly participated in the breach or undertook to conceal it, and (3) damages resulting from the breach." *Acosta*, 355 F. Supp. 3d at 924 (quoting *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1096-97 (D. Nev. 2011)).  To bring a claim under Section 405(a)(3), a plaintiff must "show:  (1) that the fiduciary had knowledge of

---

ERISA Section 404 in the 2015 ESOP Transaction without the willingness of Dr. Chaudhuri and Thomas to serve as counterparties to that transaction by selling shares of KPC stock and KPC stock warrants, respectively.  Dr. Chaudhuri, especially, could have insisted on a lower per-share price or returned any purported overpayment, but instead allowed the transaction to proceed at great personal benefit to himself.

the co-fiduciary's breach, and (2) that the fiduciary failed to make reasonable efforts under the circumstances to remedy the breach." *Id.* at 1097.

Plaintiff alleges co-fiduciary liability against three groups of defendants: (1) the Committee Defendants, for knowing participation in each other's violations "when they acted as a Committee," FAC ¶ 199; (2) the Director Defendants, for knowing participation in each other's violations "when they acted as a board," *id*. ¶ 200; and (3) Dr. Chaudhuri, Alerus, and Thomas for knowingly participating in each other's allegedly prohibited transactions under ERISA § 406.

Plaintiff's co-fiduciary claims against the Committee Defendants and Director Defendants are inadequately pleaded and legally deficient. The FAC does not specify the alleged underlying breaches committed by either body "when they acted" as a body. Plaintiff does not even defend the co-fiduciary claims against the Committee and Director Defendants in her opposition briefs. Thus, Plaintiff has waived these claims. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (quoting *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)).

The co-fiduciary claim against Dr. Chaudhuri, Alerus, and Thomas for knowing participation in each other's Section 406 prohibited transactions is pleaded with more specificity. Alerus and KPC Defendants, however, challenge the pleading on a fundamental legal ground. Without citing any authority, they argue that "ERISA § 405 does not authorize liability for co-fiduciaries based on participation in a prohibited transaction." KPC MTD at 22; *see also* Alerus MTD at 5 (ERISA § 405's "plain text" forbids co-fiduciary liability for § 406 violations). But the "plain text" of Section 405 is broad and makes no mention of an exception for prohibited transactions.[8] Moreover, other courts have held fiduciaries liable

---

[8] Alerus argues that Sections 405(a)(1) and 405(a)(3) provide for co-fiduciary liability for the "breach of fiduciary responsibility" of another fiduciary, while the FAC alleges co-fiduciary liability "for participation in each other's prohibited transactions." Alerus MTD at 5. Alerus, however, fails to demonstrate the materiality of this distinction. *See McMaken*, 2019 WL 1468157, at *5 (noting that

under Section 405 for a co-fiduciary's violation of Section 406.  *See Pizzella v. Vinoskey*, 409 F. Supp. 3d 473, 529 (W.D. Va. 2019) (fiduciary liable under §§ 405(a)(1) and (3) where he "had actual knowledge that [co-fiduciary] breached its fiduciary duty by approving a prohibited transaction for more than adequate consideration"); *see also Gamache v. Hogue*, 446 F. Supp. 3d 1315, 1326 (M.D. Ga. 2020) (denying motion to dismiss co-fiduciary liability claim based on "failing to remedy [] prohibited transactions" where "Plaintiffs . . . adequately alleged that the transactions [at issue] were prohibited transactions"); *Perez v. Bar-K, Inc.,* No. 14-cv-05549-JSW (JSC), 2015 WL 4454785, at *6 (N.D. Cal. June 4, 2015) (granting default judgment to plaintiffs on an ERISA § 405 claim where the only underlying violation alleged was under ERISA § 406(b)(1)).

Alerus and KPC Defendants next argue that Plaintiff's Section 405 claim should be dismissed because the FAC does not allege that Dr. Chaudhuri, Alerus, and Thomas had the requisite knowledge of their co-fiduciary's breaches.  Alerus MTD at 9-13; KPC MTD at 21-22; *see Donovan*, 716 F.2d at 1475 ("Section 405 . . . requires actual knowledge by the co-fiduciary.").  The Court disagrees.  In the course of describing the transactions and the respective roles of the parties in those transactions, the FAC adequately alleges knowledge.  The FAC alleges that Thomas—through his role as in-house counsel and Dr. Chaudhuri's longstanding personal attorney—knew about the purchase of Dr. Chaudhuri's shares at an inflated value but failed to take reasonable steps to prevent it.  FAC ¶ 17, 97, 121, 122, 132, 133, 201.  The FAC further alleges that Dr. Chaudhuri and Thomas received an identical form of consideration for their respective sales of KPC common stock warrants that closed on the same day,  FAC ¶ 71, 73, and that Alerus knew about the sales at an inflated price, *id.* ¶¶ 69, 73, 95, 120, 138-39.  This is sufficient to state a claim.  *See Acosta*, 355 F. Supp. 3d 908, 924 (denying motion to dismiss § 405 claim where complaint alleged that executives "knew that the valuations were flawed yet proceeded to negotiate with [plan trustee] and participate in the sale of the Company's shares to the ESOP").

Thus, KPC Defendants' motion to dismiss Count IX is **DENIED** as to both Dr. Chaudhuri and Thomas, and **GRANTED** as to the Committee Defendants and Director Defendants.  Alerus's motion to dismiss Count IX is **DENIED**.

---

"the prohibited transactions listed [under Section 406] are a species of fiduciary breaches under ERISA").

## III.  CONCLUSION

The Court **DENIES** KPC Defendants' motion to dismiss all claims against Dr. Chaudhuri and Thomas and **DENIES** Alerus's motion to dismiss Count XI.  The Court **GRANTS** KPC Defendants' motion to dismiss Count XI as to the Committee Defendants and Director Defendants with prejudice since Plaintiff has abandoned this claim.  Moreover,  Plaintiff has already obtained voluminous discovery and was granted leave to file the FAC to conform to discovery, and leave to amend would be prejudicial at this point in the action.

**IT IS SO ORDERED.**