| | |
|---|---|
| 1 | THEODORE M. BECKER (*admitted pro hac vice*) |
| | tbecker@mwe.com |
| 2 | JULIAN L. ANDRE (SBN 251120) |
| | jandre@mwe.com |
| 3 | CHRISTOPHER BRAHAM (SBN 293367) |
| | cbraham@mwe.com |
| 4 | LAURIE BADDON (SBN 299106) |
| | lbaddon@mwe.com |
| 5 | **McDERMOTT WILL & EMERY LLP** |
| | 2049 Century Park East |
| 6 | Suite 3200 |
| | Los Angeles, CA 90067-3206 |
| 7 | Telephone: +1 310 277 4110 |
| | Facsimile: +1 310 277 4730 |

Attorneys for Defendants
KPC HEALTHCARE HOLDINGS, INC.; KPC HEALTHCARE, INC., EMPLOYEES STOCK OWNERSHIP PLAN COMMITTEE; KALI PRADIP CHAUDHURI; KALI PRIYO CHAUDHURI; AMELIA HIPPERT; WILLIAM E. THOMAS; LORI VAN ARSDALE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, | No. 5:20-cv-01126-SB-SHK |
| Plaintiff, | **KPC DEFENDANTS' OPPOSITION TO MOTION TO CONSOLIDATE** |
| v. | **Hearing:** |
| KPC HEALTHCARE HOLDINGS, INC., KPC HEALTHCARE, INC., EMPLOYEES STOCK OWNERSHIP PLAN COMMITTEE, KALI PRADIP CHAUDHURI, KALI PRIYO CHAUDHURI, ALERUS FINANCIAL, NA, AMELIA HIPPERT, WILLIAM E. THOMAS, LORI VAN ARSDALE | Date: January 7, 2022 |
| | Time: 8:30 a.m. |
| | Courtroom: 6C |
| | Judge: Hon. Stanley Blumenfeld, Jr. |
| Defendants, | |
| and | |
| KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | |
| Nominal Defendant. | |

For the reasons below, Defendants KPC Healthcare Holdings, Inc., Dr. Kali Pradhip Chaudhuri, Kali Priyo Chaudhuri, William E. Thomas, Amelia Hippert, and Lori Van Arsdale (the "KPC Defendants") oppose plaintiff's Motion to Consolidate ("Mot."), Dkt. 213, this action with *Gamino v. SPCP Group, LLC*, No. 5:21-cv-01466-SB-SHK ("*SPCP Group*"), also currently pending before this Court.

## I.   INTRODUCTION

This case involves Employee Retirement Income Security Act of 1974 ("ERISA") claims that arise from a 2015 transaction during which the KPC Healthcare Holdings Inc. Employee Stock Ownership Plan (the "ESOP") purchased 100% of the stock of KPC Healthcare Holdings, Inc. ("KPC") from defendant Dr. Kali Pradip Chaudhuri.  Dkt. 179 at ¶ 5.[1]  Plaintiff claims that the ESOP's independent trustee, Alerus Financial, N.A. ("Alerus"), caused the ESOP to overpay for Dr. Chaudhuri's stock, and as a result, Alerus, Dr. Chaudhuri, and other KPC directors engaged in transactions prohibited by ERISA and breached their fiduciary duties.  *Id*. at ¶¶ 113-201.

Over a year into this case, after substantial discovery was complete and with a class certification motion pending, plaintiff sought leave to amend her complaint and add SPCP Group, LLC ("SPCP") as a defendant.  Dkt. 152.  Plaintiff alleged SPCP "knowingly participated" in alleged breaches of ERISA fiduciary duties and prohibited transactions relating to the 2015 ESOP transaction.  Dkt. 151-1 at ¶¶ 5, 131-133.  Specifically, plaintiff alleged that SPCP should be held derivatively liable for others' ERISA violations because SPCP took part in a separate warrant transaction with KPC as "part of the" 2015 ESOP transaction.  *Id.*

---

[1] "Dkt." refers to the clerk's record in this case and "SPCP Dkt." refers to the clerk's record in *Gamino v. SPCP Group, LLC*, No. 5:21-cv-01466-SB-SHK; both are followed by the applicable docket number.

