THEODORE M. BECKER (*admitted pro hac vice*)
tbecker@mwe.com
JULIAN L. ANDRÉ (SBN 251120)
jandre@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone:   +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Defendant
SPCP GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SPCP GROUP, LLC, <br><br> Defendant, <br> and <br><br> KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, <br><br> Nominal Defendant. | No. 5:21-cv-01466-SB-SHK <br><br> No. 5:20-cv-01126-SB-SHK [Consolidated Case Number] <br><br><br> **DEFENDANT SPCP GROUP LLC'S ANSWER TO FIRST AMENDED COMPLAINT** |

1  Defendant SPCP GROUP, LLC ("SPCP") answers the First Amended Complaint (5:21-cv-1466 Dkt. 21) ("FAC") of Plaintiff DANIELLE GAMINO ("Plaintiff"), on information and belief, as follows:

## I. JURISDICTION AND VENUE

1. SPCP admits that Plaintiff purports to bring this action under Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.,, and that the Court has subject matter jurisdiction pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

2. SPCP denies that this Court has personal jurisdiction over SPCP.

3. SPCP denies the allegations in this paragraph.

4. SPCP admits that this action has been noticed as a related case to *Gamino v. KPC Healthcare Holdings Inc, et al.,* Case No.: 5:20-cv-01126-SB (SHK).

5. SPCP admits that this purports to be an ERISA action on behalf of a "Class of participants in and beneficiaries of the KPC Healthcare, Inc. Employee Stock Ownership Plan," although SPCP denies that this action may be maintained as a class action. SPCP denies that plaintiff seeks appropriate equitable relief or that SPCP knowingly participated in any breaches of fiduciary duties, prohibited transactions, or other violations of ERISA. SPCP admits that the claims "arise out of a transaction that took place on August 28, 2015 (the "2015 ESOP Transaction")" but denies that plaintiff's characterization and definition of that transaction is accurate. SPCP admits that Kali Pradip Chaudhuri ("Dr. Chaudhuri") sold 100% of the stock of KPC Healthcare Holdings, Inc. to the KPC Healthcare, Inc. Employee Stock Ownership Plan ("ESOP"). SPCP denies all the remaining allegations in this paragraph.

6. SPCP admits that Plaintiff purports to seek to enforce her rights and those of other participants in the Plan under ERISA but denies any allegations of wrongdoing. SPCP denies that plaintiff seeks appropriate equitable relief or that SPCP knowingly participated in any breaches of fiduciary duties, prohibited

transactions, or other violations of ERISA.

7. SPCP lacks sufficient information to admit or deny that "Plaintiff resides in the State of Georgia" and therefore denies the allegations in this paragraph.

8. SPCP admits it is a limited liability company organized under the laws of Delaware but otherwise denies the allegations in this paragraph.

9. SPCP denies that any alleged breaches occurred in the Eastern Division of the Central District of California.  SPCP admits that this action has been noticed as a related case to *Gamino v. KPC Healthcare Holdings Inc, et al.,* Case No.: 5:20-cv-01126-SB (SHK).

10. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

11. SPCP admits it is a limited liability company organized under the laws of Delaware.  SPCP denies the remaining allegations in this paragraph.

12. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

13. SPCP admits that KPC is located in California.  SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

14. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

15. SPCP admits that the FAC defines "Committee Defendants" as "the ESOP Committee and the members of the Committee."  SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

16. SPCP admits that Alerus Financial, N.A. ("Alerus") acted as Trustee of the ESOP in connection with the 2015 ESOP Transaction.  SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

17. SPCP admits Dr. Chaudhuri is the Chief Executive Officer of KPC and the chairman of its board of directors. SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

18. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

19. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

20. SPCP admits that William E. Thomas is in-house counsel for KPC Healthcare Holdings, Inc. SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

21. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

22. SPCP admits that the FAC defines "Directors" as Dr. Chaudhuri, Kali Priyo Chaudhuri, Amelia Hippert, William E. Thomas, and Lori Van Arsdale.

23. SPCP admits that plaintiff purports to bring this action as a class action but denies that this is an appropriate class action.

