# DONAHOO & ASSOCIATES, PC
ATTORNEYS

440 W. First Street, Suite 101
Tustin, California 92780
Telephone (714) 953-1010
Facsimile   (714) 953-1777

February 15, 2022

**Via Email Only   SHK_Chambers@cacd.uscourts.gov**

Honorable Shashi H. Kewalramani, Magistrate Judge
George E. Brown, Jr. Federal Building and United States Courthouse
3470 12th St.
Riverside, CA 92501

    Re:    ***Gamino v. KPC Healthcare Holdings, Inc., et al.,***
            **Case No. 5:20-cv-01126-SB-SHK (C.D. Cal.) and Consolidated Case**

Dear Judge Kewalramani:

    Pursuant to your request, this letter provides authority and information in support of Plaintiff's request for relief from the presumptive 10 deposition limit under Rule 30(a)(2).

### Background

    The claims in these consolidated cases – most of which have been certified on behalf of a Class – arise out of an August 28, 2015 transaction ("2015 Transaction"), by which Defendant Dr. Kali Pradip Chaudhuri sold 100% of the stock of KPC Healthcare Holdings, Inc. to the KPC ESOP and post-transaction disclosures. The complaints allege that the 2015 Transaction caused the ESOP to pay more than fair market value. Indeed, the complaints allege that the ESOP paid a price more than 438% greater than the price that Dr. Chaudhuri had paid to acquire the company (f/k/a IHHI) less than two years before ("2014 Transaction"). In addition to the excess amount that Dr. Chaudhuri received, the complaints also allege that Defendants Thomas and SPCP Group improperly received consideration in the 2015 Transaction. The Complaint alleges that Defendant Alerus Financial, N.A. ("Alerus"), which has been the Trustee of the ESOP in and after the 2015 Transaction breached its fiduciary duties.

    Both KPC and the members of the Board of Directors (and the ESOP Committee) had ERISA fiduciary duties and the Complaint alleges that they violated their duties both in the 2015 Transaction and afterwards (including by failing to make proper disclosures).

    Defendants were assisted in the 2015 Transaction by numerous non-party advisors, including Stout Risius & Ross, ("Stout"), which advised the Trustee as to valuation issues, K&L Gates, which advised the Trustee about legal matters on behalf of the ESOP, Eureka Capital, which was Dr. Chaudhuri's investment banker, Credit Suisse, which provided financing for the transaction, and Marc Margulis who provided financial consulting advice to Dr. Chaudhuri. Other important non-party witnesses include high-level former employees of KPC who can

Honorable Shashi H. Kewalramani, Magistrate Judge
February 15, 2022
Page 2

testify about the financial conditions as KPC from the 2014 Transaction until the 2015 Transaction and about the financial performance and projections provided by KPC to Stout. These former employees include KPC's former CEO and CFO. Finally, as relief available against SPCP is limited to equitable monetary relief and which requires tracing (and similar discovery may be necessary as to Dr. Chaudhuri and/or William Thomas), Plaintiff may need to take depositions of their accountant and/or financial advisor.

To date, Class Counsel has identified the at least following witnesses whom Plaintiff believes it is necessary to depose prior to trial:

1. Mark Fournier of Stout, who was the primary person responsible for providing an opinion to Alerus that was used to set the price in the 2015 Transaction (identified as a witness by all Defendants).
2. Nels Carlson of Defendant Alerus, who was the primary person responsible for acting for the Trustee in the 2015 Transaction (identified as a witness by all Defendants).
3. Michael Harden, formerly of Eureka Capital, which provided advice to the sellers (Dr. Chaudhuri, William Thomas and possibly SPCP) in the 2015 Transaction (identified as a witness by all Defendants).
4. Allison Wilkerson and/or Erin Turley, formerly of K&L Gates, which provided legal advice (subject to the fiduciary exception to attorney-client privilege) to Alerus as Trustee in the 2015 Transaction (identified as a witness by Alerus).
5. Michael Smith and/or Jens Ernberg, formerly of Credit Suisse, which provided financing for the 2015 Transaction.
6. Marc Margulis, former financial consultant to KPC/Dr. Chaudhuri in the 2015 Transaction.
7. Steve Blake, former CFO of KPC.
8. John Collins, CFO of KPC
9. Suzanne Richards, former CEO of KPC (quoted in the Complaints).
10. Defendant Dr. Chaudhuri, CEO and Chairman of KPC, KPC Board member, member of ESOP Committee and fiduciary of ESOP and seller of 100% of the stock of KPC stock to the ESOP (identified as a witness by all Defendants).
11. Defendant William Thomas, KPC Secretary, KPC Board member, member of ESOP Committee and fiduciary of the ESOP and seller of warrants in the 2015 Transaction (identified as a witness by all Defendants).
12. Defendant Kali P. Chaudhuri, KPC CFO, KPC Board member, member of ESOP Committee and fiduciary of the ESOP (identified as a witness by KPC Defendants and Alerus).
13. Amelia Hippert, KPC Board member, member of ESOP Committee and fiduciary of the ESOP (identified as a witness by KPC Defendants and Alerus).
14. Defendant Lori Van Arsdale, KPC Board member, member of ESOP Committee and fiduciary of the ESOP (identified as a witness by KPC Defendants and Alerus).
15. Thomas Banks of Defendant SPCP (identified as the sole employee of SPCP who may be called as a witness by SPCP).
16. Rule 30(b)(6) witness of KPC and/or the Plan.

