# EXHIBIT D

1
2
3
4
5

R. Joseph Barton (SBN 212340)
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

6   *Attorneys for Plaintiff*

7   *Additional Counsel Listed Below*

8
9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

10
11
12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| DANIELLE GAMINO, individually and behalf of all others similarly situated,<br><br>        *Plaintiff,*<br><br>    v.<br><br>SPCP GROUP, LLC<br><br>        *Defendant*<br><br>and<br><br>KPC HEALTHCARE, INC., EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>        *Nominal Defendant* | Case No.: 5:21-cv-01466-SB-SHK<br><br>**JOINT RULE 26(f) REPORT**<br><br>MSC Date:  January 14, 2022<br>Time:  8:30 am<br>Courtroom:  6C<br>Judge:  Hon. Stanley Blumenfeld, Jr.<br><br>Complaint Filed:  August 27, 2021<br>FAC Filed:  November 22, 2021<br>MTD Filed:  December 9, 2021<br><br>Plaintiff's [Proposed] Trial Date: October 10, 2022<br><br>Defendant's [Proposed] Trial Date: June 5, 2023 |

24
25
26
27
28

The parties, by and through their undersigned counsel of record, in compliance with Federal Rule of Civil Procedure 26(f), the Local Rules and standing orders of this Court, hereby submit the following Joint Rule 26(f) Report.  In their conference conducted on December 23, 2021, pursuant to Rule 26(f), the parties discussed the matters presented herein and in the Scheduling Worksheet attached hereto as Exhibit A and filed herewith.

## 1. **SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction pursuant to ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2).

## 2. **STATEMENT OF THE CASE**

**Plaintiff's Statement:**

Plaintiff Danielle Gamino, a participant in the KPC Healthcare, Inc. Employee Stock Ownership Plan ("ESOP"), alleges a single claim under ERISA on behalf of proposed class of participants and beneficiaries of the ESOP against SPCP Group, LLC ("SPCP") related to an integrated transaction that took place August 28, 2015 ("the 2015 ESOP Transaction") in which, *inter alia*, KPC Healthcare Holdings, Inc. ("KPC") redeemed warrants held by SPCP and Kali Pradip Chaudhuri sold 100% of the stock of KPC to the ESOP.[1]  Defendant SPCP, together with Dr. Chaudhuri, planned the transaction through which Dr. Chaudhuri squeezed out other shareholders of KPC's predecessor, Integrated Healthcare Holdings, Inc. ("IHHI") (i.e. in a " 2014 Transaction") one year before he sold it to the ESOP. SPCP knowingly participated in the 2015 ESOP Transaction, despite having more than sufficient information to know that the 2015 ESOP Transaction was prohibited by ERISA and a violation of the ESOP fiduciaries' duties to the Plan and its participants.

---

[1]  Plaintiff noticed this case as related to *Gamino v. KPC Healthcare Holdings, Inc. et al.*, No. 5:20-cv-01126-SB-SHK (the "*KPC Action*") currently pending before this Court. Plaintiff proposes to certify the claim against SPCP on behalf of the same Class certified in the *KPC Action*.  Plaintiff has filed a motion to consolidate this case with the KPC case which is set to be heard on January 14, 2021.

The complaint alleges that based on their involvement in planning the 2014 squeeze out transaction with Dr. Chaudhuri, SPCP and its principals, Edward A. Mulé and Robert J. O'Shea, knew that Dr. Chaudhuri planned and organized the 2014 transaction to result in his acquisition of all of the outstanding shares of IHHI. The complaint further alleges that SPCP was aware of facts sufficient to establish that the 2015 ESOP Transaction constituted a prohibited transaction with Dr. Chaudhuri, a Plan fiduciary and party-in-interest and a breach of fiduciary duty. As a knowing participant in the 2015 ESOP Transaction, Defendant SPCP is subject to appropriate equitable relief for its knowing participation in the violations of ERISA.[2]

**Defendant's Statement:**

Plaintiff's ERISA class action claim against SPCP arises from a 2015 ESOP Transaction during which the ESOP purchased 100% of KPC stock from Dr. Chaudhuri. (Dkt. 21, FAC ¶ 5.) Plaintiff alleges that the ESOP paid more than fair market value when it purchased 100% of KPC stock from Dr. Chaudhuri during the 2015 ESOP transaction. As a result of this alleged overpayment, Plaintiff alleges that Dr. Chaudhuri and the ESOP's independent trustee, Alerus Financial, N.A. ("Alerus") engaged in transactions prohibited by ERISA and breached their fiduciary duties. Plaintiff's ERISA claims against Dr. Chaudhuri, Alerus, and others are currently pending in *Gamino v. KPC Healthcare Holdings, Inc. et al.*, No. 5:20-cv-01126-SB-SHK (C.D. Cal.) (the "*KPC Action*"), which is set for trial on October 10, 2022.

