

**mwe.com**

Julian André
Attorney at Law
JAndre@mwe.com
+1 310 551 9335

February 18, 2022

**VIA EMAIL & ECF**

The Honorable Shashi H. Kewalramani, United States Magistrate Judge
George E. Brown, Jr. Federal Building and United States Courthouse
3470 12th Street, 3rd Floor
Riverside, CA 92501

Re:   *Gamino v. KPC Healthcare Holdings, Inc., et al.*,
   **Case Nos. 5:20-cv-1126-SB-SHK; 5:21-cv-1466-SB-SHK**

Dear Judge Kewalramani:

The defendants in the above-captioned case hereby submit this joint letter brief opposing plaintiff's request to exceed the ten-deposition limit under Federal Rule of Civil Procedure 30(a)(2).

1. Plaintiff's Failure to Exhaust (Or Even Come Close to Exhausting) the Ten-Deposition Limit Renders Her Request Premature

Today, plaintiff is taking her very first deposition in this lawsuit that has been pending for more than a year-and-a-half.  It is against this backdrop that plaintiff petitions this Court, without making any "particularized showing" as required by Rule 30, for leave to depose at least sixteen party and non-party individuals and entities in the relatively short time remaining before the fact discovery cut-off.  No such departure from the limitations of Rule 30 is warranted.  "A party seeking to exceed the presumptive limit [of ten depositions] bears the burden of making a 'particularized showing' of the need for additional depositions."  *Acosta v. SW Fuel Mgmt., Inc.*, 2017 WL 8941165, *7 (C.D. Cal. Sept. 19, 2017), *aff'd* 2018 WL 1913772 (Mar. 28, 2018) (citation omitted).  To make this "particularized showing," the vast majority of courts (including numerous judges within this district) require the party to "exhaust their allowed number of depositions *before* making a request for additional" depositions.  *Id.* (emphasis added); *see generally Premier Constr. & Remodel, Inc. v. Mesa Underwriters Specialty Ins. Co.,* 2019 WL 8138041, at *1 (C.D. Cal. Nov. 14, 2019); *Guthrey v. California Dep't of Corr. & Rehab.*, 2012 WL 3249554, at *7 (E.D. Cal. Aug. 7, 2012); *Natural Resources Defense Counsel, Inc. v. Winter*, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008); *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *2 (N.D. Cal. Dec. 4, 2008); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.,* 187 F.R.D. 578, 586 (D. Minn. 1999); *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996).



2049 Century Park East Suite 3200   Los Angeles CA 90067-3206   Tel +1 310 277 4110   Fax +1 310 277 4730

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Shashi Kewalramani, United States Magistrate Judge
February 18, 2022
Page 2

This is required because parties "must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved.'" *Acosta*, 2017 WL 8941165 at *6 (quoting *Osborne v. Billings Clinic*, 2015 WL 150252, *2-*3 (D. Mon. 2015)).  Only after the ten-deposition limit has been exhausted will the parties or the court be able to determine whether additional depositions are "absolutely necessary." *Id.*  Having failed to take a single deposition prior to seeking relief, plaintiff "cannot possibly know what information [she] needs but cannot obtain from [her] [ten] permitted depositions." *Authentec*, 2008 WL 5120767, at *2.

While some courts have departed from the "exhaustion rule" in limited circumstances, those circumstances are absent here, and, as such, the cases plaintiff relies upon are inapposite. In *Laryngeal Mask Co. Ltd. v. Ambu A/S,* 2009 WL 10672436, at *4 (S.D. Cal. July 17, 2009), the court allowed seven additional depositions, but did so only when plaintiff had *already* taken nine out ten depositions. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 3306496, at *1 (N.D. Cal. Nov. 6, 2007), a class action alleging violations of the Fair Debt Collection Practices Act, is likewise distinguishable.  In *Del Campo*, the court concluded that additional depositions were necessary to establish typicality and commonality among plaintiffs in the *ten to thirty counties* in which defendants had contracts.  *Id.*

   2.   Plaintiff Has Failed to Demonstrate a "Particularized Need" to Exceed the Ten-Deposition Limit

Plaintiff has failed to meet her burden to demonstrate a particularized need for additional depositions, consistent with the three factors set forth in Rule 26(b)(2)(C)(i)-(iii).  *See Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446 (N.D. Cal. June 14, 2012) (limiting plaintiff's request for additional depositions).  Specifically, plaintiff must address whether: "(i) the discovery is cumulative or duplicative, or can better be obtained from some other source; (ii) the party seeking discovery has had ample opportunity; (iii) the burden or expense of the proposed discovery outweighs its benefits." *Id.* (citation omitted).  Plaintiff addresses none of these elements.  Instead, she attempts to circumvent these requirements with generic references to "categories" of deponents and general "topics" that plaintiff intends to cover during the depositions.  This does not satisfy the Rule26(b)(2)(C) factors or establish a particularized need.  Plaintiff simply has failed to demonstrate why a departure from Rule 30 is necessary here.

