

R. Joseph Barton, CSBN 212340
Email: jbarton@blockleviton.com
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW
Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020

*Attorneys for Plaintiff*
*(additional counsel listed below)*

**FILED**
CLERK, U.S. DISTRICT COURT

February 16, 2022

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ jgr _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

DANIELLE GAMINO,
individually and on behalf of all
others similarly situated,

  *Plaintiff,*

v.

SPCP GROUP, LLC,

  *Defendant,*

and

KPC HEALTHCARE, INC.
EMPLOYEE STOCK
OWNERSHIP PLAN,

  *Nominal Defendant*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

~~Case No.: 5:21-cv-01466-SB-SHK~~

Case No.: 5:20-cv-01126-SB-SHK)
(consolidated case number)

**PLAINTIFF'S NOTICE OF
MOTION AND MOTION FOR
CLASS CERTIFICATION OF THE
CLAIM AGAINST SPCP GROUP
LLC**

Hearing: April 8, 2022 8:30 a.m.,
Courtroom 6C

Notice is hereby given that, on April 8, 2021, at 8:30 a.m. or as soon thereafter as counsel may be heard before Hon. Stanley Blumenfeld, Jr. in Courtroom 6C of the United States Courthouse, 350 W 1st St., Los Angeles, California, Plaintiffs will and hereby do move the Court to certify the following class under Rule 23(a) and Rule 23(b)(1), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure as to Counts I of Plaintiff's Amended Complaint against SPCP Group LLC:

> All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015 or any time thereafter (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries.

> Excluded from the Class are (a) Defendants in *Gamino v. KPC Healthcare Holdings, Inc.*, (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors, and assigns of any such excluded persons.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and exhibits filed herewith, the Amended Complaint, all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following conferences of counsel pursuant to L.R. 7-3, which took place on December 23, 2021 at the Rule 26(f) conference with then-counsel for SPCP and at conference with counsel for all the parties, including SPCP's then-counsel on February 8, 2022  All Defendants in this consolidated case

have stated that they are as yet unable to take a position with respect to the relief sought by Plaintiff on this motion. After SPCP retained new counsel, Plaintiff's counsel also held a conference on February 15, 2022 with SPCP's new counsel about SPCP's position with respect to this motion. At that conference, SPCP's new counsel also reiterated that SPCP still was unable to take a position on this motion.

DATED: February 16, 2022          Respectfully submitted,


_____

R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW
Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com
Email: colin@blockleviton.com

Daniel Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
Darin Ranahan (SBN 273532)
FEINBERG JACKSON WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: darin@feinbergjackson.com

1    Richard E. Donahoo (SBN 186957)
     Sarah L. Kokonas (SBN 262875)
2    William E. Donahoo (SBN 322020)
     DONAHOO & ASSOCIATES, PC.
3    440 W. First Street, Suite 101.
     Tustin, CA 92780Tel: (714) 953-1010
4    Email: rdonahoo@donahoo.com
5    Email: skokonas@donahoo.com
6    Email: wdonahoo@donahoo.com
7
     Major Khan (admitted *pro hac vice*)
8    MK LLC LAW
9    1120 Avenue of the Americas, 4th Fl.
     New York, NY 10036
10   Tel: (646) 546-5664
11   Email: mk@mk-llc.com
12   *Attorneys for Plaintiff*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   R. Joseph Barton, CSBN 212340
    Email: jbarton@blockleviton.com
2   BLOCK & LEVITON LLP
    1633 Connecticut Ave. NW
3   Suite 200
    Washington, DC 20009
4   Tel: (202) 734-7046
    Fax: (617) 507-6020
5
6
7   *Attorneys for Plaintiff*
    *(additional counsel listed below)*
8
9                  **UNITED STATES DISTRICT COURT**
10                 **CENTRAL DISTRICT OF CALIFORNIA**
11                        **EASTERN DIVISION**
12  DANIELLE GAMINO,                    )  Case No.: 5:21-cv-01466-SB-SHK
    individually and on behalf of all   )
13  others similarly situated,          )  Case No.: 5:20-cv-01126-SB-SHK
                                        )  (consolidated case number)
14                                      )
                *Plaintiff,*            )
15                                      )
                                        )
16  v.                                  )  **PLAINTIFF'S MEMORANDUM OF**
                                        )  **POINTS AND AUTHORITIES IN**
17  SPCP GROUP, LLC,                    )  **SUPPORT OF MOTION FOR**
                                        )  **CLASS CERTIFICATION**
18              *Defendant,*            )
                                        )
19                                      )  Hearing set for April 8, 2022
    and                                 )  8:30 a.m., Courtroom 6C
20                                      )
21                                      )
    KPC HEALTHCARE, INC.                )
22  EMPLOYEE STOCK                      )
    OWNERSHIP PLAN,                     )
23                                      )
                                        )
24          *Nominal Defendant*         )
                                        )
25                                      )
    _____ )
26
27
28
    Plaintiff's Memorandum in Support of Motion for Class Certification – Page 5

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................13

II.   BACKGROUND .....................................................................................14

    A.   Statement of Facts .......................................................................14

    B.   Claim of the Amended Complaint ...............................................16

III.   ARGUMENT...........................................................................................16

    A.   The Class is Objectively And Properly Defined. ........................17

    B.   The Class Meets Each of the Rule 23(a) Criteria........................18

        1.   The Class Members Are So Numerous That Joinder Would Be Impracticable. .........................................................18

        2.   Plaintiff's Claim Raises Common Questions. ....................19

        3.   The Typicality Requirement of Rule 23(a)(3) is Met..............20

            a.   Plaintiff's Claim Is Typical of those of the Class. .........20

            b.   There Are No Unique Defenses. ...................................21

        4.   Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Class. ..........................22

            a.   There Is No Evidence of Conflict...................................23

            b.   Plaintiff will Vigorously Prosecute the Claim. ..............24

            c.   Plaintiff's Counsel Are More Than Adequate...............24

    C.   The Claim Meets the Requirements of Rule 23(b)(1).........................26

        1.   Certification Under Rule 23(b)(1)(B) Is Appropriate..............26

        2.   Certification Under Rule 23(b)(1)(A) is Also Appropriate ......................................................................27

        3.   Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Monetary Remedies..........................................27

D.    The Claim Meets the Requirements of Rule 23(b)(2)..........................28

    1.    SPCP Has Acted on Grounds That Apply Generally To the Class. ........................................................................28

    2.    The Claim Seeks Injunctive and Declaratory Relief. ..............28

E.    The Claim Also Satisfies Rule 23(b)(3)..............................................31

    1.    Common Questions of Law and Fact Predominate. .................31

    2.    A Class Action is a Superior Method of Resolution.................32

IV.    CONCLUSION.................................................................................33

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Hyland's Inc.*,
  300 F.R.D. 643 (C.D. Cal. 2014) ........................................................19

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................... 11, 22

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
  568 U.S. 455 (2013) ........................................................................12

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) .........................................................15

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
  270 F.R.D. 488 (N.D. Cal. 2010) ............................................... 16, 18

*Baumann v. Chase Inv. Servs. Corp.*,
  747 F.3d 1117 (9th Cir. 2014) .......................................................19

