MORGAN, LEWIS & BOCKIUS LLP
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
300 South Grand Avenue
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Sari Alamuddin (admitted *pro hac vice*)
sari.alamuddin@morganlewis.com
Deborah Davidson (*pro hac vice* to be filed)
deborah.davidson@morganlewis.com
110 N. Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
SPCP GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPCP GROUP, LLC,<br><br>Defendant,<br><br>and<br><br>KPC HEALTHCARE INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Nominal Defendant. | Case No. 5:20-cv-01126-SB-<br>[Consolidated Case Number]<br><br>**DEFENDANT SPCP GROUP, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: April 8, 2022<br>Time: 8:30 a.m.<br>Ctrm: 6C |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1
II. FACTUAL BACKGROUND ................................................................................ 2
III. LEGAL STANDARD ........................................................................................... 3
IV. ARGUMENT ........................................................................................................ 6
    A. Adequacy Requires Knowledge Of The Basis For Asserted Claims So That It Is The Representative, Not Counsel, Who Directs The Litigation ................................................................................................... 6
    B. Plaintiff Does Not Have The Requisite Knowledge Or Understanding Of The Claims Against SPCP And Has Ceded Control Of The Prosecution Of Those Claims To Her Counsel .............................. 7
V. CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberghetti v. Corbis Corp.*, 263 F.R.D. 571 (C.D. Cal. 2010) ............................. 5

*Algarin v. Maybelline, LLC*, 300 F.R.D. 444 (2014) (S.D. Cal. 2014) ................. 4

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 465 (2013) .................. 4

*Berger v. Compaq Comp. Corp.*, 257 F.3d 475 (5th Cir. 2001) ............................ 5

*Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144
   (N.D. Cal. 1991) ........................................................................................ 2, 5, 12

*Californians for Disability Rts., Inc. v. California Dep't of Transp.*,
   249 F.R.D. 334 (N.D. Cal. 2008) ...................................................................... 6

*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) ........................... 3

*In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446 (N.D. Cal.
   2012) ............................................................................................................ 4, 6, 7

*Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014) ..................... 4

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................... 4

*Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205 (D. Minn. 1987) .............. 5

*Koenig v. Benson*, 117 F.R.D. 330 (E.D.N.Y. 1987) ............................................ 5

*In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133 (N.D. Tex. 2014) ............. 6

*Lee v. Pep Boys-Manny Moe & Jack of California,* No. 12-CV-05064-
   JSC, 2015 WL 9480475, at *10 (N.D. Cal. Dec. 23, 2015) ............................. 6

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) ........................... 4

*Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D. Cal. 2004),
   amended in part on other grounds by No. C 02-5849 PJH, 2012 WL
   3070863 (N.D. Cal. July 26, 2012) ................................................................... 6

*Ramos v. Banner Health*, 325 F.R.D. 382 (D. Colo. 2018) ................................. 11

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

DB1/ 128602463.3

i

DEFENDANT'S OPPOSITION TO MOTION
FOR CLASS CERTIFICATION

*San Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.*, No. 5:17-CV-03504-EJD, 2019 WL 6493978 (N.D. Cal. Dec. 3, 2019) .............................. 7

*Sanchez v. Wal Mart Stores, Inc.*, No. CIV 206CV02573JAMKJM, 2009 WL 1514435 (E.D. Cal. May 28, 2009) ................................................. 1

*Schwartz v. Upper Deck Co.*, 183 F.R.D. 672 (S.D. Cal. 1999) ........................... 4

*In re Quarterdeck Office Sys., Inc. Sec. Litig.*, No. CV 92–3970–DWW(GHKx), 1993 WL 623310, at *5 (C.D. Cal. Sept. 30, 1993) ................. 7

*In re Storage Technology Corp. Securities Litigation*, 113 F.R.D. 113 (D. Colo. 1986) .............................................................................................. 5

*In re Tableware Antitrust Litig.*, 241 F.R.D. 644 (N.D. Cal. 2007) ....................... 4

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ......................................... 3

**Statutes**

ERISA ......................................................................................................*passim*

