R. Joseph Barton (SBN 212340)
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: jbarton@blockleviton.com

*Attorney for Plaintiff and the Class*
*Additional Counsel Listed Below*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| DANIELLE GAMINO, individually and behalf of all others similarly situated,<br><br>　　　　　*Plaintiff,*<br><br>　　v.<br><br>SPCP GROUP, LLC,<br><br>　　　　　*Defendant*<br><br>and<br><br>KPC HEALTHCARE, INC., EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>　　　　　*Nominal Defendant* | Case No.: 5:20-cv-01126-SB-SHK<br><br>[Consolidated with Case No.: 5:21-cv-01466-SB-SHK]<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hearing set for April 8, 2022 8:30 a.m.<br><br>Hon. Stanley Blumenfeld, Jr. Courtroom 6C |

REPLY ISO CLASS CERT                                                                       1

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................5

II.   BACKGROUND ..................................................................................6

III.  ARGUMENT........................................................................................7

    A.   The Standard for Knowledge Required of a Class
        Representative is Low, Particularly in a Complex Case........................7

    B.   Danielle Gamino is More Than An Adequate Class
        Representative. ........................................................................9

    C.   SPCP's Cases Do Not Suggest that Ms. Gamino is Inadequate ........14

IV.   CONCLUSION..................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alberghetti v. Corbis Corp.*,
    263 F.R.D. 571 (C.D. Cal. 2010) ........................................................................15

*Algarin v. Maybelline, LLC*,
    300 F.R.D. 444 (S.D. Cal. 2014) ......................................................................14

*Burkhalter Travel Agency v. MacFarms Int'l, Inc.*,
    141 F.R.D. 144 (N.D. Cal. 1991) ......................................................................15

*Doninger v. Pac. N.W. Bell, Inc.*,
    564 F.2d 1304 (9th Cir. 1977) ........................................................................14

*In re Facebook Inc. PPC Advertising Litig.*,
    282 F.R.D. 446 (N.D. Cal. 2012) ......................................................................15

*Gamino v. KPC Healthcare Holdings, Inc.*,
    5:20-CV-01126-SB-SHK, 2021 WL 7081190 (C.D. Cal. Aug. 6,
    2021) ................................................................................5, 7, 9, 14

*Gamino v. KPC Healthcare Holdings, Inc.*,
    No. 521-CV-01466SBSHKX, 2022 WL 601047 (C.D. Cal. Feb.
    28, 2022) ..............................................................................13

*Gamino v. SPCP Grp., LLC*,
    5:21-CV-01466-SB-SHK, 2022 WL 336469 (C.D. Cal. Feb. 2,
    2022) ................................................................................5, 7, 12

*In re Infinity Bus. Grp., Inc.*,
    612 B.R. 76 (Bankr. D.S.C. 2019) ....................................................................10

*Lee v. Pep Boys*,
    No. 12-CV-05064, 2015 WL 9480475 (N.D. Cal. Dec. 23, 2015) ...................15

*Marshall v. Northrop Grumman Corp.*,
    CV 16-06794-AB, 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) ......................8

*Mulderrig v. Amyris, Inc.*,
No. 4:19-CV-1765-YGR, 2021 WL 5832786 (N.D. Cal. Dec. 8,
2021) ...................................................................................................8

*In re Northrop Grumman Corp. ERISA Litig.*,
No. CV 06-06213 MMM JCX, 2011 WL 3505264 (C.D. Cal. Mar.
29, 2011) .............................................................................................8

*In re Quarterdeck Office Sys., Inc. Secs. Litig.*,
No. 92-cv-3970-DWW-GHKx, 1993 WL 623310 (C.D. Cal. Sept.
30, 1993) ...........................................................................................15

*Rafferty v. Keypoint Gov't Sols., Inc.*,
4:16-CV-00210-DCN, 2020 WL 7038952 (D. Idaho Nov. 30,
2020) .................................................................................................13

