MORGAN, LEWIS & BOCKIUS LLP
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
300 South Grand Avenue
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Sari Alamuddin (admitted *pro hac vice*)
sari.alamuddin@morganlewis.com
Deborah Davidson (*pro hac vice* to be filed)
deborah.davidson@morganlewis.com
110 N. Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
SPCP GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPCP GROUP, LLC,<br><br>Defendant,<br><br>and<br><br>KPC HEALTHCARE INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Nominal Defendant. | Case No. 5:20-cv-01126-SB-SHK<br>[Consolidated Case Number]<br><br>**DEFENDANT SPCP GROUP, LLC'S NOTICE OF MOTION AND UNOPPOSED MOTION TO BIFURCATE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO BIFURCATE TRIAL**<br><br>Date:  May 20, 2022<br>Time:  8:30 a.m.<br>Judge: Hon. Stanley Blumenfeld, Jr.<br>Ctrm:  6C |

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 129417385.5

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 20, 2022 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6C of the United States District Court, Central District of California, the Honorable Stanley Blumenfeld, Jr. presiding, located at 350 West 1st St., Los Angeles, California 90012, Defendant SPCP Group, LLC ("Defendant") will and hereby does move this Court for an order to bifurcate the trial.

This Unopposed Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 21, 2022 via video-capable teleconference and thereafter via email, during which the parties thoroughly discussed the substance and potential resolution of the filed motion.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, Declaration of Aimee Mackay and exhibits thereto, the pleadings and records on file in this action, and such further evidence as this Court may consider at the hearing on this Motion.

Dated: April 14, 2022　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

By */s/ Aimee Mackay*
Aimee Mackay
Sari Alamuddin (admitted *pro hac vice*)
Deborah Davidson (*pro hac vice* to be filed)

*Attorneys for Defendant*
SPCP GROUP, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 129417385.5

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

# TABLE OF CONTENTS

**Page (s)**

I. INTRODUCTION .................................................................................................. 1
II. BACKGROUND AND PROCEDURAL POSTURE ..................................... 2
   A. FACTUAL BACKGROUND AND THE 2015 ESOP TRANSACTION ........................................................................... 2
   B. PROCEDURAL POSTURE ................................................................ 4
III. BIFURCATION IS PERMISSIBLE AND WARRANTED ......................... 6
   A. RULE 42 PERMITS BIFURCATION OF TRIAL. ............................ 8
   B. BIFURCATION OF TRIAL WITH RESPECT TO PLAINTIFF'S CLAIMS AGAINST SCPC IS APPROPRIATE AND WILL CONSERVE THE RESOURCES OF THE PARTIES AND THIS COURT. ........................................................ 10
IV. CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bassil v. Webster*,
 No. 220CV05099SBPDX, 2021 WL 1235258
 (C.D. Cal. Jan. 15, 2021) ................................................................................ 8, 9, 13

*Calmar, Inc. v. Emson Research, Inc.*,
 850 F. Supp. 861 (C.D. Cal. 1994) ........................................................................ 9

*Cook v. United Serv. Auto. Ass'n.*,
 169 F.R.D. 359 (D. Nev. 1996) ........................................................................ 9, 12

*Danielle Gamino v. SPCP Group, LLC*
 (Case No. 5:21-cv-01466-SB-SHK) ...................................................................... 4

*Danielle Gamino v. v. KPC Healthcare Holdings, Inc. et al.*
 (Case No. 5:20-cv-01126-SB-SHK) ...................................................................... 4

*Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*,
 No. 17-CV-07243-BLF, 2019 WL 6841222 (N.D. Cal. Dec. 16,
 2019) .................................................................................................................... 11

*Ellingson Timber Co. v. Great N. Ry. Co.*,
 424 F.2d 497 (9th Cir. 1970) ................................................................................. 9

*Gamino v. SPCP Grp., LLC*,
 No. 5:21-CV-01466-SB-SHK, 2022 WL 336469 (C.D. Cal. Feb. 2,
 2022) ................................................................................................................ 6, 11

