Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
Tel: (202) 734-7383
Fax: (617) 507-6020
Email: colin@blockleviton.com

*Attorney for Plaintiff and the Class*
*Additional Counsel Listed Below*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> KPC HEALTHCARE HOLDINGS, INC., *et al.*, <br><br> *Defendants*, <br><br> and <br><br> KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, <br><br> *Nominal Defendant* | Case No.: 5:20-cv-01126-SB-SHK <br> [Consolidated with Case No.: 5:21-cv-01466-SB-SHK] <br><br> **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** <br><br> Hearing set for April 27, 2022 at 3:30 p.m. <br><br> Hon. Shashi H. Kewalramani <br> By Videoconference |

# INTRODUCTION

Plaintiff seeks an order compelling Defendants Dr. Chaudhuri and Thomas to produce financial records and information about the use of the proceeds that they received through the 2015 ESOP Transaction. Such financial discovery is relevant and permitted in actions seeking equitable restitution, disgorgement of profits, or imposition of a constructive trust, as Plaintiff does here. Defendants do not cite any case seeking such relief where a court denied such discovery. Instead, invoking unspecified compliance burdens, Defendants propose that even though neither discovery nor trial is bifurcated between liability and remedies, this discovery should be postponed until after a trial on liability. That does not square with a non-bifurcated proceeding. Under the existing case schedule, the ordinary principles of equity, relevance, and proportionality require prompt compliance with the discovery.

# ARGUMENT

## I. This Discovery is Relevant to Plaintiff's Claims

The requested discovery is relevant to both liability and remedies for Plaintiff's claims against Dr. Chaudhuri and Thomas under Counts I, II, and III. ECF No. 253 ("Mot.") at 9-11. Defendants acknowledge that to prove her claims under ERISA § 502(a)(3), Plaintiff will need to identify a "specific fund to which relief can attach." ECF No. 260 ("Opp.") at 7 (quoting ECF No. 209 at 4). They assert she already has: "the proceeds of the 2015 ESOP Transaction in excess of fair market value." *Id*. But the District Court merely held that Plaintiff had sufficiently *alleged* the existence of such a fund to overcome a Rule 12(b)(6) motion. ECF No. 209 at 4. Ultimately, Plaintiff will likely need to *prove* the non-dissipation and continued existence of assets equitably traceable to the proceeds of the 2015 ESOP Transaction. *See* Mot. at 10-11 (citing *Foster v. Adams and Associates, Inc.*, 18-CV-02723-JSC, 2020 WL 3639648, at *8 (N.D. Cal. July 6, 2020) (holding on summary judgment that disgorgement and constructive trust

Plaintiff's Reply in Support of Motion to Compel – Page 2

were unavailable as relief where "[p]laintiffs have failed to identify any funds or property within Defendants' control that trace to the Plan's assets")).

Defendants also assert that at trial Plaintiff need only show "appropriate equitable relief in some form or another is available." Opp. at 7. That was sufficient to survive a motion to dismiss, ECF No. 76 at 8, but Plaintiff will likely need to show entitlement to specific remedies, not merely the availability of some remedy or other. *CIGNA Corp. v. Amara*, 563 U.S. 421, 443 (2011) (holding that showing required of ERISA plaintiff varied between equitable remedies of surcharge, estoppel, and reformation). Defendants also fail to address Ninth Circuit law that the Court must award the remedy that "is most advantageous to the participants and most conducive to effectuating the purposes of the trust." Mot. at 11-12 (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1235 (9th Cir. 1983)).

Defendants attempt to distinguish some of Plaintiff's cases where courts granted financial discovery in actions seeking equitable relief because the claims involved fraud or embezzlement (and they ignore the rest). *Compare* Mot. at 11-13 with Opp. at 8-9. But equitable remedies such as a "constructive trust" are "based on property, not wrongs." *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000) (quoting 1 D. Dobbs, Law of Remedies § 4.3(2) at 597 (2d ed. 1993)). Defendants do not explain why the discovery relevant to establish the scope of a constructive trust would differ in fraud or embezzlement cases.

