THEODORE M. BECKER (*admitted pro hac vice*)
tbecker@mwe.com
JULIAN L. ANDRÉ (SBN 251120)
jandre@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone:   +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Defendants
KPC HEALTHCARE HOLDINGS, INC., KPC HEALTHCARE, INC.,
EMPLOYEES STOCK OWNERSHIP PLAN COMMITTEE, KALI
PRADIP CHAUDHURI, KALI PRIYO CHAUDHURI, AMELIA
HIPPERT, WILLIAM E. THOMAS, LORI VAN ARSDALE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>KPC HEALTHCARE HOLDINGS, INC. et al.,<br><br>              Defendants,<br><br>      and<br><br>KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>              Nominal Defendant. | No. 5:20-cv-01126-SB-SHK<br>[Consolidated with Case No.: 5:21-cv-01466-SB-SHK]<br><br>**JOINT STIPULATION AND REQUEST TO STAY THE PROCEEDINGS AS TO THE KPC DEFENDANTS PENDING THE COURT'S CONSIDERATION AND APPROVAL OF A CLASS ACTION SETTLEMENT** |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Local Rule 7-1, plaintiff Danielle Gamino ("Plaintiff"), individually and on behalf of all others similarly situated, and defendants KPC Healthcare Holdings, Inc., KPC Healthcare, Inc., Employees Stock Ownership Plan Committee, Kali Pradip Chaudhuri, Kali Priyo Chaudhuri, Amelia Hippert, William E. Thomas, Lori Van Arsdale (collectively "the KPC Defendants") (Plaintiff and the KPC Defendants are referred to as "the Settling Parties"), by and through their respective counsel of record, hereby stipulate and jointly request that the Court stay all further proceedings and case deadlines as to the KPC Defendants pending the Court's consideration and approval of a class action settlement in this matter pursuant to Federal Rule of Civil Procedure 23(e).  The Settling Parties' stipulation and request is based upon the following:

1.     On June 1, 2020, Plaintiff filed a class action complaint alleging various claims against the KPC Defendants and Defendant Alerus Financial, N.A. ("Alerus"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  (Dkt. 1.)  On August 6, 2021, the Court granted Plaintiff's motion for class certification.  (Dkt. 174.)  On August 13, 2021, Plaintiff filed her First Amended Complaint in this matter.  (Dkt. 179.)

2.     On August 27, 2021, Plaintiff filed her Complaint against Defendant SPCP Group, LLC ("SPCP") in the related action, Case No. 21-01466-SB-SHK (Dkt. 1) and filed her First Amended Complaint against SPCP on November 22, 2021 (Dkt. 21), which was consolidated with this action on January 21, 2022. (Dkt. 49).

3.     Trial in this matter is scheduled to commence on October 10, 2022.  (Dkt. 208.)  Fact discovery closes on June 10, 2022, and expert discovery closes on July 8, 2022.  (Dkt. 186.)

4.     As required under the Court's scheduling order (Dkt. 186), on May 2, 2022, Plaintiff and the KPC Defendants engaged in a private mediation in an effort to settle this matter.  Defendants Alerus and SPCP did not participate in the mediation.  During the private mediation, Plaintiff and the KPC Defendants reached an

JOINT STIPULATION AND REQUEST
TO STAY PROCEEDINGS AS TO
THE KPC DEFENDANTS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

agreement as to the monetary amount and certain non-monetary terms of a class action settlement as to the KPC Defendants only.  Pursuant to paragraph 1(d) of the Court's standing civil order, the Settling Parties immediately notified the Court of their agreement.

5.      On May 26, 2022, with the approval of their respective clients, Class Counsel and the KPC Defendants' counsel executed a settlement term sheet setting forth the monetary amount and the primary non-monetary terms of a class action settlement as to Plaintiff's claims against the KPC Defendants.

6.      Class Counsel and the KPC Defendants' counsel are currently in the process of drafting the formal class action settlement agreement for the claims of Plaintiff and the Class against the KPC Defendants, which Class Counsel will then submit to the Court for approval pursuant to Federal Rule of Civil Procedure 23(e).

7.      To avoid the unnecessary expense of additional litigation and to preserve judicial resources while the Settling Parties prepare the formal settlement agreement and Plaintiff seeks the Court's approval of the proposed class action settlement, the Settling Parties stipulate and respectfully request that the Court:

a.      Stay all litigation as between Plaintiff (and the Class) and the KPC Defendants during the settlement approval process except provided herein;

b.      Stay all discovery (and any related discovery disputes) and other proceedings as to the KPC Defendants, except (1) the depositions of Defendants Kali Pradip Chaudhuri, Kali Priyo Chaudhuri, and William E. Thomas (except that no questions at such depositions may be asked relating to the individual KPC Defendants' financial information); and (2) discovery and disputes as to the KPC Defendants relevant to the claims against Alerus or SPCP.

c.      Vacate all current case deadlines as between Plaintiff (and the Class) and the KPC Defendants except provided herein;

JOINT STIPULATION AND REQUEST
TO STAY PROCEEDINGS AS TO
THE KPC DEFENDANTS

1      d.      Hold all pending motions as to the KPC Defendants in abeyance

2  (including Plaintiff's pending motion to compel production of financial information

3  (Dkt. 253)) except those provided herein; and

4      e.      Set a deadline of July 11, 2022 for Plaintiff/Class Counsel to seek

5  preliminary approval of the proposed class action settlement.

6      f.      Provide that in the event that the settlement agreement is not

7  fully-executed, a party withdraws from the settlement, or approval of the settlement

8  is denied:

9          i.      Plaintiff, the Class and the KPC Defendants will revert to

10  their respective status in this litigation as of May 2, 2022;

11          ii.      Any discovery or depositions that were held in abeyance or

12  for which a stayed applied as a result of the Settling Parties' settlement can be

13  completed beyond the current discovery deadlines; and

14          iii.      Within 14 days of such an event, Plaintiff and the KPC

15  Defendants will meet-and-confer and submit to the Court proposed trial dates and

16  pretrial deadlines for Plaintiff's claims against the KPC Defendants in a format

17  consistent with the parties' August 20, 2021, Joint Notice of Filing of Proposed

18  Pretrial and Trial Dates (Dkt. 183).

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 3 -      JOINT STIPULATION AND REQUEST
TO STAY PROCEEDINGS AS TO
THE KPC DEFENDANTS

**IT IS SO STIPULATED.**

MCDERMOTT WILL & EMERY LLP

Dated: May 26, 2022      By:   */s/ Julian L. André*
                                THEODORE M. BECKER
                                JULIAN L. ANDRE

Attorneys for Defendants
KPC HEALTHCARE HOLDINGS, INC., KPC
HEALTHCARE, INC., EMPLOYEES STOCK
OWNERSHIP PLAN COMMITTEE,  KALI
PRADIP CHAUDHURI, KALI PRIYO
CHAUDHURI, AMELIA HIPPERT, WILLIAM E.
THOMAS, LORI VAN ARSDALE

FEINBERG JACKSON WORTHMAN &
WASOW LLP

Dated: May 26, 2022      By:   */s/ Dan Feinberg via email authorization (5/26/2022)*
                                DANIEL M. FEINBERG

R. JOSEPH BARTON
COLIN M. DOWNES
Block And Leviton LLP

RICHARD E. DONAHOO
Donahoo & Associates, PC

Attorneys for Plaintiff
DANIELLE GAMINO

JOINT STIPULATION AND REQUEST
TO STAY PROCEEDINGS AS TO
THE KPC DEFENDANTS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES