MORGAN, LEWIS & BOCKIUS LLP
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
300 South Grand Avenue
Los Angeles, CA 90071-3132
Tel:  +1.213.612.2500
Fax: +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Sari Alamuddin (admitted *pro hac vice*)
sari.alamuddin@morganlewis.com
Deborah Davidson (admitted *pro hac vice*)
deborah.davidson@morganlewis.com
110 N. Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
SPCP GROUP, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPCP GROUP, LLC,<br><br>Defendant,<br><br>and<br><br>KPC HEALTHCARE INC. EMPLOYEE STOCK OWNERSHIP PLAN, | Case No. 5:20-cv-01126-SB-SHK<br>[Consolidated Case Number]<br><br>**DEFENDANT SPCP GROUP, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: August 5, 2022<br>Time:      8:30 am<br>Judge:     Hon. Stanley Blumenfeld, Jr.<br>Ctrm:      6C |

**PLEASE TAKE NOTE** that on **August 5, 2022,** or as soon thereafter as the matter may be heard in Courtroom 6C of the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant SPCP Group, LLC ("SPCP") will and hereby moves the Court for an order granting SPCP's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on Plaintiff Danielle Gamino's ("Plaintiff") claims against SPCP sought in her first amended complaint ("Complaint").  Pursuant to Federal Rule of Civil Procedure 56, Defendants move for summary judgment on Plaintiff's claims of: (1) knowing participation in a breach of fiduciary duty, and (2) knowing participation in a transaction prohibited by ERISA.

*First*, SPCP did not knowingly participate in either a breach of fiduciary duty or in a transaction prohibited by ERISA because SPCP did not cause or participate in the ESOP Transaction at issue.  Instead, the 2015 ESOP Transaction was a separate transaction from the warrant purchase transaction between SPCP and KPC Healthcare Holdings, Inc.

*Second*, SPCP had neither actual nor constructive knowledge of the circumstances allegedly rendering the ESOP Transaction unlawful.  SPCP was not privy to the negotiation of the terms of the ESOP Transaction, did not possess or review the valuation of the stock purchased by the ESOP, and did not participate in the due diligence leading up to the ESOP Transaction.  Moreover, SPCP did not have the requisite independent knowledge to conclude that the ESOP Transaction was imprudent or that more than adequate consideration was paid by the ESOP.

*Third,* SPCP did not receive ESOP assets, and Plaintiff does not seek appropriate equitable relief as required by 29 U.S.C. § 1132(a)(3).  SPCP is not in possession of plan assets and Plaintiff therefore cannot seek disgorgement from SPCP.  Plaintiff has failed to name a specifically identifiable fund from which she seeks relief.

This Motion is made following the conference of counsel on June 9, 2022.

This Motion is based upon this Notice of Motion and Motion for Summary Judgment, the Joint Brief Relating to this Motion, the Joint Appendix of Facts, the Joint Appendix of Evidence, the pleadings, the Court's records on file herein, and such other and further argument and evidence as may be presented at or before the time of the hearing, and all matters of which the Court may properly take notice.

Dated: July 5, 2022                             MORGAN, LEWIS & BOCKIUS LLP

By */s/ Aimee Mackay*
Aimee Mackay
Sari Alamuddin (*pro hac vice*)
Deborah Davidson (*pro hac vice*)

*Attorneys for Defendant*
SPCP GROUP, LLC