UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>KPC HEALTHCARE HOLDINGS, INC. et al.,<br><br>    Defendants. | Case No. 5:20-cv-01126-SB-SHK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL [DKT. NO. 322] |

I.

On August 28, 2015, Defendant Alerus Financial, N.A., acting as the appointed trustee of the KPC Healthcare Holdings, Inc. (KPC) employee stock ownership plan (ESOP), caused the ESOP to purchase 100% of the shares of KPC common stock from Defendant Dr. Kali Pradip Chaudhuri. Plaintiff Danielle Gamino, a former KPC employee and ESOP participant, sued Dr. Chaudhuri and Alerus (as well as other KPC executives and board members), bringing breach of fiduciary duty and prohibited transaction claims under the Employee Retirement Income Security Act of 1974 (ERISA) based on allegations that Alerus had caused the ESOP to overpay for KPC stock. Plaintiff also sued a lender and investor in KPC, SPCP Group, LLC (SPCP). On August 15, 2022, the Court granted SPCP's motion for summary judgment, Dkt. No. 338. After extensive discovery and mediation, Plaintiff now moves for preliminary approval of settlement with the KPC Defendants[1] in this action. Dkt No. 322.

---

[1] The KPC Defendants are defined in the Settlement Agreement as KPC Healthcare Holdings, Inc., The Administrative Committee of the KPC Healthcare, Inc. Employee Stock Ownership Plan, Kali Pradip Chaudhuri, William E. Thomas, Kali

1

On August 26, 2022, the Court heard from the parties on the motion and learned that the ESOP would be terminated. Dkt. No. 346. The Court continued the hearing and directed the parties to file a supplement to the motion addressing the impact of the pending termination on the settlement. *Id.* The parties filed supplementary briefing, a revised plan of allocation, and a revised class notice. Dkt. Nos. 361, 362. The Court held a further hearing on September 23, 2022.

The terms of the proposed settlement are set forth in the parties' Class Action Settlement Agreement, Dkt. No. 322-3 (Agreement). KPC Defendants agree, in exchange for release of claims, to make a payment of $5 million, inclusive of class payments, administration costs, attorney's fees and expenses, and awards to the class representatives. Payments will be made to the class through the ESOP or KPC 401(k) Plan. Under the revised Plan of Allocation,[2] Dkt. No. 362-2, each claimant will be allocated a pro rata share of the fund based on the number of vested and unvested shares of KPC stock in her ESOP account as of August 31, 2021, or if she terminated employment prior to that date, the number of vested shares in her account at the time of her termination and any unvested shares she held that vested on plan termination. *Id.* ¶ 3. The revised Plan of Allocation does not include unvested shares that were previously forfeited or shares that will be distributed to current employees from the ESOP's suspense account because KPC forgave the loan it provided to the ESOP. *Id.* The Agreement also requires the ESOP administrator to issue a corrected plan description that addresses issues raised in the First Amended Complaint. Agreement at § VI.1.

II.

A proposed settlement class must meet the requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and satisfy at least one of the requirements of Rule 23(b). On August 6, 2021, the Court certified this action as a class action under Rule 23(b)(1). Dkt. No. 174. The Court will not revisit its analysis because the parties' proposed settlement class is materially identical to the class certified, except for an end date for class membership to facilitate effective settlement. Dkt No. 322-1 (Mot.) at 30. Because this change "does not alter the reasoning underlying the

---

Priyo Chaudhuri, Amelia Hippert, and Lori Van Arsdale. Dkt. No. 322-3 (Agreement) ¶ I.B.

[2] The parties' Revised Plan of Allocation contains a typographical error. The Gross Settlement Fund will be $5,000,000, not "$5,00,000."

Court's prior Order granting class certification", the modification to the class definition is appropriate. *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849, at *3 (N.D. Cal. Oct. 21, 2021).

III.

Class actions may only be settled with court approval. Fed. R. Civ. P. 23(e). There is a "strong judicial policy" favoring settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). As such, the court's role is limited to determining whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). At the preliminary stage, there is an "initial presumption of fairness," and a court may grant preliminary approval if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The first factor is satisfied. Plaintiff has conducted and evaluated substantial discovery in this case to date. Dkt. No. 322-2 (Downes Decl.) ¶ 3. And the settling parties engaged in an all-day mediation on May 2, 2022, during which they negotiated the terms of the agreement with the help of a professional mediator experienced in ERISA and ESOP litigation. Downes Decl. ¶ 4. It was at the conclusion of this mediation that the parties reached agreement on the monetary terms of the settlement, and the remaining terms were agreed upon over the next two months. Mot. at 17–18. The Court has no reason to doubt that the settlement was the product of informed, arm's-length negotiations, which weighs "in favor of a finding of non-collusiveness." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011).

