UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>KPC HEALTHCARE HOLDINGS, INC. et al.,<br><br>     Defendants. | Case No. 5:20-cv-01126-SB-SHK<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT ALERUS FINANCIAL, N.A. [DKT. NO. 395] |

I.

On August 28, 2015, Defendant Alerus Financial, N.A. (Alerus), acting as the appointed trustee of the KPC Healthcare Holdings, Inc. (KPC) employee stock ownership plan (ESOP), caused the ESOP to purchase 100% of the shares of KPC common stock from Defendant Dr. Kali Pradip Chaudhuri. Plaintiff Danielle Gamino, a former KPC employee and ESOP participant, sued Dr. Chaudhuri and Alerus (as well as other KPC executives and board members), bringing breach of fiduciary duty and prohibited transaction claims under the Employee Retirement Income Security Act of 1974 (ERISA) based on allegations that Alerus had caused the ESOP to overpay for KPC stock. Plaintiff also sued a lender and investor in KPC, SPCP Group, LLC (SPCP). On August 15, 2022, the Court granted SPCP's motion for summary judgment, Dkt. No. 338. After extensive discovery and mediation, and preliminary approval of settlement with the KPC Defendants[1]

---

[1] The KPC Defendants are KPC Healthcare Holdings, Inc., The Administrative Committee of the KPC Healthcare, Inc. Employee Stock Ownership Plan, Kali

1

(KPC Settlement), Dkt No. 391, Plaintiff now moves for preliminary approval of her settlement with Alerus.

The terms of the proposed settlement are set forth in the parties' Class Action Settlement Agreement, Dkt. No. 395-3 (Agreement).  Alerus agrees, in exchange for release of claims, to make a payment of $4 million, inclusive of class payments, administration costs, attorney's fees and expenses, and awards to the class representatives.  Payments will be made to the class through the ESOP or KPC 401(k) Plan.  Under the Plan of Allocation,[2] Dkt. No. 395-4, each claimant will be allocated a pro rata share of the fund based on the number of vested and unvested shares of KPC stock in her ESOP account as of August 31, 2021, or if she terminated employment prior to that date, the number of vested shares in her account at the time of her termination and any unvested shares she held that vested on plan termination.  *Id*. ¶ 3.  The Plan of Allocation does not include unvested shares that were previously forfeited or shares that will be distributed to current employees from the ESOP's suspense account because KPC forgave the loan it provided to the ESOP.  *Id*.

## II.

A proposed settlement class must meet the requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and satisfy at least one of the requirements of Rule 23(b).  On August 6, 2021, the Court certified this action as a class action under Rule 23(b)(1).  Dkt. No. 174.  As with the Court's preliminary approval of the KPC Settlement, the Court will not revisit its analysis because the parties' proposed settlement class is materially identical to the class certified, except for the addition of a cutoff date for class membership to facilitate effective settlement.  Dkt. No. 395-1 at 28–29.  Because this change "does not alter the reasoning underlying the Court's prior Order granting class certification," the modification to the class

---

Pradip Chaudhuri, William E. Thomas, Kali Priyo Chaudhuri, Amelia Hippert, and Lori Van Arsdale.  Dkt. No. 395-3 § I.EE.

[2] On September 23, 2022, the Court heard from the parties on the proposed settlement between Plaintiff and the KPC Defendants regarding their revised Plan of Allocation in that settlement.  The Court approved that Plan, which is the same as proposed here.  See Dkt. No. 395-1 at 26.

definition is appropriate.  *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849, at *3 (N.D. Cal. Oct. 21, 2021).

III.

Class actions may only be settled with court approval.  Fed. R. Civ. P. 23(e). There is a "strong judicial policy" favoring settlement of class actions.  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  As such, the court's role is limited to determining whether the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e).  At the preliminary stage, after a class has been certified, there is an "initial presumption of fairness," and a court may grant preliminary approval if the settlement:  (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

The first factor is satisfied.  Plaintiff has conducted and evaluated substantial discovery in this case to date.  Dkt. No. 395-1 at 15.  The settling parties engaged in three all-day mediation sessions on June 20, 2022, August 4, 2022, and September 10, 2022, during which they negotiated the terms of the agreement with the help of a professional mediator experienced in ERISA and ESOP litigation.  *Id*. at 18–19.  It was only at the conclusion of the third day of mediation that the parties reached agreement on the monetary terms of the settlement, and the remaining terms were agreed upon over the next few weeks.  *Id*.  The Court has no reason to doubt that the settlement was the product of informed, arm's-length negotiations, which weighs "in favor of a finding of non-collusiveness."  *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011).

As to the second and third factors, the settlement has no "obvious" deficiencies, nor does it appear to display any preferential treatment to class representatives or portions of the class.  The requested deductions from the settlement award for attorney's fees, administrative fees, and incentive awards to the named Plaintiffs appear to be reasonable upon preliminary consideration, although they will be reviewed further at the final approval stage.

The agreement, however, includes a clear sailing provision stating that Alerus will take no position on the attorney's fee award in this settlement or the KPC Settlement as long as it does not exceed one-third of the settlement amount here or of both settlements, and will take no position on the service award to the

3

named Plaintiff so long as it does not exceed $10,000.  Agreement § VII.2. The inclusion of a clear sailing provision requires a district court to "scrutinize closely the relationship between attorneys' fees and benefit to the class." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011).  Twenty-five percent is the typical benchmark for attorney's fees in common fund cases.  *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).  Five thousand dollars is considered a presumptively reasonable service award in the Ninth Circuit.  *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019); *see also In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 534 (N.D. Cal. 2020) ("An incentive award of $5,000 is presumptively reasonable, and an award of $25,000 or even $10,000 is considered 'quite high.'").

While the attorney's fee and Service Award provisions are not barriers to preliminary approval, the Court will determine whether the amounts sought are reasonable on Final Approval.  On final approval, the Court will ultimately determine whether Class Counsel and Plaintiff are entitled to such awards and the reasonableness of the amounts requested.

Fourth, the settlement amount falls within the range of possible approval. To determine whether the settlement amount is adequate, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  Class counsel estimate that the $4 million settlement would amount to an average recovery of over $1,290 per participant—although the settlement will be allocated by to each class member based on their number of shares.  Dkt. No. 395-1 at 20.  Because "the settlement [is] taken as a whole, rather than the individual component parts" for examination of fairness, class counsel calculate that the KPC Settlement and this one together will amount to an aggregate recovery of $9 million for the class, or an average recovery of $2,900 per participant.  *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).  Class counsel estimate the maximum recovery for the class is between $122 and $128 million dollars, which is the Plan's total losses assuming Plaintiff's valuation expert's corrections to Alerus's valuation report.  Dkt. No. 395-1 at 20.  Despite this estimate of liability, the parties appear to recognize that there are significant risks posed by further litigation—especially in light of the Court's grant of summary judgment in favor of Defendant SPCP.  *Id.* at 22–23.  The two settlements together represent between 7.0 and 7.3% of the Plan's total losses.  *Id.* at 20.  Given the risks of continued litigation, the proposed settlement amount falls within the range of possible approval.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (a settlement amounting to "only a fraction of the potential recovery" was fair

4

"given the difficulties in proving the case"); *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849 at \*6 (N.D. Cal. Oct. 21, 2021) (preference for settlement "especially true [] given that 'ERISA actions are notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases'" (quoting *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880 at \*7 (E.D. Pa. Aug. 31, 2018))).

Accordingly, the Court finds that the settlement is fair and reasonable for purposes of preliminary approval.

## IV.

Finally, Rule 23(e) requires notice of the settlement to the class to comport with due process.  As the class was certified under Rule 23(b)(1), Dkt. No. 174 at 12, "the court may direct appropriate notice to the class."  Rule 23(c)(2)(A).

Notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).   The revised and consolidated Proposed Notice provided by the parties, Dkt. No. 395-5, contains information on the claims, class, and class members' rights in the administration of the settlement.  Information on how to request a distribution from the settlement will be provided with the notice.  Notice will be sent via email, if available, or first class US mail, Agreement § II.4, and copies of the notice, complaint, relevant motions and orders, the Agreement, Plan of Allocation, and other information will be posted on a settlement website, Agreement § II.9.

The Court finds that the revised Proposed Notice and plan of notice comport with due process requirements.

## V.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for preliminary approval of the class action settlement as follows:

1. The class definition is hereby modified, and the class definition for purposes of this settlement is:  "All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015, through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those

participants' beneficiaries.  Excluded from the class are (a) Defendants in the Action; (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons; and (e) the legal representatives, successors, and assigns of any such excluded persons."

2. The Settlement Agreement, Dkt. No. 395-3, is preliminarily approved.

3. The form and content of and plan to disseminate the consolidated Class Notice by first class U.S. mail or email where available, Dkt. No. 395-5, is approved.

4. The Court previously appointed CPT Group as the Settlement Administrator for the KPC Settlement.  Dkt. No. 391 at 6.  The Court appoints CPT Group to administer this settlement.

5. The Plan of Allocation, Dkt. No. 395-4, is preliminarily approved.

6. Defendant shall ensure compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

7. The Court sets the following schedule for the remaining deadlines and final approval for this settlement and the KPC settlement, *see* Dkt. No. 391 at 6:

| Action | Deadline |
| --- | --- |
| Settlement Administrator to Provide Notice to the Class | December 9, 2022 |
| File Motion for Award of Attorney's Fees, Costs, and Service Award | December 30, 2022 |
| Deadline for Objections | February 7, 2023 |
| File Motion for Final Approval | February 24, 2023 |
| Fairness Hearing | March 10, 2023 |

Any member of the class who wishes to object to or be heard on this and/or the KPC Settlement shall submit their objection or intent to be appear by the date indicated above.  The objection should comply with the requirements

6

described in the Class Notice, Dkt. No. 395-5.  The Settlement Administrator or Class Counsel shall file all objections with the Court.

IT IS SO ORDERED.

Date: November 18, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge