JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO,<br><br>   Plaintiffs,<br><br>v.<br><br>KPC HEALTHCARE HOLDINGS, INC. et al.,<br><br>   Defendants. | Case No5:20-cv-01126-SB-SHK<br><br>FINAL JUDGMENT |

Pursuant to the Court's order granting in part Plaintiff's motions for final approval of the class action settlement, for attorneys' fees and costs, and for a class representative service award, Dkt. Nos. 403, 404, 405, 414, final judgment is hereby ordered as follows:

- The Court has personal jurisdiction over Plaintiff, Defendant Alerus Financial, N.A. (Alerus) and Defendants KPC Healthcare Holdings, Inc., KPC Healthcare, Inc. Employee Stock Ownership Plan Committee, Kali Pradip Chaudhuri, Kali Priyo Chaudhuri, Amelia Hippert, William E. Thomas, Lori van Arsdale (together, the KPC Defendants) and members of the Class pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, including but not limited to jurisdiction to finally approve the proposed settlement, which includes both the settlement with Alerus and with the KPC Defendants.

- The class is finally certified as: All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015, through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries.

- Excluded from the class are (a) Defendants in the Action; (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons; and (e) the legal representatives, successors, and assigns of any such excluded persons.

- Pursuant to Rule 23(a)(4) and 23(g), the Court confirms its prior appointment of Plaintiff Danielle Gamino as Class Representative and R. Joseph Barton, Daniel Feinberg, and Richard Donahoo as Class Counsel. The Court finds that the Class Representatives and Class Counsel have fully and adequately represented the interests of the Class for purposes of entering into and implementing the settlement agreements and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- The Court finds the notice sent to the class members complies with the requirements of Rule 23 and due process.

- The Court finds the settlements with Alerus and the KPC Defendants fair, reasonable, and adequate. The Court finally approves the settlements and the plans of allocation.

- Plaintiff, Class Counsel, Alerus, and the Settlement Administrator are hereby directed to implement and consummate the Alerus Settlement Agreement according to its terms and provisions.

- Plaintiff, Class Counsel, the KPC Defendants, and the Settlement Administrator are hereby directed to implement and consummate the KPC Settlement Agreement according to its terms and provisions.

- The Court OVERRULES the objection of Class Member Victoria Gonzalez.

- Class Counsel is AWARDED $2,700,000 in attorneys' fees from the settlement fund.

- Class Counsel is AWARDED $664,715.96 in costs.

- CPT Group, Inc., the settlement administrator, is AWARDED up to $13,000 for administration of the settlement.

- Class Representative Danielle Gamino is AWARDED a $10,000 service award.

- The releases contained in the settlement agreements are expressly incorporated herein in all respects. The Court acknowledges and finds:

- **Release of KPC Defendants by Plaintiff and the Class.** Plaintiff and the Class are deemed conclusively to have released and waived any and all Settled Class Claims[1] against the Released Parties as provided in the KPC Settlement Agreement. Plaintiff and the Class are barred and permanently enjoined from prosecuting any and all Settled Claims, as provided in the KPC Settlement Agreement, against any Party for whom they have released claims. Class Members are barred from asserting any claims against the KPC Defendants or KPC Releasees arising out of the allocation of the Net Settlement Amount calculated by the Settlement Administrator or based on actions by KPC Defendants or KPC Releasees that were consistent with the Plan of Allocation, the Settlement Agreement, the applicable plan (ESOP or 401k Plan), an order of the Court, or the direction of the Settlement Administrator or Class Counsel.

- **Release of Plaintiff by KPC Defendants.** KPC Defendants and the KPC Releasees are deemed to have forever released and covenanted not to sue Plaintiff, each Class Member, Class Counsel and Plaintiff's Counsel from (a) each and every claim that could have been asserted in the Action related to the filing of the Action including any claims for attorneys' fees, costs, expenses or sanctions, that relate to the filing, commencement, prosecution or settlement of the Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise; and (b) any claims challenging the correctness of any Class Member's accounts/benefits.

- **Release of Alerus by Plaintiff.** Plaintiff and the Class are deemed conclusively to have released and waived any and all Settled Class Claims against the Released Parties as provided in the Alerus Settlement Agreement. Plaintiff and the Class are barred and permanently enjoined from prosecuting any and all Settled Claims, as provided in the Alerus Settlement Agreement, against any Party for whom they have released claims. Class Members are barred from asserting any claims against Alerus or Alerus Releasees arising out of the allocation of the Net Settlement Amount calculated by the Settlement Administrator or based on actions by Alerus or Alerus Releasees that were consistent with the

---

[1] Capitalized terms herein have the meanings afforded them by the Class Action Settlement Agreement between Plaintiff and Alerus dated October 6, 2022, Dkt. No. 395-3, and the Class Action Settlement Agreement between Plaintiff and the KPC Defendants dated July 22, 2022, Dkt. No. 322-3, as applicable, unless otherwise defined herein.

> Plan of Allocation, the Alerus Settlement Agreement, the applicable plan (ESOP or 401k Plan), an order of the Court, or the direction of the Settlement Administrator or Class Counsel.
>
> - **Class Data Challenge Bar.** Alerus and the ESOP are barred and permanently enjoined from asserting any claim on behalf of the ESOP challenging the correctness of any of the Class Data provided by the KPC Defendants for purposes of the Alerus Settlement Agreement or challenging the prior distributions to Class Members resulting from the 2015 Transaction or an allocation to any of the Class Members' ESOP accounts, except to the extent that a Class Member challenged the Class Data as part of this settlement and a contrary determination was made.
>
> - **Release of KPC Releasees by the ESOP.** The ESOP, by and through the Independent Fiduciary, will forever release and covenant not to sue KPC Releasees from the Released Claims.
>
> - **Release of Alerus by the ESOP.** The ESOP, by and through the Independent Fiduciary, will forever release and covenant not to sue Alerus from the Released Claims.

- The Court hereby ORDERS the ESOP to make distributions to Class Members consistent with the settlement agreements. To the extent it is necessary to make a distribution to Class Members through the 401(k) Plan, the Court ORDERS Defendant KPC Healthcare Holdings, Inc. to cause the 401(k) Plan to make distributions to such Class Members consistent with the settlement agreements.

- The Court has jurisdiction to enter this Final Judgment. Without affecting the finality of judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) enforcement, interpretation and implementation of the Settlement Agreements or the Plans of Allocation; (b) disposition of the Settlement Fund; (c) the payment and division of attorneys' fees and reimbursement of expenses, and (d) administration of the Settlement Fund, and (e) enforcement of any order of this Court

The case is hereby DISMISSED in its entirety with prejudice. The settling parties are ordered to carry out the settlements as provided in the settlement agreements.

      This is a final judgment and the clerk is directed to close this case.  Any motion for attorney's fees or expenses by SPCP Group, LLC shall be filed no later than **10 days** after entry of this judgment.  Fed. R. Civ. P. 54(d)(2)(B).

      IT IS SO ORDERED.

Date: March 11, 2023

                                            Stanley Blumenfeld, Jr.
                                        United States District Judge