R. Joseph Barton (SBN 212340)
BARTON & DOWNES LLP
1633 Connecticut Ave. NW, Suite 200
Washington, DC 20009
Tel: (202) 734-5458
Email: jbarton@bartondownes.com

*Attorney for Plaintiff and the Class*
*Additional Counsel Listed Below*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, <br><br>     *Plaintiff*, <br><br> v. <br><br> KPC HEALTHCARE HOLDINGS, INC., *et al.*, <br><br>     *Defendants*, <br><br> and <br><br> KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, <br><br>     *Nominal Defendant* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 5:20-cv-01126-SB-SHK
[Consolidated with Case No.: 5:21-cv-01466-SB-SHK]

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT SPCP GROUP, LLC**

Date: July 7, 2023
Time: 8:30 a.m.
Courtroom: 6C

7

## TABLE OF CONTENTS

Introduction ................................................................................................12

BACKGROUND ........................................................................................12

    I.    The Original Litigation..................................................................13

    II.   The Litigation Against SPCP ........................................................13

    III.  The Settlements ............................................................................14

Argument....................................................................................................15

    I.    The Settlement is the Result of Serious, Informed, and
Non-collusive Negotiations..........................................................16

    II.   The Settlement Has No Obvious Deficiencies And Does Nor
Provide for Unduly Preferential Treatment to Plaintiff or Any
Segment of the Class ....................................................................17

    III.  The Settlement Provides Significant Benefits to the Class and is
Within the Range of Reasonableness............................................19

    IV.  The Proposed Plan of Allocation Should be Preliminarily
Approved. .....................................................................................23

    V.   The Court Should Modify the Class Definition. ............................24

    VI.  The Proposed Class Notice and Plan of Notice are Appropriate........25

Conclusion .................................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ...............................................................................18

*Casey v. Dr.'s Best, Inc.*,
No. 820CV01325JLSJDE, 2022 WL 1726080 (C.D. Cal. Feb. 28, 2022) ..................................................................................................................21

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ..........................................................................15

*Cohen v. Resolution Tr. Corp.*,
61 F.3d 725 (9th Cir. 1995) .................................................................................18

*Colesberry v. Ruiz Food Prods. Inc.*,
No. CV F04-5516, 2006 WL 1875444 (E.D. Cal. June 30, 2006) ....................16

*Cunningham v. Wawa, Inc.*,
No. CV 18-3355, 2021 WL 1626482 (E.D. Pa. Apr. 21, 2021) ........................23

*Ebarle v. Lifelock, Inc.*,
No. 15-CV-00258-HSG, 2016 WL 234364 (N.D. Cal. Jan. 20, 2016) ..............................................................................................................16

*Gamino v. KPC Healthcare Holding, Inc.*,
No. 5:20-CV-01126-SB-SHK, 2022 WL 16963528 (C.D. Cal. Sept. 28, 2022) ..........................................................................................*passim*

*Gamino v. SPCP Grp., LLC*,
No. 5:21-CV-01466-SB-SHK, 2022 WL 336469 (C.D. Cal. Feb. 2, 2022) ......................................................................................................13, 19, 20

*Grant v. Cap. Mgmt. Servs., L.P.*,
No. 10-CV-2471-WQH BGS, 2013 WL 6499698 (S.D. Cal. Dec. 11, 2013) .............................................................................................................17

*Guidry v. Wilmington Tr.*,
333 F.R.D. 324 (D. Del. 2019) ...........................................................................24

*Hesse v. Sprint Corp.*,
   598 F.3d 581 (9th Cir. 2010) ........................................................................19

*Hester v. Vision Airlines, Inc.*,
   No. 2:09-CV-00117-RLH-NJK, 2014 WL 1366550 (D. Nev. Apr.
   7, 2014) ........................................................................................................17

*Howell v. Advantage RN, LLC*,
   401 F.Supp.3d 1078 (S.D. Cal. 2019) ..........................................................24

*Kaplan v. Houlihan Smith & Co.*,
   No. 12 C 5134, 2014 WL 2808801 (N.D. Ill. June 20, 2014) ........................23

*Kaupelis v. Harbor Freight Tools USA. Inc.*,
   No. SACV191203JVSDFMX, 2022 WL 2288895 (C.D. Cal. Jan.
   12, 2022) ......................................................................................................26

*Knutson v. Schwan's Home Serv., Inc.*,
   No. 3:12-CV-00964-GPC-DHB, 2014 WL 3519064 (S.D. Cal. July
   14, 2014) ......................................................................................................17

*Lima v. Gateway, Inc.*,
   No. SACV091366DMGMLGX, 2014 WL 12634889 (C.D. Cal.
   Nov. 7, 2014) ...............................................................................................26

*Marin v. Gen. Assembly Space, Inc.*,
   No. CV 17-05449, 2018 WL 4999955 (C.D. Cal. July 31, 2018) ...................19

*Marshall v. Northrop Grumman Corp.*,
   469 F.Supp.3d 942 (C.D. Cal. 2020) ............................................................19

*Ontiveros v. Zamora*,
   Civ. No. 2:08-567 WBS DAD, 2014 WL 3057506 (E.D. Cal. July
   7, 2014) ........................................................................................................16

*Sampson v. Knight Transp., Inc.*,
   C17-0028-JCC, 2021 WL 2255129 (W.D. Wash. June 3, 2021) ..................24

*Santos v. Camacho*,
   No. CIV. 04-00006, 2008 WL 8602098 (D. Guam Apr. 23, 2008) ...............18

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................................................21

10

*Stone v. Howard Johnson Int'l, Inc.*,
No. 12CV01684PSGMANX, 2015 WL 13648551 (C.D. Cal. June 15, 2015) ...........................................................................................26

*W. v. Circle K Stores, Inc.*,
No. CIV S-04-0438, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .................16

**Statutes**

ERISA § 502, 29 U.S.C. § 1132 ............................................................................19

**Other Authorities**

Fed. R. Civ. P. 23 ...............................................................................15, 24, 25

*Manual for Complex Litigation* (4th ed. 2004).................................................15, 25

William B. Rubenstein, *et al*., *Newberg on Class Actions* (5th ed. 2013) ...........................................................................................15, 17

## INTRODUCTION

Plaintiff seeks preliminary approval of the settlement reached in this case by Plaintiff (on behalf of the Class) with the last remaining Defendant, SPCP Group, LLC ("SPCP"). Pursuant to the Settlement, SPCP has agreed to pay $100,000 into a Settlement Fund, which after deduction of only additional expenses that were not reimbursed from other settlements – but not any attorneys' fees – will be allocated to the Class. In exchange, the Class will dismiss with prejudice and release claims asserted in the First Amended Complaint (ECF No. 179) ("FAC") against SPCP. The release by the Class is limited to claims relating to or arising out of the allegations of the FAC or the same factual predicate. In addition, Plaintiff will withdraw her currently pending appeal of this Court's order granting summary judgment to SPCP and SPCP will withdraw and release its claims for attorneys' fees and costs. This Settlement represents a fair, reasonable, and adequate result for the Class given the uncertainty of establishing both liability and the amount of monetary relief against SPCP —and the partial compensation for the Plan's losses from the settlements with both Alerus Financial, N.A. ("Alerus") and the KPC Defendants1— and the possibility that an award of attorneys' fees or costs could potentially reduce the value of the prior settlements. Thus, the Court should preliminarily approve this settlement, authorize notice to the Class, and schedule a final fairness hearing.

## BACKGROUND

This case arose out of a complex August 28, 2015 transaction ("2015 Transaction") in which the KPC Healthcare, Inc. Employee Stock Ownership Plan KPC Healthcare Holdings, Inc. (the "ESOP") purchased KPC Healthcare, Inc. for approximately $270 million. ECF No. 1. Plaintiff Gamino, a former employee of

---

[1] The KPC Defendants consist of all Defendants except SPCP and Alerus.

KPC and an ESOP participant, has sought to recover for all ESOP participants as a result of Defendants' fiduciary breaches and violations. *Id*.

## I.    The Original Litigation

The original complaint was filed only against the ESOP fiduciaries (i.e., the KPC Defendants and Alerus) because Plaintiff (to whom SPCP's involvement was never disclosed during her employment) and Class Counsel were unaware of SPCP's involvement in the 2015 Transaction. ECF No. 431-1 at ¶ 2. Only after the KPC Defendants and Alerus began producing documents in the Spring of 2021 did Class Counsel learn about SPCP's involvement in the 2015 Transaction. *Id.* After Class Counsel learned of SPCP's involvement and evaluated potential claims against SPCP, Plaintiff sought to add SPCP as a defendant. ECF No. 174 at 3. Based on arguments by the KPC Defendants and Alerus, the Court denied Plaintiff's motion. *Id*.

## II.    The Litigation Against SPCP

After Plaintiff filed a separate case against SPCP, the Court consolidated the cases over SPCP's opposition. ECF Nos. 18, 38 & 49 in No. 21-cv-01466. SPCP also moved to dismiss including based on arguments about insufficient allegations that SPCP knowingly participated in the 2015 Transaction. ECF No. 33 at 17-21 in No. 21-cv-01466. In denying SPCP's motion, this Court held the Complaint adequately alleged that SPCP had knowledge that the transaction at issue was "imprudent" or the amount it "received were unreasonable." *Gamino v. SPCP Grp., LLC,* No. 5:21-CV-01466-SB-SHK, 2022 WL 336469, at *4 (C.D. Cal. Feb. 2, 2022) (*"Gamino I")*. Plaintiff sought class certification, which the Court granted over SPCP's opposition. ECF No. 243. Class Counsel pursued discovery on the claim against SPCP, including document requests, interrogatories, requests for admission, and the deposition of the primary person at SPCP involved in the 2015 Transaction. ECF No. 431-1 at ¶ 3. Class Counsel obtained discovery of financial

13

records and other materials necessary to trace the proceeds SPCP had received from the 2015 Transaction and engaged an expert forensic accountant to assist in that process. *Id*.

SPCP moved for summary judgment, ECF No. 296, which the Court granted. ECF No. 338 at 16. Following final approval of the settlements reached between the Class and the other Defendants, SPCP sought its costs and attorneys' fees from Class Counsel and/or the Class's Settlement Fund. ECF Nos. 420, 421 422. Plaintiff timely appealed from the Court's order granting summary judgment to SPCP following entry of final judgment. ECF No. 427. The Clerk of Court awarded costs to SPCP in the amount of $28,796.40. ECF No. 435.

**III.    The Settlements**

Plaintiff entered into settlements with the KPC Defendants on July 25, 2022 and with Alerus on October 7, 2022. ECF No. 322-3; ECF No. 395-3. The Court preliminarily approved those settlement agreements on September 28 and November 18, 2022. ECF No. 391; ECF No. 399. Following notice to the Class and a fairness hearing, the Court granted final approval of both settlements, which generated a collective $9 million Settlement Fund for the benefit of the Class. ECF No. 418 at 6.

The terms of the proposed Settlement with SPCP are set forth in the Settlement Agreement. Barton Decl. Ex. 1 ("Agmt."). In short, the Settlement Agreement provides for a payment of $100,000 into an Escrow Account. *Id*. § III.1. The only amounts to be deducted from this amount, subject to approval by the Court will be expenses for settlement administration, one-half of the expenses to comply with the Class Action Fairness Act ("CAFA") and expenses incurred by Class Counsel that were incurred after the prior settlements. *Id*. §§ IV.1 & X.2. Class Counsel will not seek any attorneys' fees out of this Settlement or an additional service award for Plaintiff. *Id*. § IV.2. Class Counsel's proposed Plan of

14

Allocation is essentially the same as that previously approved by the Court in connection with the other settlements. Barton Decl. Ex. 2. The Settlement contemplates that payments will be made to the Class through the ESOP. Agmt. § IV.5, In exchange, the Class will dismiss the claims asserted in the FAC against SPCP with prejudice, dismiss its appeal and release SPCP from any and all claims that the Class alleged in the Complaint and that arise from the same factual predicate. *Id*. § XII.1(a).  SPCP also agrees to release its claims for attorneys' fees and costs. *Id.* § XII.1(c)-(d).

## ARGUMENT

The Ninth Circuit has held that there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (citations omitted). To protect the interests of the class, a class action cannot be settled without court approval. Fed. R. Civ. P. 23. The request for preliminary approval only requires an "initial evaluation" of the fairness of the proposed settlement. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The purpose of preliminary approval is to determine "whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a fairness hearing." William B. Rubenstein, *et al*., *Newberg on Class Actions* § 13:10 (5th ed. 2013). "At the preliminary stage, there is an 'initial presumption of fairness,' and a court may grant preliminary approval if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Gamino v. KPC Healthcare Holding, Inc.*, No. 5:20-CV-01126-SB-SHK, 2022 WL 16963528, at *2 (C.D. Cal. Sept. 28, 2022) ("*Gamino II*") (quoting *In re Tableware Antitrust Litig.*, 484

15

F.Supp.2d 1078, 1079 (N.D. Cal. 2007)). The proposed Settlement satisfies the requirements for preliminary approval.

**I.      The Settlement is the Result of Serious, Informed, and Non-collusive Negotiations.**

The first factor is met where the settlement "appears to be … the product of informed, vigorous, arms-length bargaining." *Ontiveros v. Zamora,* Civ. No. 2:08-567 WBS DAD, 2014 WL 3057506, at *14 (E.D. Cal. July 7, 2014); *Colesberry v. Ruiz Food Prods. Inc.*, No. CV F04-5516, 2006 WL 1875444, at *6 (E.D. Cal. June 30, 2006) (granting preliminarily approval of ESOP settlement where everything "indicates th[e] settlement is the product of arm's length negotiations and there is no indication Plaintiffs or their attorneys have been improperly influenced by Defendants"); *Ebarle v. Lifelock, Inc*., No. 15-CV-00258-HSG, 2016 WL 234364, at *6 (N.D. Cal. Jan. 20, 2016) ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arms' length bargaining.") (cleaned up). The fact that experienced counsel has been actively engaged in the litigation and has diligently pursued the necessary discovery evidences the non-collusive nature of the settlement. *W. v. Circle K Stores, Inc.,* No. CIV S-04-0438, 2006 WL 1652598, at *11 (E.D. Cal. June 13, 2006).

As this Court recognized in preliminarily approving the settlement with Alerus, "Plaintiff has conducted and evaluated substantial discovery in this case." Plaintiff has conducted and evaluated substantial discovery in this case to date." *Gamino II*, 2022 WL 16963528, at *2. Class Counsel sought and obtained more than 240,000 pages of documents from Defendants and 14 non-parties. ECF No. 322-2 at ¶ 3. On at least ten occasions, Plaintiff had to bring discovery disputes to the attention of the Magistrate Judge through his pre-motion conference procedure. *Id*. Class Counsel also took seventeen depositions at locations across the country

16

prior to reaching the Settlement. ECF No. 395-1 at ¶ 2. Class Counsel's review of the extensive discovery was supplemented with the assistance of two outside experts: an expert on business valuation and a forensic accountant. ECF No. 322-2 at ¶ 3. The latter reviewed voluminous financial documents in an effort to trace the proceeds of the 2015 Transaction still in SPCP's possession. Barton Decl. ¶ 2.

The opinion of experienced plaintiffs' advocates and class action lawyers is to be considered on preliminary approval. *Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-CV-00964-GPC-DHB, 2014 WL 3519064, at *3 (S.D. Cal. July 14, 2014); *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH-NJK, 2014 WL 1366550, at *5 (D. Nev. Apr. 7, 2014). As this Court previously recognized, "Plaintiff's counsel all have extensive expertise in class action litigation, particularly with regards to ERISA and ESOPs." ECF No. 174 at 8.

In short, the settlement with SPCP is the product of extensive arms-length negotiations conducted by informed and experienced counsel after more than two years of hard-fought litigation, extensive discovery, zealous advocacy, and vigorous arms-length bargaining.

**II.    The Settlement Has No Obvious Deficiencies And Does Nor Provide for Unduly Preferential Treatment to Plaintiff or Any Segment of the Class**

The second and third factors are whether the agreement has any "obvious deficiencies" or displays any unduly "preferential treatment of class representatives or segments of the class," or excessive compensation of attorneys. *Gamino II,* 2022 WL 16963528, at *2; *Grant v. Cap. Mgmt. Servs., L.P.*, No. 10-CV-2471-WQH BGS, 2013 WL 6499698, at *5 (S.D. Cal. Dec. 11, 2013); *Newberg on Class Actions* § 11:25 (4th ed. 2010). The Ninth Circuit has advised courts to be concerned (a) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (b) "when the parties negotiate a 'clear sailing' arrangement

17

providing for the payment of attorneys" fees separate and apart from class funds, which carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class'"; and (c) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Such signs do not necessarily mean that a settlement is improper, but only that it is supported by an explanation of why the fee is justified and does not betray the class's interests. *Id*. at 949.

The Settlement does not unduly favor the Class Representative or segments of the Class. As the Ninth Circuit has recognized, "[a] class action settlement need not necessarily treat all class members equally." *Cohen v. Resolution Tr. Corp*., 61 F.3d 725, 728 (9th Cir. 1995), *vacated on other grounds*, 72 F.3d 686 (9th Cir. 1996). Differential treatment is appropriate when it is "rationally based on legitimate considerations." *Id.* In a case in which a subgroup of the class is treated differently, the court must ensure that the settlement is "fair, reasonable and adequate to *all* concerned." *Id.* (emphasis added). Where the disparate treatment is rationally based on legitimate considerations and there was no indication of any collusion against them, the settlement may be approved. *See id.* at 727, 728 (approving such a settlement); *see also Santos v. Camacho,* No. CIV. 04-00006, 2008 WL 8602098, at *10 (D. Guam Apr. 23, 2008), *aff'd sub nom. Simpao v. Gov't of Guam,* 369 F. App'x 837 (9th Cir. 2010). The Settlement Agreement itself does not differentiate between members of the Class.

The Settlement Agreement does not contain any obvious deficiencies. Class Counsel will not seek any further attorneys' fees and will only seek expenses for settlement administration and other litigation expenses incurred after the prior settlements, but otherwise neither Class Counsel nor Plaintiff will seek any monies from the Settlement Fund. Consistent with the requirements of the Ninth Circuit,

18

the only claims that will be released are only those "where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.,* 517 F.3d 1120, 1133 (9th Cir. 2008)). "Put another way, a release of claims that 'go beyond the scope of the allegations in the operative complaint' is impermissible." *Marshall v. Northrop Grumman Corp*., 469 F.Supp.3d 942, 948–49 (C.D. Cal. 2020). Here, the claims to be released by the Class are those based on the same factual predicate as those alleged in the Complaint against SPCP. Agmt. § XII.1(a). Additionally, the Settlement obtains releases by SPCP against the Class and eliminates the risk that any attorneys' fees or costs will reduce the amount of the prior settlements. *Id.* § XII.1(c)-(d).

**III.    The Settlement Provides Significant Benefits to the Class and is Within the Range of Reasonableness.**

As to the final factor, "[t]o determine whether the settlement amount is adequate, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Gamino II*, 2022 WL 16963528 at *3 (quoting *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007)). "The Court need not 'specifically weigh[ ] the merits of the class's case against the settlement amount and quantif[y] the expected value of fully litigating the matter.'" *Marin v. Gen. Assembly Space, Inc.*, No. CV 17-05449, 2018 WL 4999955, at *9 (C.D. Cal. July 31, 2018) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)) (alterations in original).

Here, the Settlement Agreement provides that SPCP will pay $100,000.00 into a Settlement Fund. Agmt. § III.1. As SPCP was not a fiduciary of the KPC ESOP, the claims against SPCP were brought exclusively under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *Gamino I*, 2022 WL 336469, at *4. For equitable relief against a non-fiduciary to be "appropriate" under § 502(a)(3), a

19

plaintiff must identify and seek to recover a "specific fund to which they are entitled." *Id.* As a result of the equitable character of the claims against SPCP, Plaintiff and the Class could only recover funds or other things of value from SPCP that are traceable to the proceeds of the 2015 Transaction or profits thereon. *See* ECF No. 296-1 at 45-47. Here, Plaintiff identified four funds each obtained by SPCP in consideration for its then-existing warrants from which Plaintiff could recover. *Gamino I*, 2022 WL 336469, at *4. Specifically, SPCP received (a) $18.8 million in cash, (b) a promissory note in the original principal amount of $26,946,000, (c) a warrant to purchase 762,592 share so KPC stock at an exercise price of $2.50 per share and (d) 10.2% of any net payments received by KPC (or its subsidiaries) under California's hospital quality assurance fee (QAF) program based on services provided from January 1, 2017 to December 31, 2024. First Amended Complaint (ECF No. 21 in 5:21-cv-01466 (C.D. Cal)).

As to the cash consideration, at the time that Plaintiff's expert forensic accountant disclosed his report on May 27, 2022, Plaintiff's expert was only able to identify $1,015,898.63 in proceeds traceable to the cash consideration in SPCP's possession. Barton Decl. ¶ 2. And SPCP disputed whether most or any of it was in fact traceable. *Id.* As Plaintiff's expert analysis is now a year old, there is even significant uncertainty regarding whether the funds identified by Plaintiff's expert may by this point have been dissipated. *Id*.

As to the notes and warrants, based on the information disclosed about the sale of the KPC stock by the ESOP in 2021 (and assuming that transaction was for adequate consideration), those notes and warrants appear to have little present value. Barton Decl. ¶ 3.

Finally, the QAF rights – assuming they have been paid notwithstanding KPC's financial distress – expire next year, well before any realistic trial date even if Plaintiff were successful in her appeal at the Ninth Circuit. *Id*. Even if the Class

20

were successful on appeal, it could thus face a situation where there would no longer be any equitable relief of value available to it.

In Class Counsel's estimation, the passage of time and dissipation of the proceeds significantly reduced the amount that could be recovered for the Class. And the likelihood of continued dissipation presents a further concern. Based on the information known about the funds that are and would be able to Plaintiff and the Class after a trial (assuming a successful appeal and trial decision), the $100,000 appears to represent 9.8%[2] of the amount that could be recovered for the Class at trial (assuming that the $1,015,89 remained traceable by the time of trial).

Of course, this Court has previously approved settlements with the KPC Defendants and Alerus for $9 million, which must be considered in evaluating the proposed settlement with SPCP. *See Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quotation and citation omitted) ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness"). While the Settlement with SPCP represents a modest increase to the aggregate amount of these settlements, the reasonableness of the settlement with SPCP should be considered against the backdrop of the aggregate result in this case: $9.1 million for the Class, which will be paid out to the class in a manner that will preserve the tax-advantaged treatment of the Class's ESOP benefits. Agmt. § III.1.

Class Counsel recognizes and acknowledges the expense, risk, and length of continued proceedings necessary to prosecute the litigation against SPCP through appeal and trial. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Casey v. Dr.'s Best, Inc.*, No. 820CV01325JLSJDE, 2022 WL

---

[2] Based on $100,000 divided by $1,015,898.

21

1726080, at *8 (C.D. Cal. Feb. 28, 2022) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004)). This is "especially true here given that 'ERISA actions are notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases.'" *Gamino II*, 2022 WL 16963528, at *3 (citing *Foster v. Adams & Assocs., Inc.*, No. 18-CV-02723-JSC, 2021 WL 4924849, at *6 (N.D. Cal. Oct. 21, 2021) and *Pfeifer v. Wawa, Inc.*, No. CV16-497, 2018 WL 4203880, at *7 (E.D. Pa. Aug. 31, 2018)). Continued litigation would have been fraught with risks, including the risk that the Class would recover nothing on the claim against SPCP.

These risks were particularly salient as this Court had previously entered summary judgment for SPCP. ECF No 338. As overturning a judgment is always difficult, Plaintiff faced risk on appeal and then the risk of whether Plaintiff would succeed at trial (assuming a successful appeal) and the risk of whether that judgment would be upheld on appeal. Even if Plaintiff had succeeded on appeal and succeeded at trial, Plaintiff might achieve a Pyrrhic victory for the Class – in which Plaintiff proved all the elements of a knowing participation claim, but there were no recoverable assets.

Moreover, the Class faced a concrete and imminent risk: SPCP had sought its litigation expenses and attorneys' fees from the Settlement Fund. ECF Nos. 420, 421 422. An award could have reduced the proceeds from the settlements with the KPC Defendants and Alerus by more than $625,000. *Id*. Class Counsel's informed, strategic calculation was that the benefits of achieving immediate and substantial relief for the Class by settling the claim against SPCP outweighed the benefits of continuing to litigate this claim, particularly in light of the risks signaled by the Court's summary judgment order, the risks to the Settlement Fund already achieved for the benefit of the Class, and the substantial possibility that there might

be no relief whatsoever available to the Class following further, protracted litigation if SPCP further dissipated the proceeds of the 2015 ESOP Transaction.

**IV.     The Proposed Plan of Allocation Should be Preliminarily Approved.**

Class Counsel's proposed Plan of Allocation is substantially the same as the proposed Plan of Allocation that the Court approved for the settlements with the KPC Defendants and Alerus. *Compare Gamino II,* 2022 WL 16963528, at *1 *with* Barton Decl. Ex. 2. It provides that each claimant will be allocated a pro rata share of the fund based on the number of vested and unvested shares of KPC stock in her ESOP account as of August 31, 2021, or if she terminated employment prior to that date, the number of vested shares in her account at the time of her termination and any unvested shares she held that vested on plan termination. *Id.* The Plan of Allocation does not include unvested shares that were previously forfeited or shares that will be distributed to current employees from the ESOP's suspense account because KPC forgave the loan it provided to the ESOP. *Id.* Differences in the amounts to be received by Class members are a function of differences in the underlying losses suffered by Class members in connection with the 2015 ESOP Transaction. ECF No. 361 at 7-10 (explaining justification for structure of plan of allocation in light of termination of KPC ESOP). For the same reasons, the substantially similar Plan of Allocation previously approved by the Court as fair, adequate, and reasonable is fair, adequate, and reasonable here. *See Gamino II*, 2022 WL 16963528, at *1; *see also Kaplan v. Houlihan Smith & Co.*, No. 12 C 5134, 2014 WL 2808801, *3 (N.D. Ill. June 20, 2014) (approving plan of allocation where "[t]he way the settlement proceeds will be divided among the class members" is that "[t]he settlement amount (after fees and expenses) will be divided pro rata, based on the number of shares each class member held in his/her ESOP account on [a specified date]."); *Cunningham v. Wawa, Inc.*, No. CV 18-3355, 2021 WL 1626482, at *6 (E.D. Pa. Apr. 21, 2021) (holding plan of

allocation in ESOP case fair, adequate, and reasonable where it distributed settlement funds pro rata based on number of shares previously held by class members).

## V.  The Court Should Modify the Class Definition.

The Court previously certified a Class consisting of "All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015 or any time thereafter (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries," subject to certain standard exclusions to prevent conflicts of interest. ECF No. 243. While an open-ended class period made sense while the litigation was ongoing, courts generally agree that it is appropriate to fix an end-date to the class period to effect class settlements. *Sampson v. Knight Transp., Inc.*, C17-0028-JCC, 2021 WL 2255129, at *2-3 (W.D. Wash. June 3, 2021) (surveying law and setting an end date as of the court's order); *Guidry v. Wilmington Tr.*, 333 F.R.D. 324, 329 (D. Del. 2019) (collecting cases and setting end date based on interests of "fairness and efficiency"). This Court previously modified the Class definition with respect to the claims against the KPC Defendants and Alerus in precisely this way. ECF No. 391 at 5-6. The Class definition should be similarly modified as to the claims against SPCP.

This modification will "not alter the reasoning underlying the Court's prior Order granting class certification." *Gamino II,* 2022 WL 16963528, at *2. "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *Sampson*, 2021 WL 2255129, at *2 ("the district court retains flexibility and is free to modify a class definition in light of developments during the course of litigation"); *Howell v. Advantage RN, LLC*, 401 F.Supp.3d 1078, 1085 (S.D. Cal. 2019) (courts retain discretion to modify the class definition "in light of subsequent developments in the litigation"). Without an end date, participants would continue to enter the Plan (and thus the Class) even

after notice had been given and allocations calculated. This would make administration of the Settlement impractical and give rise to due process concerns, as participants joining the Plan after the distribution of class notice would be class members, would be providing a release of claims, but would not receive notice.

Here, the amended Class definition should consist of "All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015, through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries," with the same exclusions in the existing Class definition to prevent conflicts of interest. No ESOP participants accrued ESOP shares after August 31, 2021, so the proposed end date for the Class is consistent with the Plan termination.

**VI.    The Proposed Class Notice and Plan of Notice are Appropriate.**

Rule 23(e) requires that the court to direct notice in a reasonable manner to all Class Members who would be bound by the settlement. *Gamino II,* 2022 WL 16963528*, at *3. A proper notice should "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B); *Manual for Complex Litigation*, *supra*, § 21.312; *see Moreno*, 2021 WL 1717081, at *4 (approving notice containing this information). Here, the proposed notice to the Class provides information on all of these subjects and informs Class Members about their rights under the Settlement as well as their right to be heard at the final fairness hearing. *See* Barton Decl. Ex. 3.

Notice will be provided using the same data previously used to provide notice of the prior settlements. The members of the Class will receive notice by

25

email if KPC had a record of the Class member's email or, if no such record is available, by U.S. Mail. Agmt. § II.4. The Court approved the same plan of notice with respect to the settlement with the KPC Defendants and Alerus, *Gamino II,* 2022 WL 16963528, at *3. Courts in this District have approved similar notice plans. *Kaupelis v. Harbor Freight Tools USA. Inc.*, No. SACV191203JVSDFMX, 2022 WL 2288895, at *3 (C.D. Cal. Jan. 12, 2022); *Stone v. Howard Johnson Int'l, Inc.*, No. 12CV01684PSGMANX, 2015 WL 13648551, at *2 (C.D. Cal. June 15, 2015); *Lima v. Gateway, Inc.*, No. SACV091366DMGMLGX, 2014 WL 12634889, at *3 (C.D. Cal. Nov. 7, 2014). Publication notice is not necessary in this case, because data identifies the names and addresses of all participants in the ESOP. ECF No. 322-2 ¶ 7. Class Counsel will also cause the Settlement Administrator to post copies of the Class Notice, Settlement Agreement, and other important documents to a settlement website to be established for that purpose. Agmt. § II.8.

The Court previously appointed CPT Group as the Settlement Administrator and therefore it is proposed CPT Group will administer the Settlement with SPCP as it has the settlements with KPC Defendants and the Alerus settlement. Barton Decl. ¶ 7. CPT has provided a bid to provide class notice and settlement administration services for this settlement for $2,500.00. *Id.* at Ex. 4.

### CONCLUSION

For the forgoing reasons, the Court should grant Plaintiff's motion to preliminarily approve the proposed Settlement, approve the proposed Class notice, authorize its distribution to the Class, and set deadlines as set forth in Plaintiff's motion.

DATED:    June 5, 2023              Respectfully submitted,


*/s/ R. Joseph Barton*
R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BARTON & DOWNES LLP
1633 Connecticut Ave, N.W. Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Email: jbarton@bartondownes.com
Email: colin@bartondownes.com

Daniel Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
Darin Ranahan (SBN 273532)
FEINBERG JACKSON WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: darin@feinbergjackson.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

27

Major Khan (admitted *pro hac vice*)
MKLLC LAW
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*Attorneys for Plaintiff and the Class*