1

KPC DEFENDANTS' OPPOSITION TO MOTION TO CONSOLIDATE

This Court denied plaintiff leave to add SPCP. Dkt. 174 at 3. The Court found that plaintiff had not acted with diligence in pursuing her claims against SPCP, and that amendment would result in "serious prejudice or cause substantial delay." *Id.*

Plaintiff now seeks to get around this Court's prior ruling by bringing a separate action against SPCP in *SPCP Group*, alleging a claim identical to the ones this Court rejected, and then seeking consolidation of this case with *SPCP Group*. This Court should deny consolidation.

*SPCP Group* is significantly behind this case procedurally. It has not progressed beyond SPCP filing a motion to dismiss, which will not be heard until late January. SPCP Dkt. 33. This case, however, is well underway. The parties have already expended significant resources on class certification, discovery, and related motion practice. Trial is scheduled to begin on October 10, 2022. This Court has cautioned the parties on more than one occasion that "the Court expects to bring this case to trial expeditiously," and will not entertain any schedule changes that delay trial. *See* Dkt. 174 at 13; Dkt. 208 at 1. Given the significant amount of "catch up" work SPCP will have to undertake in order to be ready for trial in October, consolidation will either result in substantial prejudice to SPCP or require this Court to significantly delay this trial. These are the exact results the Court sought to avoid when it denied leave to amend.

The KPC Defendants are diligently preparing for the October 2022 trial date. The KPC Defendants vigorously deny the claims against them, which have now been pending for a year and half, and wish to proceed to trial as currently scheduled. *See, e.g.*, Dkts. 46, 188. The Court should avoid delay and deny consolidation.

## II.    FACTUAL & PROCEDURAL BACKGROUND

In June 2020, plaintiff filed her complaint in this case alleging, among other things, that the ESOP paid more than fair market value when it purchased 100% of KPC stock from Dr. Chaudhuri during the 2015 ESOP transaction. Compl., Dkt. 1 at ¶ 3. As a result of this alleged overpayment, plaintiff claimed that Alerus, Dr.

Chaudhuri, and other KPC directors engaged in transactions prohibited by ERISA and breached their fiduciary duties. *Id.*

After this Court denied defendants' motions to dismiss in January 2021, Dkt. 76, defendants began producing documents in response to plaintiff's discovery requests, which she had issued in October 2020 and throughout the fall of 2020. *See* SPCP Dkt. 18-2 ¶¶ 2-4. In April 2021, Alerus produced copies of warrant purchase agreements, one between KPC and SPCP and one between KPC and William Thomas, which set forth the terms of August 28, 2015 transactions by which KPC redeemed warrants held by SPCP and Thomas entitling them to acquire KPC common stock. *See* Dkt. 162 at 9; Dkt. 174 at 3.

On May 19, 2021, plaintiff filed her motion for class certification, which specifically referenced her potential claims against SPCP. Dkt. 133 at 20, n.3. On June 16, 2021, plaintiff filed her amended motion for class certification, Dkt. 144, which this Court granted on August 6, 2021. Dkt. 174. On August 13, 2021, she filed her first amended complaint, the operative complaint in this case, and added claims against Dr. Chaudhuri and defendant William Thomas based on the Thomas warrant purchase with KPC. *See* FAC, Dkt. 179 at ¶¶ 122, 131-133. She also added ERISA co-fiduciary breach claims against Alerus and the other KPC Defendants. *Id*. at ¶¶ 197-201. This Court granted in part and denied in part defendants' motions to dismiss those claims on November 1, 2021. Dkt. 209.

Under the Court's case management order in this case, fact discovery is set to close in June 2022 and expert discovery is set to close in July 2022. Dkt. 186. Dispositive motions are due July 2022. *Id*. Trial is set to begin October 10, 2022. Dkt. 208. This Court has stated on several occasions that it does not want to delay trial in this case any further, and "the parties should be mindful that…the Court expects to bring this case to trial expeditiously." *See* Dkt. 174 at 13; Dkt. 208 at 1.

On July 7, 2021, over a year into this case and after she had already moved for class certification, plaintiff sought leave to amend her complaint to add SPCP as a

defendant. Dkt. 152. In her proposed amended complaint, plaintiff alleged that SPCP invested in Dr. Chaudhuri's purchase of KPC's predecessor entity. Dkt. 151-1 at ¶ 56. Citing the warrant purchase agreement that had been produced to her three months earlier in April, she alleged that SPCP sold the warrants to KPC as "a part of the 2015 ESOP transaction." *Id*. at ¶ 71. Plaintiff then alleged that "as a seller of warrants to KPC" SPCP was derivatively liable for knowingly participating in the existing defendants' prohibited transactions and fiduciary breaches in connection with the ESOP's alleged overpayment. *Id*. at ¶¶ 123, 135, 146.

KPC Defendants and Alerus opposed plaintiff's motion for leave, arguing, among other things, that the amendment would cause delay and that SPCP would be prejudiced. Dkt. 158 at 15. On August 6, 2021, this Court denied plaintiff's request to add SPCP as a defendant, finding that adding SPCP 14 months after the complaint was filed "would either subject SPCP to serious prejudice or ***cause substantial delay***." Dkt. 174 at 3 (emphasis added). The Court also found that plaintiff had not acted diligently in pursuing her claims against SPCP. *Id*.

Plaintiff now seeks to circumvent this Court's ruling by bringing *SPCP Group* and consolidating it with this case. The operative complaint in *SPCP Group*, filed on November 22, 2021, is virtually identical to her proposed amended complaint in this case. SPCP Dkt. 21. Just as she had done in her proposed amended complaint in this case, plaintiff's FAC in *SPCP Group* alleges that SPCP "knowingly participated" in Dr. Chaudhuri's and Alerus's breaches of their fiduciary duties and prohibited transactions in connection with the ESOP's alleged overpayment. *Id*. at ¶¶ 5, 132-133. Plaintiff's claim against SPCP is again based exclusively on her allegations that SPCP was an investor in KPC's predecessor entity, SPCP obtained warrants entitling to it KPC stock, and SPCP sold those warrants as "a part" of the 2015 ESOP transaction. *Id*. at ¶¶ 59, 126-131.

SPCP filed a motion to dismiss the FAC in *SPCP Group* on December 9, 2021. SPCP Dkt. 33.

## III. THIS COURT SHOULD DENY PLAINTIFF'S MOTION FOR CONSOLIDATION BECAUSE IT WILL LEAD TO INEFFICIENCY AND DELAY OF THIS CASE

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the action; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The primary purpose of the rule is to promote trial court efficiency…" *Rancho Agricola Santa Monica, S. de R.L. de C.V. v. Westar Seeds Int'l., Inc.*, No. 08CV1998 JM (JMA), 2009 WL 3148756, at *2 (S.D. Cal. Sept. 29, 2009). Consolidation thus is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Team Enterprises, LLC v. Western Investment Real Estate Trust*, No. 1:08CV00872LJOSMS, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008).  This is true even where the cases at issue overlap factually. *See, e.g., Applied Materials,* 1994 WL 16780779, at *1 ("Although the court finds that there are some common issues, the mere existence of common issues . . . does not mandate consolidation.") (quotation marks and citation omitted).

District courts are vested with "broad discretion" to determine whether a given situation warrants consolidation.  *Id*.; *see also Washington v. Daley*, 173 F.3d 1158, 1169 n.13 (9th Cir. 1999) ("The district court also did not abuse its discretion in denying the motion for consolidation."). "The party seeking consolidation has the burden of establishing that consolidation would result in judicial economy and convenience." *Wright v. United States*, No. C92-1290 BAC, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993); *see also Sapiro v. Sunstone Hotel Investors, L.L.C.*, No. CV031555 PHX SRB, 2006 WL 898155, at *2 (D. Ariz. Apr. 4, 2006) (same). Plaintiff has failed to meet this burden.

Plaintiff seeks to consolidate *SPCP Group* with this case after a year and half of litigation, discovery, and class certification in this case, and with less than a year before trial.  The parties have already expended significant resources on discovery

and class certification. Plaintiff has served seven requests for production of documents and three sets of written interrogatories on the parties and served subpoenas on eight non-parties. *See* SPCP Dkt. 38-1 at ¶¶ 2, 4. In response to plaintiff's discovery requests and subpoenas, defendants and non-parties have produced hundreds of thousands of pages of discovery and engaged in significant motion practice regarding the scope and subject matter of the discovery requests. *See, e.g.*, Dkts 117, 119, 125; SPCP Dkt. 38-1 at ¶¶ 2, 4. A class has already been certified. Dkt. 174.

This Court **has already recognized** that adding SPCP at this advanced stage of the litigation will "cause substantial delay." Dkt. 174 at 3. Plaintiff filed the operative complaint in *SPCP Group* less than one month ago and the briefing on SPCP's motion to dismiss is not yet complete. *See* SPCP Dkt. 33. Plaintiff will have to "separately" move for class certification of the SPCP claim, Mot. at 15, n.2, which SPCP has stated it will oppose. SPCP Dkt. 38 at 10. If the cases are consolidated, SPCP will have to, at a minimum: (1) oppose class certification; (2) review the hundreds of thousands of pages of already-produced discovery; (3) propound its own written discovery; (4) respond to any discovery plaintiff requests of it; and (5) evaluate what experts to engage, interview potential experts, and assist those experts to familiarize themselves with the facts of the case.

The staggering amount of work SPCP would have complete in the next six months to catch up with this case's current schedule would cause SPCP substantial prejudice. *Id*. at 10-11. In order to avoid such prejudice, this Court would inevitably need to modify its deadlines and delay this trial. The KPC Defendants have vigorously denied and defended the claims against them, are eager to proceed to trial, and are diligently preparing for it to begin in early October 2022. *See, e.g.*, Dkts. 46, 188. It would prejudice them to have to delay resolution of this case any further.

Even when two cases overlap factually, Rule 42 cautions against consolidation under circumstances similar to the ones here, when consolidation would lead to

1  unfair prejudice, delay, or inconvenience. *See Team Enterprises, LLC,* 2008 WL
2  4712759, at *1; *see also Applied Materials,* 1994 WL 16780779, at *1. Thus, any
3  efficiencies that this Court could achieve through consolidation, *see* Mot. 10-11,
4  would be offset by the inconvenience of having this case delayed further. Under
5  Rule 42, this Court has "broad discretion" to order consolidation or "issue any other
6  orders to avoid unnecessary…delay." *See* Fed. R. Civ. P. 42(a); *Applied Materials,*
7  1994 WL 16780779, at *1. As discussed in SPCP's opposition to plaintiff's motion
8  to consolidate, this Court could stay *SPCP Group* pending an outcome in this case.
9  *See* SPCP Dkt. 38 at 12-13. Staying *SPCP Group* would avoid any prejudice to
10 SPCP and would eliminate the need to delay the trial in this case. It is therefore a
11 more appropriate outcome under Rule 42 than consolidation.

## IV. CONCLUSION

This Court has made clear it does not want the trial in the case delayed any further. The KPC Defendants agree. Adding SPCP at this late juncture will cause prejudice or substantial delay, as this Court has previously recognized. The KPC Defendants respectfully request that this Court deny plaintiff's motion to consolidate.

Dated: December 17, 2021    Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:  */s/ Julian L. André*
THEODORE M. BECKER
JULIAN L. ANDRE
CHRISTOPHER BRAHAM
LAURIE BADDON
Attorneys for Defendants
KPC HEALTHCARE HOLDINGS, INC.,
KPC HEALTHCARE, INC.,
EMPLOYEES STOCK OWNERSHIP
PLAN COMMITTEE, KALI PRADIP
CHAUDHURI, KALI PRIYO
CHAUDHURI, AMELIA HIPPERT,
WILLIAM E. THOMAS, LORI VAN
ARSDALE