24. SPCP denies that members of the Class are so numerous that joinder of all members is impracticable. SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

25. SPCP denies the allegations in this paragraph and its subparagraphs.

26. SPCP denies the allegations in this paragraph.

27. SPCP denies the allegations in this paragraph.

28. SPCP denies the allegations in this paragraph.

29. SPCP denies the allegations in this paragraph.

30. SPCP denies the allegations in this paragraph.

31. SPCP denies the allegation that class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(A). The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is

required, SPCP denies the remaining allegations in this paragraph.

32. SPCP denies the allegation that class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1)(B). The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, SPCP denies the remaining allegations in this paragraph.

33. KPC Defendants deny the allegation that class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2). The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, SPCP denies the remaining allegations in this paragraph.

34. KPC Defendants deny the allegation that class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3). The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, SPCP denies the remaining allegations in this paragraph.

35. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, SPCP denies the allegations in this paragraph.

36. SPCP denies the allegations in this paragraph and subparagraphs.

37. SPCP admits that Integrated Healthcare Holdings, Inc. was formerly a publicly traded company. SPCP admits that Integrated Healthcare Holdings, Inc.'s Form 10-K for the year ended March 31, 2013, states, in part, as alleged.

38. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

39. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

40. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

41. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

42. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

43. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

44. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

45. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

46. SPCP denies the allegations in this paragraph.

47. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

48. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

49. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

50. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

51. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

52. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

53. SPCP denies the information in this paragraph.

54. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

55. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

56. SPCP admits that on or about April 13, 2010, it acquired a common stock warrant entitling the holder to acquire shares of the common stock of Integrated Healthcare Holdings, Inc., and that the terms of the warrant are set forth in the formal warrant agreement. SPCP denies that it acquired the warrant in accordance with the "allegations recited in docket entry no. 211 in *Gamino v. KPC Healthcare Holdings, Inc.*"

57. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

58. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

59. SPCP admits that an Amended Schedule 13-D dated September 11, 2013 and filed with the Securities and Exchange Commission describes a contemplated transaction involving Dr. Chaudhuri and Integrated Healthcare Holdings, Inc. SPCP denies that this paragraph accurately and completely characterizes the description of the contemplated transaction involving Dr. Chaudhuri and Integrated Healthcare Holdings, Inc. contained in the Amended Schedule 13-D and therefore denies the remaining allegations in this paragraph.

60. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

61. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

62. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

63. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

64. SPCP admits that Silver Point Capital, L.P. is a member of SPCP and the investment manager of SPCP. SPCP denies the remaining allegations in this paragraph.

65. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

66. SPCP admits that Dr. Chaudhuri acquired 100% of the outstanding stock of Integrated Healthcare Holdings, Inc. through a series of transactions that took place in 2014 but lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

67. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

68. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

69. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

70. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

71. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

72. SPCP admits that on August 28, 2015, the ESOP purchased 100% of the shares of KPC common stock. SPCP lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

73. SPCP admits that it entered into a warrant purchase transaction with KPC, that a warrant purchase agreement is the formal documentation of that warrant purchase transaction, and that the terms of the transaction are set forth in that document. SPCP denies that the warrant purchase transaction took place "based on" the "allegations in docket entry no. 211 in *Gamino v. KPC Healthcare Holdings, Inc.*" SPCP denies that plaintiff has accurately and completely described "the Analysis of Transaction Fairness filed by the KPC Defendants at docket entry no. 206-2 in *Gamino v. KPC Healthcare Holdings, Inc.*" SPCP denies that the warrant purchase transaction took place on April 13, 2010. SPCP denies that the warrant

purchase transaction took place "as part of the 2015 ESOP Transaction."

74. SPCP denies that plaintiff has accurately and completely described "the Analysis of Transaction Fairness filed by the KPC Defendants at docket entry no. 206-2 in *Gamino v. KPC Healthcare Holdings, Inc.*"

75. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

76. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

77. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

78. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

79. SPCP denies the allegations in this paragraph.

80. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

81. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

82. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

83. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

84. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

85. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

86. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

87. SPCP lacks sufficient information to admit or deny the allegations in

this paragraph and therefore denies them.

88. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

89. SPCP admits that it was an investor in Integrated Healthcare Holdings, Inc. SPCP denies the remaining allegations in this paragraph.

90. SPCP denies the allegations in this paragraph.

91. SPCP admits that it entered into a warrant purchase transaction with KPC, that a warrant purchase agreement is the formal documentation of that warrant purchase transaction, and that the terms of the transaction are set forth in that document. SPCP denies that "the allegations recited in docket entry no. 211 in *Gamino v. KPC Healthcare Holdings, Inc.*" accurately describe the warrant purchase transaction.

92. SPCP denies the allegations in this paragraph.

93. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

94. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

95. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

96. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

97. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

98. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

99. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

100. SPCP lacks sufficient information to admit or deny the allegations in

this paragraph and subparagraphs and therefore denies them.

101. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

102. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

103. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

104. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and subparagraphs therefore denies them.

105. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

106. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

107. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

108. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

109. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

110. SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

## COUNT I

**Knowing Participation in Breaches of Fiduciary Duty Under ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), and Prohibited Transactions Under §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b)**

111. SPCP incorporates its preceding responses as though set forth herein.

112. SPCP admits that ERISA § 406(a)(1) contains the quoted language but deny that Plaintiff quotes the entire provision.

113. SPCP admits that ERISA § 3(14) contains the quoted language.

114. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

115. SPCP admits that ERISA § 408(e) contains one of the "Exemptions from prohibited transactions." SPCP denies the remaining allegations in this paragraph.

116. SPCP admits that ERISA § 3(18)(B) defines "adequate consideration," but denies that Plaintiff quotes the entire definition. SPCP denies the remaining allegations in this paragraph.

117. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**Underlying Violation of ERISA § 406(b)**

118. SPCP admits that ERISA § 406(b) contains the quoted language, but denies that Plaintiff quotes the entire provision.

119. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

120. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**Underlying Breaches of Fiduciary Duties**

121. SPCP admits that ERISA § 404(a)(1) contains the language in this paragraph but denies that Plaintiff provides the entire provision.

122. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP denies the allegations in this paragraph.

123. SPCP admits that ERISA § 3(18) contains the language in this paragraph but denies that Plaintiff provides the entire provision.

124. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

125. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, SPCP lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

**Knowing Participation by Defendant SPCP Group in Prohibited Transactions and Fiduciary Breaches**

126. SPCP admits that an Amended Schedule 13-D dated September 11, 2013 and filed with the Securities and Exchange Commission ("Amended Schedule 13-D") describes a contemplated transaction involving Dr. Chaudhuri and Integrated Healthcare Holdings, Inc. SPCP denies that the Amended Schedule 13-D was "SPCP Group's Amended Schedule 13-D." SPCP denies that this paragraph accurately and completely characterizes the description of the contemplated transaction involving Dr. Chaudhuri and Integrated Healthcare Holdings, Inc. contained in the Amended Schedule 13-D and therefore denies the remaining allegations in this paragraph.

127. SPCP denies plaintiff's characterization of the statements contained in the Amended Schedule 13-D and therefore denies the allegations in this paragraph.

128. SPCP denies the allegations in this paragraph.

129. SPCP admits that it entered into a warrant purchase transaction with KPC, that a warrant purchase agreement is the formal documentation of that warrant purchase transaction, and that the terms of the transaction are set forth in that document. SPCP denies that the warrant purchase transaction took place "as part of the 2015 ESOP Transaction." SPCP denies the remaining allegations of this paragraph.

130. SPCP denies the allegations in this paragraph.

131. SPCP admits that it entered into a warrant purchase transaction with KPC, that a warrant purchase agreement is the formal documentation of that warrant purchase transaction, and that the terms of the transaction are set forth in that document. SPCP admits that it was a party to an investor rights agreement entered into on August 28, 2015, and that the terms of the agreement are set forth in the formal documentation of that agreement. SPCP denies that it "participated in the 2015 ESOP Transaction." SPCP denies plaintiff's description of "the Analysis of Transaction Fairness filed by the KPC Defendants at docket entry no. 206-2 in *Gamino v. KPC Healthcare Holdings, Inc.*"

132. SPCP denies the allegations in this paragraph.

133. SPCP denies the allegations in this paragraph.

### ENTITLEMENT TO RELIEF

134. SPCP denies the allegations in this paragraph.

### SPCP'S AFFIRMATIVE DEFENSES

In further answer to the FAC, SPCP alleges the following affirmative defenses. In asserting these defenses, SPCP does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Without waiving or excusing the burden of proof, SPCP asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### ALLEGED UNDERLYING PROHIBITED TRANSACTIONS VIOLATIONS EXEMPT

1. Plaintiff brings her claim against SPCP solely under ERISA § 502(a)(3) for appropriate equitable relief due to SPCP's alleged "knowing participation" in Alerus Financial, N.A. and Dr. Chaudhuri's alleged ERISA violations, including prohibited transactions under ERISA §§ 406(a)(1)(A) and (D) and 406(b).

2. ERISA § 408 contains exemptions to the prohibited transaction provisions in ERISA § 406. A transaction that would otherwise be prohibited under ERISA § 406 is not prohibited if it falls into an exemption under ERISA § 408.

3. Plaintiff has the burden of proving that SPCP had actual or constructive knowledge that Alerus and Dr. Chaudhuri were engaging in non-exempt prohibited transactions under ERISA and that no exemptions in ERISA § 408 applied.

4. Plaintiff cannot prove that SPCP knew that the ESOP's purchase of Dr. Chaudhuri's stock was not exempt pursuant to one or more of the following exemptions:

    a. ERISA § 408(b)(3) provides an exemption for a loan to an employee stock ownership plan if the loan is primarily for the benefit of participants and beneficiaries of the plan and such loan is at an interest rate which is not in excess of a reasonable rate, and ERISA § 408(b)(3) allows a plan to give collateral if such collateral are qualifying employer securities.

    b. To the extent Plaintiff is challenging the financing provided to the ESOP, the financing was not in excess of a reasonable rate and was primarily for the benefit of the participants and beneficiaries of the ESOP.

    c. ERISA § 408(e) provides an exemption for the acquisition or sale by a plan of qualifying employer securities if such acquisition or sale is for "adequate consideration," if no commission is charged with respect thereto, and if the plan is an eligible individual account plan under ERISA § 1107(d)(3), which includes employee stock ownership plans.

    d. The ESOP's purchase of Dr. Chaudhuri's stock was for adequate consideration in accordance with ERISA § 408(e).

5. By stating that the ESOP's purchase of Dr. Chaudhuri's stock was not prohibited pursuant to the exemptions set forth above, SPCP does not admit that it has assumed the burden of proving the applicability of these exemptions. It is plaintiff's burden to prove SPCP was aware that Alerus's and Dr. Chaudhuri's alleged ERISA violations were non-exempt. SPCP only states this defense to make clear it is not waiving any arguments based on the exemptions in ERISA § 408.

6. SPCP reserves its right to argue the applicability of other exemptions in

response to claims or positions Plaintiff takes in this litigation.

## SECOND AFFIRMATIVE DEFENSE
## WAIVER/ESTOPPEL

7. Plaintiff's claims are barred in whole or in part based on her acceptance of her benefits. Plaintiff requested and received a distribution of funds.

## THIRD AFFIRMATIVE DEFENSE
## STANDING

8. Plaintiff's claims are barred in whole or in part because neither Plaintiff, any other participant or beneficiary, nor the Plan suffered damages and Plaintiff lacks standing to bring claims.

## FOURTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

9. Plaintiff's claims are barred by the statute of limitations in ERISA § 413, 29 U.S.C. § 1113.

## FIFTH AFFIRMATIVE DEFENSE
## DAMAGES CAUSED BY OTHER PARTIES

10. Plaintiff's alleged damages, if any, were caused by other parties over whom SPCP had no control and for whom SPCP had no responsibility.

## RESERVATION OF RIGHT TO AMEND ANSWER

SPCP reserves the right to amend this Answer to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

## PRAYER

WHEREFORE, SPCP prays for judgment as follows:

1. Judgment in its favor as to all claims.
2. Attorneys' fees and costs pursuant to ERISA.
3. Other relief as this Court deems just and proper.

Dated: February 4, 2022        Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By:   */s/  Theodore M. Becker*
          THEODORE M. BECKER
          JULIAN L. ANDRE
          Attorneys for Defendant SPCP