As illustrated by Defendants' various Rule 26(a) disclosures, Defendants have identified far more than the number of witnesses whom Plaintiff presently seeks to depose.  (See attached).

Honorable Shashi H. Kewalramani, Magistrate Judge
February 15, 2022
Page 3

**Plaintiff Should Be Permitted to Exceed the 10 Deposition Limit**

"The plain language of the Rules and the Advisory Committee Notes do not require a particularized showing" for a party to exceed the 10-deposition limit. *Laryngeal Mask Co. Ltd. v. Ambu A/S,* 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009). Rule 30(a) only requires that the court 'must grant leave to the extent consistent with Rule 26(b)(2).'" *Id.* (quoting Fed. R. Civ. P. 30(a)(2)(A)(i)). Rather, "Rule 26(b)(2) requires that the court apply a benefits versus burden approach and ensure that the discovery is not unreasonably cumulative or duplicative." *Id.* Under the Federal Rules, the party opposing discovery "must carry a heavy burden" of showing why the discovery should not be had. *Id.* (citation omitted). Nor is it enough to "limit discovery simply because it may be somewhat cumulative and duplicative. Rather, the court must find that the discovery was "unreasonably cumulative or duplicative." *Id.* The *Laryngeal Mask* court allowed plaintiff to take seven additional depositions because it was a "complex case," with multiple defendants, "as well as complicated factual and legal issues." *Id.* at *4-5; *Stiles v. Walmart, Inc.,* 2020 WL 589107, at *3 (E.D. Cal. Feb. 6, 2020) (allowing plaintiffs to take a total of 18 deposition); *see Perez v. Brain*, 2015 WL 13757347, at *11 (C.D. Cal. July 21, 2015) (granting defendants' request to take *23 additional* depositions beyond the 10-deposition limit). The rationale in *Laryngeal Mask* applies equally in this case. *See* ECF No. 174 at 3 (recognizing the complexity of this case).

As shown by these cases, it is not necessary for plaintiff to first exhaust the ten-deposition limit before requesting additional depositions. *Laryngeal Mask Co.* 2009 WL 10672436, at *2; *Brain*, 2015 WL 13757347, at *10 (explaining that "[i]n a complex case… it makes sense to involve the court at an early stage if the parties cannot reach agreement"). "[I]t would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more." *Del Campo v. American Corrective Counseling Servs., Inc.,* 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007 (allowing plaintiffs to take 23 depositions in a complex class action with 11 defendants).

Depositions of each of the witnesses identified above are not only relevant (and non-cumulative), but necessary to discover facts about numerous topics, including the design of the Transaction, the financial condition of KPC at the time of the Transaction, information provided to and relied on by non-party advisors, the operations of KPC before the Transaction, negotiations between the Trustee and the sellers, the value of KPC, the reasonableness of non-party opinions about KPC or the Transaction, and Defendants' fiduciary processes. Not only are the non-party witnesses aligned with Defendants (as their advisors or former employees), but many of the non-party individuals are no longer with their former employer and therefore may only be subpoenaed individually (i.e. and not via a Rule 30(b)(6) deposition).

Even if a particularized showing was necessary, as in *Laryngeal Mask*, plaintiff has sufficiently made that showing here. While additional discovery may reveal additional witnesses, the above demonstrates that Plaintiff should be entitled to exceed the 10-deposition limit. As such, Plaintiff proposes that, in addition to expert depositions, the Court allow 16 depositions of fact witnesses or, in the event that the Court is inclined to set a number of hours, allow Plaintiff to take 112 hours of depositions (with no numerical limit) without further order by the Court.

Honorable Shashi H. Kewalramani, Magistrate Judge
February 15, 2022
Page 4

                                      Very truly yours,

                                      DONAHOO & ASSOCIATES, PC

                                      Richard E. Donahoo

cc: All Counsel (By Email)

Enclosures:    Exhibit A- KPC Defendants Initial Disclosures
                  Exhibit B- Alerus Initial Disclosures
                  Exhibit C- SPCP Initial Disclosures
                  Exhibit D- Silverpoint Joint Rule 26(f) Report