In this separate action, plaintiff seeks equitable relief under ERISA § 502(a)(3)

---

[2] Plaintiff does not address Defendant's arguments about the sufficiency of the Complaint's allegations as those were addressed in her opposition to the motion to dismiss. Plaintiff disagrees that absent consolidation an adverse decision against Plaintiff in the *KPC Action* would legally bar Plaintiff from prevailing against SPCP in a separate proceeding. For example, if the Court found that Plaintiff failed to introduce evidence supporting a critical element of her claim in the *KPC Action*, Plaintiff would be entitled to introduce that evidence in the separate trial against SPCP and may then prevail against SPCP.

against SPCP due to SPCP's alleged "knowing participation" in breaches of ERISA fiduciary duties and prohibited transactions relating to the 2015 ESOP transaction. Specifically, plaintiff alleges that SPCP should be held derivatively liable for Dr. Chaudhuri's and Alerus's alleged ERISA violations because SPCP took part in a separate transaction in which it sold warrants to KPC as "part of the" 2015 ESOP transaction.[3]

If plaintiff is able to prove the underlying ERISA violations against the defendants in the *KPC Action*, plaintiff will have to separately prove that SPCP "knowingly participated" in the alleged prohibited transactions and fiduciary breaches, and that plaintiff is entitled to appropriate equitable relief under a *Harris Trust* theory of liability.[4] Among other things, to meet her burden of proof at trial, plaintiff will need to prove that: (a) SPCP "participated" in the 2015 ESOP transaction by engaging in the separate warrant transaction during which SPCP sold its preexisting warrants to KPC; (b) SPCP had actual or constructive knowledge of Alerus's and Dr. Chaudhuri's unlawful conduct, *i.e.*, that SPCP knew that the 2015 ESOP transaction was prohibited, that no exception to the prohibited transaction rules applied; (c) SPCP received tainted plan assets from the ESOP in connection with the 2015 ESOP transaction; (d) the ESOP was harmed by the warrant transaction between

---

[3] Plaintiff's above statement of the case includes inflammatory and factually inaccurate descriptions of the 2015 ESOP transaction, the separate warrant purchase agreement between KPC and SPCP, and the 2014 IHHI transaction. SPCP disputes the allegations contained in plaintiff's statement of the case, including plaintiff's inaccurate description of the 2015 ESOP transaction, the warrant purchase agreement, and the 2014 IHHI transaction.

[4] If this Court finds that the defendants in the *KPC Action* did not breach their fiduciary duties or engage in prohibited transactions, such a ruling would be binding on plaintiff and dispose of her claim against SPCP. Although a ruling in plaintiff's favor in the *KPC Action* would not be dispositive in this separate action against SPCP, SPCP recognizes that such a ruling would have significant practical implications on the subsequent trial against SPCP.

SPCP and KPC; and (e) plaintiff is entitled to appropriate equitable relief. Plaintiff will not be able to meet her burden. SPCP was neither an ERISA fiduciary nor a party-in-interest to the 2015 ESOP transaction. SPCP did not receive any ESOP assets in connection with its sale of warrants to KPC, which was distinct from the 2015 ESOP transaction. The entire consideration SPCP received during the warrant transaction came from KPC—not the ESOP. SPCP also did not have actual or constructive knowledge that the 2015 ESOP transaction was unlawful. Rather, the evidence at trial will prove that SPCP believed and had every reason to believe that the 2015 ESOP transaction was completely lawful and that the ESOP's independent trustee, Alerus, and others had acted in accordance with their fiduciary duties at all times.

In July 2021, plaintiff sought leave to add SPCP as a defendant in the *KPC Action*, but this Court denied plaintiff's request because it found, among other things, that SPCP would suffer "serious prejudice" if added to the *KPC Action* at such a late date. Plaintiff has since sought to circumvent the Court's ruling by moving to consolidate this action with the *KPC Action*. SPCP has opposed plaintiff's consolidation motion, which is set for hearing on January 14, 2022, at the same time as the case management conference.

SPCP has also moved to dismiss plaintiff's First Amended Complaint. SPCP's motion to dismiss is currently set for hearing on January 21, 2022.

### 3. **DAMAGES & INSURANCE**

#### a. **Damages**

**Plaintiff's Statement:**

The sole claim against Defendant SPCP is brought pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the remedy for which is limited to "appropriate equitable relief." As a result, Plaintiff does not seek damages (i.e., legal relief), but equitable monetary relief. As SPCP is not alleged to be a fiduciary at the time of the

2015 ESOP Transaction, Plaintiff seeks appropriate equitable relief, including disgorgement, imposition of a constructive trust, accounting for profits, and other declaratory and injunctive relief with respect to the amounts (and the proceeds and profits from those amounts) that SPCP received as part of the 2015 ESOP Transaction. Plaintiff knows that SPCP received the following: (a) $18,810,000 in cash; (b) a promissory note in the original principal amount of $26,946,000; (c) a warrant to purchase 762,592 shares of KPC at an exercise price of $2.50 per share; and (d) 10.2% of any net payments received by KPC or its subsidiaries under California's hospital quality assurance fee (QAF) program based on services provided from January 1, 2017 to December 31, 2024. Assuming that Plaintiff can prove that the 2015 ESOP Transaction violated ERISA and SPCP knowingly participated in the Transaction, Plaintiff will be entitled to seek those amounts or the proceeds or profits from those amounts (which may be greater or lesser). Without discovery, Plaintiff does not know what SPCP has done with the proceeds that it received as part of the 2015 ESOP Transaction.

**Defendant's Statement:**

Plaintiff concedes that she is not entitled to seek monetary damages or legal relief against SPCP, which was not an ERISA fiduciary or a party-in-interest to the 2015 ESOP transaction. Instead, plaintiff purports to seek equitable relief against SPCP under ERISA § 502(a)(3). But plaintiff is not entitled to equitable relief here because SPCP is not in possession of any ESOP assets, let alone any tainted ESOP assets that would subject it to liability under ERISA § 502(a)(3) and *Harris Trust & Savings Bank v. Salomon Smith Barney*, 530 U.S. 238, 250 (2000).

Additionally, as explained in SPCP's pending motion to dismiss, ERISA § 502(a)(3) only authorizes "appropriate equitable relief" meant to "redress ERISA violations." The purported equitable relief plaintiff seeks is either unavailable under ERISA § 502(a)(3) or a thinly-veiled attempt to obtain monetary damages under the

guise of equitable relief. Indeed, plaintiff's statement of damages above specifically states that it is seeking "equitable monetary relief." There is simply no form of "appropriate" equitable relief available to plaintiff in this separate action against SPCP.

Finally, if plaintiff's claim against SPCP fails, SPCP reserves its rights to seek attorneys' fees and costs pursuant to ERISA, any other applicable statute or rule, and this Court's inherent authority.

### b. Insurance

SPCP is still evaluating whether plaintiff's claim is covered by any applicable insurance policies. If so, SPCP will make available for inspection or copying any applicable insurance agreement(s) pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

### 4. PARTIES, EVIDENCE, ETC.

#### a. Parties and Witness

**Joint List of Likely Witnesses:**

1. Plaintiff Danielle Gamino

2. Thomas Banks, Managing Director of SPCP

3. Kali Pradip Chaudhuri ("Dr. Chaudhuri")

4. William E. Thomas

5. Alerus Financial, N.A. ("Alerus")

6. Stout Risius Ross LLC and its employees or former employees, including Mark R. Fournier, Joseph D. Demetrius, Vikram Sinnathamby, Susy Shiying Xu, Zaid Khanbozai, Connor M. Davis and/or David P. Alldian, Jr.

7. Eureka Capital Partners, LLC and its former employees, including Mark

O'Keefe, Michael Harden and/or Phillip Chou.[5]

**Plaintiff's Identification of Other Likely Witnesses[6]:**

1. Suzanne Richards, former CEO of KPC Healthcare.

2. Steve Blake, former CFO of KPC Healthcare.

3. Edward A. Mulé, CEO and Portfolio Manager of SPCP

4. Robert J. O'Shea, Chairman of SPCP

5. Kali Priyo Chaudhuri

6. Lori Van Arsdale

7. Amelia Hippert

8. Nels Carlson and/or Michael Flesch (Alerus employees involved in Alerus's negotiation and approval of the August 2015 ESOP Transaction on behalf of the ESOP)

9. Certain current and former employees of KPC Healthcare Holdings, Inc. and its subsidiaries yet to be identified who are knowledgeable about KPC's financial condition and information provided to Alerus and its advisors in the transaction

10. K&L Gates, LLP

11. Holzman Horner PLLC, including Christopher Horner and/or Michael R. Holzman

12. MidCap Financial Services, LLC (and its unknown employees)

13. Credit Suisse / Credit Suisse Park View (and their unknown employees)

14. Seyfarth Shaw LLP (and its unknown employees)

15. Orrick Herrington & Sutcliffe LLP (and its unknown employees)

---

[5] Defendants do not concede that the individual employees or former employees of Stout Risius Ross LLC or Eureka Capital Partners, LLC, identified are "likely witnesses."

[6] Defendants do not concede that the entities or individuals identified by Plaintiff are likely to have relevant information regarding plaintiff's claim against SPCP.

16.     Advisors involved in Dr. Chaudhuri's 2014 acquisition of KPC's predecessor, IHHI.

**Defendant's Identification of Other Likely Witnesses:**

SPCP will identify additional likely witnesses as it reviews the discovery and prepares its defense to plaintiff's claim.

### b.     Documents

**Plaintiff's Identification of Key Documents:**

The key documents will include documents related to the 2014 transaction, the Transaction binder for the 2015 ESOP Transaction, including the warrant purchase agreement between SPCP and KPC, the advisor reports prepared and opinions offered in connection with the 2015 ESOP Transaction, documents considered by Alerus's advisors for their reports, and communications (if non-privileged or subject to the fiduciary exception to the attorney-client privilege) between and among Alerus, Alerus's advisors, Dr. Chaudhuri, KPC Healthcare, the advisors to Dr. Chaudhuri and KPC Healthcare, and SPCP for the 2015 ESOP Transaction.

**Defendant's Identification of Key Documents**:

The agreements relating to the 2015 ESOP transaction, the separate warrant purchase agreement between SPCP and KPC, and the reports and opinions prepared and offered in connection with the 2015 ESOP transaction are relevant to this separate action against SPCP and will likely be key documents at trial.  Additionally, emails and other documents regarding the warrant transaction and the 2015 ESOP transaction representatives will be key documents.  These documents will prove that the SPCP warrant transaction was separate and distinct from Dr. Chaudhuri's 2015 sale of KPC stock to the ESOP, and that SPCP did not know and had no reason to believe that the 2015 ESOP transaction was unlawful or that anyone involved in the 2015 ESOP transaction had breached their fiduciary duties.  SPCP anticipates it will identify additional key documents as it prepares its defense to plaintiff's claim.

## 5.    DISCOVERY

### a.    Status of Discovery

**Joint Statement Regarding Rule 26(a)**

The Parties have agreed to exchange their initial disclosures on January 12, 2022.

**Plaintiff's Statement:**

Most if not all of the documents produced in the *KPC Action* will be relevant to this Action. Plaintiff has served significant discovery in the *KPC Action* which is ongoing. In the absence of an order deeming such documents produced in this action, Plaintiff will issue subpoenas to all of the Defendants and third parties in the *KPC Action* requiring them to produce all documents that were previously produced in the *KPC Action* again in this action.  Discovery in this action opened on December 23, 2021 when the Parties had their Rule 26(f) conference. Plaintiff has served document requests and interrogatories to SPCP.

Despite the Court's directive that the parties "comply fully with Fed. R. Civ. P. Rule 26(a), producing most of what is required in the early stage of discovery," SPCP has refused to agree to produce documents identified in its Rule 26(a) disclosures without a request for production. Plaintiff's initial discovery requests, among other documents, production of the documents that SPCP identifies in its Rule 26(a) disclosures.

**Defendant's Statement:**

Discovery in this case has just begun.  Plaintiff served her first set of document requests and interrogatories on SPCP on January 3, 2022.  This is the first time plaintiff has ever sought discovery from SPCP.  Notably, Plaintiff had never issued a third-party subpoena to SPCP in connection with the *KPC Action*, despite identifying SPCP in her initial complaint filed in June 2020.  SPCP understands that this Court has directed that the parties produce "most of what is required in the early stage of

10

JOINT RULE 26(f) REPORT

discovery" and will comply with its discovery obligations in a timely manner throughout this case.

SPCP does not anticipate serving document requests or interrogatories on plaintiff until after this Court rules on its pending motion to dismiss.

SPCP agrees that some of the documents produced in the *KPC Action* will be relevant to this separate action against SPCP. SPCP, however, does not believe it will be necessary for plaintiff to issue subpoenas to all of the defendants in *KPC Action* in order to utilize the *KPC Action* discovery. During the parties' December 23, 2021, meet-and-confer, SPCP's counsel explicitly told plaintiff's counsel that SPCP would work with plaintiff to reach an agreement that would allow for the discovery from the *KPC Action* to be utilized in this case in an appropriate and efficient manner. SPCP expects that the defendants in the *KPC Action* will likewise agree that the discovery in the *KPC Action* should be utilized in this case and will work with plaintiff and SPCP to reach an appropriate agreement. Accordingly, SPCP has already requested that plaintiff's counsel prepare a specific proposal regarding the use of discovery from the *KPC Action* in this action that SPCP and the defendants in the *KPC Action* can review. Once SPCP and the defendants in the *KPC Action* receive plaintiff's proposal, SPCP is hopeful that the parties will be able to quickly reach an acceptable agreement without requiring this Court's intervention.

### b. **Discovery Plan**

**Plaintiff's Statement:**

Plaintiff's merits discovery will largely overlap with the *KPC Action* and will focus on the 2015 ESOP Transaction, KPC Healthcare's financial performance and business developments in the years prior to the Transaction, Alerus's due diligence for the Transaction, and subsequent events to the extent that they were known or knowable at the time of the Transaction and SPCP's knowledge about and involvement in the 2015 ESOP Transaction. Plaintiff expects to designate an expert

1     witness regarding business valuation and may designate experts with expertise about

2     the hospital industry and due diligence. Plaintiff also expects to designate an expert

3     with expertise in forensic accounting.

4          After Plaintiff receives sufficient production of documents, Plaintiff will begin

5     to take depositions.

6          Plaintiff proposes that the presumptive limit of 10 depositions under Rule

7     30(a)(2) exclude parties and expert witnesses as (1) the number of parties and relevant

8     non-party entities alone exceeds 10, and (2) Defendant may designate multiple expert

9     witnesses. Plaintiff believes that discovery can otherwise remain within the other

10    discovery limits.

11        **Defendant's Statement:**

12          If this case is neither consolidated with the *KPC Action* nor stayed pending

13    resolution of the *KPC Action*, SPCP proposes that fact discovery close on January 13,

14    2023, and expert discovery close on February 10, 2023. SPCP's proposed discovery

15    plan and schedule is consistent with the typical schedule for complex class actions set

16    forth in the Court's Mandatory Scheduling Conference (MSC) Order (Dkt. 37 at 6, 8).

17    As set forth in this Court's Order, trials for class actions involving complex factual

18    and legal issues, such as this one, are generally set for 18 months after the due date of

19    the original responsive pleading. (*Id.*) The cutoff for fact discovery is then generally

20    set for 18 weeks before the pretrial conference, and the cutoff for expert discovery is

21    generally set for 14 weeks before the pretrial conference. (*Id.*) Proceeding under the

22    Court's standard schedule is necessary here to allow the parties to engage in

23    meaningful discovery regarding the separate claim against SPCP, and for SPCP to

24    prepare a meaningful defense to plaintiff's claim. SPCP's proposed discovery

25    schedule will also allow the parties to efficiently and effectively utilize any discovery

26    conducted in the separate *KPC Action*, prevent any delays to the October 2022 trial in

27    the *KPC Action*, and provide a limited amount of time for the parties in this case to

28

conduct additional discovery following the completion of the October 2022 trial in the *KPC Action*, if necessary.

Contrary to plaintiff's suggestion, it is not feasible to complete discovery in this separate action within the limited time remaining for discovery in the *KPC Action*. Discovery in the *KPC Action* has been ongoing for over a year now. Fact discovery in the *KPC Action* is set to close in six months on June 10, 2022, with the expert discovery cut-off set for July 8, 2022. The defendants in the *KPC Action* and subpoenaed non-parties have already produced hundreds of thousands of pages of discovery. (*See* Dkt. 37-1, ¶¶ 2-4.) SPCP needs sufficient time to review the hundreds of thousands of pages of already-produced-discovery in the *KPC Action* and evaluate the unique claim and defenses at issue in this case. After SPCP's review of the preexisting discovery is complete, SPCP will propound its own written discovery, subpoena relevant records from non-parties, and seek to depose relevant witnesses.

Although SPCP agrees that some of the discovery in the *KPC Action* will be relevant to plaintiff's separate claim against SPCP, the legal and factual issues in this case are distinct from the *KPC Action*. SPCP has unique defenses separate and apart from the underlying ERISA claims against Alerus and Dr. Chaudhuri. As a non-fiduciary investor who was not involved in KPC's day-to-day operations, SPCP is in a vastly different position than the defendants in the *KPC Action*, all whom are alleged to be named fiduciaries or KPC executives that were allegedly involved in KPC's operations and the ESOP. Thus, both plaintiff and SPCP will undoubtedly need to conduct additional merits and expert discovery regarding plaintiff's specific claim against SPCP. At a minimum, SPCP anticipates that additional fact discovery will be necessary regarding the nature and circumstances of the warrant transaction between SPCP and KPC, and SPCP's knowledge of and involvement in Dr. Chaudhuri's sale of KPC stock to the ESOP.

SPCP also expects to designate expert witnesses to testify at trial in this matter.

13

Because SPCP has unique defenses to plaintiff's "knowing participation" claim and was neither a fiduciary to the ESOP nor a party-in-interest to the 2015 ESOP transaction, the focus of any expert testimony in this case will be different than the expert testimony in the *KPC Action*.

Additionally, plaintiff has yet to seek the production of any documents from SPCP in this case or via a third-party subpoena in the *KPC Action*. Locating, collecting, reviewing, and producing any relevant and discoverable non-privileged materials regarding the prior Integrated Healthcare Holdings, Inc. ("IHHI") transaction and the 2015 ESOP transaction may take SPCP a considerable amount of time. SPCP also expects that it will need to serve objections to any forthcoming discovery requests from plaintiff.

Finally, plaintiff has proposed that the presumptive limit of 10 depositions under Rule 30(a)(2) exclude parties and expert witnesses. SPCP disagrees and believes that the presumptive limit of 10 depositions under Rule 30(a)(2) should be adhered to and would be sufficient for the parties to address the separate claim and defenses at issue in this case. But regardless whether the presumptive limit of 10 depositions is applied here, it will be extraordinarily challenging to schedule and take these depositions within the next six months as plaintiff proposes. Although there will be some overlap between the witnesses to be deposed in this case and the *KPC Action*, depositions of different witnesses and/or substantial additional questioning of witnesses in the *KPC Action* will be necessary in connection with plaintiff's separate claim against SPCP. SPCP will of course work with plaintiff and the defendants in the *KPC Action* to coordinate the depositions of common witnesses, but such coordination will not eliminate SPCP's need to conduct additional depositions or SPCP's need engage in additional questioning of common witnesses. And, as noted above, SPCP requires additional time to review the discovery from the *KPC Action* and prepare for any such depositions. Whereas plaintiff has already had well over a

year to prepare for its depositions and presumably could take such depositions immediately, SPCP has not had the luxury of such time and is not prepared to proceed with depositions at this time.

**Joint Statement About Key Deadlines:**

The Parties disagree on most of the key deadlines as illustrated by the below and the attached Scheduling Worksheet.

        i.    <u>Fact Discovery</u>:

Plaintiff proposes a non-expert discovery cut-off of June 10, 2022.

For the reasons set forth above, SPCP proposes a non-expert discovery cut-off of January 13, 2023.

        ii.    <u>Expert Discovery</u>

**Plaintiff's Proposal**:

- Initial expert disclosures May 27, 2022
- Rebuttal expert disclosures: June 10, 2022
- Expert discovery completed by July 8, 2022

**Defendant's Proposed Expert Discovery Deadlines:**

- Initial expert disclosures: December 30, 2022
- Rebuttal expert disclosures: January 13, 2023
- Expert discovery cut-off: February 10, 2023

**6.**   **<u>LEGAL ISSUES</u>**

**Plaintiff's Statement of the Legal Issues:**

- Whether Dr. Chaudhuri engaged in prohibited transactions in violation of ERISA § 406, 29 U.S.C. § 1106, in the 2015 ESOP Transaction, as alleged in Count I of the Complaint;
- Whether SPCP engaged in a prohibited transaction in violation of ERISA § 406, 29 U.S.C. § 1106, in the 2015 ESOP Transaction, as alleged in Count I of the Complaint;

- Whether Alerus breached its fiduciary duties under ERISA § 404(a), 29 U.S.C. § 1104(a) in the 2015 ESOP Transaction, as alleged in Count I of the Complaint

- Whether SPCP was aware of facts sufficient to establish that the 2015 Transaction constituted a prohibited transaction with Dr. Chaudhuri, a Plan fiduciary and party-in-interest or a breach of fiduciary duty by Alerus and therefore that SPCP knowingly participated in these breaches and violations;

- Whether this action is suitable for class treatment under Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3).

- The appropriate remedies and relief for Plaintiff's claim.

**Defendant's Statement of the Legal Issues:**

Plaintiff's claims against SPCP are derivative of her ERISA claims against Dr. Chaudhuri and Alerus in the *KPC Action*. With respect to the underlying ERISA claims in the *KPC Action*, the primary legal and factual issues are:

- Whether more than adequate consideration was paid for KPC stock in the 2015 ESOP transaction; and

- Whether the ESOP's independent trustee, Alerus, engaged in a prudent process in considering whether to approve the 2015 ESOP transaction.

In addition to the legal issues raised in SPCP's pending motion to dismiss, plaintiff's separate "knowing participation" claim against SPCP in this case raises the following distinct legal and factual issues:

- Whether SPCP participated in the 2015 ESOP transaction by agreeing to sell its preexisting warrants to KPC;

- Whether SPCP had actual or constructive knowledge that the 2015 ESOP transaction was unlawful, *i.e.* that the 2015 ESOP transaction was a transaction prohibited by ERISA and that no exception to the prohibited transaction rules applied;

- Whether SPCP received any tainted ESOP assets in connection with the

JOINT RULE 26(f) REPORT

2015 ESOP transaction;

- Whether the ESOP was harmed by the warrant transaction between SPCP and KPC;

- Whether the ESOP is entitled to appropriate equitable relief if her claim against SPCP is successful; and

- Whether this action is suitable for class treatment under Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and/or 23(b)(3).

SPCP reserves the right to amend its Statement of the Legal Issues after the Court rules on the pending motions to dismiss.

**7.  MOTIONS**

**a.  Procedural Motions**

Currently pending is Plaintiff's motion to consolidate this action with the KPC Action, set to be heard January 14, 2022.

**Plaintiff's Statement:**

If consolidation is not granted, Plaintiff expects to file a motion to allow use of all of discovery documents produced in the *KPC Action* – the vast majority of which have been designated confidential under the Protective Order in that Action – to be deemed produced in and enabled to be used in this case.

If consolidation is not granted, Plaintiff expects to file a motion to allow coordination of the depositions in both this action and the *KPC Action* and to the extent that a separate deposition of the same witness is taken in this action, that witness's testimony will be deemed taken in this action and only questions that are non-repetitive of those asked in the *KPC Action* will be allowed in the deposition of that witness in this Action.

**Defendant's Statement**

If consolidation is not granted and plaintiff's claim is not dismissed, SPCP may move to transfer venue to the District of Connecticut where SPCP is headquartered

because the District of Connecticut is a more convenient and appropriate forum for plaintiff's claim against SPCP.

SPCP does not believe any other procedural motions will be necessary if consolidation is not granted. During the December 23, 2021, meet-and-confer, SPCP's counsel told plaintiff's counsel that it agrees that certain of the discovery from the *KPC Action* should be utilized in this case, and that depositions should be coordinated. SPCP has requested that plaintiff's counsel prepare a specific proposal regarding the use of discovery from the *KPC Action* and coordination of depositions for SPCP and the defendants in the *KPC Action* to review. Once plaintiff provides her proposal, SPCP remains confident that the parties will reach an agreement that will allow both cases to proceed as efficiently as possible without requiring this Court's intervention.

### b. **Dispositive Motions**

Depending on what Defendant asserts as affirmative defenses, Plaintiff may file a motion for summary judgment on one or more of Defendant's affirmative defenses.

SPCP has filed a motion to dismiss plaintiff's FAC, which is set for hearing on January 21, 2021. If plaintiff's claim is not dismissed, SPCP may file a motion for summary judgment.

### c. **Motion for Class Certification**

Plaintiff will seek a stipulation regarding class certification of the claim against SPCP. If SPCP will not stipulate to class certification, the Parties have agreed upon the following schedule:

- Plaintiff will file a motion for class certification within 21 days of the date on which SPCP files its Answer to the First Amended Complaint.
- Defendant will file its opposition to class certification 28 days after Plaintiff files her Motion for Class Certification.
- Plaintiff will file her reply in support of class certification 21 days after

1    Defendant files its reply.

2    **8.     <u>ALTERNATIVE DISPUTE RESOLUTION</u>**

3         **a.     <u>Prior Discussions</u>**

4    There have been no discussions about settling the claim in this case.

5         **b.     <u>ADR Selection</u>**

6    Plaintiff is willing to engage in ADR with a magistrate judge or a private

7    mediator. SPCP is willing to engage in ADR with a private mediator.

8    **9.     <u>TRIAL</u>**

9         a.     **<u>Proposed Trial Date:</u>**

10   **Plaintiff's Proposal:**

11        Plaintiff proposes that this case be consolidated and tried with the *KPC Action*

12   or if not, then trial be set immediately thereafter.

13   **Defendant's Proposal:**

14        SPCP proposes that this case be set for trial on June 5, 2023, which is

15   approximately 18 months after SPCP's initial responsive pleading was due and 8

16   months after the trial in the *KPC Action* is set to begin.  This trial schedule is

17   consistent with the Court's general practice for complex class actions (*see* Dkt. 37 at

18   6) and appropriate for multiple reasons.

19        *First*, a June 5, 2023, trial date will provide SPCP with the time necessary to

20   review the hundreds of thousands of pages of discovery from the *KPC Action*,

21   complete discovery relating to plaintiff's claim against SPCP in this case, engage

22   expert witnesses, move for summary judgment if appropriate, and prepare for trial.

23   Given the distinct factual and legal issues regarding plaintiff's claim against SPCP,

24   which was neither an ERISA fiduciary or a party-in-interest to the 2015 ESOP

25   transaction, SPCP requires sufficient time to complete discovery and prepare for trial

26   in this matter.

27        *Second*, a June 5, 2023, trial date will preserve valuable judicial resources and

28

allow for a more efficient resolution of this matter. The *KPC Action* is currently set for trial on October 10, 2022. If plaintiff's underlying ERISA claims against the defendants in the *KPC Action* fail, the Court's final ruling in that case would be dispositive in this case and a trial would be unnecessary. If plaintiff's underlying claims in the *KPC Action* are successful, the Court's factual findings (albeit not binding on SPCP) would undoubtedly have a significant impact on the resolution of this case. At a minimum, such a result would allow the parties to significantly streamline their trial presentations in this case, and allow this Court to focus primarily on the distinct factual and legal issues relating to plaintiff's separate claim against SPCP. Scheduling trial in this matter approximately eight months after the start of the *KPC Action* trial will provide the parties and the Court sufficient time to effectively and efficiently take into account the results of the *KPC Action*.[7]

*Third*, SPCP's proposed trial date will allow the parties to efficiently use the discovery from the *KPC Action* and coordinate depositions, without delaying or impeding the parties' trial preparations in the *KPC Action*. SPCP agrees that certain discovery in the *KPC Action* is relevant here and that the parties should coordinate depositions and discovery to whenever possible. But additional discovery regarding plaintiff's separate claim against SPCP will undoubtedly be necessary. Forcing the parties to complete the additional discovery for this case at the same time the parties are completing discovery and preparing for trial in the *KPC Action* would be very challenging and could lead to unnecessary delays. Rather than forcing the parties to complete all of the discovery in this matter *before* the *KPC Action* trial, SPCP's proposed trial schedule provides plaintiff and SPCP approximately three months after the projected conclusion of the *KPC Action* trial to complete any additional discovery

---

[7] Although trial in this matter would be set approximately eight months after the *start* of the *KPC Action* trial, SPCP anticipates that the Court may request post-trial briefing in the *KPC Action* and could need additional time after the trial before it issues a final ruling.

that is necessary for this matter. This will ensure that the parties in the *KPC Action* can focus on preparing for the October 2022 trial in that matter, and provide plaintiff and SPCP a reasonable amount of time after the *KPC Action* trial has concluded to focus on completing discovery, motions for summary judgment, and trial preparations, if necessary.

*Finally*, plaintiff requests that this Court set the trial in this matter the same date as the trial in the *KPC Action* (October 10, 2022), even if the Court denies her pending motion for consolidation. SPCP has opposed consolidation and opposes an October 10, 2022, trial date for the same reasons. SPCP cannot complete fact and expert discovery, motion practice, and be prepared to try this case on October 10, 2022, as plaintiff proposes. Requiring SPCP to proceed to trial on such an extremely expedited schedule would cause SPCP "serious prejudice," as the Court noted when it denied plaintiff leave to add SPCP as a defendant in the *KPC Action* five months ago. Plaintiff and defendants in the *KPC Action* have already had over 18 months to prepare for trial, and discovery in that case is well under way. SPCP should be provided a similar amount of time to engage in meaningful discovery and prepare its defense here.

### b. <u>Trial Estimate</u>

**Plaintiff's Estimate:**

If this Action is not consolidated with the *KPC Action*, Plaintiff estimates that 8 court days will be required for a bench trial. Plaintiff estimates that she will recall all the fact witnesses and expert witnesses in the *KPC Action* and need an additional day or two for fact witnesses unique to this action and the forensic accountant expert that may be needed for this action. Trial will require more than 4 court days because of the number of parties, the likely number of advisors in the transaction and the likely number of experts.

JOINT RULE 26(f) REPORT

**Defendant's Estimate:**

SPCP estimates that five court days will be required for a bench trial to address plaintiff's separate knowing participation claim against SPCP.[8]  SPCP estimates it would call five to ten witnesses to testify at trial to testify regarding the issues specific to this case.  SPCP believes that a bench trial may require more than four court days because of the number of non-party witnesses, the volume of documentary evidence, and the number of likely experts on both sides.

SPCP does not agree that it will be necessary for either plaintiff or SPCP to recall all of the fact and expert witnesses from the *KPC Action* to testify at the trial in this matter.  SPCP believes that the testimony of any duplicative witnesses would be significantly streamlined during the trial in this matter and focus primarily on the factual and legal issues that are unique to this particular action.  If this case is not consolidated with the *KPC Action* and plaintiff's underlying claims against Dr. Chaudhuri and Alerus are successful, SPCP is committed to ensuring that the trail in this case is conducted as efficiently as possible.

### c.   Jury or Court Trial

This case will be tried to the Court.

### d.   Magistrate Judge

The parties do not consent to trial before a magistrate judge.

### e.   Trial Counsel

**Plaintiff's trial counsel:**

R. Joseph Barton of Block & Leviton LLP, Daniel Feinberg of Feinberg Jackson Worthman & Wasow LLP, and Richard E. Donahoo of Donahoo & Associates, PC. The examination and cross-examination of witnesses will be allocated among trial counsel because of the expected number of fact witnesses and expert

---

[8] If this case is consolidated with the *KPC Action* as plaintiff has proposed, SPCP estimates that the trial in that matter would take an additional four to five court days to complete.

1    witnesses.

2        **Defendant's trial counsel:**

3        Theodore M. Becker and Julian L. André of McDermott Will & Emery LLP

4    will serve as trial counsel for SPCP. Examination of witnesses will be allocated

5    among trial counsel.

6        **10.    SPECIAL REQUESTS/OTHER ISSUES**

7            **a.    Independent Expert or Master**

8        The Parties do not believe that the appointment of a special master or independent

9    scientific evidence is appropriate.

10           **b.    Manual For Complex Litigation**

11       As suggested by the Manual for Complex Litigation, the Court has entered a

12   protective order in the *KPC Action* (Doc. 74). Plaintiff submits the order may be used

13   in this matter upon consolidation. If this case is not consolidated with the *KPC Action*,

14   Plaintiff proposes that a nearly identical protective order should be issued in this case.

15       SPCP agrees that a protective order similar to the one issued in the *KPC Action*

16   is appropriate and will work with plaintiff to prepare a stipulation and proposed order.

17           **c.    Other Issues**

18       **Plaintiff's Statement:**

19           If consolidation is not granted, an Order as to the following would

20           substantially improve the efficiency of the litigation of this case:

21       1.    An order that all of discovery documents produced in the *KPC*

22             *Action* – the vast majority of which have been designated

23             confidential under the Protective Order in that Action – to be

24             deemed produced in and can be used in this case.

25       2.    An order requiring the coordination of the depositions in both this

26             action and the *KPC Action* and to the extent that a separate

27             deposition of the same witness is taken in this action who was

28

                              23

                    JOINT RULE 26(f) REPORT

1  previously deposed in the *KPC Action*, that witness's testimony will

2  be deemed taken in this action and only questions that are non-

3  repetitive of those asked in the *KPC Action* will be allowed in the

4  deposition of that witness in this Action.

5  **Defendant's Statement:**

6  SPCP is committed to ensuring that this separate action proceed as efficiently as

7  possible. SPCP will work with plaintiff to reach an appropriate agreement regarding

8  the use of discovery from the *KPC Action* and coordination of depositions of common

9  witnesses. SPCP has requested that plaintiff prepare a specific proposal regarding the

10  use of discovery from the *KPC Action* and coordination of depositions for SPCP and

11  the defendants in the *KPC Action* to review.

12

13  Dated: January 4, 2022                    Respectfully submitted,

14

15  By: /s/R. Joseph Barton                    By: /s/ Julian Andre (with permission)
    R. Joseph Barton (SBN 212340)              Julian L. Andre

16  BLOCK & LEVITON LLP                        MCDERMOTT WILL & EMERY LLP
    1633 Connecticut Ave. NW,                  2049 Century Park East, Suite 3200

17  Suite 200                                  Los Angeles, CA 90067

18  Washington, DC 20009                       Tel: (310) 277-4110
    Tel: (202) 734-7046                        Fax: (310) 277-4730

19  Fax: (617) 507-6020                        Email: JAndre@mwe.com

20  Email: jbarton@blockleviton.com

21                                             Theodore M. Becker
    Daniel Feinberg (SBN 135983)               (admitted *pro hac vice*)

22  FEINBERG JACKSON                           MCDERMOTT WILL & EMERY LLP
    WORTHMAN & WASOW LLP                       444 West Lake Street, Suite 4000

23  2030 Addison Street, Suite 500             Chicago, IL 60606

24  Berkeley, CA 94704                         Tel: (312) 372-2000
    Tel: (510) 269-7998                        Fax: (312) 984-7700

25  Fax: (510) 269-7994                        Email: tbecker@mwe.com

26  Email: dan@feinbergjackson.com

27

28

24

JOINT RULE 26(f) REPORT

Richard E. Donahoo (SBN
186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN
322020)
DONAHOO & ASSOCIATES,
PC.
440 W. First Street, Suite 101.
Tustin, CA 92780
Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

*Attorneys for Plaintiff*

*Attorneys for Defendant
SPCP Group, LLC*

JOINT RULE 26(f) REPORT

**C.D. Cal. L.R. 5-4.3.4(a)(2)(i) Certificate**

This is a document with multiple signatories, all of whom are registered CM/ECF filers. I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ R. Joseph Barton
R. Joseph Barton (SBN 212340)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

**Certificate of Service**

I certify that on, I filed the foregoing Joint Rule 26(f) report with the Court's electronic filing system, by operation of which it was served on the following persons:

| | |
|---|---|
| Theodore M. Becker<br>McDermott Will & Emery LLP<br>444 West Lake Street, Suite 4000<br>Chicago, IL 60606<br>tbecker@mwe.com<br>. | Julian L. Andre<br>MCDERMOTT WILL & EMERY<br>LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>Tel: (310) 277-4110<br>Fax: (310) 277-4730<br>Email: JAndre@mwe.com<br><br>Attorneys for Defendant |

By: /s/ R. Joseph Barton
R. Joseph Barton (SBN 212340)