The "mere fact that an individual possesses relevant information is not enough to warrant his or her deposition." *Najera-Aguirre v. Riverside*, 2019 WL 3249613, *4 (C.D. Cal. Apr. 16, 2019).  A number of the sixteen individuals whose depositions plaintiff proposes to take possess only cumulative or duplicative information that can be obtained via less burdensome means, including the extensive documentary evidence regarding the ESOP transaction and KPC's finances that plaintiff has *already* received in discovery. (*See* Ex. 1 (describing document productions)).  For example, plaintiff has identified nine witnesses from KPC, including the five executives and board members named as defendants, three former executives, and a 30(b)(6) deponent.  Two of the defendant Board members were not even on the Board or employed by KPC at the time of the ESOP transaction.  Plaintiff provides no explanation of what information she *needs* to obtain from the former KPC executives or 30(b)(6) deponent that cannot be obtained from the named defendants and extensive document productions.  Plaintiff also identifies a former consultant to KPC, Marc Margulis, but fails to explain what necessary information Margulis possesses or why such information cannot be obtained from the documents



The Honorable Shashi Kewalramani, United States Magistrate Judge
February 18, 2022
Page 3

Margulis already produced in this case. (Ex. 1.) Similarly, plaintiff provides no explanation as to what information she needs to obtain from the former K&L Gates or Credit Suisse employees plaintiff has identified that is not in the documents. The fact that someone was involved in the ESOP transaction does not alone establish a particularized need under Rule 26(b)(2)(C), let alone justify the significant burden to defendants and non-parties such additional depositions would cause.

   3. Consolidation of the KPC and SPCP Cases Does Not Support Consolidation

Plaintiff has conceded that consolidation of the *KPC Healthcare* and *SPCP* cases does not support plaintiff's request to exceed the ten-deposition limit. In connection with her consolidation motion, plaintiff repeatedly argued that no additional discovery would be necessary, stating "the two cases will require the same evidence, fact witnesses, expert witnesses, and legal analysis." (Ex. 2, SPCP Dkt. 18-1 at 10.) Plaintiff represented that she would need to "take depositions of many of the same witnesses in both cases" (*Id.* at 11), that "failing to consolidate the cases will require duplication of effort (including deposing the same witnesses)" (Ex. 3, SPCP Dkt. 40 at 5), and that discovery in the *SPCP* case would "largely overlap" with *KPC Healthcare* (Ex. 4, SPCP Dkt. 42 at 11). Plaintiff never suggested that additional depositions would be necessary if the cases were consolidated, let alone that consolidation would require sixteen depositions. Indeed, any such argument would have significantly undercut plaintiff's arguments in favor of consolidation.

   4. Substituting a Total Time Limitation In Lieu of a Set Number of Depositions Is Contrary to The Federal Rules of Civil Procedure and Their Purpose

Rule 30 sets the *number* of depositions allowable and provides no discretion to substitute a total time limitation for the ten-deposition limit. There is good reason for this —the ten-deposition limit exists to limit the cost and expense of unnecessary and excessive discovery. *See* Fed. R. Civ. P. 30(a)(2) advisory committee's note. An "hourly" approach (not adopted by the federal rules, local rules, or any court decision), would require defendants and non-parties to be subjected to substantial costs and expense of additional depositions, while improperly relieving plaintiff of her obligation to demonstrate a particularized need for each deposition beyond the established limit.

Very truly yours,

*Julian André*

Julian André
Counsel for Defendants
KPC HEALTHCARE HOLDINGS, INC., KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, KALI PRADHIP CHAUDHURI, KALI PRIYO CHAUDHURI, AMELIA HIPPERT, WILLIAM E. THOMAS, AND LORI VAN ARSDALE



The Honorable Shashi Kewalramani, United States Magistrate Judge
February 18, 2022
Page 4

**GROOM LAW GROUP, CHARTERED**
William J. Delany (admitted *pro hac vice*)
1701 Pennsylvania Avenue NW
Washington, DC 2006

Counsel for Defendant
ALERUS FINANCIAL, N.A.

**MORGAN LEWIS & BOCKIUS LLP**
Aimee G. Mackay
300 S. Grand Avenue, 22nd Floor
Los Angeles, CA 90071-2501

Counsel for Defendant
SPCP GROUP, LLC


cc:   All counsel of record (by e-mail)

Enclosures:   Exhibit 1:  André Decl. ISO SPCP's Opposition to Plaintiff's Motion to Consolidate
              Exhibit 2:  Plaintiff's Motion to Consolidate
              Exhibit 3:  Plaintiff's Reply Brief ISO Motion to Consolidate
              Exhibit 4:  Joint Rule 26(f) Report