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
  338 F.3d 755 (7th Cir. 2003) .........................................................24

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ................................................. 12, 28

*Buttonwood Tree Value Partners, LP v. Sweeney*,
  SA-CV-1000537-CJCMLGX, 2013 WL 12125980
  (C.D. Cal. Sept. 12, 2013) .............................................................15

*Campbell v. PricewaterhouseCoopers, LLP*,
  253 F.R.D. 586 (E.D. Cal. 2008) ...................................................13

*Castillo v. Bank of Am., NA*,
  980 F.3d 723 (9th Cir. 2020) .........................................................15

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) .......................................................................24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Colesberry v. Ruiz Food Prods., Inc.*,
  CVF 04-5516 AWISMS, 2006 WL 1875444 (E.D. Cal. June 30, 2006)...........21

*Cryer v. Franklin Templeton Res., Inc.*,
  C 16-4265 CW, 2017 WL 4023149 (N.D. Cal. July 26, 2017).........................22

*Cummings v. Connell*,
  316 F.3d 886 (9th Cir. 2003) .........................................................................18

*Fernandez v. K-M Indus. Holding Co.*,
  No. C 06-7339 CW, 2008 WL 2625874 (N.D. Cal. June 26, 2008) .................19

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
  463 U.S. 1 (1983)...........................................................................................24

*Fremont Gen. Corp. Litig.*, No.
  2:07-cv-02693-JHN-FFMx., 2010 WL 3168088 (C.D. Cal. Apr. 15, 2010) ......27

*Gamino v. SPCP Group, LLC*,
  5:21-CV-01466-SB-SHK, 2022 WL 336469 (C.D. Cal. Feb. 2, 2022) .............11

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................ 18, 26

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .........................................................................16

*Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.*,
  530 U.S. 238 (2000)........................................................................................25

*Harris v. Amgen, Inc.*,
  CV075442PSGPLAX, 2016 WL 7626161 (C.D. Cal. Nov. 29, 2016)..............18

*Hernandez v. Cnty. of Monterey*,
  305 F.R.D. 132 (N.D. Cal. 2015)....................................................................12

*Jammeh v. HNN Assocs., LLC*,
  No. C19-0620JLR, 2020 WL 5407864 (W.D. Wash. Sept. 9, 2020).................17

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*,
  702 F.3d 364 (7th Cir. 2012) .........................................................................24

*Just Film, Inc. v. Buono*,
   847 F.3d 1108 (9th Cir. 2017) ................................................................27

*Kanawi v. Bechtel Corp.*,
   254 F.R.D. 102 (N.D. Cal. 2008)............................................................16

*MadKudu Inc. v. U.S. Citizenship and Immig. Servs.*,
   20-CV-02653-SVK, 2020 WL 7389419 (N.D. Cal. Nov. 17, 2020)...................12

*Marshall v. Northrup Grumman Corp.*,
   No. CV 16-06794-AB (JCX), 2017 WL 6888281
   (C.D. Cal. Nov. 2, 2017) ....................................................... *passim*

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ................................................................14

*Microsoft Corp. v. U-Top Printing Corp.*,
   46 F.3d 1143 (9th Cir. 1995) ................................................................25

*Moeller v. Taco Bell Corp.*,
   220 F.R.D. 604 (N.D. Cal. 2004)............................................................19

*Munday v. Navy Fed. Credit Union*,
   No. SACV151629JLSKESX, 2016 WL 7655807
   (C.D. Cal. Sept. 15, 2016)...................................................................28

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999)...........................................................................21

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ................................................................15

*Porter v. Warner Holding Co.*,
   328 U.S. 395 (1946)...........................................................................25

*Reynolds v. Nat'l Football League*,
   584 F.2d 280 (8th Cir. 1978) ................................................................26

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ...............................................................16

*S.E.C. v. AMX, Int'l*,
   7 F.3d 71 (5th Cir. 1993) ....................................................................25

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ................................................................12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ....................................................17

*Stoetzner v. U.S. Steel Corp.*,
    897 F.2d 115 (3d Cir. 1990) .....................................................26

*Surowitz v. Hilton Hotels Corp.*,
    383 U.S. 363 (1966) ................................................................19

*Tawfilis v. Allergan, Inc.*,
    No. 815CV00307JLSJCG, 2017 WL 3084275
    (C.D. Cal. June 26, 2017) .........................................................13

*Tibble v. Edison Int'l*,
    No. CV 07-5359 SVW AGRX, 2009 WL 6764541
    (C.D. Cal. June 30, 2009) ................................................... 14, 23

*Twegbe v. Pharma Integrative Pharmacy, Inc.*,
    No. CV 12-5080 CRB, 2013 WL 3802807 (N.D. Cal. July 17, 2013) ..............13

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ................................................................26

*U.S. Commodity Futures Trading Comm'n v. Crombie*,
    914 F.3d 1208 (9th Cir. 2019) ...................................................25

*Vaquero v. Ashley Furniture Indus., Inc.*,
    824 F.3d 1150 (9th Cir. 2016) ...................................................14

*Waldrup v. Countrywide Fin. Corp.*,
    No. 213CV08833CASAGRX, 2018 WL 799156
    (C.D. Cal. Feb. 6, 2018) ..........................................................17

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................ 11, 14, 23

*Wang v. Chinese Daily News, Inc.*,
    737 F.3d 538 (9th Cir. 2013) ....................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wilcox v. Swapp,*
   330 F.R.D. 584 (E.D. Wash. 2019)......................................................12

*Wolin v. Jaguar Land Rover N.A., LLC,*
   617 F.3d 1168 (9th Cir. 2010) ................................................. 27, 28

**Other Authorities**

1966 Committee Notes to Rule 23(b)(2) ..............................................23

Dan B. Dobbs, *The Law of Remedies* (2d ed. 1993)...............................25

Fed. R. Civ. P. 23 ....................................................... *passim*

George G. Bogert, et al., *The Law Of Trusts And Trustees* (2008) ........................25

Restatement (3d) of Restitution and Unjust Enrichment (2011) ...........................25

# I.     INTRODUCTION

This consolidated case challenges an August 28, 2015 integrated transaction ("the 2015 Transaction) in which the KPC Healthcare, Inc. Employee Stock Ownership Plan (the "ESOP" or "Plan") purchased 100% of KPC Healthcare Holdings, Inc ("KPC"). In *Gamino v. KPC Healthcare Holdings, Inc*. (the "KPC Action"), this Court previously certified the claims against the defendants other than SPCP Group LLC on behalf of the following Class:

> All participants in the KPC ESOP from August 28, 2015 or any time thereafter (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries.[1]

*KPC* ECF No. 174 at 6 ("*KPC* Class Order"). After the filing of the KPC Action, Plaintiff's counsel learned that SPCP had participated in the Transaction and received tens of millions of dollars in cash, promissory notes, stock warrants, and rights to share in certain payments received by the ESOP's sponsor, KPC. Plaintiff now seeks to certify the claim against SPCP on behalf of the same Class.

The Amended Complaint against SPCP alleges a claim under the Employee Retirement Income Security Act ("ERISA"), for SPCP's knowing participation in the fiduciary breaches and prohibited transactions in the 2015 ESOP Transaction. Like the claims in the KPC Action, the claim against SPCP is well-suited for class certification because the underlying facts and the legal claims arising from those facts are the same for all members of the Class. All Class members are either ESOP participants or their beneficiaries and have the same rights to appropriate

---

[1] Excluded from the Class are (a) Defendants in the *KPC Healthcare* action, (b) any fiduciary of the Plan; (c) the officers and directors of KPC or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors, and assigns of any such excluded persons.

equitable relief against SPCP arising from its knowing participation in the fiduciary breaches and prohibited transactions committed by the *KPC* defendants.

As in the KPC Action, the prerequisites of Rule 23(a) are met. The class numbers in the thousands, the questions of fact and law surrounding SPCP's conduct are the same for all class members, Plaintiff's claim is typical of those of the Class, and Plaintiff and her counsel will adequately represent the Class. As with many cases involving ESOP transactions, this claim is ideally suited for class certification under Rule 23(b). Because adjudication of these issues for one participant would effectively resolve the issues for all class members, and separate actions by individual class members would create the risk of inconsistent standards of conduct for ESOP fiduciaries, the claim against SPCP meets the requirements of Rule 23(b)(1). The claim against SPCP also meets the requirements of Rule 23(b)(2), because SPCP has acted on grounds that apply generally to the Class and Plaintiff seeks a declaratory or injunctive remedy to provide relief to all class members. Finally, and alternatively, the Class may be certified under Rule 23(b)(3) because common questions of law and fact predominate and a class action is superior to other methods for resolving this claim against SPCP.

## II.   BACKGROUND

### A.   Statement of Facts

The KPC ESOP is an employee benefit plan established in 2015 for employees of KPC. *KPC* ECF No. 133-6 at 1.[2] Shortly after it was established, the Plan purchased 100% of the common stock of KPC from Defendant Kali Pradip Chaudhuri ("Dr. Chaudhuri") for what the Plan Administrator reported to the

---

[2] Citations to the docket in Case No.: 5:21-cv-01466-SB-SHK are expressed as "*SPCP* ECF No. ___" while citations to the docket in Case No.: 5:20-cv-01126-SB-SHK) are expressed as "*KPC* ECF No. ___."

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 14

Department of Labor was an aggregate purchase price of $227,107,262 financed largely through a loan from Dr. Chaudhuri. *KPC* ECF No. 133-9 at PLAINTIFF _000029. KPC employees who satisfy the eligibility requirements participate in the Plan, and over time KPC stock is allocated to their individual accounts. *KPC* ECF No. 133-6 §§ 3.1, 5.1.

Prior to the 2015 Transaction, Dr. Chaudhuri (with the aid of SPCP) had acquired all outstanding stock of KPC's predecessor, Integrated Healthcare Holdings, Inc., just a year prior to the establishment of the ESOP, in May of 2014—at a price of $0.203 per share. *KPC* ECF No. 133-10. This implied an equity value of $51,827,374 (255,307,262 shares at $0.203/share). *KPC* ECF No. 179 ¶ 58. In the intervening period, KPC experienced significant financial distress. *KPC* ECF No. 133-11. Its hospitals "were not even close to making budget" or "hav[ing] a profit" and were "losing $2.5 million a month." *Id*. The August 2015 purchase price represented a more than 400% increase over the price paid by Dr. Chaudhuri just 15 months prior. *KPC* ECF No. 179 ¶ 78. The Plan's fiduciaries – including Alerus Financial, N.A. ("Alerus"), its Trustee, the ESOP Committee (the Plan Administrator of the ESOP), and the members of KPC's board of directors (who appoint and monitor the Trustee) all knew or should have known that this was an inflated price that did not represent the fair market value of KPC.

As part of the 2015 ESOP Transaction (and on the same day and through a common set of written agreements), SPCP sold common stock warrants entitling it to acquire up to 79,182,635 shares of common stock of KPC to KPC. In exchange, SPCP received (a) $18,810,000 in cash; (b) a promissory note in the original principal amount of $26,946,000; (c) a warrant to purchase 762,592 shares of KPC at an exercise price of $2.50 per share; and (d) 10.2% of any net payments received by KPC or its subsidiaries under California's hospital quality assurance fee (QAF) program based on services provided from January 1, 2017, to December 31, 2024.

*SPCP* <u>ECF No. 21 at 73-74</u> ("Am. Compl"). The Amended Complaint alleges that SPCP participated in the 2015 ESOP Transaction despite knowing (by virtue of its long investor relationship with KPC and business relationship with Dr. Chaudhuri, as well as its activities in the course of the transaction negotiations) that the sale of Dr. Chaudhuri's KPC stock was at an inflated price. *Id*. at ¶¶ 89-92.

### B.   Claim of the Amended Complaint

The Amended Complaint alleges a single claim for relief brought pursuant to ERISA § 502(a)(3), <u>29 U.S.C. § 1132(a)(3)</u>, on behalf of the ESOP. The Amended Complaint alleges that SPCP sold its warrants to purchase KPC stock to KPC as part of the 2015 ESOP Transaction. Am. Compl. ¶ 73. By doing so, the Amended Complaint alleges that SPCP knowingly participated in a transaction prohibited by ERISA § 406(a)-(b), <u>29 U.S.C. § 1106(a)-(b)</u>. Am. Compl. ¶¶ 112-20, 126-33. And SPCP knowingly participated in Alerus's breach of its fiduciary duties. *Id.* ¶¶ 121-125, 126-3. The Amended Complaint seeks appropriate equitable relief against SPCP, including an accounting for profits, disgorgement, and a constructive trust on any ill-gotten gains that SPCP received as part of or in connection with the 2015 ESOP Transaction. *Id*. at 35-36; *see Gamino v. SPCP Group, LLC*, 5:21-CV-01466-SB-SHK, <u>2022 WL 336469</u>, at \*6 (C.D. Cal. Feb. 2, 2022).

### III.   ARGUMENT

Certification of a class is required where the party seeking certification demonstrates the four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). <u>Fed. R. Civ. P. 23</u>; *Amchem Prods., Inc. v. Windsor*, <u>521 U.S. 591, 613–14</u> (1997). An analysis of whether a class can be certified may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, <u>564 U.S. 338, 351</u> (2011). However, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, <u>568 U.S. 455, 466</u> (2013). Once the elements of Rule 23 are met, a district court does not have discretion to deny class certification. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, <u>559 U.S. 393, 398</u> (2010) (rejecting argument that court has discretion to deny class certification because "[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

The action against SPCP satisfies all the requirements of Rule 23. This Court previously certified a nearly identical claim in the *KPC* Action seeking appropriate equitable relief for knowing participation in the 2015 ESOP Transaction against Defendants Thomas and Dr. Chaudhuri. *See KPC* <u>ECF No. 179</u> ¶¶ 132-33 (claim for knowing participation in prohibited transaction), 142-43 (claim for knowing participation in fiduciary breach); *KPC* Class Order at 10, 13 (certifying section 503(a)(3) claims under Rule 23(b)(1)). The claim against SPCP should also be certified on behalf of the same Class.

### A.     The Class is Objectively And Properly Defined.

"[A]t the certification stage, it [i]s sufficient that the class [i]s defined by an objective criterion." *Briseno v. ConAgra Foods, Inc.*, <u>844 F.3d 1121, 1124</u>, <u>1125</u> n.4 (9th Cir. 2017). The definition suffices if it provides "objective criteria that allow class members to determine whether they are included in the proposed class." *MadKudu Inc. v. U.S. Citizenship and Immig. Servs.*, 20-CV-02653-SVK, <u>2020 WL 7389419</u>, at *4 (N.D. Cal. Nov. 17, 2020). A criterion is objective where it is "not based on class members' feelings or beliefs; it is based on a fact." *Wilcox v. Swapp*, <u>330 F.R.D. 584, 596</u> (E.D. Wash. 2019); *see Hernandez v. Cnty. of Monterey*, <u>305 F.R.D. 132, 152</u> (N.D. Cal. 2015) (explaining that an objective class definition "avoid[s] subjective standards (*e.g.* a plaintiff's state of mind) or terms that depend on resolution of the merits (*e.g.*, persons who were discriminated against)"). Here, the class definition is objective because it is based on the

following objective criteria: (1) is or was the putative class member a participant in the ESOP who (2) has not terminated employment with KPC or did not terminate employment before vesting? Thus, the class is sufficiently and properly defined.

**B.      The Class Meets Each of the Rule 23(a) Criteria.**

Rule 23(a) provides that a Class must satisfy four criteria: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. Rule 23(a). All these criteria are satisfied here.

**1.      *The Class Members Are So Numerous That Joinder Would Be Impracticable.***

Rule 23(a) requires that a certifiable class must be so numerous that joinder of individual parties is impracticable. Fed. R. Civ. P. 23(a)(1). "[T]he numerosity requirement is usually satisfied where the class comprises 40 or more members." KPC Class Order at 7 (quoting *Twegbe v. Pharma Integrative Pharmacy, Inc.*, No. CV 12-5080 CRB, 2013 WL 3802807 (N.D. Cal. July 17, 2013)). Classes "numbering in the hundreds… satisfy the numerosity requirement." *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 594 (E.D. Cal. 2008) (citing cases). "Plaintiffs need not state the exact number of potential class members, nor is there a bright-line minimum threshold requirement." *Tawfilis v. Allergan, Inc.*, No. 815CV00307JLSJCG, 2017 WL 3084275, at *8 (C.D. Cal. June 26, 2017). Defendants in the *KPC* Action estimated 2,000 to 3,000 persons became vested participants in the ESOP between August 28, 2015, and June 1, 2020. *KPC* ECF No. 133-12 at No. 1; *KPC* ECF No. 133-13 at No. 1. As this is the exact same class as in the KPC Action, this estimated class size similarly satisfied the numerosity requirement for the claim against SPCP. *KPC* Class Order at 7.

## 2.   *Plaintiff's Claim Raise Numerous Common Questions.*

Commonality requires only *one* question of law or fact common to the class. Fed. R. Civ. P. 23(a)(2), Not "every question in the case, or even a preponderance of questions," need to be "capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "The Ninth Circuit has instructed… that 'commonality only requires a single significant question of law or fact.'" KPC Class Order at 7 (quoting *Mazza v. Am. Honda Motor Co., Inc*., 666 F.3d 581, 589 (9th Cir. 2012)). Commonality "means that the class members' claims 'must depend upon a common contention' and that the 'common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Vaquero v. Ashley Furniture Indus., Inc.,* 824 F.3d 1150, 1153 (9th Cir. 2016) (quoting *Dukes*, 564 U.S. at 350). Here, the claim against SPCP include numerous common central questions of law and fact all of which can be resolved classwide, including the underlying issues of "whether numerous individuals and entities breached their respective fiduciary duties" and "whether a prohibited transaction occurred." *KPC* Class Order at 3; *see Marshall v. Northrup Grumman Corp.*, No. CV 16-06794-AB (JCX), 2017 WL 6888281, *5 (C.D. Cal. Nov. 2, 2017) (finding commonality for claims defendants engaged in a prohibited transaction and what equitable remedy should be imposed). For such claims, the "the primary focus … is on the actions of Defendants, not on the actions of the Plaintiffs." *Tibble v. Edison Int'l*, No. CV 07-5359 SVW AGRX, 2009 WL 6764541, at *3 (C.D. Cal. June 30, 2009) (holding commonality met as to ERISA breach of fiduciary duty claims). Similarly, the issues of whether SPCP had knowledge of these fiduciary breaches and prohibited transaction violations, whether it participated in them, and what equitable relief is appropriate as a remedy for its knowing participation will focus on SPCP and not

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 19

on the individual class members. Thus, the issues for liability and relief for the claim against SPCP will be common to every class member because these issues will focus on SPCP's knowledge and actions rather than any particular participant.

### 3.    *The Typicality Requirement of Rule 23(a)(3) is Met.*

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claims are considered typical if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" KPC Class Order at 7 (quoting *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020)); *see Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014). "To meet the typicality standard, the Ninth Circuit does not require the named plaintiffs' injuries to be 'identical with those of the other class members, [but] only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same injurious course of conduct.'" *Buttonwood Tree Value Partners, LP v. Sweeney*, SA-CV-1000537-CJCMLGX, 2013 WL 12125980, at *4 (C.D. Cal. Sept. 12, 2013) (citing *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001)). Here, as in *KPC*, Plaintiff's claims are typical of the Class and there are no unique defenses.

### a.    Plaintiff's Claim is Typical of those of the Class.

As in *KPC*, SPCP's "acts and omissions were not directed to an individual but rather relate to the plan as a whole, such that the claims of Plaintiff and the unnamed class members all arise from the same course of conduct." KPC Class Order at 7-8; *Munro v. Univ. of S. Cal.*, Case No. 2:16-cv-06191-VAP-EX, 2019 WL 7842551, at *5 (C.D. Cal. Dec. 20, 2019) (finding ERISA claims seeking plan-wide relief met the typicality requirement because those claims allege "injury to the Plan[], and their claims are therefore identical to those of all putative class members and implicate identical injuries"); *Kanawi v. Bechtel Corp.*, 254 F.R.D.

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 20

102, 110 (N.D. Cal. 2008) (relying on "the representative nature of a suit filed pursuant to ERISA § 502(a)(2) and the injunctive relief sought pursuant to § 502(a)(3)" to find typicality). In assessing typicality for such ERISA claims, the focus "is on the Defendants' conduct." *Marshall,* 2017 WL 6888281, at *7. That is because "[e]ach class member would have to rely on the same evidence to provide Defendants breached their duties, committed prohibited transactions, and harmed the Plan." *Id.* And in such cases, "there was only one course of conduct that occurred." *Munro,* 2019 WL 7842551, at *5. Claims challenging an ESOP transaction are "typical of the proposed class because they focus on the conduct of Defendants as to the ESOP as a whole and not on conduct specific to any particular Plaintiff." *Hurtado v. Rainbow Disposal Co.,* No. 8:17-cv-01605-JLS-DFM, 2019 WL 1771797, at *8 (C.D. Cal. Apr. 22, 2019) (finding typicality met for such claims). Plaintiff's claim against SPCP is typical of the class as the focus is on the conduct of SPCP in the 2015 ESOP Transaction, and not on conduct specific to Plaintiff or any class member.

### b.   There Are No Unique Defenses.

"Defenses unique to a class representative counsel against class certification *only where* they 'threaten to become the focus of the litigation.'" *Rodriguez v. Hayes,* 591 F.3d 1105, 1124 (9th Cir. 2010). On the other hand, "defenses that may bar recovery for some members of the putative class, but that are not applicable to the class representative do not render a class representative atypical under Rule 23." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* 270 F.R.D. 488, 494 (N.D. Cal. 2010) (citing cases). "This is so because Rule 23(a)(3) is primarily concerned with ensuring that there is no 'danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to [him].'" *Id.* (quoting *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992)). SPCP has asserted six affirmative defenses. *SPCP* ECF No. 51 at

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 21

13-15. Its First Affirmative Defense (an exemption under ERISA § 408) and Fifth Affirmative Defense ("damages caused by other parties") are by their nature not unique to Plaintiff. The 2015 ESOP Transaction was exempt or or not, as to all Class members, and likewise SPCP's assertion that Plaintiff's "damages… were caused by other parties" will be effective against the Plan as a whole or not at all.[3] As to SPCP's Second Affirmative Defense (waiver, because Plaintiff has already "received a distribution of funds") and Third Affirmative Defense (standing) this Court rejected the contention that these issues barred class certification. *KPC* Class Order at 8. And SPCP's Fourth Affirmative Defense (statute of limitations) is not unique to Plaintiff—the applicable statute of limitations began to run from the date of the 2015 ESOP Transaction as to every member of the Class. *Jammeh v. HNN Assocs., LLC*, No. C19-0620JLR, 2020 WL 5407864, at *16 (W.D. Wash. Sept. 9, 2020) (holding statute of limitations defense did not undermine typicality where other class members would be subject to same defense); *Waldrup v. Countrywide Fin. Corp.*, No. 213CV08833CASAGRX, 2018 WL 799156, at *9 (C.D. Cal. Feb. 6, 2018) (same). Thus, none of SPCP's defenses are unique to Plaintiff nor otherwise undermine the typicality of her claims.

### 4. *Plaintiff and Plaintiff's Counsel Will Fairly and Adequately Protect the Interests of the Class.*

Rule 23(a)(4) involves two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003);

---

[3] This is not an action for damages, as this Court explained in denying SPCP's motion to dismiss. *See SPCP* ECF No. 50 at 6 (holding Plaintiff seeks equitable relief from several discrete funds rather than legal relief against SPCP's assets generally).

1    KPC Class Order at 8 (same). As with the claims in the KPC Action, Plaintiff and

2    her counsel meet both requirements.

3                    a.        There Is No Evidence of Conflict.

4              There is no conflict where the class is "not divided into conflicting discrete

5    categories" and where "each potential plaintiff has the same problem." *Hanlon v.*

6    *Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998). In order for there to be a

7    "'conflict of interest' among the named Plaintiffs and the putative class members,

8    the Court must find that the named Plaintiffs do not have the same tangible stake in

9    the outcome of the litigation as the members of the proposed class." *Harris v.*

10   *Amgen, Inc.,* CV075442PSGPLAX, 2016 WL 7626161, at *3 (C.D. Cal. Nov. 29,

11   2016); *Barnes*, 270 F.R.D. at 495 (finding that where the plaintiff's interests are

12   aligned with the class regarding the central issue in the case, other issues including

13   some affirmative defenses did not create a conflict). Under Ninth Circuit law,

14   SPCP must present evidence of an actual conflict and not merely a hypothetical or

15   speculative conflict. *Urakhchin v. Allianz Asset Mgt. of Am., L.P.,* No. 815-CV-

16   1614-JLSJCGX, 2017 WL 2655678, at *6 (C.D. Cal. June 15, 2017) (rejecting

17   conflict as speculative); *see Cummings v. Connell,* 316 F.3d 886, 896 (9th Cir.

18   2003) (finding that speculative conflicts do not justify denial of class certification).

19   "[T]he Ninth Circuit has stated on more than one occasion that potential future

20   conflicts" – specifically as to remedies – "are insufficient to deny class

21   certification." *Hurtado*, 2019 WL 1771797, at *8. This Court has previously held

22   that Ms. Gamino had no conflict with members of the same Class for which she

23   now seeks to certify the claim against SPCP. *SPCP* Class Order at 8-9. In this case,

24   Plaintiff's sole claim against SPCP seeks to establish that the Plan is entitled to

25   equitable relief against SPCP, including a constructive trust and/or disgorgement of

26   its ill-gotten gains. Am. Compl. Prayer for Relief ¶¶ A-F. Thus, Plaintiff and the

27   Class share an interest in maximizing recovery to the Plan through this claim.

28

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 23

### b.  Plaintiff will Vigorously Prosecute the Claims.

As this Court explained, the "threshold of knowledge required to qualify a class representative is low." KPC Class Order at 9 (quoting *Moeller v. Taco Bell Corp.,* 220 F.R.D. 604, 611 (N.D. Cal. 2004)); *Allen v. Hyland's Inc.*, 300 F.R.D. 643, 663 (C.D. Cal. 2014) (finding plaintiffs adequate where they "have made themselves available for depositions and demonstrated familiarity with the case."). "This principle is especially germane 'in a complex ERISA case such as this one, where the alleged violations are inseparable from the technicalities of securities transactions and corporate valuation.'" KPC Class Order at 9 (quoting *Fernandez v. K-M Indus. Holding Co.,* No. C 06-7339 CW, 2008 WL 2625874, at *3 (N.D. Cal. June 26, 2008) (finding ESOP class action plaintiffs)); *Hurtado,* 2019 WL 1771797, at *9 (same). "[T]he Ninth Circuit has never imposed a knowledge requirement on proposed class representatives." *Hurtado*, 2019 WL at 1771797 at 9; *Marshall*, 2017 WL 6888281, at * 7 (reaching the same conclusion and citing *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 376 (1966)). This Court previously concluded that Ms. Gamino had sufficient understanding of her claims required to act as a class representative and has also demonstrated a willingness to pursue her claims. KPC Class Order at 10. This Court rejected arguments that she merely acted as a key to the courthouse door as she had assisted in the preparation of the complaint, participated in discovery, appeared for deposition, and demonstrated an understanding of her responsibilities as a class representative. *Id.* at 9-10; *see KPC* ECF 133-2 ¶ 2; *KPC* ECF 133-3; ECF No. 133-17 at 8:18-9:4, 70:12-15, 191:23-192:4.

### c.  Plaintiff's Counsel Are More Than Adequate.

"The adequacy of counsel is considered under Rule 23(a)(4) and Rule 23(g)." *Allen,* 300 F.R.D. at 664 (citing *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1122–23 (9th Cir. 2014)). Rule 23(g) factors include "(i) the work

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 24

counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). After evaluating these factors, this Court concluded that Co-Lead Class Counsel R. Joseph Barton, Daniel Feinberg, and Richard Donahoo were qualified to be appointed as Class Counsel. *KPC* Class Order at 12.

Block & Leviton LLP and Joseph Barton (the partner on this case) have been appointed lead or co-lead counsel in numerous complex and class-action cases. *KPC* ECF No. 133-18 ¶ 3-6. Another court in this District recognized Mr. Barton's "extensive experience litigating complex ERISA class actions" in appointing him co-lead class counsel in a case challenging an ESOP transaction and disclosure violations. *Hurtado,* 2019 WL 1771797, at *9. Mr. Barton has substantial experience in ERISA cases in general and ESOP-related cases in particular. *KPC* ECF No. 133-18 ¶ 5. Mr. Barton has successfully tried several ERISA fiduciary breach actions including an ESOP class action. *Id.*

Feinberg Jackson Worthman & Wasow LLP and Daniel Feinberg have extensive experience in complex litigation involving employee benefits, including in cases related to fiduciary responsibility and prohibited transactions. *KPC* ECF No. 133-20 ¶ 2-4. Mr. Feinberg has been appointed as class counsel in numerous ERISA class action suits and has substantial experience litigating cases involving ESOPs. *Id.* ¶ 3.

Donahoo and Associates, PC and Richard Donahoo have expertise in the representation of plaintiffs in complex employment matters. *KPC* ECF No. 133-21 ¶ 3. Mr. Donahoo has served as class counsel in multiple class and/or collective actions on behalf of employees, including cases involving ESOPs. *Id.* at ¶¶ 5, 7-8. Mr. Donahoo has substantial trial experience in complex cases, *id.* at ¶¶ 9-11, and

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 25

was named Trial Lawyer of the year by the Orange County Trial Lawyers Association in 2015. *Id*. at 13.

### C.     The Claims Meet the Requirements of Rule 23(b)(1).

This Court certified the claims in *KPC Healthcare* under Rule 23(b)(1), *KPC* Class Order at 10-12. "Most ERISA class action cases are certified under Rule 23(b)(1)." *Marshall*, 2017 WL 6888281, at *9. "The propriety of Rule 23(b)(1) certification in [an ESOP case] is confirmed by the vast number of cases in which courts have certified ERISA class actions pursuant either to Rule 23(b)(1)(A) or Rule 23(b)(1)(B), or both." *Colesberry v. Ruiz Food Prods., Inc.,* CVF 04-5516 AWISMS, 2006 WL 1875444, at *5 (E.D. Cal. June 30, 2006) (collecting cases). This claim should also be certified under Rule 23(b)(1).

#### 1.     *Certification Under Rule 23(b)(1)(B) Is Appropriate*.

Certification under Rule 23(b)(1)(B) is appropriate in actions where if the action was litigated individually instead of as a class, it "would have the practical if not technical effect of" concluding or impairing the interests of persons who are not parties to the lawsuit. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 (1999). One of the classic examples for which Rule 23(b)(1)(B) apply here as it did in the *KPC* Action: "the adjudication of the rights of all participants in a fund in which the participants have common rights." *Id*. at 834 n.14. As this Court previously found, "given the shared character of the rights invoked under the ESOP and the relief sought on behalf of the ESOP, a 'judgment for or against one ESOP Participant . . . plainly affects the rights of all ESOP Participants.'" *KPC* Class Order at 11 (quoting *Hurtado*, 2019 WL 1771797, at *10). This is precisely the type of action charged in this case.

This claim alleging that SPCP knowingly participated in an ESOP transaction is similarly suitable for class certification under Rule (b)(1)(B) because a determination in this action about SPCP's conduct will affect the rights of other

participants in the Plan. *See Hurtado,* 2019 WL 177197, at 10. Because the Complaint challenges a single transaction any determination or judgment affects the rights and interests of all participants in the ESOP. Thus, certification under Rule 23(b)(1)(B) is likewise appropriate here.

### 2.  Certification Under Rule 23(b)(1)(A) is Also Appropriate

Certification under Rule 23(b)(1)(A) applies in "cases where the party is obliged by law to treat the members of the class alike […], or where the party must treat all alike as a matter of practical necessity[.]" *Amchem*, 521 U.S. at 614. As in *KPC*, if even a few of the "thousands of individual members of the putative class were to bring these claims against Defendants, it very well might lead to '[c]onflicting interpretations by separate tribunals [that] could result in countervailing directives' to Defendants." *KPC* Class Order at 9-10 (citing *Hurtado*, 2019 WL 1771797, at *10); *Cryer v. Franklin Templeton Res., Inc.*, C 16-4265 CW, 2017 WL 4023149, at *6 (N.D. Cal. July 26, 2017) (reaching same conclusion and certifying ERISA breach of fiduciary duty and prohibited transaction claims under Rule 23(b)(1)). Here, separate lawsuits have the potential for conflicting decisions that would make uniform administration of the Plan impossible and also potentially impose conflicting remedies on SPCP (or an ESOP fiduciary to administer the Plan). Thus, certification under Rule 23(b)(1)(A) is appropriate.

### 3.  *Rule 23(b)(1) Applies to ERISA Claims Seeking Equitable Monetary Remedies*

The Ninth Circuit has recognized that ERISA claims seeking declaratory and monetary equitable relief are appropriate for certification under Rule 23(b)(1). *Moyle,* 823 F.3d at 965 (affirming certification of ERISA claims seeking monetary relief). In addition to this Court, other courts in this District have certified such

claims as well. *E.g. Munro,* 2019 WL 7842551, at *9 (certifying ERISA fiduciary duty claims seeking equitable remedies of disgorgement and injunctive relief under Rule 23(b)(1)); *Marshall,* 2017 WL 6888281, at *10 (same); *Tibble,* 2009 WL 6764541, at *7–8 (same). As a remedy for SPCP's knowing participation in fiduciary breaches and prohibited transactions, the Complaint properly seeks a variety of equitable relief, including a constructive trust over SPCP's wrongfully held funds and disgorgement of profits received from those funds. Am. Compl. at Prayer for Relief ¶¶ A-C; *SPCP* ECF No. 50 at 6.

### D.   The Claim Meets the Requirements of Rule 23(b)(2).

Class certification under Rule 23(b)(2) is appropriate when (1) "the party opposing the class has acted or refused to act on grounds that apply generally to the class" and (2) "final injunctive relief or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

#### 1.   *SPCP Has Acted on Grounds That Apply Generally To the Class.*

"Action or inaction is directed to a class within the meaning of [Rule 23(b)(2)] even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class." 1966 Committee Notes to Rule 23(b)(2). As there was a single ESOP transaction in which SPCP knowing participated, Defendant acted on grounds generally applicable to the class regarding the allegations here.

#### 2.   *The Claim Seeks Injunctive and Declaratory Relief.*

Rule 23(b)(2) applies to cases that seek "injunctive or declaratory relief" for the class. *Dukes,* 564 U.S. at 360–61 ("The key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" such as "conduct that was remedied by a single classwide order."). Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide the

relief to each member of the class." *Id.* at 360. In this case, the relief primarily consists of declaratory and injunctive relief (including as to any monetary relief) and any monetary relief merely flows as a natural consequence of the requested declaratory and injunctive relief.

ERISA § 502(a) permits a participant to obtain an injunction, a declaration, or "other appropriate equitable relief" to redress violations or to enforce ERISA or the terms of the plan. *CIGNA Corp. v. Amara*, 563 U.S. 421, 443 (2011) (concluding "injunctions requir[ing] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed" was appropriate equitable relief); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 26-27 (1983) ("Under § 502(a)(3)(B) of ERISA, a participant … may bring a declaratory judgment action in federal court"). The mere fact that the claim results in monetary relief does not mean that the relief sought is not equitable. *See Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (holding Rule 23(b)(2) is satisfied even where a declaratory judgment is "merely a prelude to a request for" monetary relief). Re-affirming the validity of that rationale after *Dukes*, the Seventh Circuit concluded an ERISA case was properly certified under 23(b)(2):

> [A] declaration of the rights that the plan confers and an injunction ordering [defendant] to conform the text of the plan to the declaration. If once that is done the award of monetary relief will just be a matter of laying each class member's [plan] records alongside the text of the reformed plan and computing the employee's entitlement by subtracting the benefit already credited it to him from the benefit to which the reformed plan document entitles him, the monetary relief will truly be merely "incidental" to the declaratory and (if necessary) injunctive relief (necessary only if [defendant] ignores the declaration).

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371 (7th Cir. 2012); *see Baleja v. Northrop Grumman Space & Missions Sys.,* No. EDCV-17235-JGBSPX, 2020 WL 3213708, at *6 (C.D. Cal. Mar. 26, 2020) (certifying ERISA class action under Rule 23(b)(2) where monetary relief flowed from the injunctive relief principally sought). The relief requested here results from declarations or injunctions:

**Constructive Trust**: A constructive trust is obtained when the court "*declares* [the defendant] to be [the] constructive trustee, [and] then orders him as trustee to make a transfer of the property to the beneficiary of the constructive trust, the plaintiff." Dan B. Dobbs, *The Law of Remedies* § 4.3(2) at 393 (2d ed. 1993) (emphasis added); George G. Bogert, et al., *The Law Of Trusts And Trustees* § 471 (2008) (explaining that a constructive trust is accomplished "by merely issuing a decree that the defendant convey" property to the plaintiff).

**Disgorgement:** "Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief." *Porter v. Warner Holding Co.,* 328 U.S. 395, 399 (1946) (concluding order for return of illegal rents is injunctive relief); *Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.,* 530 U.S. 238, 250–53 (2000) (explaining in an ERISA case that the return of monies wrongfully transferred is done by an injunction). As a result, courts have characterized disgorgement as "a continuing injunction." *S.E.C. v. AMX, Int'l,* 7 F.3d 71, 76 n.8 (5th Cir. 1993).

**Accounting**: The Ninth Circuit has recognized than an accounting is a form of "traditional equitable relief" and indeed part of the "classic form of restitutionary relief." *U.S. Commodity Futures Trading Comm'n v. Crombie*, 914 F.3d 1208, 1216 (9th Cir. 2019) (citing Restatement (3d) of Restitution and Unjust

Enrichment § 51 cmt. e (2011)); *see Microsoft Corp. v. U-Top Printing Corp.*, 46 F.3d 1143 (9th Cir. 1995) ("An accounting[] is an equitable remedy.").

As any payment of money in this suit would be accomplished by or the automatic consequence of the declaratory and injunctive relief sought by Plaintiff, these claims are ideally suited for certification under Rule 23(b)(2).

### E.    The Claim Also Satisfies Rule 23(b)(3).

Certification under Rule 23(b)(3) is appropriate if (1) common questions predominate over any questions affecting only individual members, and (2) class resolution is superior to other available methods for the fair and efficient adjudication of claims. Fed. R. Civ. P. 23(b)(3). But an action should be certified under Rule 23(b)(3) only if the court concludes that the requirements of Rule 23(b)(1) or (2) are not met. *Stoetzner v. U.S. Steel Corp*., 897 F.2d 115, 119 (3d Cir. 1990) ("[A]n action maintainable under both (b)(2) and (b)(3) should be treated under (b)(2) to enjoy its superior res judicata effect and to eliminate the procedural complications of (b)(3), which serve no useful purpose under (b)(2)."); *Reynolds v. Nat'l Football League*, 584 F.2d 280, 284 (8th Cir. 1978) ("[W]hen the choice exists between (b)(1) and (b)(3) certification, generally it is proper to proceed under (b)(1) exclusively in order to avoid inconsistent adjudication or a compromise of class interests."). If the Court finds that certification is not proper under Rule 23(b)(1) or (b)(2), the Court should certify the class under 23(b)(3).

### 1.    *Common Questions of Law and Fact Predominate.*

Rule 23(b)(3) requires that "common questions predominate over any questions affecting only individual members." Predominance "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). When the common questions "present a *significant aspect* of the case and . . . can be resolved for all members of the class

in a single adjudication," predominance is met. *Hanlon*, 150 F.3d at 1022

(emphasis added). When "[a] common nucleus of facts and potential legal

remedies dominates th[e] litigation," common issues predominate. *Id.*; *see Just

Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017) (finding predominance

where claims "arise from a course of conduct that impacted the class").

Common issues predominate with respect to Plaintiff's knowing

participation claim as both the underlying violations by defendants in *KPC* (their

fiduciary breaches and self-dealing) and SPCP's conduct (their knowing

participation in the same) were identical with respect to each Class member. *See

Fremont Gen. Corp. Litig.*, No. 2:07-cv-02693-JHN-FFMx., 2010 WL 3168088,

*7 (C.D. Cal. Apr. 15, 2010) (holding common issues driving liability

determination predominated in case involving breach of fiduciary duty claims

regarding ESOP plan assets and related co-fiduciary and failure to monitor claims);

*In re Comput. Scis. Corp. ERISA Litig.*, 2008 WL 7527872, at *4 (same). The

remedy will have a participant-wide effect. *Supra* III.C.1&2. Relief obtained for

the Plan, whether in the form of constructive trust, disgorgement, or otherwise, will

be common to every participant in the class. *Supra* III.C.2. Accordingly, issues of

law and fact common to all class members predominate over issues that may only

affect individual members.

**2.    *A Class Action is a Superior Method of Resolution*.**

Superiority merely measures whether "a class action is superior to other

available methods for the fairly and efficiently adjudicating the controversy." Fed.

R. Civ. P. 23(b)(3). Superiority "requires the court to determine whether

maintenance of this litigation as a class action is efficient and whether it is fair."

*Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1175–76 (9th Cir. 2010).

Among the factors to consider are the following: (A) the class members' interest in

individually controlling the prosecution or defense of separate actions; (B) the

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 32

extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing of a class action. Fed. R. Civ. P. 23(b)(3).

The first factor is met "[w]here recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin*, 617 F.3d at 1175. The cost of litigating a complex case of this kind dwarfs the individual entitlement to relief any individual class member would possess. Second, there is no other litigation concerning this controversy (except the *KPC* Action with which this one has been consolidated). Third, concentrating the claims in this District is desirable as KPC is headquartered here, Ex. 12, the *KPC* Defendants action are located here—as are many class members and many of the non-party advisors who were involved in the Transaction are located in this District. Finally, there are no manageability issues that would weigh against certification, certainly not compared to the prospect of managing a case with thousands of individually joined plaintiffs. *See Munday v. Navy Fed. Credit Union*, No. SACV151629JLSKESX, 2016 WL 7655807, at *5 (C.D. Cal. Sept. 15, 2016) (holding superiority met where "the court would be substantially burdened if even a fraction of putative class members pursued individual claims"). Finally, there is a "well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns." *Briseno*, 844 F.3d at 1128.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification should be granted.

Plaintiff's Memorandum in Support of Motion for Class Certification – Page 33

1    DATED: February 16, 2022              Respectfully submitted,

2

3

4                                         R. Joseph Barton (SBN 212340)

5                                         Colin M. Downes (admitted *pro hac vice*)
                                          BLOCK & LEVITON LLP
6                                         1633 Connecticut Ave. NW
                                          Suite 200
7                                         Washington, DC 20009
8                                         Tel: (202) 734-7046
                                          Fax: (617) 507-6020
9                                         Email: jbarton@blockleviton.com
10                                        Email: colin@blockleviton.com

11
                                          Daniel Feinberg (SBN 135983)
12                                        Nina Wasow (SBN 242047)
13                                        Darin Ranahan (SBN 273532)
                                          FEINBERG JACKSON WORTHMAN &
14                                        WASOW LLP
15                                        2030 Addison Street, Suite 500
                                          Berkeley, CA 94704
16                                        Tel: (510) 269-7998
17                                        Fax: (510) 269-7994
                                          Email: dan@feinbergjackson.com
18                                        Email: nina@feinbergjackson.com
19                                        Email: darin@feinbergjackson.com

20                                        Richard E. Donahoo (SBN 186957)
21                                        Sarah L. Kokonas (SBN 262875)
                                          William E. Donahoo (SBN 322020)
22                                        DONAHOO & ASSOCIATES, PC.
23                                        440 W. First Street, Suite 101.
                                          Tustin, CA 92780Tel: (714) 953-1010
24                                        Email: rdonahoo@donahoo.com
25                                        Email: skokonas@donahoo.com
                                          Email: wdonahoo@donahoo.com
26

27

28

Major Khan (admitted *pro hac vice*)
MKLLC LAW
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*Attorneys for Plaintiff*

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

8
9
10

DANIELLE GAMINO, individually and
on behalf of all others similarly situated,

Case No.: 5:21-cv-01466-SB-SHK

11
12

*Plaintiff,*

Case No.: 5:20-cv-01126-SB-SHK)
(consolidated case number)

13

v.

**ORDER GRANTING MOTION**
**FOR CLASS CERTIFICATION**

14
15

SPCP GROUP, LLC,

16

*Defendant,*

17

and

18
19

KPC HEALTHCARE, INC. EMPLOYEE
STOCK OWNERSHIP PLAN,

20
21

*Nominal Defendant*

22
23
24
25
26
27
28

Proposed Order –                                        Page 36

Upon consideration of Plaintiffs' Motion for Class Certification, the parties' briefing, and oral argument, this Court hereby **GRANTS** Plaintiffs' Motion for Class Certification and makes the following findings:

1.　　　Counts I of the Amended Complaint against SPCP Group LLC is hereby certified as a class action pursuant to Rule 23(b)(1) and (b)(2) on behalf of the following Class:

> All participants in the KPC ESOP from August 28, 2015 or any time thereafter (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries.
>
> Excluded from the Class are (a) Defendants in *Gamino v. KPC Healthcare Holdings, Inc.*, (b) any fiduciary of the Plan; (c) the officers and directors of KPC or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons, and (e) the legal representatives, successors, and assigns of any such excluded persons.

2.　　　The Court finds that Count I satisfies the requirements of Fed. R. Civ. P. 23(a) as follows:

> a.　　Because the class consists of over 2000 individuals, joinder of all Class members would be impracticable.
>
> b.　　The claim raises common questions of law and fact. The issues of liability on each count are common to all members of the Class and are capable of common answers as those issues primarily focus on the acts of Defendant SPCP Group, LLC, as well as the acts of the fiduciary defendants in *Gamino v. KPC Healthcare Holdings, Inc.* The common issues include whether the fiduciary defendants breached various fiduciary duties to the KPC Healthcare Holdings, Inc. Employee Stock Ownership Plan, whether Defendants Alerus and

Defendant Kali Pradip Chaudhuri engaged in transactions prohibited by ERISA, whether Defendant SPCP Group, LLC, knowingly participated in those breaches of ERISA, and what is the appropriate equitable relief for Defendant's knowing participation.

c.   The claims of Plaintiff Danielle Gamino are typical of the Class because they arise from the same event, practice and/or course of conduct and seek the same relief. Plaintiff's claims are also typical because they generally seek recovery and relief on behalf of the plan.

d.   Plaintiff and her counsel have no interests antagonistic to the Class. Plaintiff has retained counsel with extensive experience litigating ERISA class actions, including ESOP cases. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

3.   The claims meet the requirements of Fed. R. Civ. P. 23(b)(1) because varying or inconsistent adjudications regarding, e.g., the duties of fiduciaries or the appropriate equitable remedy against SPCP Group, LLC, would establish incompatible standards of conduct. For similar reasons, an adjudication regarding these issues would, as a practical matter, adjudicate these issues with respect to the other participants. Additionally, the monetary relief sought would either be paid to the ESOP and then allocated to Class members' individual accounts or paid to KPC Healthcare Holdings, Inc.

4.   The claims also meet the requirements of Fed. R. Civ. P. 23(b)(2). First, Defendant has acted  on the same grounds as to all members of the Class by knowingly participating in breaches of fiduciary duties and engaging in prohibited transactions. Second, Plaintiff's claims primarily seek declaratory and injunctive relief. To the extent that monetary relief is awarded, any monetary relief would flow from the declaratory relief. As a result, the monetary relief will not determine the key procedures to be used, will not introduce any new and significant factual or

legal issues, and will not require individualized hearings. Thus, the lawsuit primarily, if not exclusively, seeks final declaratory and injunctive relief.

5.      Because the Class is suited for certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2), the Court need not address whether the Class may also be certified under 23(b)(3).

6.      Because the Class is suited for certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2), there is no need to give notice to Class members at this time.

7.      Plaintiff Danielle Gamino is hereby appointed the representative of the Class.

8.      Pursuant to Rule 23(g)(1), R. Joseph Barton of Block & Leviton LLP, Daniel Feinberg of Feinberg Jackson Worthman and Wasow LLP, and Richard Donahoo of Donahoo & Associates, P.C. are appointed co-lead class counsel.

**IT IS SO ORDERED.**


DATE:                        _____
                             Hon. Stanley Blumenfeld, Jr.
                             United States District Judge