ERISA Sections 404 and 406, 29 U.S.C. §§ 1104, 1106 .................................... 3

ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................. 3

**Other Authorities**

Fed. R. Civ. P. 23(a) ........................................................................................... 4

Rule 23 ..................................................................................................... 1, 3, 4, 7

Rule 23(a)(4) .................................................................................................. 1, 2

Rule 23(b) .......................................................................................................... 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 128602463.3

ii

DEFENDANT'S OPPOSITION TO MOTION
FOR CLASS CERTIFICATION

## I. INTRODUCTION

SPCP opposes Plaintiff's Motion for Class Certification. Dkt. 230 ("Mot."). While SPCP does not dispute that Plaintiff can establish the remaining Rule 23 requirements, Plaintiff is not an adequate class representative for the claims against SPCP, as required by Rule 23(a)(4).

This Court previously certified Plaintiff's claims against the KPC Defendants, finding Plaintiff an adequate class representative with respect to the claims against those entities. Dkt. 174 at 9-10. At that juncture, Plaintiff was able to sufficiently articulate the various roles of the KPC Defendants in the alleged ERISA violations to satisfy the Court that she was an adequate class representative. *Id.* Without making a similar factual showing, Plaintiff's Motion for class certification of her claims against SPCP simply argues that, because the Court deemed her an adequate representative for claims against KPC, she must be an adequate representative for claims against SPCP. (Mot. at 24) ("This Court previously concluded that Ms. Gamino had sufficient understanding of her claims required to act as a class representative and has also demonstrated a willingness to pursue her claims.") With all due respect, that is simply insufficient.

At the time the Court certified the action against the KPC defendants and found Plaintiff to be an adequate class representative with respect to the original claims, SPCP was not a party and Plaintiff had not yet sat for a deposition as to her working knowledge of SPCP's alleged involvement in the challenged ESOP transaction. That has since happened and, as her discussed in detail below, while Plaintiff may have had enough knowledge of her claims against the KPC Defendants, that proceeding revealed that Plaintiff does not "understand[] and control[] the major decisions of the case" against SPCP. *Sanchez v. Wal Mart Stores, Inc.*, No. CIV 206CV02573JAMKJM, 2009 WL 1514435, at *3 (E.D. Cal. May 28, 2009) (denying class certification due to inadequacy of class representative, who did not possess basic knowledge of claims against defendant).

Rule 23(a)(4) requires more than Plaintiff hiring competent attorneys and being free from conflicts of interest. Plaintiff must also demonstrate that she has not abdicated all responsibility in the litigation to her counsel. "[A] party who is not familiar with basic elements of its claim is not considered to be an adequate representative for the class because there is no sense that there is an actual party behind counsel's prosecution of the action." *Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 153 (N.D. Cal. 1991). Because Plaintiff lacks the requisite knowledge and understanding of the claims against SPCP and has therefore ceded control of the prosecution of those claims to her counsel, she is not an adequate class representative.

## II.    FACTUAL BACKGROUND

Plaintiff's claims against SPCP have their origins in SPCP's relationship with Integrated Healthcare Holdings, Inc. ("IHH"), a formerly publicly traded medical holding company. (First Amended Complaint ("FAC"), Dkt. 21 ¶ 37).

Beginning in 2005, and culminating in 2013, Dr. Kali Pradip Chaudhuri acquired 100% of the outstanding shares of IHH. (FAC ¶¶ 38, 44, 54-66). SPCP provided Dr. Chaudhuri with a term loan to help him acquire some of the outstanding shares of IHH common stock. (FAC ¶ 126). IHH became a private company on January 7, 2014. (FAC ¶¶ 62, 69). Dr. Chaudhuri became the CEO and chairman of its board of directors. The company was renamed KPC Healthcare Holdings, Inc. (KPC). KPC adopted the ESOP on April 1, 2015 (FAC ¶ 71); and a few months later, on August 28, 2015, Alerus Financial N.A. ("Alerus"), acting as the ESOP's appointed trustee, caused the ESOP to purchase 100% of the shares of KPC common stock from Dr. Chaudhuri (the "2015 ESOP Transaction") (FAC ¶ 72).

Plaintiff alleges that as part of the 2015 ESOP Transaction, SPCP sold KPC a common stock warrant entitling it to acquire a large amount of KPC shares in exchange for: $18,810,000 in cash; a promissory note in the original principal amount of $26,946,000; a new warrant to purchase KPC shares; and 10.2% of any net

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 128602463.3

2

DEFENDANT'S OPPOSITION TO MOTION
FOR CLASS CERTIFICATION

payments received by KPC or its subsidiaries under California's hospital quality assurance fee (QAF) program for services provided from January 1, 2017 to December 31, 2024 (the "SPCP Warrant Purchase Agreement"). (FAC ¶ 73).

Plaintiff alleges that the per-share price of KPC stock in the 2015 ESOP Transaction represented a substantial increase over the equity value implied by the earlier IHH Transaction, and over the equity value implied by the price of IHH stock on the public market between April 2012 and March 2013. (FAC ¶¶ 76-77). She alleges that (among other defendants), Alerus and Dr. Chaudhuri violated ERISA through their participation in the 2015 ESOP Transaction.

Plaintiff seeks to hold SPCP liable for equitable relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), for knowingly participating in the alleged violations of ERISA Sections 404 and 406, 29 U.S.C. §§ 1104, 1106, committed by Dr. Chaudhuri and Alerus. (FAC ¶¶ 132-34). The core of Plaintiff's claim against SPCP is that SPCP—which she alleges "participated" in the 2015 ESOP Transaction because it sold warrants to KPC—had access to company financials as a long-time investor in KPC, and purportedly knew that the purchase price for KPC stock in the 2015 ESOP Transaction far exceeded the equity value implied by the IHH Transaction just a few years earlier, and was not justified by KPC's allegedly declining performance. (FAC ¶¶ 89-90, 126, 128-131).

## III. LEGAL STANDARD

As class certification is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only, the burden of proving the elements for certification falls squarely on Plaintiffs. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23].") The party seeking class certification must provide facts sufficient to satisfy the requirements of Rule 23. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309-10 (9th Cir. 1977). Plaintiffs may certify a class only if they establish numerosity, commonality, typicality, and

adequacy. Fed. R. Civ. P. 23(a). A proposed class action must also satisfy one of the subdivisions of Rule 23(b): either questions common to the class predominate over questions affecting only individual members, or a class action is superior to other methods. *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 675 (S.D. Cal. 1999) ("Failure to prove *any one* of Rule 23's requirements destroys the alleged class action.") (emphasis added).

Before certification, the court must conduct a "rigorous analysis" to determine whether plaintiff has met these prerequisites. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). This rigorous analysis overlaps with the merits of the plaintiff's underlying claim to the extent relevant to determining whether the Rule 23 prerequisites are satisfied. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 465, 465-66 (2013); *accord Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 452 (S.D. Cal. 2014) (finding the court must consider the merits if they overlap with the Rule 23(a) requirements).

"[C]lass representatives serve as a guardian of the interests of the class." *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 649 (N.D. Cal. 2007). Accordingly, part of the "rigorous analysis" conducted in considering the propriety of class certification is an examination of the named Plaintiff's "adequacy" with respect to her representation of the absent class members. The court must find that named plaintiff's counsel is adequate, and that the named plaintiff(s) can fairly and adequately protect the interests of the class. This is because, in order "[t]o satisfy constitutional due process concerns, unnamed class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *In re Facebook, Inc., PPC Advert. Litig.*, 282 F.R.D. 446, 454 (N.D. Cal. 2012), aff'd sub nom. *Fox Test Prep v. Facebook, Inc.*, 588 F. App'x 733 (9th Cir. 2014) (same). Thus, in considering the involvement and knowledge of a prospective class representative, "[t]he Court must feel certain that the class representative will discharge his fiduciary obligations by

fairly and adequately protecting the interests of the class." *Koenig v. Benson*, 117 F.R.D. 330, 332, 333–34 (E.D.N.Y. 1987).

The Court also must ensure that class representatives do "not simply lend[ ] their names to a suit controlled entirely by the class attorney...." *Alberghetti v. Corbis Corp.*, 263 F.R.D. 571, 580 (C.D. Cal. 2010), denial of class cert. aff'd, 2012 U.S. App. LEXIS 14694 (9th Cir. Jul. 18, 2012). A class with "an essentially unknowledgeable" class representative means that counsel acts on behalf of the class, which "risk[s] a denial of due process to the absent class members." *Burkhalter Travel Agency v. MacFarms Int'l, Inc.*, 141 F.R.D. 144, 153–54 (N.D. Cal. 1991). Accordingly, courts have refused to allow a person to represent a class when, for example, she "appeared unaware of even the most material aspects of [her] action ... [not knowing] why these particular defendants are being sued ... [and having] no conception of the class of people she purportedly represents." *In re Storage Technology Corp. Securities Litigation*, 113 F.R.D. 113 (D. Colo. 1986); *see also Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205, 1213-14 (D. Minn. 1987) (denying class certification where proposed representative's "deposition in this case reveals that plaintiff is unfamiliar with several critical aspects of this litigation" and "rather than competently controlling the course of the litigation, plaintiff has contented himself to rely entirely upon his attorney's direction"). In considering the involvement and knowledge of a prospective class representative, "[t]he Court must feel certain that the class representative will discharge his fiduciary obligations by fairly and adequately protecting the interests of the class." *Koenig*, 117 F.R.D. at 333–34.

"Class action lawsuits are intended to serve as a vehicle for capable, committed advocates to pursue the goals of the class members through counsel, not for capable, committed counsel to pursue their own goals through those class members." *Berger v. Compaq Comp. Corp.*, 257 F.3d 475, 484 (5th Cir. 2001). The burden accordingly rests with plaintiffs to "produce actual, credible evidence that the proposed class

representatives are informed, able individuals, who are themselves—not the lawyers—actually directing the litigation." *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 145 (N.D. Tex. 2014). Plaintiff cannot carry that burden here.

## IV. ARGUMENT

### A. Adequacy Requires Knowledge Of The Basis For Asserted Claims So That It Is The Representative, Not Counsel, Who Directs The Litigation

As this Court acknowledged in finding that Plaintiff is an adequate class representative with respect to the claims against the KPC Defendants, it is not necessary that a representative "be intimately familiar with every factual and legal issue in the case;" rather, "it is enough that the representative understand the gravamen of the claim." *Californians for Disability Rts., Inc. v. California Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008) (citing *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611-12 (N.D. Cal. 2004), amended in part on other grounds by No. C 02-5849 PJH, 2012 WL 3070863 (N.D. Cal. July 26, 2012); Dkt. 174 at 9-10 ("On this record, the Court cannot say that Plaintiff demonstrates the level of unfamiliarity with the basic aspects of this case needed to render her inadequate."). However, where it is clear that the named representative's lack of understanding of the facts or the law means that he or she will "completely rel[y] on counsel to direct the litigation," certification is inappropriate. *Moeller*, 220 F.R.D. at 611; *see, e.g.*, *In re Facebook, Inc. PPC Advert. Litig.*, 282 F.R.D. 446, 454 (N.D. Cal. 2012) ("[Plaintiff] is also not an adequate class representative for the addition reason that he testified in his deposition that he knows essentially nothing about the case, and indicated that he would defer to counsel in prosecuting this action.").

In *Lee v. Pep Boys-Manny Moe & Jack of California*, the Court noted that it is insufficient for the named representative to simply aver that he is available to assist in the investigation of the matter and otherwise understands the duties of a named class representative. No. 12-CV-05064-JSC, 2015 WL 9480475, at *10 (N.D. Cal. Dec. 23, 2015). Where the plaintiff simply states that the defendant's conduct is

"unfair" but "could not identify anything he did specifically to control the case," he is not an adequate class representative. *Id.* (finding plaintiff inadequate where his "sole participation has been reviewing the initial ... settlement demand letters with his attorneys and attending his deposition" and "he was able to articulate in the most general of terms the nature of his claims").

"[W]hile Rule 23 does not require named plaintiffs to possess a lawyer's understanding of their claims or to be an expert on the technical factual issues," a named Plaintiff's testimony "indicat[ing] a distressing lack of understanding of or familiarity with her claim" is disqualifying. *San Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.*, No. 5:17-CV-03504-EJD, 2019 WL 6493978, at *5 (N.D. Cal. Dec. 3, 2019) (citing *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 612 (S.D. Cal. 2007) (finding class representative inadequate where representative had "little to no supervisory role in the litigation and little knowledge of the underlying facts of the lawsuit." (citation and quotation omitted)); *In re Quarterdeck Office Sys., Inc. Sec. Litig.*, No. CV 92–3970–DWW(GHKx), 1993 WL 623310, at *5 (C.D. Cal. Sept. 30, 1993) ("A plaintiff subject to unique defenses, especially as to his credibility and his demonstrated lack of familiarity with the suit, is an inadequate class representative." (citations omitted)); *Burkhalter*, 141 F.R.D. at 153 ("a party who is not familiar with the basic elements of its claim is not ... an adequate representative.")).

As discussed in detail below, and in contrast to her claims against the KPC Defendants, Gamino does not have the requisite knowledge or understanding of SPCP's role in the IHH/ESOP transactions and is not directing the prosecution of the purported claims against SPCP. This Court must deny certification on these grounds.

> **B.** **Plaintiff Does Not Have The Requisite Knowledge Or Understanding Of The Claims Against SPCP And Has Ceded Control Of The Prosecution Of Those Claims To Her Counsel**

This Court previously held that to meet the adequacy test, Plaintiff must be able to "articulate[] an understanding of the gravamen of this dispute and her

1  complaint" and be able to "explain [how] the claims arose" based on the conduct of
2  the alleged defendants and their actions. Dkt. 174 at 9. Here, Plaintiff cannot meet
3  this minimum threshold.

Plaintiff testified unequivocally that, even after she filed her claims against the KPC Defendants in 2020, she had never heard of SPCP:

> Q. Now, at the time this original complaint was filed had you ever heard of Silver Point Capital?
>
> A. I had not.
>
> Q. When did you first hear about an entity called Silver Point Capital?
>
> A. From my lawyers.

Deposition of Danielle Gamino, Vol. II ("Gamino Dep. Vol. II") at 214:25-215:6, Ex. A to Declaration of Aimee G. Mackay ("Mackay Decl."). Other than a basic Google search after she learned about the company from counsel, all the information she knows about SPCP comes from her lawyers. *Id.* at 216:4-217:12.

In Plaintiff's understanding, SPCP's role was to "provide[] financing related to the ESOP transaction," which financing she claims was given to Dr. Chaudhuri. *Id.* at 217:17-23. She testified:

> Q. Do you know what the purpose of that financing that they provided was?
>
> A. I do. It was to finance -- finance the purchase of -- sorry, if you could just give me a second, because I don't want to misstate it.
>
> Q. Sure.
>
> A. They provided the financing for Dr. Chaudhuri so that he could – I'm sorry, that's as much of an explanation as I can give. They provided the financing for Dr. Chaudhuri related to the ESOP.

*Id.* at 217:24-218:9. Although she recalled some of the compensation SPCP allegedly received with respect to its transaction with Dr. Chaudhuri, she noted that the entirety of her understanding came from her lawyers. *Id.* at 218:23-219:14 (and noting she has no "independent" understanding of the transaction).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 128602463.3

8

DEFENDANT'S OPPOSITION TO MOTION
FOR CLASS CERTIFICATION

Most critically, Plaintiff testified that she did not understand SPCP's purported role in the 2015 ESOP transaction:

> Q. …You testified earlier that Dr. Chaudhuri sold his shares to the ESOP for more than adequate consideration, correct?
>
> A. Right.
>
> Q. He did not need Silver Point Capital's money to do that, did he?
>
> A. I don't know.
>
> Q. So do you know why Dr. Chaudhuri needed money from Silver Point Capital in connection with this transaction?
>
> A. No. I wasn't part of the transaction, so I couldn't tell you.

*Id.* at 221:5-17.  She confirmed that she has no idea whether the money SPCP allegedly transacted to finance Dr. Chaudhuri was even related to the 2015 ESOP transaction.  In fact, she later admitted she could have "misunderstood" whether the relevant transaction was between SPCP and Dr. Chaudhuri or SPCP and KPC. *Id.* at 221:18-25; 224:10-19; 229:15-230:7.  She has never seen or read the warrant purchase agreement and confirmed that her knowledge and understanding of the warrant purchase agreement comes solely from her lawyers. *Id.* at 227:23-228:16; 230:25-231:21.  Plaintiff also testified that she does not know what the current relationship is between KPC and SPCP. *Id.* at 227:8-10.

This basic inability to describe the gravamen of her complaint against SPCP and to demonstrate an understanding of SPCP's alleged role in the relevant transactions contrasts with what the Court found was her acceptable level of understanding of the claims against the KPC Defendants.  The Court found:

> Plaintiff articulated an understanding of the gravamen of this dispute and her complaint. Plaintiff was able to explain that the claims arose because "Chaudhuri sold his stock at an increased value to the ESOP" and that "Alerus caused the ESOP to buy" the stock at that higher value…. Plaintiff identified that Chaudhuri should have sold the stock "at a fair value," that this action seeks to "mak[e] the ESOP parties whole," and that the action brought separate "disclosure claims" under ERISA.

Dkt. 174 at 9 (citations omitted). Here, by contrast, Plaintiff does not appear to know with whom SPCP allegedly transacted and when, SPCP's relationship to the other defendants in this case, or why SPCP was involved at all. She articulated no basis on which to allege SPCP's purported liability in this case.

Plaintiff's lack of familiarity with SPCP's alleged role in the 2015 ESOP transaction is highlighted by her failure to appreciate a significant error her counsel made in the original complaint adding SPCP as a defendant in the KPC Action. In the original complaint, Plaintiff averred that Alerus caused the *KPC ESOP* to purchase 100 percent of the common stock warrants owned by SPCP (Dkt. 1 at ¶ 119)[1]; in the amended complaint, this allegation was revised to claim that in 2015, SPCP sold its common stock warrants to *KPC* (Dkt. 21 at ¶ 73)[2]. Plaintiff confirmed that her attorneys had made a mistake in the original complaint, and that she did not catch the mistake. Ex. A to Mackay Decl., Gamino Dep. Vol. II at 237:6-241:10. This is because, respectfully, Plaintiff lacks a basic understanding of SPCP's purported role in the 2015 ESOP transaction or its alleged "knowing participation" in any ERISA violations committed by other defendants. This occurred even after Plaintiff claims to have studied the pleadings and other filings in this case, and to have been given the opportunity to review discovery and other documents (an opportunity she testified explicitly that she has thus far declined). *Id.* at 233:4-234:24, 235:17-237:3. She cannot (and has not), therefore, properly supervise her counsel's prosecution of the claims against SPCP.

---

[1] The Original Complaint against SPCP was filed in Case No. 5:21-cv-01466-SB-SHK before the actions against SPCP and the KPC Defendants were consolidated. The full paragraph 119 reads: "On information and belief, Alerus, acting as Trustee of the KPC ESOP, caused the KPC ESOP to purchase 100% of the common stock warrants owned by SPCP Group, Mulé, and O'Shea as part of the 2015 Transaction at the purchase price of KPC common stock." Dkt. 1 at ¶ 119.

[2] The Amended Complaint against SPCP was also filed in Case No. 5:21-cv-01466-SB-SHK before the actions against SPCP and the KPC Defendants were consolidated. The relevant portions of paragraph 73 read: "[O]n April 13, 2010, as part of the 2015 ESOP Transaction Defendant SPCP Group sold its common stock warrant entitling the holder to acquire 79,182,635 shares of common stock of KPC to KPC on August 27, 2015…." Dkt. 21 at ¶ 73.

      This case closely resembles another ERISA class action in which the court recently denied certification of claims against a 401(k) plan's investment advisor. *See Ramos v. Banner Health*, 325 F.R.D. 382 (D. Colo. 2018).  In *Ramos*, plaintiffs were plan participants who alleged the employer/plan sponsor (Banner Health) and its plan fiduciaries violated ERISA by causing the plan to incur excessive fees, offer imprudent investment options, and engage in prohibited transactions. *Id.* at 386-87. Similar to this case, midway through the lawsuit, the *Ramos* plaintiffs added another defendant to the action—the plan's investment advisor (Slocum).  Plaintiffs claimed Slocum also breached fiduciary duties relating to the plan. Although the court certified the claims against Banner, it denied certification of claims against Slocum.

      Relying on the plaintiffs' admissions, the court found "that even after Plaintiffs' claims against Slocum had been filed, and even after lengthy discovery and multiple opportunities to review pleadings and meet with counsel, the named representatives had essentially no knowledge of Slocum's alleged role or breaches of duty." *Id.* at 396.  Plaintiffs could "not even convincingly paraphrase[] the claims against Slocum as articulated and pled by their counsel, can offer no description of what services Slocum provided to Banner, or what conduct Slocum allegedly engaged in, and can provide no answer to questions regarding what they believed Slocum did with regard to allegedly excessive fees, although that is one of Plaintiffs' core factual claims." *Id.*  Therefore, "as to Slocum, [plaintiffs] have done no more than 'simply lend their names to a suit controlled entirely by the class attorney[s].' " *Id.* (citation omitted). The *Ramos* court concluded: "if the adequacy analysis on which Plaintiffs bear the burden is to retain any meaning, it prevents the named Plaintiffs from advancing class claims against Slocum." *Id.* at 397.

      Plaintiff's attempt to certify claims against SPCP must similarly fail.  Her testimony confirms that she has no understanding of SPCP's alleged role in the 2015 ESOP transaction or any events preceding that transaction, and that she does not understand the warrant purchase agreements or other relevant documents that define

1  SPCP's role in those transactions. Indeed, even though this case has been proceeding
2  for over a year, Plaintiff has done nothing more than read some of the pleadings and
3  conduct a Google search, neither of which has given her sufficient understanding of
4  the basis for her ERISA claims against SPCP to properly supervise her counsel.

In finding Plaintiff to be an adequate representative with respect to the claims against the KPC Defendants, the Court noted that Plaintiff's "understanding of the gravamen of this dispute" had allowed her to meaningfully contribute to the direction of the action, whereby Plaintiff "assisted in the preparation of the complaint" and "participated in discovery." Dkt. 174 at 9-10. Here, by contrast, Plaintiff lacks any basic understanding of SPCP's role in the relevant transactions. As a result, she has not been able to contribute to the litigation in the same manner. She cursorily reviewed a draft complaint against SPCP, failed to appreciate an error therein, and has since declined to review any of the documents or discovery that would give her an understanding of SPCP's participation in the 2015 ESOP Transaction.

Accordingly, with respect to SPCP, this is almost certainly a case in which plaintiff has done "no more than simply lend [her] name[] to a suit controlled entirely by the class attorney[s]." *Id.* at 396–97. Because class counsel may not act "on behalf of an essentially unknowledgeable client," certification must be denied. *Burkhalter*, 141 F.R.D. at 154 (allowing class counsel to proceed on behalf of plaintiff who lacks requisite knowledge of claims "would risk a denial of due process to the absent class members").

## V. CONCLUSION

For the foregoing reasons, SPCP respectfully requests that the Court find that Plaintiff cannot fairly and adequately represent the KPC ESOP and its participants with respect to the claims against SPCP and deny Plaintiff's motion for class certification of the claims against SPCP.

| | | |
|---|---|---|
| 1 | Dated: March 25, 2022 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | |
| 3 | | By  /s/ Aimee Mackay |
| 4 | | Aimee Mackay<br>Sari Alamuddin (admitted *pro hac vice*) |
| 5 | | Deborah Davidson (*pro hac vice* to be filed) |
| 6 | | |
| 7 | | *Attorneys for Defendant*<br>SPCP GROUP, LLC |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 128602463.3

13

DEFENDANT'S OPPOSITION TO MOTION
FOR CLASS CERTIFICATION