*Ramos v. Banner Health*,
325 F.R.D. 382 (D. Colo. 2018) ...........................................9, 15, 16, 17

*Rankin v. Rots*,
220 F.R.D. 511 (E.D. Mich. 2004) ........................................................14

*Sanchez v. Wal Mart Stores, Inc.*,
CIV 206CV02573JAMKJM, 2009 WL 1514435 (E.D. Cal. May
28, 2009) ...........................................................................................15

*Simon v. World Omni Leasing, Inc.*,
146 F.R.D. 197 (S.D. Ala. 1992) ..........................................................13

*Stern v. DoCircle, Inc.*,
No. SACV 12-2005 AG JPRX, 2014 WL 486262, (C.D. Cal. Jan.
29, 2014) .............................................................................................8

*In re Storage Tech. Corp. Secs. Litig.*,
113 F.R.D. 113 (D. Col. 1986) .............................................................14

*Surowitz v. Hilton Hotels Corporation*
383 U.S. 363 (1966)............................................................................8, 9

*In re Tableware Antitrust Litig.*,
241 F.R.D. 644 (N.D. Cal. 2007)...........................................................14

# I.     INTRODUCTION

In opposing class certification, Defendant SPCP Group, LLC ("SPCP") challenges only one element of Rule 23 – whether Ms. Gamino is an adequate representative. ECF No. 241 ("Opp.") at 1. SPCP's only argues that Ms. Gamino has insufficient knowledge and understanding of the single claim against SPCP (but does not suggest lack of zeal or any conflict). *Id*. at 1, 7-9. As SPCP acknowledges, this Court previously found that Ms. Gamino was an adequate representative for the related claims against the other Defendants, including that "she had a sufficient understanding of her claims" in a "complex ERISA case" alleging violations that involved "technicalities of securities transactions and corporate valuation." *Gamino v. KPC Healthcare Holdings, Inc*., 5:20-CV-01126-SB-SHK, 2021 WL 7081190, at *5, 6 (C.D. Cal. Aug. 6, 2021). As this Court recognized in consolidating the case against SPCP and in denying the motion to dismiss, the claim in SPCP is related to the claims against the other defendants and one of the elements of the claim against SPCP requires proving that one of the other defendants violated ERISA. *Gamino v. SPCP Grp., LLC,* 5:21-CV-01466-SB-SHK, 2022 WL 336469, at *2, 3 (C.D. Cal. Feb. 2, 2022). As a result, Ms. Gamino has adequate knowledge of the violation that underlies the claim against SPCP.

Nonetheless, SPCP essentially repeats the same legal arguments previously rejected by this Court to argue that while Ms. Gamino had sufficient understanding the complex claims against the other defendants, she has insufficient knowledge about the claims against SPCP to serve as a class representative. *Compare Gamino*, 2021 WL 7081190, at *5-6 *with* Opp. at 6-10. In support of its argument, SPCP ignores the standard articulated by this Court and instead cites cases where the plaintiffs had no knowledge of the case or the factual basis of the claim. *Id.* at 6-7, 11-12. SPCP then selectively quotes portions of Ms. Gamino's deposition, while

1   ignoring the portions where she is able to articulate not only the legal theory of the

2   claim, but also provides a cogent layperson's explanation of the factual basis for

3   each of the elements of the claim against SPCP. *Compare id.* at 7-9 *with infra* II &

4   III.B.

5          For the same reasons that the Court previously found her an adequate class

6   representative and appointed her to represent the Class for the claims for the

7   underlying violations in the 2015 ESOP Transaction, Ms. Gamino is an adequate

8   class representative for the claim for SPCP's knowing participation in that

9   transaction.

10  **II.    BACKGROUND**

11         Danielle Gamino is a medical coder and a former employee of KPC

12  Healthcare, and a participant in the KPC Healthcare, Inc. Employee Stock

13  Ownership Plan ("the ESOP"). ECF No. 21 ¶ 10. While she has no legal or

14  financial expertise, Ms. Gamino "go[es] online and review[s] everything that's

15  been uploaded to the court." Barton Decl. at Ex. 1 ("Gamino Dep.") at 234:8-10. In

16  addition to the documents that her lawyers send before filing, she "check[s] every

17  couple of days to see if something new" has been filed on the court's docket. *Id.* at

18  234:18-19; 235: 23-235: 5; ECF No. 166-1 at ¶ 3. Specifically, as to SPCP, she has

19  read the complaint, the motion to dismiss briefing and the briefing on "combining

20  the cases." *Id.* at 235:5-12. She read the SPCP complaint before it was filed "to

21  make sure [she] agreed with what was said." *Id.* at 246:16-22. She also explained

22  what she had done in the case that made her an adequate class representative: "I've

23  asked questions, I've been participating, I've been reviewing any documents that

24  I've been provided and that have been made available on line" and "I've done my

25  best to ask questions and educate myself as much as I can and I continue to do

26  that." *Id.* at 241:11-242:7. She has now appeared for depositions twice and has

27  responded to Defendants' discovery requests. ECF No. 133-2 at ¶ 2. She is aware

28

1   of her duties of a class representative, ECF No. 133-2 at ¶ 3, ECF No. 133-3.

2         At her prior deposition, she explained the essence of the claims as follows:

3   "Chaudhuri sold his stock at an increased value to the ESOP," that "Alerus caused

4   the ESOP to buy" the stock at that inflated value, and that Chaudhuri should have

5   sold the stock "at a fair value." *Gamino*, 2021 WL 7081190, at *6. She reiterated

6   that at her continued deposition. Gamino Dep. at 219:19-21, 237:6-15. She also

7   correctly explained her claim against SPCP: "Silver Point knowingly participated

8   in a transaction that violated ERISA," namely "the transaction involving the

9   ESOP." *Id.* at 223:9-14. She articulated the basis for SPCP's knowledge: "Because

10  the value of the company from the year prior to 2015 was significantly different,"

11  and "that price difference should have been a red flag." *Id.* at 223:23-224:9. She

12  explained that SPCP "benefitted from the [ESOP] transaction." *Id.* at 224:15-19.

13  She described what SPCP received in the ESOP Transaction: a "promissory note,"

14  "warrants," and "cash." *Id.* at 219:1-5. From discovery she read, she knew that

15  SPCP had admitted it "do[es] still have some of the things they received in relation

16  to that transaction." *Id*. at 227:11-15. In short, Ms. Gamino was able to recite the

17  facts that supported each of the elements of the claim against SPCP. *See Gamino*,

18  2022 WL 336469, at *3-4.

19  **III.   ARGUMENT**

20
21        **A.    The Standard for Knowledge Required of a Class Representative
             is Low, Particularly in a Complex Case.**

22        SPCP ignores the authorities cited in Plaintiff's opening brief and the basic

23  principles about the knowledge required of a proposed class representative. ECF

24  No. 230 ("Pl. Mem.") at 24. As this Court explained in appointing Ms. Gamino as

25  the class representative over the objection of Alerus Financial, N.A., the "threshold

26  of knowledge required to qualify a class representative is low." Pl. Mem. at 24

27
28

(quoting *Gamino*, 2021 WL 7081190, at *5 (quoting *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004)). "This principle is especially germane "in a complex ERISA case such as this one, where the alleged violations are inseparable from the technicalities of securities transactions and corporate valuation." *Id.* (quoting *Gamino,* 2021 WL 7081190, at *5 and other cases from this District and Circuit). Illustrating the low bar for knowledge, another Court in this District found that plaintiffs who admitted that they "did not understand '99%' of the complaint,' and testified that they had a "complete lack of knowledge about even the most rudimentary issues in this case" had sufficient knowledge because they understood that they allegations were that "defendants' conduct caused them to pay excessive fees and caused the plans that they participated in to lose money." *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM JCX, 2011 WL 3505264, at *14 (C.D. Cal. Mar. 29, 2011) (certifying ERISA claims).

Like many other courts in this Circuit, the *Northrop* court relied in part on the Supreme Court's decision in *Surowitz v. Hilton Hotels Corporation* 383 U.S. 363, 366 (1966). *Id.*; *see Mulderrig v. Amyris, Inc.*, No. 4:19-CV-1765-YGR, 2021 WL 5832786, at *5 (N.D. Cal. Dec. 8, 2021) (relying on *Surowitz* to find class representative who could not remember "particulars" including details of his involvement in the litigation or what materials he had reviewed, but "sufficiently expressed a general understanding of the litigation" was adequate); *Stern v. DoCircle, Inc.*, No. SACV 12-2005 AG JPRX, 2014 WL 486262, at *5 (C.D. Cal. Jan. 29, 2014) (relying on *Surowitz* to find class representative was adequate); *Marshall v. Northrop Grumman Corp.,* CV 16-06794-AB (JCX), 2017 WL 6888281, at *8 (C.D. Cal. Nov. 2, 2017) (relying on *Surowitz* to reject defendants' argument that "exceptional ignorance of their claims proves them inadequate representatives of a class"). The plaintiff in *Surowitz* was "a Polish immigrant with a very limited English vocabulary and practically no formal education," and who

"by reason of frugality" had "saved enough money to buy some thousands of dollars worth of stock." *Surowitz,* 383 U.S. at 369. She filed a shareholder derivative action under the-then operative version of Rule 23. *Id.* at 366. The *Surowitz* defendants argued and the district court held that she was not a proper plaintiff because during examination, "she did not understand the complaint… could not explain the statements made in the complaint… did not know any of the defendants by name… did not know the nature of their alleged misconduct," and had "merely relied on what her son-in-law"—who was her lawyer—"had explained to her about the facts in  the case." *Id*. at 366. The Supreme Court reversed and held under Rule 23, it was error for the lower court to hold that "a woman like [plaintiff], who is uneducated generally and illiterate in economic matters, could never under any circumstances" bring such a derivative suit. *Id*. at 372.

These cases, as well as this Court's prior decision, illustrate the low threshold for the adequacy of a class representative's knowledge particularly in complex claims such as this one, which often involves plan participants who do not have financial or legal sophistication and need legal assistance. As SPCP's own case explains, the correct analysis is not "[w]hether ... the class representative is familiar with the specifics of the complaint," but is instead directed at "the more critical question of whether that individual will adequately represent the claims of the class by devoting time and effort to the lawsuit." *Ramos v. Banner Health,* 325 F.R.D. 382, 394 (D. Colo. 2018). Ms. Gamino readily meets that standard.

## B.     Danielle Gamino is More Than An Adequate Class Representative.

This Court's prior conclusion that Ms. Gamino had sufficiently "articulated an understanding of this dispute and her complaint" applies equally to the claim against SPCP. *Gamino,* 2021 WL 7081190, at *6. Relying on similar arguments

made by Alerus that were rejected by this Court, SPCP claims that Ms. Gamino does not have the "requisite knowledge or understanding of SPCP's role" or the "gravamen" of her claim against SPCP. Opp. at 7-8.

SPCP suggests there is some unexplained deficiency because Ms. Gamino had not heard of SPCP when the original complaint *in the KPC Action* was filed in 2020. Opp. at 8. But KPC did not mention SPCP's role when its CEO told employees about the ESOP Transaction. Gamino Dep. at 244:23-245:2. SPCP's role in the ESOP Transaction was discovered by Plaintiff's counsel only through discovery. ECF No. 152-2 at 1-2. When Plaintiff's counsel learned about SPCP's involvement, they provided Ms. Gamino "with information about SPCP." Gamino Dep. at 215:4-10, 216:10-13. In addition to what her attorneys provided her, Ms. Gamino attempted to do some research "independent of counsel" by performing a "Google search." *Id.* at 216:4-9. She undertook that research "[b]ecause [she] wanted to see for [her]self [and] wanted more information on it." *Id.* at 217: 9-12. As a result of that research, she understood that SPCP was "a financial company" that "provides financing for companies." *Id.* at 217:13-16. That is consistent with the limited information on its website: https://www.silverpointcapital.com/home.

SPCP implies that Ms. Gamino's description of SPCP's role in the ESOP Transaction as "provid[ing] financing" is wrong. SPCP Opp. at 8. But this is accurate in three respects. First, the Complaint alleges that SPCP partially funded Dr. Chaudhuri's acquisition of 100% of the stock of Integrated Healthcare Holdings, Inc., KPC's predecessor company. Am. Compl. ¶ 126. This is same stock that Dr. Chaudhuri liquidated a year later at an inflated price through the 2015 ESOP Transaction. *Id.* ¶¶ 72, 87. Second, as part of the ESOP Transaction, SPCP received a promissory note, which by definition is a loan and therefore provides financing. *Id.* ¶ 73. Finally, the issuance of warrants is a typical component of "mezzanine debt financing." *In re Infinity Bus. Grp., Inc.,* 612 B.R.

76, 110 (Bankr. D.S.C. 2019) (citing Benjamin W. Baldwin, *A Primer on Mezzanine Finance* to explain that "[m]ezzanine debt financing typically includes covenants and stock options or warrants, which would permit the conversion of the debt into an equity ownership of the borrowing company for the lender"), *aff'd* 628 B.R. 213 (D.S.C. 2021). That the 2015 ESOP Transaction also produced a liquidity event for SPCP (and Dr. Chaudhuri) does not make the description of SPCP's role as providing financing incorrect.

SPCP asserts that Ms. Gamino "articulated no basis on which to allege SPCP's purported liability in this case." Opp. at 10. But SPCP simply ignores the relevant portion of her testimony where she explained the basis of SPCP's liability:

> Q:     What do you understand your claims against Silver Point Capital to be in this case?
>
> A:     That Silver Point knowingly participated in a transaction that violated ERISA.
>
> Q:     Which transaction would that be?
>
> A:     The transaction involving the ESOP.

Gamino Dep. at 223:9-14. Nor was Ms. Gamino parroting information as she was able to explain the basis for their liability:

> Q:     And how did Silverpoint knowingly participate in that financial transaction?
>
> A:     Because the value of the company from the year prior to 2015 was significantly different and had they – they did their due diligence and that should have been a red flag.

Gamino Dep. at 223:23-224:3. She explained that "they" referred to SPCP and the "price difference should have been a red flag." *Id.* at 224:6-9. She also explained that the price difference should have been a "red flag" because "the value of the company from 2015 and the year prior" was "more than a 400% value difference."

*Id.* at 226:8-21. That is similar to this Court's description of the basis for the claim against SPCP. *Gamino*, 2022 WL 336469, at *2.

SPCP asserts that Ms. Gamino "did not understand SPCP's purported role in the 2015 ESOP Transaction." Opp. at 8. But SPCP ignores that she repeatedly testified that SPCP "benefited from the ESOP transaction" by "getting the promissory note and the warrants [and] the cash." Gamino Dep. at 224:20-25.

> Q:    … What did Silver Point Capital receive in return for providing financing to Dr. Chaudhuri?
>
> A:    It's my understanding that they – there was – they received a promissory note, they received warrants and cash in the transaction….

*Id.* at 218:23-219:5. That accurately describes SPCP's role. *See Gamino,* 2022 WL 336469, at *1 (explaining that SPCP received "cash, a promissory note," a new warrant and QAF rights "as part of the ESOP Transaction").

SPCP argues that Ms. Gamino did "not know what the current relationship is between KPC and SPCP." Opp. at 9. But she did know that SPCP "still ha[s] some of the things that they received in relation to [the ESOP] transaction." Gamino Dep. at 227:11-15. Her understanding was correct based on SPCP's admissions. Barton Decl. at Ex. 2, Nos. 4, 7, 8.

SPCP argues that a typographical error made by Plaintiff's counsel – not Plaintiff – in the initial Complaint against SPCP demonstrates that Ms. Gamino is an inadequate class representative. Opp. at 10. The original complaint against SPCP incorrectly stated in one paragraph that the ESOP, rather than KPC, had purchased warrants from SPCP as part of the 2015 ESOP Transaction. SPCP ECF No. 1 at ¶ 119. This was obviously an error because the proposed amended complaint that Plaintiff initially sought to file in the KPC Action to add SPCP as a defendant correctly alleged that SPCP sold its "warrants *to KPC* as part of the 2015 ESOP Transaction." KPC ECF No. 152-1 ¶ 122.  When the error in the original

SPCP complaint was brought to the attention of Plaintiff's counsel, it was promptly corrected (even before SPCP filed any response). SPCP ECF No. 21 at ¶ 73. When asked about that error in the original SPCP complaint at her deposition, Ms. Gamino testified that she was "aware that [her] lawyers made a mistake" in the original SPCP complaint "and they had to correct it" by filing an amended complaint. Gamino Dep. at 240:9-22. Indeed, Plaintiff's counsel made Gamino aware of the error and the need to correct it. Gamino Dep. at 240:23-25. Nonetheless, SPCP asserts that "she did not catch the mistake" because she "lacks a basic understanding of SPCP's purported role in the 2015 ESOP transaction." Opp. at 10. But the fact that Plaintiff did not catch her counsel's error in a single paragraph of a 31-page, 123-paragraph pleading does not establish that a plaintiff is inadequate. *See Simon v. World Omni Leasing, Inc.,* 146 F.R.D. 197, 202 (S.D. Ala. 1992) (rejecting similar argument). As even capable attorneys "make mistakes," courts do not penalize clients for "an inadvertent filing error" that did not impact the other side and was promptly corrected. *See Rafferty v. Keypoint Gov't Sols., Inc.,* 4:16-CV-00210-DCN, 2020 WL 7038952, at *9 (D. Idaho Nov. 30, 2020) (refusing to penalize defendant for mistake by defendant's counsel although defendant "should have caught its error").

SPCP also suggests that Ms. Gamino is somehow inadequate because what she knows about SPCP and its involvement in the ESOP transaction comes from her lawyers and reading the complaint. Opp. at 9, 10. None of SPCP's cases suggest that the class representative must review the documents produced in discovery. In this complex case, more than 200,000 pages of documents have been produced in this matter. *Gamino v. KPC Healthcare Holdings, Inc.,* No. 521-CV-01466SBSHKX, 2022 WL 601047, at *5 (C.D. Cal. Feb. 28, 2022).[1] Ms. Gamino

---

[1] Ms. Gamino testified that her counsel told her "that if I wanted to see anything" produced in discovery "that I could." Gamino Dep. at 236:9-18.

1   is not required personally master the factual record nor is she required to develop

2   the financial and legal fluency to personally interpret the transaction documents

3   that SPCP executed as part of the 2015 ESOP Transaction. *See Gamino*, 2021 WL

4   7081190, at *6.[2]

5       In short, Ms. Gamino demonstrated an understanding not only of the

6   gravamen of the litigation as a whole, but the specific nature of and basis for her

7   claims against SPCP.

8       **C.    SPCP's Cases Do Not Suggest that Ms. Gamino is Inadequate**

9       SPCP cites numerous cases that do not, in fact, support its argument. Opp. at

10  3-7. In a number of the cases cited by SPCP, the court either granted class

11  certification or found that plaintiff *was adequate*. *E.g. Algarin v. Maybelline, LLC*,

12  300 F.R.D. 444, 456 (S.D. Cal. 2014) (denying class certification but finding

13  plaintiffs were adequate); *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 653

14  (N.D. Cal. 2007) (certifying class); *In re Storage Tech. Corp. Secs. Litig.*, 113

15  F.R.D. 113, 119 (D. Col. 1986) (finding plaintiffs sufficiently knowledgeable and

16  certifying class); *see also Doninger v. Pac. N.W. Bell, Inc.*, 564 F.2d 1304, 1312

17  (9th Cir. 1977) (affirming denial of class certification but finding there was

18  "nothing to suggest that" plaintiffs would not "adequately [] prosecute the case").[3]

19  In other cases, the class was not certified or plaintiff was inadequate for reasons

20

21  _____

22  [2] SPCP criticizes Ms. Gamino for not having read the Warrant Purchase Agreement

23  or being able to describe its terms with the clarity of a corporate lawyer. Opp. at 9.

    But this is no evidence of inadequacy. *Rankin v. Rots*, 220 F.R.D. 511, 521 (E.D.

24  Mich. 2004) (holding in ERISA class action that it was "sufficient" for plaintiff to

    understand "that she had a retirement plan," that "defendants failed to protect the

25  money in the Plan," and she had an "obligation to assist her attorneys and testify").

26  [3] SPCP's remaining Ninth Circuit and Supreme Court authority do not address the

27  sufficiency of knowledge by a class representative.

28

1   other than lack of knowledge. *E.g.*, *Alberghetti v. Corbis Corp.,* 263 F.R.D. 571,

2   578 (C.D. Cal. 2010) (finding plaintiffs inadequate because they were "all in

3   conflict" about the relief and the scope of the relief); *Sanchez v. Wal Mart Stores,*

4   *Inc.,* CIV 206CV02573JAMKJM, 2009 WL 1514435, at *3 (E.D. Cal. May 28,

5   2009) (plaintiff was inadequate as a result of a "strategic claim-splitting decision

6   [that] creates a conflict between Plaintiff's interests and those of the putative

7   class").

8        In the cases cited by SPCP where a court found that a plaintiff's knowledge

9   was insufficient, the plaintiff knew "essentially nothing about the case" or the

10  facts. *E.g. In re Facebook Inc. PPC Advertising Litig.*, 282 F.R.D. 446, 454 (N.D.

11  Cal. 2012) (plaintiff "testified in his deposition that he knows essentially nothing

12  about the case" and 'would defer to counsel in prosecuting this action"); *Lee v. Pep*

13  *Boys*, No. 12-CV-05064, 2015 WL 9480475, at *11 (N.D. Cal. Dec. 23, 2015)

14  (plaintiff "never read the complaint" or "any of the pleadings," was "unable to

15  identify the defendants" and was "ignorant of the procedural aspects of class action

16  litigation"); *In re Quarterdeck Office Sys., Inc. Secs. Litig.*, No. 92-cv-3970-

17  DWW-GHKx, 1993 WL 623310, at *6 (C.D. Cal. Sept. 30, 1993) (plaintiffs did

18  not participate in the litigation, could not identify their own counsel and "[n]either

19  seem to even care" about the litigation); *Burkhalter Travel Agency v. MacFarms*

20  *Int'l, Inc.*, 141 F.R.D. 144, 154 (N.D. Cal. 1991) (antitrust plaintiff lacked a "basic

21  understanding" because he did not know who the defendants were, or the class,

22  thought some of the defendants were in the class and did not know the "price

23  policies at his own firm").

24        SPCP primarily relies on an out of circuit case, *Ramos v. Banner Health*,

25  325 F.R.D. 382 (D. Colo. 2018). Opp at 11-12. But that case does not support

26  SPCP's position. The *Ramos* plaintiffs alleged that defendants "breached their

27  fiduciary duties" under ERISA by not conducting competitive bidding for

28

recordkeeping services, which resulted in the recordkeeper receiving "uncapped, asset-based revenue sharing" and the plan had too many investment options, including mutual funds with poor performance and excessive fees. *Ramos,* 325 F.R.D. at 387. Defendants were the named fiduciaries of the plan and a third-party investment consultant. *Id.* As to the named fiduciaries, the *Ramos* court found the following testimony evidenced adequate understanding of the claims against the named fiduciaries in light of their "legal and factual complexity":

> Q. Could you please explain to me what your claims are in this case?
>
> A. Excessive fees were charged or paid by the administration. And then the stock—I shouldn't say 'stock,' I guess, because there's more than one. But the options that were provided to us where not always in the best interest of the participants.
>
> Q. Okay. Anything else?
>
> A. I'm trying to see how they're worded. There was, like, a failure to monitor or have oversight of the responsibilities to us, the fiduciary responsibilities.
>
> * * *
>
> Q. Okay. Excessive fees charged or paid by the administration. What do you mean by that?
>
> A. That there were—that the fees that they paid were excessive and that there [sic] could have been lower.

*Id.* at 395 n.7. By contrast, the *Ramos* plaintiffs had "essentially no knowledge of [the consultant's] role or breaches of duty" nor could they even "paraphrase"" the claims, and could "offer no description of what services [he] provided," and could not describe "what conduct [he] allegedly engaged in." *Ramos*, 325 F.R.D. at 396-97. Ms. Gamino has demonstrated an understanding of her claims that exceeded what the *Ramos* court found *was adequate* -- rote recitals of breached "fiduciary

responsibilities" or that a price was "excessive." *Compare id.* at 395 n.7 *with supra* II & III.B. Indeed, Ms. Gamino was able to explain not only the legal theory that SPCP knowingly participated in a transaction that violated ERISA" but the factual basis for each of the elements: why SPCP should have known (the 400% price difference), what SPCP received in the ESOP Transaction ("the promissory note and the warrants, the cash") and that SPCP still retained the proceeds. *Supra* II & III.B. Thus, Ms. Gamino more than meets the standards required by SPCP's own cases.

## IV.   CONCLUSION

For the foregoing reasons, the Court should certify Plaintiff's claim against SPCP as a class action, appoint Ms. Gamino as the class representative and her counsel as Class Counsel.

Dated: April 1, 2022

Respectfully submitted,

R. Joseph Barton (SBN 212340)
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: joe@blockleviton.com
Email: colin@blockleviton.com

Daniel Feinberg (SBN 135983)
Darin Ranahan (SBN 273532)
Nina Wasow (SBN 242047)
FEINBERG, JACKSON, WORTHMAN
& WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998

REPLY ISO CLASS CERT                                                              17

Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: darin@feinbergjackson.com
Email: nina@feinbergjackson.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780
Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

Major Khan
(pro hac vice)
MKLLC LAW
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Ming Siegel, hereby certify that on April 1, 2022, a copy of the

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS

CERTIFICATION was served on the counsel of record listed below via the

CM/ECF system.

Dated this 1st day of April, 2022.

Maria Rodriguez
Christopher A. Braham
Julian L. Andre
Laurie Ann Baddon
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
mcrodriguez@mwe.com
cbraham@mwe.com
jandre@mwe.com
lbaddon@mwe.com

Theodore M. Becker
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
tbecker@mwe.com

Aimee Mackay
Morgan, Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
aimee.mackay@morganlewis.com

Sari Alamuddin
Morgan Lewis and Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
sari.alamuddin@morganlewis.com

Lars C. Golumbic
Sarah M. Adams
Rachael E. Hancock
Shaun A. Gates
William J. Delany
Groom Law Group, Chartered
1701 Pennsylvania Ave. NW
Washington, DC 20006
lgolumbic@groom.com
sadams@groom.com
rhancock@groom.com
sgates@groom.com
wdelany@groom.com

Andrew J. Waxler
Samuel S. Rose
Kaufman Dolowich & Voluck LLP
11755 Wilshire Blvd., Suite 2400
Los Angeles, CA 90025
awaxler@kdvlaw.com
srose@kdvlaw.com

Ming Siegel