*Giro Sport Design, Inc. v. Pro-Tec, Inc.*,
 No. C-88-20228-RPA, 1989 WL 418774 (N.D. Cal. Mar. 16, 1989) ................. 10

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
 530 U.S. 238 (2000) ....................................................................................... 10, 11

*Mohr-Lercara v. Oxford Health Ins., Inc.*,
 No. 18 CV 1427 (VB), 2022 WL 524059, at *9 (S.D.N.Y. Feb. 22,
 2022) .................................................................................................................... 11

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

DB1/ 129417385.5

iii

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

*Moreno v. NBCUniversal Media, LLC*,
   No. CV 13-1038 BRO, 2013 WL 12123988 (C.D. Cal. Sept. 30,
   2013) ............................................................................................................. 8, 9

*O'Malley v. United States Fidelity and Guaranty Company*,
   776 F.2d 494 (5th Cir. 1985) ........................................................................ 9, 12

*OSHO Int'l Found. v. Chapman Way*,
   No. CV 19-00753-RSWL-JEM, 2019 WL 12379558 (C.D. Cal.
   Sept. 11, 2019) ............................................................................................ 10, 12

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
   No. 3:15-cv-1839 (VAB), 2016 WL 7494320 (D. Conn. Dec. 30,
   2016), *aff'd*, 718 F. App'x 3 (2d Cir. 2017) ....................................................... 11

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,
   144 F.R.D. 99 (N.D. Cal. 1992) .......................................................................... 10

*United States v. Shell Oil Co.*,
   No. CV 91-0589-RJK, 1992 WL 144296 (C.D. Cal. Jan. 16, 1992) ................. 10

*Walsh v. Vinoskey*,
   19 F.4th 672 (4th Cir. 2021) ............................................................................... 11

**Statutes**

ERISA ................................................................................................................ *passim*

ERISA Sections 404 and 406, 29 U.S.C. §§ 1104, 1106 ................................. *passim*

ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ........................................ 3, 5, 10

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc.
   § 2389 (3d ed. 2008) .............................................................................................. 9

9 Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc.
   § 2388 (2d ed. 1994) .............................................................................................. 9

Fed. R. Civ. P. 52(a)(1) ............................................................................................. 13

Fed. R. Civ. P.42(b) ....................................................................................... 8, 9, 10

iv

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 129417385.5


Case 5:20-cv-01126-SB-SHK   Document 252   Filed 04/14/22   Page 6 of 20   Page ID #:4867

L.R. 7-3 ................................................................................................................. i, 8

L.R. 16-4, 16-7, 16-10 ............................................................................................ 13

L.R. 52-1 ................................................................................................................ 13

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 129417385.5

v

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SPCP Group, LLC ("SPCP" or "Defendant") hereby submits this Memorandum of Points and Authorities in support of its Unopposed Motion to Bifurcate Trial.

## I. INTRODUCTION

In 2020, Plaintiff brought an ERISA claim against KPC Healthcare ("KPC") and related individuals and Alerus, the trustee of the KPC Employee Stock Ownership Plan ("ESOP"), for purportedly breaching their fiduciary duties and engaging in prohibited transactions in connection with the ESOP established in 2015. A year later, Plaintiff filed new claims against SPCP for allegedly being a "knowing participant" in such alleged misconduct.

On January 21, 2022, the Court ordered the consolidation of Plaintiff's claims against SPCP into the original action, primarily because Plaintiff's claims against SPCP are dependent on an underlying finding of liability against some of the other defendants, meaning that a consolidated proceeding would be in "the interests of justice and judicial economy" and would avoid duplication of effort (Dkt. 222 at 1). Since the consolidation order, SPCP has engaged new counsel, and Plaintiff and SPCP the parties have been discussing whether there is a way to further streamline this action.

SPCP proposes that, consistent with the letter and the spirit of the Court's order consolidating the cases against SPCP and the KPC Defendants and Alerus, this Court can still achieve the goals of avoiding duplicative litigation on the underlying ERISA claims, conserve the parties' and the Court's resources by bifurcating the trial on claims against SPCP, with the important concession that **SPCP agrees to be bound by any finding of underlying liability that would trigger SPCP's potential liability as a "knowing participant" in any relevant purported violation of ERISA that occurred in the 2015 ESOP Transaction**.  This concession means that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

DB1/ 129417385.5

there would be no duplication: if the Court finds that an underlying fiduciary breach and/or prohibited transaction occurred and that such conduct triggers potential "knowing participant" liability under ERISA for SPCP, then the remaining proceedings against SPCP would focus only on their alleged "knowing participation" in the qualifying breach or prohibited transaction. If the Court finds no qualifying breach or prohibited transaction occurred, then the claims against SPCP would be dismissed with prejudice, thereby obviating the need for any further proceedings.

This proposal is consistent with the range of circumstances in which trial courts have exercised their discretion to bifurcate issues and claims to conserve the parties' and the Court's resources and to avoid undue prejudice to a party. SPCP's proposal means that if the claims against SPCP fail because this Court determines there was no qualifying underlying fiduciary breach or prohibited transaction, all parties and the Court will have been spared litigation of the other elements of Plaintiff's "knowing participation" claim against SPCP. Neither Plaintiff nor the other Defendants opposes this Motion.

## II.   BACKGROUND AND PROCEDURAL POSTURE

### A.   Factual Background and the 2015 ESOP Transaction

Plaintiff's claims against SPCP have their origins in SPCP's relationship with Integrated Healthcare Holdings, Inc. ("IHH"), a formerly publicly traded medical holding company. (First Amended Complaint ("FAC"), Dkt. 21 ¶ 37). Beginning in 2005, and culminating in 2013, Dr. Kali Pradip Chaudhuri acquired 100% of the outstanding shares of IHH. (FAC ¶¶ 38, 44, 54-66). SPCP provided Dr. Chaudhuri with a term loan to help him acquire some of the outstanding shares of IHH common stock. (FAC ¶ 126). IHH became a private company on January 7, 2014. (FAC ¶¶ 62, 69). Dr. Chaudhuri became the CEO and chairman of its board of directors. The company was renamed KPC Healthcare Holdings, Inc. (KPC).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 129417385.5

2

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

KPC adopted the ESOP effective April 1, 2015 (FAC ¶ 71); and a few months later, on August 28, 2015, Alerus Financial N.A. ("Alerus"), acting as the ESOP's appointed trustee, caused the ESOP to purchase 100% of the shares of KPC common stock from Dr. Chaudhuri (the "2015 ESOP Transaction") (FAC ¶ 72). Plaintiff alleges that as part of the 2015 ESOP Transaction, SPCP sold KPC a common stock warrant entitling it to acquire a large amount of KPC shares in exchange for: $18,810,000 in cash; a promissory note in the original principal amount of $26,946,000; a new warrant to purchase KPC shares; and 10.2% of any net payments received by KPC or its subsidiaries under California's hospital quality assurance fee (QAF) program for services provided from January 1, 2017 to December 31, 2024 (the "SPCP Warrant Purchase Agreement"). (FAC ¶ 73).

Plaintiff alleges that the per-share price of KPC stock in the 2015 ESOP Transaction represented a substantial increase over the equity value implied by the earlier IHH Transaction, and over the equity value implied by the price of IHH stock on the public market between April 2012 and March 2013. (FAC ¶¶ 76-77). She alleges that (among other defendants), Alerus and Dr. Chaudhuri violated ERISA through their participation in the 2015 ESOP Transaction. Plaintiff seeks to hold SPCP liable for equitable relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), based on her allegation that SPCP knowingly participated in the alleged violations of ERISA Sections 404 and 406, 29 U.S.C. §§ 1104, 1106, purportedly committed by Dr. Chaudhuri and Alerus and that such conduct renders SPCP liable under ERISA. (FAC ¶¶ 132-34). The core of Plaintiff's claim against SPCP is that SPCP—which Plaintiff alleges participated in the 2015 ESOP Transaction by selling warrants to KPC and participating in a loan financing the Transaction—had access to company financials as a long-time investor in KPC, and purportedly knew that the purchase price for KPC stock in the 2015 ESOP Transaction far exceeded the equity value implied by the IHH Transaction just a few years earlier, and was not justified

by KPC's allegedly declining performance. (FAC ¶¶ 89-90, 126, 128-131).

### B. Procedural Posture

#### 1. Plaintiff files the SPCP Action a year after filing her claims against KPC and other defendants.

Plaintiff originally filed suit regarding the 2015 ESOP Transaction described above in June of 2020, in the action *Danielle Gamino v. v. KPC Healthcare Holdings, Inc. et al.*, (Case No. 5:20-cv-01126-SB-SHK) ("the KPC Action"). The First Amended Complaint, filed in that action on August 21, 2021, asserts claims against the following defendants: KPC Healthcare Holdings, Inc.; KPC Healthcare, Inc. Employee Stock Ownership Plan Committee (the ESOP's plan administrator, Dkt. 179 ¶ 11); Alerus Financial, N.A.; Kali Pradip Chaudhuri; Kali Priyo Chaudhuri (the Chief Financial Officer of KPC, and a member of its Board of Directors, Dkt. 179 ¶ 15); Amelia Hippert (a member of the KPC Board of Directors, Dkt. 179 ¶ 16); William E. Thomas (the secretary of KPC, in-house counsel for KPC, and a member of the Board of Directors of KPC, Dkt. 179 ¶ 17); and Lori Van Arsdale (a member of the KPC Board of Directors, Dkt. 179 ¶ 18).

SPCP was not named in the KPC Action. Plaintiff separately filed suit against SPCP on August 27, 2021, in an action entitled *Danielle Gamino v. SPCP Group, LLC* (Case No. 5:21-cv-01466-SB-SHK)) ("the SPCP Action"). SPCP answered the First Amended Complaint filed in the SPCP Action on February 4, 2022. The single count of the operative complaint in the SPCP Action alleges specifically that (1) Alerus breached its fiduciary duties of prudence and loyalty under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to conduct a reasonable investigation into the valuation of KPC stock purchased in the 2015 ESOP Transaction (FAC ¶¶ 121-25), and (2) Alerus caused the Plan to engage in a prohibited transaction in violation of ERISA Sections 406(a)(1)(A) and (D), 29 U.S.C. §§ 1106(a)(1)(A) and (D), by failing to ensure that the ESOP paid no more

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 129417385.5

4

NOTICE OF MOTION AND UNOPPOSED
MOTION TO BIFURCATE TRIAL;
MEMORANDUM OF POINTS AND
AUTHORITIES

than fair market value for KPC stock purchased in the 2015 ESOP Transaction and (3) Dr. Chaudhuri engaged in a prohibited transaction in violation of ERISA Sections 406(b)(1)-(3), 29 U.S.C. §§ 1106(a)(1)-(3) (FAC ¶¶ 117-124). The Complaint further alleges that Dr. Chaudhuri knowingly participated in the alleged fiduciary breach and prohibited transaction in which Alerus caused the ESOP to purchase 100% of the shares of KPC stock from Dr. Chaudhuri at an allegedly inflated price. The Complaint alleges that SPCP was a "knowing participant" in the alleged fiduciary breach and prohibited transaction because of its involvement in the earlier transaction in which Dr. Chaudhuri purchased all of the outstanding shares of IHH, the predecessor-in-interest to KPC, and that such conduct violates ERISA. Specifically, the Complaint alleges, with respect to SPCP and its members, Edward A. Mulé, and Robert J. O'Shea,[1] that "[b]ased on their involvement in planning for and arranging the 2014 transaction, SPCP, Mulé, and O'Shea knew that the purchase price for the KPC stock component of the 2015 ESOP Transaction" was inflated over "the equity value implied by the price that Dr. Chaudhuri paid to acquire shares of KPC stock in the 2014 transaction" and over "the equity value implied by the prices at which Integrated Health traded on the public market between April 2012 and March 2013." (FAC ¶ 130). The Complaint thereby alleges that "SPCP Group was aware of facts sufficient to establish" and either "knew or should have known that the 2015 ESOP Transaction constituted a prohibited transaction with Dr. Chaudhuri, a Plan fiduciary and party-in-interest," and that "SPCP Group was aware of facts sufficient to establish and either knew or should have known that Alerus causing the ESOP to engage in the 2015 ESOP Transaction constituted a breach of fiduciary duty," making it a "knowing participant" in the 2015 ESOP Transaction. (FAC ¶¶ 132-33). The Complaint against SPCP seeks "appropriate equitable relief" under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3). (FAC ¶¶ 134).

---

[1] Neither Mulé nor O'Shea is a named defendant in any action.

### 2. The Court orders consolidation of the KPC and SPCP Actions.

On January 21, 2022, the Court ordered that the KPC Action and the SPCP Action be consolidated into the first-filed KPC Action ((Case No. 5:20-cv-01126-SB-SHK), hereinafter referred to as "the Consolidated Action"). In doing so, the Court explained that "both the interests of justice and judicial economy are now best served by consolidation of these cases." (Dkt. 222 at 1). At the hearing, the Court acknowledged that SPCP is uniquely situated compared to the other defendants because under Plaintiff's theory of the case, SPCP's liability under ERISA is wholly dependent on a finding of ERISA violations by either Alerus and/or Dr. Chaudhuri. The Court concluded that the "significant overlap" between the facts and witnesses in both types of claims warranted consolidation of the actions. (Declaration of Aimee Mackay ("Mackay" Decl.), Ex. A at 7:23-9:12 (Transcript of January 21, 2022 Hearing) (hereinafter, "Consolidation Hearing Tr.").

### 3. SPCP retains new counsel in light of the action proceeding against it on an accelerated timeline.

As was forecasted at the hearing on Plaintiff's motion to consolidate, SPCP has obtained separate representation following the consolidation of the Actions and the Court's order that the Consolidated Action proceed on the same discovery schedule. (Dkt. 224; 227). As SPCP has unique affirmative defenses different from those available to other defendants, it required a separation of counsel.

## III. BIFURCATION IS PERMISSIBLE AND WARRANTED

SPCP respectfully submits that this action may be further streamlined by reducing the chance that the parties will need to proceed to trial on SPCP's purported liability to Plaintiff. As the Court recognized, Plaintiff has alleged a claim against SPCP in which SPCP's liability is entirely dependent in the first instance on a finding by this Court that either Alerus and/or Dr. Chaudhuri violated ERISA. *Gamino v. SPCP Grp., LLC*, No. 5:21-CV-01466-SB-SHK, 2022 WL 336469, at *3 (C.D. Cal.

Feb. 2, 2022). If neither of these defendants is found to have done so, then under Plaintiff's theory of the case, SPCP will not be liable to Plaintiff.

Recognizing that, as Plaintiff has alleged her claim, there must be a fiduciary breach or prohibited transaction by Alerus and/or Dr. Chaudhuri which triggers "knowing participant" liability under ERISA before there can be any viable claim against SPCP means that there is overlap in witnesses and evidence, SPCP proposes the following:

- This Court bifurcate trial of the claims against SPCP.[2]
- SPCP and Plaintiff now propose that discovery against all defendants (including SPCP) will continue under the current schedule except that (1) as the Court previously proposed, fact discovery will be extended until July 8, 2022 solely as to fact discovery as to claims against SPCP and (2) expert disclosures and discovery on issues related solely the availability and amount of equitable relief against SPCP would be scheduled after the conclusion of the trial as to the other defendants.[3]
- For purpose of the district court proceedings, SPCP agrees to be bound by any determination against Alerus and Dr. Chaudhuri, whether either or both of those defendants is found to have committed a violation of ERISA, which the Court concludes forms a basis for a claim against

---

[2] In the Order denying the motion to dismiss the Court advised that if "the parties may file a joint stipulation to extend the nonexpert discovery deadline from June 10, 2022 until July 8, 2022 (the expert discovery deadline). If the parties file such a stipulation on or before February 4, 2022, it will be effective without further order of the Court, and the deadline for all discovery (both expert and nonexpert) will be July 8, 2022." ECF No. 49 at 2. The KPC Defendants refused to consent to such an extension and prior to February 4, SPCP was not represented by separate counsel, but both Plaintiff and SPCP (through its new counsel) are willing to agree to such an extension solely with respect to discovery regarding SPCP.

[3] Expert discovery on the appropriate equitable relief against SPCP will likely require a forensic accountant, which will not only be costly, but would be unnecessary if there is no underlying liability. All other pre-trial deadlines (i.e., everything but the trial filings and trial related to SPCP) would remain the same and the case would proceed to trial against the other defendants.

SPCP for "knowing participation." Of course, SPCP would retain its ability to challenge the district court's determination on appeal.

- If Alerus and/or Dr. Chaudhuri are found to have committed a breach or violation of ERISA that forms a basis for a claim against SPCP for "knowing participation," Plaintiff and SPCP will proceed to motions and, if necessary a brief bench trial aimed at determining whether SPCP "knowingly participated" in the violation by Alerus and/or Dr. Chaudhuri under ERISA Sections 404 and/or 406, 29 U.S.C. § 1104, 1106 and any equitable relief that can be awarded.

- If the Court concludes that neither Alerus nor Dr. Chaudhuri committed a violation of ERISA that forms a basis for a claim against SPCP for "knowing participation," then SPCP would be entitled to seek entry of judgment in SPCP's favor. Plaintiff will retain her right to seek a new trial and/or challenge this finding on appeal.

SPCP respectfully submits that this proposal will maintain the efficiencies the Court sought to be gained by consolidating the actions—making sure that the litigation of claims Plaintiff brought against the non-SPCP defendants is not duplicated in the prosecution of claims against SPCP—but ensuring that the parties proceed to trial only on viable claims.[4]

### A.  Rule 42 Permits Bifurcation of Trial.

"Federal Rule of Civil Procedure 42(b) gives the Court discretion to bifurcate proceedings '[f]or convenience or to avoid prejudice, or to expedite and economize.'" *Bassil v. Webster*, No. 220CV05099SBPDX, 2021 WL 1235258, at *1 (C.D. Cal. Jan. 15, 2021) (quoting Fed. R. Civ. P. 42(b)). "The decision whether to grant or

---

[4] In accordance with Local Rule 7-3, SPCP's counsel met and conferred with counsel for Plaintiff via video-capable teleconference at least 7 days before the filing of this Motion. Plaintiff and the other Defendants have advised SPCP that they do not oppose this Motion.

deny a motion for bifurcation lies within the trial court's sound discretion...." *Moreno v. NBCUniversal Media, LLC*, No. CV 13-1038 BRO (VBKx), 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013). Rule 42(b) is "sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of *any kind of issue in any kind of case*." 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2389 (3d ed. 2008) (emphasis added).

"One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary…proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). Among the factors to consider in deciding whether to bifurcate are the "complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." *Moreno*, 2013 WL 12123988 at *2 (quoting *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994)). Even if there are "potential complexities and attendant costs" to sequencing litigation on distinct issues, it nevertheless is appropriate to bifurcate proceedings where, for example, "[b]ifurcation would enable [a party] to move for summary judgment before the parties engage in onerous…[additional] discovery that potentially generates disputes requiring judicial resolution." *Bassil*, 2021 WL 1235258, at *2–3 (C.D. Cal. Jan. 15, 2021).

This is especially true where, as here, Plaintiff's success on one claim is dependent on a finding of liability on a different claim. As one court put it, "[b]ifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Cook v. United Serv. Auto. Ass'n.*, 169 F.R.D. 359, 361 (D. Nev. 1996) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Prac. & Proc. § 2388, p. 476 (2d ed. 1994) and *O'Malley v. United States Fidelity and Guaranty Company*, 776 F.2d 494, 501 (5th Cir. 1985) (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of

plaintiff's bad faith claim against insurance company)); *see also, e.g.*, *OSHO Int'l Found. v. Chapman Way*, No. CV 19-00753-RSWL-JEM, 2019 WL 12379558, at *2 (C.D. Cal. Sept. 11, 2019) (finding bifurcation of issues in a copyright case appropriate where "Defendants' liability for copyright infringement relies on a determination of whether Defendants' use is protected under the fair use doctrine"). In such circumstances, "bifurcation could save both parties substantial expenses." *OSHO Int'l Found.*, 2019 WL 12379558, at *3.

The party seeking bifurcation bears the burden of proving that it is justified. *See Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). Bifurcation is appropriate if even one of Rule 42(b)'s requirements is satisfied. *See Giro Sport Design, Inc. v. Pro-Tec, Inc.*, No. C-88-20228-RPA, 1989 WL 418774, at * 3-4 (N.D. Cal. Mar. 16, 1989) (Rule 42(b) standards "are in the disjunctive instead of the conjunctive"); *United States v. Shell Oil Co.*, No. CV 91-0589-RJK, 1992 WL 144296, at * 29-30 (C.D. Cal. Jan. 16, 1992) ("Only one of Rule 42(b)'s conditions has to be met…").

### B. Bifurcation of Trial with Respect to Plaintiff's Claims Against SPCP is Appropriate and Will Conserve the Resources of the Parties and this Court.

#### 1. Plaintiff's claim against SPCP is dependent on a finding of liability on the part of other Defendants under ERISA.

In its seminal opinion in *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000), the Supreme Court held that Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), allows parties to sue non-fiduciaries like SPCP even if the non-fiduciaries are not subject to a duty under one of ERISA's substantive provisions; but the relief for such claims is limited to appropriate equitable relief. 530 U.S. at 247. In denying SPCP's motion to dismiss Plaintiff's claims, this Court held that "[t]o state a claim under § 502(a)(3) against a non-fiduciary such as [SPCP], Plaintiff must plead sufficient facts to show: '(1) that there is a remediable

wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; [ ] (2) that the relief sought is appropriate equitable relief;' and (3) that the defendant had 'actual or constructive knowledge of the circumstances that rendered any prohibited transaction wrongful.'" *Gamino*, 2022 WL 336469, at *3 (quoting *Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*, No. 17-CV-07243-BLF, 2019 WL 6841222, at *3 (N.D. Cal. Dec. 16, 2019) (citing *Harris Trust*, 530 U.S. at 249-251)). This Court noted that the claim against SPCP required either a "violation[] of ERISA §§ 404 (breaches of fiduciary duty) [or] 406 (participating in a prohibited transaction) committed by Dr. Chaudhuri [or] Alerus in connection with the 2015 ESOP Transaction." *Id.*

That SPCP's liability is conditioned on the liability of other defendants is well-settled. A recent opinion on "knowing participant" liability is of aid. In *Walsh v. Vinoskey*, 19 F.4th 672, 676 (4th Cir. 2021), the Fourth Circuit considered an appeal by the CEO of a company who was allegedly a "knowing participant" in an impermissible transaction in which he sold his stock at an inflated price to his company's ESOP. *Id.* The Plaintiff alleged and proved that, at the time the CEO sold his shares to the company ESOP, "the fair market value of [its] stock was $278.50 per share, not [the] $406 per share paid by the ESOP." *Id.* In considering the appeal of the CEO, the Fourth Circuit noted that his liability as a "knowing participant" depended on the finding that the independent fiduciary who was engaged to review the transaction and value the company was "rushed and cursory" and "involved numerous failings," causing the ESOP to purchase the CEO's stock at an inflated price. *Id.* at 541–42. Where, on the other hand, there is "an absence of any underlying breach," a plaintiff's claim that defendants 'knowingly participated' in breaches of fiduciary duty fails." *Mohr-Lercara v. Oxford Health Ins., Inc.*, No. 18 CV 1427 (VB), 2022 WL 524059, at *9 (S.D.N.Y. Feb. 22, 2022) (granting summary judgment on knowing participation claim where breach claim failed) (citing *Rosen v.*

*Prudential Ret. Ins. & Annuity Co.*, No. 3:15-cv-1839 (VAB), 2016 WL 7494320, at *11 (D. Conn. Dec. 30, 2016) ("Without an underlying breach of fiduciary duty or breach of trust on the part of a Plan fiduciary, Prudential cannot be held liable for a knowing participating in a breach of trust."), *aff'd*, 718 F. App'x 3 (2d Cir. 2017)).

Here, then, under Plaintiff's theory of the case, either Alerus or Dr. Chaudhuri will need to have committed a breach of their fiduciary duties or engaged in a prohibited transaction in order for SPCP to have potential liability for "knowingly participating" in an impermissible transaction under ERISA. Because SPCP's liability is dependent on a finding of liability against two other parties, bifurcation is appropriate. *Cook*, 169 F.R.D. at 361; *OSHO*, 2019 WL 12379558, at *2; *O'Malley*, 776 F.2d at 501; 9 Wright & Miller § 2388, p. 476.

### 2. Bifurcation preserves the efficiencies this Court sought through consolidation of the Actions.

SPCP is sensitive to the issues the Court identified in considering the consolidation motion; undoubtedly, the claims against SPCP in some measure require the same proof (and therefore, the same documentary evidence and witness testimony) as the claims against the other defendants, including Dr. Chaudhuri and Alerus. Because under Plaintiff's theory of the case, either or both of these defendants must have breached fiduciary duties or engaged in prohibited transactions in order for SPCP to be liable under ERISA for "knowing participation," the evidence will be identical as to whether there were violations of ERISA §§ 404 (breaches of fiduciary duty) and 406 (participating in a prohibited transaction) by Dr. Chaudhuri and/or Alerus in connection with the 2015 ESOP Transaction. As SPCP is willing to be bound by the Court's determination on those underlying issues, there is no reason that the claims against SPCP, while consolidated to avoid duplication of effort in discovery, must proceed on a parallel track for trial.

Instead, SPCP respectfully suggests to the Court that to preserve the Court's

and the parties' resources, the Court should bifurcate trial against SPCP conditioned on SPCP's agreement that if the Court finds that Alerus and/or Dr. Chaudhuri breached their fiduciary duties or committed a prohibited transaction which could make SPCP liable if it "knowingly" participated in such conduct, SPCP will not contest such a finding at the district court level. After such a determination (either at trial or potentially on summary judgment), a trial with respect to SPCP would be limited to proof of (1) whether SPCP knowingly participated in those breaches or violations, and (2) whether and what appropriate equitable relief can be awarded to remedy any such violations. If, on the other hand, the Court makes a finding (at trial or on summary judgment) that neither Alerus nor Dr. Chaudhuri breached their fiduciary duties or engaged in a prohibited transaction, there would be no basis on which Plaintiff could proceed against SPCP, thereby saving Plaintiff, the other parties, and the Court the effort of litigating any issues with respect to SPCP's involvement in the 2015 ESOP Transaction – including the attendant pre-and post-trial pleadings required in a bench trial. *See generally* L.R. 16-4, 16-7, 16-10; Fed. R. Civ. P. 52(a)(1); L.R. 52-1.

Plaintiff does not oppose the motion to bifurcate the trial in the manner proposed by Defendant SPCP on the condition that, as proposed above, SPCP agrees that it would be bound by a finding of the Court whether the other Defendants breached their fiduciary duty or engaged in a prohibited transaction(s) and triggered SPCP's potential liability as a "knowing participant." The other named Defendants do not oppose the Motion. Where "the benefits of bifurcation (i.e., the potential to significantly reduce time and cost for both parties) outweigh the costs," it is well within the Court's discretion to order bifurcation. *Bassil*, 2021 WL 1235258, at *3 (C.D. Cal. Jan. 15, 2021).

## IV. CONCLUSION

For the reasons given above, Defendant SPCP respectfully requests that this Court bifurcate trial in this matter, and order that trial against Defendant SPCP be held over until judgment is entered in Plaintiff's favor on her claim that either Dr. Chaudhuri or Alerus violated ERISA.

Dated: April 14, 2022                    MORGAN, LEWIS & BOCKIUS LLP

By */s/ Aimee Mackay*
Aimee Mackay
Sari Alamuddin (*pro hac vice*)
Deborah Davidson (*pro hac vice* to be filed)

*Attorneys for Defendant*
SPCP GROUP, LLC