None of Defendants' cases denying financial discovery sought equitable relief: all were legal actions for money damages. Opp. at 5-6; *see Liberty Ins. Corp. v. Sw. Traders Incorp.*, No. ED CV-12-02151-JLQ, 2013 WL 12140335, at *2 (C.D. Cal. Aug. 27, 2013) (action seeking unpaid insurance premiums); *Sierrapine v. Refiner Prod. Mfg., Inc.*, 275 F.R.D. 604, 605 (E.D. Cal. 2011) (breach of contract action); *Brady v. Conseco, Inc.*, No. C 08-05746-SI, 2009 WL 5218046, at *2 (N.D. Cal. Dec. 29, 2009) (describing purported purpose of denied financial discovery as quantifying "damages"); *Lincoln Elec. Co. v. MPM Techs.,*

*Inc.*, No. 1:08-CV-2853, 2009 WL 2413625, at *1 (N.D. Ohio Aug. 5, 2009) (breach of contract action). One of Defendants' cases compelled the production of financial information because it was relevant to the issue of punitive damages. *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988).

      Defendants note that Plaintiff need not prove the existence of a traceable res to show entitlement to surcharge for loss against a fiduciary under ERISA § 502(a)(2). Opp. at 7-8. But ERISA § 502(a)(2) is more expansive than 502(a)(3) because in *addition* to recovery of "any losses to the plan," it allows "equitable or remedial relief," and *also* the recovery of profits made through use of assets of a plan. 29 U.S.C. §§ 1132(a)(2), 1109(a). As such, Plaintiff can obtain a constructive trust and disgorgement of profits under ERISA § 502(a)(2) against Dr. Chauduri and Thomas if they are found to be fiduciaries, but only under ERISA § 502(a)(3) if they are not fiduciaries. Regardless of the section under which they are enforced, these remedies require examining what use Dr. Chaudhuri and Thomas have made of the assets they received.[1] The discovery is thus still relevant to Plaintiff's entitlement to relief under section 502(a)(2).

## II. The Discovery Sought is Proportional to the Needs of this Case.

This discovery is limited to the assets Defendants received through the 2015 ESOP Transaction and their proceeds, including the subsequent use and commingling of those funds. Mot. at 15-16. Defendants do not adequately show

---

[1] Defendants complain that Plaintiff's authorities for the proposition that she is entitled to profits earned by Defendants on their ill-gotten gains are "treatises." Opp. at 14. But the Supreme Court has directed courts evaluating the scope of relief available under ERISA to the "standard treatises on equity, which establish the 'basic contours' of what equitable relief was typically available in premerger equity courts." *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 142 (2016); *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 217 (2002). Nor is such disgorgement necessarily limited to profits on the "overpayment," Opp. at 14. The remedy of recission would involve the *complete* unwinding of the 2015 ESOP Transaction, ECF No. 76 at 9, not just return of an overpayment.

Plaintiff's Reply in Support of Motion to Compel – Page 4

that this discovery would impose an undue burden. Opp. at 12-15. "[T]he Court only entertains an unduly burdensome objection when the responding party demonstrates how the document is 'overly broad, burdensome, or oppressive' by submitting affidavits or offering evidence that reveals the nature of the burden." *Dish Network, LLC. v. Jadoo TV, Inc.*, No. CV 18-9768-FMO (KSX), 2020 WL 2070990, at *3 (C.D. Cal. Feb. 28, 2020) (quoting *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 10 (D.D.C. 2007)) (granting motion to compel and overruling "conclusory assertion of burden"). Defendants have submitted no affidavits nor even a concrete explanation of the compliance burden; instead they only conclusorily assert that they "would likely have to produce every bank statement, financial document, and receipt in their possession" to comply. Opp. at 13. That unsubstantiated assertion is at odds with the express limitation of the discovery to the things of value Defendants received through the 2015 ESOP Transaction and their proceeds. *See* ECF No. 252-2 at 6-8; ECF No. 252-3 at 6-9.

Defendants also argue that the factors for analyzing proportionality set forth by Rule 26(b)(1) should be ignored. Opp. at 15. This merely demonstrates that the factors – including the multimillion-dollar amount in controversy, the importance of this discovery as well as the disparity in resources between Plaintiff and Defendants – undermine any argument that the discovery will place an undue burden upon on Defendants. Mot. 15-16.

**III.   This Discovery is Not Premature.**

The parties agree that the discovery is relevant to the issue of remedies – Defendants just believe such an inquiry should take place only following a trial on liability. Opp. at 10-11. Defendants identify two cases in which other plaintiffs represented by some of Plaintiff's counsel agreed to such a bifurcated structure. *Id.* But the District Court has "broad discretion" with respect to bifurcation. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *see Fahmy v. Jay-Z*, No. 207CV05715CASPJWX, 2014 WL 12558782, at *6 (C.D. Cal. July 21,

Plaintiff's Reply in Support of Motion to Compel – Page 5

2014) (declining to bifurcate liability and remedies in disgorgement action). The Court has not bifurcated trial or discovery here. Mot. at 16-17. Despite being on notice of this issue at least since November of 2020,[2] these Defendants have not sought bifurcation of remedies or to meet and confer regarding bifurcation. Absent bifurcation, this is not a reason to deny the discovery.  Mot at 16-17 (citing *Nadler v. Nature's Way Prod.*, LLC, No. EDCV 13-100-TJH KKX, 2014 WL 5761122, at *3 (C.D. Cal. Nov. 5, 2014)). That Plaintiff's counsel in other cases, on behalf of other clients has agreed to bifurcate liability and remedies subject to Court approval is irrelevant. Opp. at 10-12. In other cases, Plaintiff's counsel has not agreed to bifurcate such discovery: for example, in a currently pending ESOP case, Plaintiff sought and the court ordered defendants to produce tracing discovery including multiple years of tax returns and responses to interrogatories demanding the identities of asset custodians and financial advisors. Downes Decl. ¶ 2 & Ex. 1 at 1.

## CONCLUSION

Disocvery seeking to identify the res for a constructive trust or equitable restitution is relevant and permitted. Disocvery to quantify the amount of profits to be disgorged is also relevant and permitted. As those are the precise purposes for which Plaintiff seeks this discovery, Defendants Dr. Chaudhuri and Thomas should be compelled to produce the information relevant to her claims and those remedies.

---

[2] Defendants assert that they did not timely raise the issue of bifurcation at the outset of the case because Plaintiff did not raise the issue of seeking Defendants' financial information. Opp. at 12 n. 3. Yet Plaintiff's Rule 26(a) disclosures served on November 10, 2020, advised that Plaintiff intended to seek discovery to "ascertain the amount of money received by Dr. Chaudhuri in the transaction [that] is subject to a constructive trust or the amount subject to disgorgement." Downes Decl. Ex. 2 at 11.

Plaintiff's Reply in Support of Motion to Compel – Page 6

| | | |
|---|---|---|
| DATED: | April 26, 2022 | Respectfully submitted, |

*[signature]*

R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street NW
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020
Email: joe@blockleviton.com
Email: colin@blockleviton.com

Daniel Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
Darin Ranahan (SBN 273532)
FEINBERG JACKSON WORTHMAN & WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: darin@feinbergjackson.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

Plaintiff's Reply in Support of Motion to Compel – Page 7

|   |   |
|---|---|
| 1 | Major Khan (admitted *pro hac vice*) |
| 2 | MKLLC LAW |
|   | 1120 Avenue of the Americas, 4th Fl. |
| 3 | New York, NY 10036 |
|   | Tel: (646) 546-5664 |
| 4 | Email: mk@mk-llc.com |

*Attorneys for Plaintiff and the Class*

Plaintiff's Reply in Support of Motion to Compel – Page 8

# CERTIFICATE OF SERVICE

I, Colin M. Downes, hereby certify that on April 26, 2022, a copy of the PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL was served on the counsel of record listed below via the CM/ECF system.

Dated this 26th day of April, 2022.

Maria Rodriguez
Christopher A. Braham
Julian L. Andre
Laurie Ann Baddon
McDermott Will & Emery LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
mcrodriguez@mwe.com
cbraham@mwe.com
jandre@mwe.com
lbaddon@mwe.com

Theodore M. Becker
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
tbecker@mwe.com

Aimee Mackay
Morgan, Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
aimee.mackay@morganlewis.com

Sari Alamuddin
Morgan Lewis and Bockius LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
sari.alamuddin@morganlewis.com

Lars C. Golumbic
Sarah M. Adams
Rachael E. Hancock
Shaun A. Gates
William J. Delany
Groom Law Group, Chartered
1701 Pennsylvania Ave. NW
Washington, DC 20006
lgolumbic@groom.com
sadams@groom.com
rhancock@groom.com
sgates@groom.com
wdelany@groom.com

Andrew J. Waxler
Samuel S. Rose
Kaufman Dolowich & Voluck LLP
11755 Wilshire Blvd., Suite 2400
Los Angeles, CA 90025
awaxler@kdvlaw.com
srose@kdvlaw.com

/s/ Colin M. Downes

Colin M. Downes