As to the second and third factors, the settlement has no "obvious" deficiencies, nor does it appear to display any preferential treatment to class representatives or portions of the class. The requested deductions from the settlement award for attorney's fees, administrative fees, and incentive awards to the named Plaintiffs appear to be reasonable upon preliminary consideration, although they will be reviewed further at the final approval stage.

The agreement, however, includes a clear sailing provision stating that the KPC Defendants "will take no position regarding the application for or an award of the Fee Award provided that the application for the Fee Award does not exceed

3

one-third of the Cash Settlement Amount" and will also "not take any position on a requested Service Award for Plaintiff so long as the Service Award does not exceed $10,000.00." Agreement ¶ VIII.2. The inclusion of a clear sailing provision requires a district court to "scrutinize closely the relationship between attorneys' fees and benefit to the class." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011). Twenty-five percent is the typical benchmark for attorney's fees in common fund cases. *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). Five-thousand dollars is considered a presumptively reasonable service award in the Ninth Circuit. *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019); *see also In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 534 (N.D. Cal. 2020) ("An incentive award of $5,000 is presumptively reasonable, and an award of $25,000 or even $10,000 is considered 'quite high.'").

While the attorney's fee provision is not a barrier to preliminary approval, the Court will determine whether the attorney's fees sought are reasonable on Final Approval. The Court also has concerns about the proposed unopposed Service Award. It does not, however, preclude preliminarily approving the settlement. On final approval, the Court will ultimately determine whether Plaintiff is entitled to such an award and the reasonableness of the amount requested.

Fourth, the settlement amount falls within the range of possible approval. To determine whether the settlement amount is adequate, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). Class counsel estimate that there are approximately 3,100 members of the class, which would amount to an average recovery of over $1,600 per participant—although the settlement will be allocated by shares. Dkt. No. 361 at 6, 10. Class counsel estimate the maximum recovery for the class is between $122 and $128 million dollars. Despite this estimate of liability, the parties appear to recognize that there are significant risks posed by further litigation. Given these risks, the proposed settlement amount is fair and adequate. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (a settlement amounting to "only a fraction of the potential recovery" was fair "given the difficulties in proving the case"); *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849 at *6 (N.D. Cal. Oct. 21, 2021) (preference for settlement "especially true [] given that 'ERISA actions are notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases'" (quoting *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880 at *7 (E.D. Pa. Aug. 31, 2018))). The amount is also reasonable because the class still maintains active claims against Alerus

4

Financial and could recover additional damages. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 6328811 at *1 (N.D. Cal. Oct. 30, 2013) (that non-settling defendants remained liable for damages supported finding of reasonableness).

Accordingly, the Court finds that the settlement is fair and reasonable for purposes of preliminary approval.

IV.

Finally, Rule 23(e) requires notice of the settlement to the class to comport with due process. As the class was certified under Rule 23(b)(1), Dkt. No. 174 at 12, "the court may direct appropriate notice to the class." Rule 23(c)(2)(A).

Notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). The revised Proposed Notice provided by the parties, Dkt. No. 362-1, contains information on the claims, class, and class members' rights in the administration of the settlement. Information on how to request a distribution from the settlement will be provided with the notice. Notice will be sent via email, if available, or first class US mail, Agreement § II.3, and copies of the notice, complaint, relevant motions and orders, the Agreement, revised Plan of Allocation, and other information will be posted on a settlement website, Agreement § II.8.

The Court finds that the revised Proposed Notice and plan of notice comport with due process requirements.

V.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for preliminary approval of the class action settlement as follows:

1. The class definition is hereby modified, and the class definition for purposes of this settlement is: "All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015, through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries. Excluded from the class are (a) Defendants in the Action; (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the

   individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons; and (e) the legal representatives, successors, and assigns of any such excluded persons."

2. The Settlement Agreement, Dkt. No. 322-3, is preliminarily approved.

3. The form and content of and plan to disseminate the revised proposed Class Notice by first class U.S. mail or email where available, Dkt. No. 362-1, is approved subject to revision of the Notice in order to consolidate it with notice of the pending settlement against Defendant Alerus, for which the parties anticipate filing a motion for preliminary approval on or before October 7, 2022.

4. The parties provided two proposals from potential Settlement Administrators and recommended that the Court appoint CPT Group. Downes Decl. ¶ 10. While CPT Group will cost $1,000 more than the other option, because they are the parties' preferred vendor, CPT Group is appointed as the Settlement Administrator.

5. The revised Plan of Allocation, Dkt. No. 362-2, is preliminarily approved.

6. The KPC Defendants are ordered to produce the Class Data required pursuant to § II.7 of the Agreement, to the extent not already produced, **within seven days** after the entry of this Order.

7. The Court will set a schedule for notice, motions, and a hearing on this settlement after receipt and consideration of the anticipated motion for preliminary approval of the settlement with Defendant Alerus, which the parties indicated will include proposed deadlines for both settlements.

IT IS SO ORDERED.

Date: September 28, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge