# Exhibit 1

R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BARTON & DOWNES LLP
1633 Connecticut Ave NW Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Email: jbarton@bartondownes.com
Email: colin@bartondownes.com

*Counsel for the Plaintiff*
*[additional counsel listed below]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| DANIELLE GAMINO, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| | ) Case No.: 5:20-cv-01126-SB-SHK |
| KPC HEALTHCARE HOLDINGS, INC., *et al.*, | ) ) **CLASS ACTION SETTLEMENT** |
| | ) **AGREEMENT WITH SPCP** |
| *Defendants*, | ) **GROUP LLC** |
| | ) |
| and | ) ) |
| KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN, | ) ) ) ) |
| *Nominal Defendant* | ) ) |

# TABLE OF CONTENTS

RECITALS ................................................................................................................ 2

I.     DEFINITIONS ................................................................................................ 4

II.    CLASS DEFINITION, & CLASS NOTICE ................................................. 10

III.   SETTLEMENT FUND .................................................................................. 12

IV.   DISTRIBUTIONS FROM THE SETTLEMENT FUND .................................. 13

V.    PLAN OF ALLOCATION ............................................................................ 17

VI.   SETTLEMENT ADMINISTRATION .......................................................... 17

VII.  REIMBURSEMENT OF COSTS AND EXPENSES ...................................... 20

VIII. NO ADMISSION OF WRONGDOING .................................................... 21

IX.   APPROVAL OF THE SETTLEMENT ........................................................ 22

X.    NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA") ...................... 25

XI.   CONDITIONS OF SETTLEMENT ............................................................ 26

XII.  RELEASES .................................................................................................. 27

XIII. EFFECT OF TERMINATION ................................................................... 30

XIV. MISCELLANEOUS PROVISIONS ........................................................... 31

**INTRODUCTION**

Subject to approval by the United States District Court for the Central District of California, Eastern Division pursuant to Rule 23, this Class Action Settlement Agreement is made and entered into by and among Plaintiff and Class Representative Danielle Gamino ("Plaintiff"), individually and on behalf of the certified Class (the "Class"), and Defendant SPCP Group LLC ("SPCP"). Plaintiff agrees to settle her claim and those of the Class against SPCP, and SPCP agrees to settle its claim for attorneys' fees and costs against Plaintiff, the Class and Class Counsel subject to the terms and conditions below. All capitalized terms will have the meaning ascribed thereto in Section I of this Agreement.

**RECITALS**

WHEREAS, on June 1, 2020, Plaintiff Danielle Gamino filed a lawsuit, docketed as Case No. 5:20-cv-01126-SB-SHK in the United States District Court for the Central District of California, Eastern Division, asserting claims on behalf of herself and a class of participants and beneficiaries of the ESOP for alleged violations of ERISA (ECF No. 1);

WHEREAS, on July 7, 2021, Plaintiff filed a motion to amend her complaint to add SPCP as a defendant (ECF No. 152), which the Court denied on August 6, 2021 (ECF No. 174);

WHEREAS, on August 27, 2021 Plaintiff filed a complaint against SPCP in a separate action docketed as Case No. 5:21-cv-01466-SB-SHK (ECF No. 1);

WHEREAS, on November 19, 2021, Plaintiff filed a motion to consolidate Case No. 5:21-cv-01466-SB-SHK with Case No. 5:20-cv-01126-SB-SHK (ECF No. 213), which the Court granted on January 21, 2022 (ECF No. 222);

WHEREAS, on November 22, 2021, Plaintiff filed a First Amended Complaint against SPCP (ECF No. 21), in Case No. 5:21-cv-01466-SB-SHK, which is the operative complaint against SPCP;

WHEREAS, on December 9, 2021, Defendant SPCP filed a motion to dismiss the First Amended Complaint (ECF No. 33) in Case No. 5:21-cv-01466-SB-SHK, which the Court denied in its entirety on February 2, 2022 (ECF No. 50);

WHEREAS, April 5, 2022, the Court granted Plaintiff's motion for class certification as to the claim against SPCP and certified that claim on behalf of a class (ECF No. 243);

WHEREAS, as part of discovery the Parties conducted extensive discovery regarding the merits and potential recoveries for Plaintiff's claims against SPCP;

WHEREAS, on August 16, 2022, the Court granted SPCP's Motion for Summary Judgment (ECF No. 338);

WHEREAS, on March 24, 2023, SPCP filed an application to tax costs (ECF No. 420) and filed a motion for attorneys' fees (ECF No. 421), and SPCP clarified (ECF No. 422) it was only seeking fees and costs against the Class and/or Class Counsel;

WHEREAS, on April 10, 2023, Plaintiff filed a Notice of Appeal to the Ninth Circuit as to the order granting SPCP's Motion for Summary Judgment (the "Appeal") (ECF No. 427);

WHEREAS, on April 26, 2023, the Clerk granted SPCP's bill of costs in the amount of $28,796 ("Bill of Costs") (ECF No. 435);

WHEREAS, as a result of the factual investigation, legal research and discovery conducted by Co-Lead Class Counsel concerning the claims asserted in the Action and research regarding SPCP's request for attorneys' fees and costs, Co-Lead Class Counsel have concluded that the terms of this Settlement are fair, reasonable, adequate and in the best interests of both the Class and the ESOP, and have agreed to settle the Action with SPCP on the terms set forth herein;

WHEREAS, SPCP denies the material allegations asserted in the Action; denies any wrongdoing or liability whatsoever; and states that it is entering into the Settlement solely to avoid the cost, disruption, and uncertainty of litigation;

CLASS ACTION SETTLEMENT AGREEMENT

WHEREAS, the Parties desire to promptly and fully resolve and settle with finality all of the claims on the terms set forth herein and subject to the approval of the Court; and

WHEREAS, each of the undersigned counsel represent that their respective clients have been informed of and consent to the provisions set forth below;

NOW, THEREFORE, Plaintiff and SPCP, in consideration of the promises, covenants and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and without any admission or concession as to any matter of fact or law, and intending to be legally bound, do hereby agree as follows:

## I.   DEFINITIONS

As used in this Agreement, the following terms have the following meanings, unless a section or subsection of this Agreement specifically provides otherwise. Capitalized terms used in this Agreement, but not defined in this Section I, will have the meaning ascribed to them elsewhere in this Agreement.

**A.**   "2015 ESOP and Warrant Transactions" means the warrant purchase, warrant redemption, warrant cancellation, and stock purchase transactions that took place on August 28, 2015, through which Defendant Kali Pradip Chaudhuri sold 100% of the stock of KPC Healthcare Holdings, Inc. to the ESOP for $217,574,000.00, and the transaction in which SPCP sold its pre-existing stock warrants to KPC in exchange for (a) $18,810,000 in cash, (b) a promissory note in the original principal amount of $26,946,000, (c) a warrant to purchase 762,592 shares of KPC stock and (d) 10.2% of any net payments received by KPC or its subsidiaries under California's hospital quality assurance fee (QAF) program based on services provided from January 1, 2017 to December 31, 2024.

**B.**   "Action" means the class action pending in this Court styled Danielle Gamino, on behalf of herself individually and on behalf of all other similarly situated, v. KPC Healthcare Holdings, Inc., The Administrative Committee of the

KPC Healthcare, Inc. Employee Stock Ownership Plan, Kali Pradip Chaudhuri, William E. Thomas, Kali Priyo Chaudhuri, Amelia Hippert, and LoriVan Arsdale (collectively, the "KPC Defendants"), Alerus Financial, N.A. ("Alerus"), and SPCP Group LLC ("SPCP"), Case No. 5:20-cv-01126-SB-SHK. The "Action" includes *Gamino v. SPCP Group, LLC*, Case No. 5:21-cv-01466-SB-SHK, which was consolidated with Case No. 5:20-cv-01126-SB-SHK on January 21, 2022.

C.    "Alerus" means Alerus Financial, N.A. which has been the Trustee of the KPC ESOP.

D.    "CAFA Notice" means the form of notice required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715 ("CAFA").

E.    "Cash Settlement Amount" means one hundred thousand dollars ($100,000.00) to be paid by or on behalf of SPCP described in Section III below.

F.    "Class" means "All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015 or any time thereafter through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries. Excluded from the class are (a) Defendants in the Action; (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons; and the legal representatives, successors, and assigns of any such excluded persons."

G.    "Class Counsel" means Co-Lead Class Counsel.

H.    "Class Data" has the meaning set forth in Section II.7 of this Agreement.

I.    "Class Member" means an individual who is a member of the Class. Where applicable, such as with regard to notice and payment provisions of this Settlement Agreement, this term shall apply to either the former employee participants, the beneficiaries of such participants, or an "Alternate Payee" (within

the meaning of IRC § 414(p)) of any of the same, whomever of which is to receive an allocation of the Net Settlement Amount.

**J.** "Class Notice" means the form of notice provided to the Class Members that complies with the requirements of Section II in this Agreement, Rule 23, and as approved by the Court.

**K.** "Class Period" means August 28, 2015 through August 31, 2021, or another end date approved by the Court.

**L.** "Class Representative" means Plaintiff Danielle Gamino.

**M.** "Co-Lead Class Counsel" means R. Joseph Barton of Barton & Downes LLP, Daniel Feinberg of Feinberg, Jackson, Worthman & Wasow LLP, and Richard Donahoo of Donahoo & Associates, PC.

**N.** "Complaint" means the First Amended Complaint (ECF No. 21) filed in 5:21-cv-01466-SB-SHK.

**O.** "Court" or "District Court" means the United States District Court for the Central District of California, Eastern Division.

**P.** "Defense Counsel" means SPCP's counsel, the attorneys at Morgan Lewis & Bockius LLP who have entered an appearance in this case.

**Q.** "Effective Date" means the date on which the Final Order is Non-Appealable.

**R.** "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

**S.** "Escrow Account(s)" means an account(s) established by Co-Lead Class Counsel in the name of KPC ESOP Settlement Fund – SPCP Settlement into which the Cash Settlement Amount is to be paid.

**T.** "ESOP Plan Administrator" means the Administrator of the KPC ESOP within the meaning of ERISA § 3(16), 29 U.S.C. 1002(16).

**U.** "Excluded Persons" means the following persons who are excluded from the Class: (1) Defendants in the Action; (2) any fiduciary of the Plan; (3) the

officers and directors of KPC, or of any entity in which one of the individual Defendants has a controlling interest ; (4) the immediate family members of any of the foregoing excluded persons (including any person defined as a relative under 29 U.S.C. § 1002(15)); and (5) the legal representatives, successors, and assigns of any such excluded persons.

V. "Expense Award" will have the meaning set forth in Section VIII of this Agreement.

W. "Final Approval Hearing" has the meaning set forth in Section X of this Agreement.

X. "Final Approval Motion" means the motion to be filed by Co-Lead Class Counsel requesting that the Court grant final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e).

Y. "Final Order" means the Order and Final Judgment, substantially in the form of an Order described in Section X below.

Z. "KPC" means Defendant KPC Healthcare Holdings, Inc.

AA. "KPC 401k Plan" or "401k Plan" means the KPC 401(k) Plan (as the same may be amended from time to time).

BB. "KPC 401k Plan Administrator" means the Administrator of the KPC 401k Plan within the meaning of ERISA § 3(16), 29 U.S.C. 1002(16).

CC. "KPC Defendants" means KPC Healthcare Holdings, Inc.; The Administrative Committee of the KPC Healthcare, Inc. Employee Stock Ownership Plan; Kali Pradip Chaudhuri; William E. Thomas; Kali Priyo Chaudhuri; Amelia Hippert; and Lori Van Arsdale.

DD. "KPC ESOP", "ESOP" or the "Plan" means the KPC Employee Stock Ownership Plan (which is now the KPC Healthcare, Inc. Profit Sharing Plan).

EE. "Net Settlement Fund" or "Net Settlement Amount" means the Settlement Fund or Cash Settlement Amount minus all Court-approved reductions

CLASS ACTION SETTLEMENT AGREEMENT

such as the Fee Award, Expense Award, Service Award or approved settlement administration expenses.

**FF.**    "Non-Appealable" means an order entered by the Court that is no longer subject to appeal, which will occur when: (i) if no appeal is taken therefrom, on the date on which the time to appeal therefrom (including any extension of time) has expired; or (ii) if any appeal is taken therefrom, on the date on which all appeals therefrom, including any petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for writ of *certiorari* or any other writ, or any other form or review, have been finally disposed of, such that the time to appeal therefrom (including any extension of time) has expired, in a manner resulting in an affirmance of the Final Order.

**GG.**    "Non-Releasees" means Alerus and KPC Defendants, and their parents, subsidiaries, affiliates, shareholders, partners, investors and members, and each and all of the respective past, present, and future officers, directors, employees, attorneys, agents, or insurers of any of them, and their respective predecessors, successors and assigns, individually or in their capacities as directors, officers, fiduciaries, administrators, shareholders, partners, investors, members, employees, agents, insurers and attorneys.

**HH.**    "Other Settlements" means the settlements with the KPC Defendants and Alerus.

**II.**    "Other Settlement Funds" means the settlement funds that were created as a result of settlements with the KPC Defendants and Alerus.

**JJ.**    "Plaintiff" means Danielle Gamino.

**KK.**    "Plaintiff's Counsel" means Co-Lead Class Counsel and Major Khan of MK LLC Law.

**LL.**    "Plan of Allocation" means the plan for distribution of the proceeds of the Cash Settlement Amount as proposed by Co-Lead Class Counsel that is subject to approval by the Court.

**MM.**  "Preliminary Approval Motion" means the Motion to be filed by Co-Lead Class Counsel requesting that the Court enter the Preliminary Approval Order.

**NN.**   "Preliminary Approval Order" means the "Order Preliminarily Approving Settlement, Approving Form of Notice, and Setting Final Approval Hearing" in this Action, substantially in the form described in Section X.

**OO.**   "Released Parties" means any person who receives a release from another party under this Settlement Agreement.

**PP.**   "Settled Claims" means all claims released pursuant to this Settlement.

**QQ.**   "Settled Class Claims" means the claims that the Class will release pursuant to this Settlement as provided in Section XIII.

**RR.**   "Settlement" means the settlement and compromise of this Action as provided for in this Settlement Agreement.

**SS.**   "Settlement Administrator" means the person hired by Co-Lead Class Counsel, subject to Court approval, who will be responsible for, among other things, providing Class Notice to Class Members and/or otherwise assisting with the administration of the Settlement including as set forth in Section VII.

**TT.**   "Settlement Agreement" means this Class Action Settlement Agreement and any accompanying Exhibits, including any subsequent amendments thereto and any Exhibits to such amendments.

**UU.**   "Settlement Fund" means the Cash Settlement Amount plus any earnings and interest thereon, minus any Court-approved deductions and expenses.

**VV.**   "Settling Parties" or "Parties" means Plaintiff, on behalf of herself and the Class, and SPCP.  It does not mean KPC Defendants or Alerus.

**WW.** "SPCP" means Defendant SPCP Group, LLC.

**XX.**   "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest,

CLASS ACTION SETTLEMENT AGREEMENT

penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including income tax and other taxes and charges on or regarding franchises, windfall or other profits, gross receipts, property, sales, use, capital stock, payroll, employment, social security, workers' compensation, unemployment compensation, or net worth; taxes or other charges in the nature of excise, withholding, *ad valorem*, stamp, transfer, value added or gains taxes; license, registration and documentation fees; and customs' duties, tariffs, and similar charges.

YY.    "Trust Agreement" means the KPC Healthcare Employee Stock Ownership Trust Effective April 1, 2015.

## II.    CLASS DEFINITION & CLASS NOTICE

1.    **Modification of the Class Definition**.  As part of the motion for preliminary approval, Class Counsel will seek to modify the Class Definition to establish an end date of August 31, 2021. SPCP will not oppose that requested modification. To the extent that the Court does not agree to that modification, it will not be a condition of the settlement and will not serve as a basis for either party to withdraw from the settlement.

2.    **Provision of Class Notice**. Upon the Court's preliminary approval of this Settlement Agreement or by the date specified by the Court, the Settlement Administrator will be responsible for providing Class Notice to the Class Members.

3.    **Contents**. The Class Notice will contain a brief description of the claims advanced by the Class, a summary of the terms of the Settlement Agreement, information on the attorneys' fees and costs sought by Class Counsel, describe the proposed Plan of Allocation of the Settlement Fund to the Class, and provide information about the Final Approval Hearing, in the form approved by the Court.

10
CLASS ACTION SETTLEMENT AGREEMENT

**4.      Method of Providing Class Notice.** Class Notice will be provided to each individual Class Member (a) by either electronic notification (if available and approved by the Court) to all Class Members, or, if unavailable or not approved by the Court, by mailing via first class US Mail to all Class Members, and (b) by posting the Class Notice on websites maintained by Co-Lead Class Counsel and the Settlement Administrator.

**5.      Cooperation with Settlement Administrator.**  SPCP and Defense Counsel will reasonably cooperate with the Settlement Administrator to facilitate providing the Class Notice and other settlement-related communications and administering the Settlement.

**6.      Undeliverable Notices.**  In the event that a Class Notice sent by email or by U.S. Mail is returned as undeliverable, the Settlement Administrator will make reasonable efforts to obtain a valid mailing address and promptly resend the Class Notice to the Class Member by U.S. Mail.

**7.      Class Data.** The Class Data used to send Notice to the Class will be the Class Data previously provided by KPC Defendants pursuant to Section II.7 of Plaintiff's settlement agreement with the KPC Defendants. The persons identified in that Class Data, unless they meet the definition of Excluded Persons, will presumptively be the Class Members and the persons identified by the KPC Defendants as the Excluded Persons presumptively will be the Excluded Persons.

**8.      Internet/Website Publication**:  Class Counsel and/or the Settlement Administrator will utilize the existing website dedicated and designed to provide information about the Action and the Settlement to Class Members. Among other information, this website will contain the Class Notice, the Complaint against SPCP, the Order on the Motions to Dismiss, the Class Certification Order on the SPCP Claim, the Order on SPCP's Motion for Summary Judgment, the Clerk's Award on SPCP's Application for Costs, the briefing on SPCP's Motion for

Attorneys' Fees, this Settlement Agreement, the Preliminary Approval Orders, proposed Plan of Allocation, Final Approval Motion and the Motion for Expenses.

**9.     Class Notice Costs and Expenses.** All costs and expenses for the Class Notice, and the Settlement Administrator will be paid from the Settlement Fund.

**10.     Declaration Regarding Class Notice and CAFA Notice**. Within 30 days after the date on which the Class Notice and CAFA Notice are required to be sent, the Settlement Administrator will file a declaration with the Court confirming that the Class Notice, CAFA Notice, and any related information, were sent in accordance with the Preliminary Approval Order.

**III.    SETTLEMENT FUND**

**1.     Payment of Cash Settlement Amount into Escrow Account.**  SPCP will pay $100,000.00 into the Escrow Account within 30 days after entry of the Preliminary Approval Order so long as Class Counsel has provided a completed W-9 and wire instructions for the financial institution where the Cash Settlement Amount will be paid.

**2.     Payment of Cash Settlement Amount As Sole Payment Obligation of SPCP**.  Except as specified in this Agreement, the payment of the Cash Settlement Amount shall be the sole, total, and only payment obligations of SPCP or any SPCP Releasee in the Settlement of the Action.

**3.     Custody of Settlement Fund.** The Settlement Fund held in the Escrow Account will be deemed to be in the custody of the Court and will remain subject to the jurisdiction of the Court and will be administered in accordance with the terms of this Settlement Agreement and the Orders of the Court. Except as provided herein, the Settlement Fund will not be released from the Escrow Account until the Final Order becomes Non-Appealable or the Settlement is terminated in accordance with this Agreement.

CLASS ACTION SETTLEMENT AGREEMENT

**4.** **Management of the Settlement Fund.** Until the Final Order becomes Non-Appealable or until the Settlement is terminated in accordance with this Agreement, the Settlement Fund will be held in the Escrow Account established by Co-Lead Class Counsel, for which an escrow agent (the "Escrow Agent") will act pursuant to the terms of the escrow agreement (the "Escrow Agreement") or as ordered by the Court. After the Final Order becomes Non-Appealable, Co-Lead Class Counsel will have the sole right and duty to manage the Settlement Fund in compliance with the terms of the Final Order. At no time will SPCP have any duty or authority to hold, manage, or invest any portion of the Settlement Fund. Any earnings or interest earned by the Settlement Fund will become part of the Settlement Fund.

**5.** **Qualified Settlement Fund.** The Settlement Fund is intended by the Settling Parties to be a "qualified settlement fund" for federal income tax purposes under Treas. Reg. § 1.468B-1 at the earliest date possible.

## IV. DISTRIBUTIONS FROM THE SETTLEMENT FUND

**1.** **Expenses Before the Effective Date.** Until the Final Order becomes Non-Appealable or the Settlement is terminated in accordance with this Agreement, Class Counsel will be authorized to pay from the Settlement Fund upon notice to Defense Counsel (a) any actual or estimated taxes on any income earned on the Settlement Fund, (b) all costs and expenses related to the preparation of such tax filings or payments and (c) all costs and expenses incurred in connection with the Class Notice and administration of the Settlement. Any dispute regarding the reasonableness of any expense incurred, paid, or owing will be adjudicated by the Court, but in no event will such a dispute require Class Counsel to cause or allow the Settlement Fund to fail to make a tax payment in a timely manner.

**2.** **Attorneys' Fees, Expenses and Costs.** Pursuant to any deadline set by the Court, Class Counsel may file any motion with the Court requesting the

reimbursement of litigation expenses and costs out of the Settlement Fund. Class Counsel will not seek additional attorneys' fees out of this Settlement Fund. Any amounts awarded by the Court will be paid from the Settlement Fund as directed by Class Counsel before Distribution to the Class.

**3.** **Tax Reserve After the Effective Date**: Upon the Final Order becoming Non-Appealable, Class Counsel will be authorized to establish a reserve from the Settlement Fund to pay any taxes that are or will be owed (but not yet due) and for expenses related to payment of taxes or filing of tax returns or to the extent that there are other costs of administration of the Settlement.

**4.** **Distribution to the Class**: After the Final Order becomes Non-Appealable, the Settlement Fund (along with the proceeds from Other Settlement Funds) will be distributed to Class Members pursuant to the Court-approved Plan of Allocation after payment of the following:  (a) any Taxes on the income or earnings by the Settlement Fund, any tax-related expenses, and the creation of any reserve for future expenses (as described above); (b) any expenses incurred in connection with the administration of the Settlement Fund; and (c) award of reimbursement of any litigation expenses and costs to Class Counsel. After deduction of the foregoing, the Net Settlement Amount will be distributed to Class Members in accordance with the Plan of Allocation. Subject to an Order by the Court, it is contemplated that the distribution process for this Settlement will be at the same time and utilize the same distribution process as the Other Settlement Funds.

**5.** **Distributions of the Net Settlement Fund Proceeds to the Class.** Distributions to Class Members who are entitled to receive an allocation from the Settlement Fund will be made as follows (unless the Court orders otherwise):

(a)    To the extent that the Court orders the KPC ESOP to do the following or the KPC ESOP agrees to do the following:

(1) For Class Members who are eligible for an immediate distribution from the KPC ESOP and who have submitted a request for an immediate distribution, the KPC ESOP will make a distribution or rollover as directed by that Class Members' election form within the later of (i) 30 days of the Final Order becoming Non-Appealable or (ii) 30 days after the KPC ESOP Plan Administrator has received amounts from the Settlement Fund and a direction or approval from Class Counsel or the Settlement Administrator regarding the allocation of any portion of the net proceeds of the Settlement Fund for these Class Members.

(2) For Class Members who are not eligible for a distribution from the KPC ESOP or for those Class Members or who have not made a distribution election, their proceeds from the Net Settlement Amount either shall (i) be held in the ESOP until that Class Member is eligible for and has requested a distribution or (ii) be transferred to that Class Member's account in the KPC 401k Plan along with that Class Member's proceeds from the Other Settlements at the same time and in the same manner as the proceeds from the Other Settlements and invested in the same manner as the proceeds from the Other Settlements.

(b) For all Class Members whose Settlement Proceeds are paid into the KPC ESOP or the KPC 401k Plan, all reasonable efforts will be taken to ensure that the distribution complies with ERISA and the relevant provisions of the Internal Revenue Code (and any corresponding state tax provisions) in order to preserve the tax-favored treatment of the amounts distributed to those Class Members.

15
CLASS ACTION SETTLEMENT AGREEMENT

(c)    For any Class Members who cannot be located, the KPC ESOP will search for and locate any Class Members who are missing participants consistent with Department of Labor regulations.

**6.    Costs and Expenses Related to Settlement Administration**. Neither the KPC ESOP (or any of its fiduciaries or administrators) nor SPCP (or any of the SPCP Releasees) will be entitled to reimbursement from the Class Members of any expenses incurred by SPCP (or its counsel) from the Settlement Amount in connection with the administration of the settlement or distribution of the settlement proceeds.

**7.    Restrictions on Administration and Distribution Expenses Charged to Class Members.** For any Class Members who, within 120 days after the date on which the Plan Administrator has sent notice to the Class Member that the Net Settlement Amount has actually been credited to Class Members' Plan accounts, electronically request a distribution of their allocation of the proceeds from the Net Settlement Amount (and are entitled to a distribution of their proceeds from the Net Settlement Amount), no fees, expenses, costs or other charges will be imposed by the ESOP (or its fiduciaries, administrators or service providers) on Class Members to receive their allocation of the proceeds from the Net Settlement Amount nor will such Class Members (or their ESOP accounts) be charged any administration fees or costs on their allocation of the proceeds from the Net Settlement Amount for the 120-day period of time that the distributions are to be made.

**8.    Restriction on Investment of the Settlement Proceeds.** In no event will the proceeds from the Net Settlement Amount be invested in KPC stock under either the ESOP or the 401k Plan.

**9.    Tax Liability**. The Settling Parties will not have any liability or responsibility for the payment of any Taxes incurred by or with respect to the Settlement Fund, and any such Taxes will be paid out of the Settlement Fund.

## V.    PLAN OF ALLOCATION

**1.    Proposed Plan of Allocation.** Co-Lead Class Counsel will propose and submit a Plan of Allocation to the Court as to the recommended method of determining and distributing the proceeds of the Settlement Fund (net of any expenses approved by the Court and other costs or expenses authorized herein) to Class Members.

**2.    SPCP's Non-Involvement.** SPCP will have no responsibility for preparing or any right to provide input into and will take no position on the Plan of Allocation.

**3.    Modification of Plan of Allocation.** In the event that the proposed Plan of Allocation is rejected or modified by the Court or on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any party to withdraw from this Settlement Agreement, except that the Plan of Allocation must prohibit the Excluded Persons from receiving any distribution or allocation from the Settlement Fund.

**4.    Excluded Persons Prohibited From Receiving Settlement Funds.** None of the Excluded Persons will either directly or indirectly through allocations to their KPC ESOP or KPC 401k Plan accounts receive any of the proceeds from this Settlement.

**5.    No Claim Based on Distribution in Accordance with the Plan of Allocation.** The Class and its members will not have any claim against Plaintiff, SPCP, the Plan, Class Counsel, Defense Counsel, the Settlement Administrator, including any of the individuals involved in the distribution under the Plan of Allocation, based on any distributions of the Settlement Fund or allocations of the Net Settlement Amount made substantially in accordance with this Settlement Agreement, the Plan of Allocation, or as authorized by the Court.

## VI.    SETTLEMENT ADMINISTRATION

17
CLASS ACTION SETTLEMENT AGREEMENT

**1.**    **Appointment of Settlement Administrator.**  A Settlement Administrator who will be approved by the Court will be appointed to administer the Settlement and will report to Co-Lead Class Counsel and the Court. To the extent feasible, Class Counsel intends to propose as Settlement Administrator for this Settlement the same one appointed to administer the settlement with the other Defendants. Any Settlement Administrator will have experience providing notice to Class Members in employment or employee benefit class action settlements, and in supervising and administering large and complex settlement funds.

**2.**    **Settlement Administrator's Responsibilities.** The Settlement Administrator will undertake the following tasks to administer this Settlement consistent with the terms of this Settlement, the Plan of Allocation, and the Orders of the Court and such other procedures required by the Court or as directed by Co-Lead Class Counsel:

(a)    Print and email and/or mail the Class Notice to the Class Members in accordance with this Settlement Agreement and any order of the Court and undertake to trace and re-mail all undeliverable Class Notices or other reasonable steps to locate missing Class Members;

(b)    If requested by and paid by SPCP, provide the CAFA Notice as specified by 28 U.S.C. § 1715;

(c)    Provide Class Counsel and Defense Counsel with copies of all written objections to the Settlement (to the extent such objections are not filed with the Court);

(d)    Respond to questions from Class Members or refer Class Members to Class Counsel for response;

(e)    Maintain and staff a toll-free phone number and a web site until at least six (6) months after distributions of the Net Settlement Fund has been made;

(f)     File with the Court a declaration confirming compliance with the procedures approved by the Court for providing notice to the Class;

(g)     Calculate the amount of the Net Settlement Amount to be allocated to each Class Member entitled to payment from the Net Settlement Amount by name and amount;

(h)     Instruct the ESOP Plan Administrator, consistent with instructions from Class Counsel and the court-approved Plan of Allocation, as to how the Net Settlement Amount is allocated among the Class and into the KPC ESOP accounts of individual Class Members;

(i)     Monitor the Settlement Fund and file all informational and other tax returns or other tax filings necessary or advisable with respect to the Settlement or Settlement Fund (including without limitations the returns described in Treas. Reg. Section 1.468B-2(k));

(j)     Pay the Net Settlement Amount to the KPC ESOP, consistent with instructions from Class Counsel and the court-approved Plan of Allocation; and

(k)     Any other responsibilities set forth in this Agreement; and any other responsibilities agreed to by the Settling Parties related to administration of the Settlement and consistent with the orders of the Court or any other responsibilities ordered by the Court.

3.     **KPC ESOP's Responsibilities**. The KPC ESOP will (a) allocate the Net Settlement Amount to the Class Members' KPC ESOP accounts pursuant to and consistent with the instructions from Class Counsel or the Settlement Administrator; and (b) once such amounts are allocated into the Class Members' ESOP accounts, either (i) distribute the monies to the Class Members consistent with Class Members' distribution instructions or (ii) transfer the proceeds from the Net Settlement Amount to the KPC 401k Plan consistent with the terms of this Settlement Agreement, the Plan of Allocation and any Orders by the Court, at the

19
CLASS ACTION SETTLEMENT AGREEMENT

same time, the same manner and under the same conditions as the proceeds from the Other Settlements.

**4.    Tax Treatment of the KPC Plans.** Plaintiff, Class Counsel and SPCP will use their best efforts to avoid taking actions that would cause the Settlement to adversely affect the tax-qualified status of the KPC ESOP or the KPC 401k Plan.

**5.    Tax Reporting.** The KPC ESOP Administrator (within the meaning of ERISA § 3(16)) will be responsible for tax reporting for the KPC ESOP.

## VII.    REIMBURSEMENT OF COSTS AND EXPENSES

**1.    Expenses From the Settlement Fund.** Prior to the deadline for Class Members to object to the Settlement, Class Counsel will be entitled to file a motion seeking reimbursement of expenses and costs from the Settlement Fund (the "Expense Award"). Any Expense Award will be paid solely from the Settlement Fund and is subject to the Court's approval at the Final Approval Hearing.

**2.    SPCP's Non-Opposition.**  SPCP and Defense Counsel will take no position regarding the application for or an award of the Expense Award.

**3.    Payment of Expenses to Co-Lead Class Counsel.** All amounts to be paid pursuant to this Section will be paid into an account designated by Co-Lead Class Counsel to be distributed among Plaintiffs' Counsel as directed by Co-Lead Class Counsel. Neither SPCP nor its Insurers will have any input as to the division of any prior attorneys' fees or any expenses among Plaintiffs' Counsel.

**4.    Timing of Payment of Reimbursement of Expenses.**  Disbursement of any Expense Award will be made only upon the Final Order becoming Non-Appealable except that in the event that there is no appeal of the Final Order, but an appeal solely of an Expense Award, then Class Counsel will be entitled to a disbursement from the Settlement Fund of such amount of the Expense Award as to which there is no appeal.

**5.** **Non-Materiality of Reimbursement of Expenses to Settlement.** In the event that the Court refuses to allow reimbursement of expenses/costs, in whole or in part, or any such award is rejected or modified on appeal, such rejection or modification will not constitute a material modification of this Settlement Agreement, will not void this Settlement Agreement, and will not provide a basis for any Settling Party to withdraw from this Settlement Agreement.

**6.** **SPCP's Attorneys' Fees & Expenses**. SPCP and any SPCP Releasee will bear its own attorneys' fees, expenses and costs. No amount of the attorneys' fees, expenses, or costs of this Action incurred by SPCP (or any of its Releasees) or the administration of this Settlement by SPCP will be paid by, or charged to, directly or indirectly, any Class Member, this Settlement Fund, the Other Settlement Funds or the KPC ESOP account of any Class Member.

## VIII. NO ADMISSION OF WRONGDOING

**1.** This Settlement Agreement embodies a compromise of disputed claims and nothing in the Settlement Agreement, including the furnishing of consideration in connection with this Settlement Agreement, will be interpreted or deemed to constitute any finding of wrongdoing or admission of wrongdoing by SPCP under ERISA or any other statute, regulation, case law, common law doctrine, or other legal authority, or give rise to any inference of liability in this or any other proceeding. This Settlement Agreement and the payments made consistent with its terms will not be offered or received against SPCP as any admission by any such party with respect to the truth of any fact alleged by Plaintiff or Class Members or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or of admission by SPCP of any damages, losses, liability, negligence, fault, or wrongdoing of any such party. SPCP expressly denies any liability, wrongdoing, damages, or losses with respect to the matters alleged in the Complaint.

2.       Nothing in this Settlement Agreement will be interpreted to, construed or deemed to constitute any finding that SPCP did not engage in any wrongdoing or would have been or was entitled to any attorneys' fees, expenses or costs against Plaintiff, the Class, the Settlement Fund, Class Counsel or Plaintiff's Counsel. This Settlement Agreement will not be offered or received against Plaintiff, the Class, Class Counsel or Plaintiff's Counsel as any admission by any such party with respect to the truth of any fact alleged by SPCP or the validity of any defense that had been or could have been asserted in the Action or in any litigation, or of admission by any such party as to any assertion made by SPCP in support of its motion for attorneys' fees, expenses or costs or wrongdoing of any such party.

3.       This Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement or the Final Order, and any Party may file this Settlement Agreement and/or the Final Order in any action that may be brought against it or any of the Released Parties to support a claim, a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in any action that may be brought to enforce any claim assigned pursuant to this Settlement Agreement. SPCP may use and disclose this Settlement Agreement in connection with any proceeding or claim involving any of their insurers or any governmental agency with respect to the KPC ESOP.

## IX.    APPROVAL OF THE SETTLEMENT

1.       **Preliminary Approval Order.** Plaintiff will file a motion seeking preliminary approval of the settlement ("Preliminary Approval Motion"). The Preliminary Approval Motion will seek an Order in a form agreed upon by the Settling Parties which will provide for, among other things:

(a)       Request modification of the Class definition to provide an end date of August 31, 2021;

22
CLASS ACTION SETTLEMENT AGREEMENT

(b)     Preliminary Approval of the Settlement as set forth in this Settlement Agreement, subject to further hearing and determination under Fed. R. Civ. P. 23(e);

(c)     Approval of the form of Class Notice, substantially in the form agreed-upon by the parties, and the manner of distribution and publication which is consistent with this Agreement, Rule 23 and the requirements of due process;

(d)     Approval of the form of CAFA Notice, and the manner of distribution and publication which is consistent with CAFA;

(e)     Preliminary Approval of the Plan of Allocation;

(f)     Appoint the Settlement Administrator;

(g)     Set deadlines by which all objections to the Settlement must be made;

(h)     Schedule a hearing date to determine whether the Settlement Agreement should be finally approved as fair, reasonable and adequate, and whether an Order finally approving the Settlement Agreement should be entered ("Final Approval Hearing");

(i)     Propose that no objection to the Settlement Agreement will be heard and no papers submitted in support of said objection will be received and considered by the Court at the Final Approval Hearing unless the objection and reasons therefore, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the Parties within forty-five (45) days of the publication and/or distribution of the Class Notice;

(j)     Continue any deadlines and proceedings regarding SPCP's motion for fees and its application for costs until after the Court issues a decision on Final Approval;

(k)     Provide that the Final Approval Hearing may be continued from time to time by Order of the Court if necessary, and without further notice to the Class; and

(l)     Provide a deadline for filing of a Final Approval Motion and for Class Counsel's application for an Expense Award; and

(m)     Require the KPC ESOP to provide the distribution election forms set forth in Section II.5 to the Class Counsel and the Settlement Administrator so that those forms can be distributed to Class Members if necessary.

**2.     Final Approval of the Settlement.** If the Court preliminarily approves this Settlement, Class Counsel will file a motion seeking final approval of the settlement (the "Final Approval Motion"). SPCP will either join in or not oppose the Final Approval Motion. The Final Approval Motion will seek entry of a proposed Final Order in a form to be agreed-upon by the Settling Parties and will, among other things:

(a)     Order Final Approval of the Settlement set forth in this Settlement Agreement;

(b)     Adjudge that the Settlement is fair, reasonable and adequate to the Class pursuant to Rule 23(e);

(c)     Approve the Plan of Allocation;

(d)     Order the KPC ESOP to make distributions to Class Members consistent with Section IV.5(a)-(c) of this Agreement;

(e)     Prohibit the KPC ESOP from imposing any costs or expenses on Class Members from receiving the proceeds of this Settlement;

(f)     Dismiss the Action against SPCP with prejudice;

(g)     Adjudge that Plaintiff and the Class will be deemed conclusively to have released and waived any and all Settled Class Claims against the Released Parties as provided in this Settlement Agreement;

CLASS ACTION SETTLEMENT AGREEMENT

(h)     Bar and permanently enjoin the Parties and the Class from prosecuting any and all Settled Claims, as provided in this Settlement Agreement, against any Party for whom they have released claims;

(i)     Bar and permanently enjoin SPCP from asserting any claims for or seeking any attorneys' fees, expenses or costs against Plaintiff, the Class, the Settlement Fund(s) with the other Defendants, Class Counsel or Plaintiff's Counsel;

(j)     Determine Class Counsel's request(s) for an Expense Award;

(k)     Provide that Class Members will be barred from asserting any claims against Plaintiff, Class Counsel, Plaintiff's Counsel, SPCP or Defense Counsel arising out of the allocation of the Net Settlement Amount calculated by the Settlement Administrator or based on actions by any of them that were consistent with the Plan of Allocation, the Settlement Agreement, the applicable plan (ESOP or 401k Plan), or an order of the Court; and

(l)     Retain exclusive jurisdiction, without affecting the finality of the Order entered, with regard to: (i) implementation of this Settlement Agreement; (ii) disposition of the Settlement Fund; and (iii) enforcement and administration of this Settlement Agreement, including the release provisions thereof.

**X.     NOTICE UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")**

1.     **CAFA Notice.** Pursuant to CAFA, SPCP will contract with the Settlement Administrator to prepare and provide the CAFA Notice, including the notices to the Attorney General of the United States, and to the Attorneys General of all states in which a Class Member resides, as specified by 28 U.S.C. § 1715, within ten (10) days after this Settlement Agreement is filed in Court.

2.     **Expense of CAFA Notice**.  Subject to approval of the Court, $1250 of the estimated expense for CAFA notice (for which the total is estimated to be

$2500) will be paid out of the Settlement Fund and the remaining amount will be paid by SPCP.

3.    **CAFA Notice Provided to Class Counsel.** SPCP will provide Class Counsel with a copy of the CAFA Notice and materials that SPCP sends within three (3) business days after such notices have been sent. The CAFA Notice and materials will be provided automatically and without further request by Class Counsel.

4.    **Objection or Modification.**  In the event that any of the government officials who received a CAFA Notice object to and/or request modifications to the Settlement, Class Counsel will to cooperate and work with SPCP to resolve or overcome such objection(s) and requested modifications so long as such action is in the best interest of the Class. In the event such objection(s) or requested modifications are not resolved, withdrawn, or overruled by the Court, SPCP shall have the right to terminate this Settlement.

**XI.    CONDITIONS OF SETTLEMENT**

1.    **Conditional Matters.** Each of the following is an express condition of Settlement: (a) there is no award of attorneys' fees to SPCP against Plaintiff, the Class, Class Counsel or the Other Settlement Fund(s), (b) the Court enters a Preliminary Approval Order substantially in the form as required by this Agreement, (c) the Court enters the Final Order, substantially in the form as required by this Agreement, (d) Excluded Persons do not receive any allocation from the Settlement, (e) any objection or requested modification by any CAFA government official is withdrawn, resolved or overruled.

2.    **Non-Conditional Matters.** Each of the following is not a condition of the Settlement, and none will serve as a basis for any of the Settling Parties to withdraw from this Settlement: (a) Court approval of the Expense Award; (b) Court approval or modification of the Plan of Allocation proposed by Class Counsel (except as provided in this Agreement as to Excluded Persons). No action by the

District Court or any courts of appeal related to the Expense Award or the Plan of Allocation will prevent a Final Order approving the Settlement from becoming Non-Appealable.

## XII.  RELEASES

Upon the Final Order becoming Non-Appealable, and provided that each Party has performed all of the respective obligations under this Settlement Agreement to be performed on or prior to such date by such Party:

**1.  Release and Covenant Not to Sue by Plaintiff and the Class.**

(a)  Plaintiff on behalf of herself and the Class (including each and all of the foregoing's legal representatives, heirs, executors, administrators, successors, and assigns) will dismiss with prejudice the claims asserted in the Complaint against SPCP and will forever release and covenant not to sue SPCP, its parents, subsidiaries, affiliates, shareholders and members, and each and all of the respective past, present, and future officers, directors, employees, attorneys, agents, or insurers of any of them, and their respective predecessors, successors and assigns, both individually and in their capacities as directors, officers, fiduciaries, administrators, shareholders, members, employees, agents, insurers and attorneys other than the Non-Releasees (collectively the "SPCP Releasees") from any and all present, or past claims, demands, debts, damages, losses, offsets, obligations, liabilities, warranties, costs, fees, penalties, expenses, rights of action, suits, and causes of action of every kind and nature whatsoever, whether under federal, state, local, or foreign law, whether based on contract, tort, statute, regulation, ordinance, the common law, or another legal or equitable theory of recovery, whether known or unknown, suspected or unsuspected, existing or claimed to exist, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, in law or in equity, that Plaintiff or the Class has that (1) are asserted against SPCP in the Complaint (ECF No. 21 in 5:21-cv-

01466); (2) are based on or arise out of SPCP's involvement in the 2015 ESOP and Warrant Transactions or any facts alleged in the Complaint; (3) would be barred by principles of *res judicata* had the claims asserted in the Action been fully litigated and resulted in a final judgment or order; or (4) for attorneys' fees, costs or expenses (except as provided herein) or sanctions against SPCP relating to or arising out of the claims in this litigation whether such claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

(b)   The Released Claims do not include any claims against the Non-Releasees (or any other person not included in the definition of SPCP Releasees), including any claims for attorneys' fees, costs or expenses against the Non- Releasees (or any other person not included in the SPCP Releasees), and Plaintiff and the Class are not agreeing to dismiss, release or agreeing not to sue the Non-Releasees (or any other person not included in the SPCP Releasees) for any claims.

(c)   To the extent that the Appeal has not be previously dismissed, within seven (7) calendar days of the Final Approval Order becoming Non-Appealable, Class Counsel will file or cause to be filed a stipulation or an unopposed motion to dismiss the Appeal with prejudice.

(d)   Within seven (7) calendar days of the Final Approval Order becoming Non-Appealable, SPCP will file a statement at the District Court that the Bill of Costs been satisfied or resolved to SPCP's satisfaction.

**2.   Release and Covenant Not to Sue by SPCP.**

(a)   SPCP and the SPCP Releasees will forever release and covenant not to sue Plaintiff, each Class Member, Class Counsel and Plaintiff's Counsel from each and every claim that could have been asserted in the Action related to the filing of the Action including any claims for attorneys' fees, costs, expenses or sanctions, that relate to the filing,

commencement, prosecution or settlement of the Action whether such Claim arises under ERISA or any federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise.

(b)    SPCP and the SPCP Releasees will not seek any award from or seek to enforce any award of any attorneys' fees, costs or expenses from the Settlement Fund and the Other Settlement Funds, including the Bill of Costs taxed by the Clerk on April 26, 2023.

3.    **Non-Released Claims.** Notwithstanding the foregoing or any other language in this Settlement Agreement, the Settling Parties are not releasing claims to enforce this Settlement Agreement or claims concerning the validity of this Settlement Agreement (including any representations upon which the Settlement was based).

4.    **Waiver of California Civil Code Section 1542.** The Settling Parties, on behalf of themselves and all persons and entities on whose behalf they are providing the releases herein, acknowledge and understand that there is a risk that, subsequent to the execution of this Agreement, they may accrue, obtain, incur, suffer, or sustain claims which in some conceivable way arise out of, are caused by, are connected with, or relate to the facts alleged or claims asserted in the Complaint, and that such claims are unanticipated at the time this Agreement is signed, or are not presently capable of being ascertained. The Settling Parties further acknowledge that there is a risk that any claims as are known or should be known may become more serious than they now expect or anticipate. Nevertheless, the Settling Parties hereby expressly waive all rights they may have in such unknown consequences or results. The Settling Parties acknowledge that they have had the benefit of and the opportunity to consult with their counsel, understand the import of Civil Code section 1542, and expressly waive the protection of Civil Code section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

29
CLASS ACTION SETTLEMENT AGREEMENT

**EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

## XIII.  EFFECT OF TERMINATION

**1.** **Termination Notice.** In the event that one of the conditions in Section XI.1 does not occur and the Final Approval Order has not become Non-Appealable, either Co-Lead Class Counsel or SPCP may void this Settlement by providing written notice to counsel for all other Parties to the Settlement within seven days (7) days after the event prompting the right to terminate ("Termination Notice").

**2.** **Effectiveness of Termination Notice.** The Termination Notice will become effective to void the Settlement Agreement only if and after the Settling Parties have failed to reach a written agreement within thirty (30) days of the event triggering the Termination Notice to modify this Settlement Agreement to resolve the issue and Counsel for the Parties have not agreed in writing to extend the deadline.

**3.** **Effect of Termination.** In the event that any party to the agreement terminates this settlement pursuant to paragraphs XIII.1 and XIII.2 or any other circumstance occurs which causes the Final Order to not become Non-Appealable and the parties have not entered into a written modification of the Settlement Agreement within 30 days of such occurrence:

(a)    the monies in the escrow account (including any interest or earning accrued while in escrow, but less any amount paid or owing for taxes or other expenses reasonably incurred by Class Counselor the Settlement Administrator while in the escrow account in connection with administering the settlement agreement, including any amounts necessary to prepare tax returns or monies paid or owing to the Settlement Administrator or the escrow agent), will be returned to each payor, pro rata according to

CLASS ACTION SETTLEMENT AGREEMENT

the amount of its respective payment(s) into the settlement fund upon written request within 10 business days of such written request;

(b)    the Settling Parties will not be released from the claims asserted in this action notwithstanding anything contained herein to the contrary;

(c)    the Settlement Agreement will be void *ab initio* except that the following provisions will survive: (i) the amount of the settlement and the terms of this Settlement Agreement will remain confidential if this Settlement Agreement has not been filed with the Court; and (ii) this Section XIII.3 (a)-(e) of this Agreement;

(d)    the respective positions, rights and responsibilities of the Settling Parties will be deemed to have reverted to their respective status in this litigation as of April 26, 2023, and, except as may otherwise be expressly provided herein, the Settling Parties will proceed in all respects as if the Settlement Agreement never existed (except as provided in this Section XIII.3 (c));

(e)    any motions and appeal that were held in abeyance or for which a stay applied (in whole or in part) pursuant to the Court's April 28, 2023, Order (ECF No. 437) will be completed in accordance with any subsequent orders; and

(f)    to the extent that the Settling Parties filed a Joint Stipulation to Dismiss the Appeal Without Prejudice Subject to Reinstatement, Plaintiff will be entitled to reinstate the Appeal within the time required by any Stipulation.

## XIV.  MISCELLANEOUS PROVISIONS

1.    **Appeal.** To the extent that the Ninth Circuit has not granted Plaintiff-Appellant's Unopposed Motion to Stay Proceedings and Remand to the District Court to allow the Court to consider approval of this Settlement by the time that this Settlement Agreement is filed with the Court, Plaintiff and SPCP will

promptly file a joint stipulate to dismiss the Appeal without prejudice subject to reinstatement in the event that either the Final Approval Order does not become Non-Appealable or any Settling Party issues a Termination Notice.

2. **Tax Advice Not Provided.** No opinion or advice concerning the Tax consequences of the Settlement Agreement has been given or will be given by counsel involved in the Action to the Class, nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. The Tax obligations of the Class and the determination thereof are the sole responsibility of each Class Member, and it is understood that the Tax consequences may vary depending on the particular circumstances of each Class Member.

3. **Binding Effect.** This Settlement Agreement will be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, affiliates, heirs and legal representatives of the Settling Parties and Released Parties, provided, however, that no assignment by any Settling Party will operate to relieve such party of its obligations hereunder.

4. **Good Faith.** The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement; and (c) agree to exercise their best efforts and to act in good faith to cooperate to the extent necessary to obtain the fullest possible participation of all Class Members in any Settlement. The Settling Parties and their counsel agree to cooperate fully with one another in seeking entry of the Preliminary Approval Order and final approval of the Settlement. The Settling Parties also agree to promptly execute and/or provide such documentation as may be reasonably required to obtain preliminary and final approval of this Settlement.

5. **Exhibits.** Any exhibits attached hereto and identified herein are hereby incorporated by reference as though fully set forth herein.

CLASS ACTION SETTLEMENT AGREEMENT

**6.    Modification.** This Settlement Agreement may be amended or modified only by written instrument signed by Co-Lead Class Counsel on behalf of Plaintiff and the Class and by Defense Counsel on behalf of SPCP or its respective successors in interest and if the Court has already entered a preliminary approval order, only if the Court approves the modification or amendment.

**7.    Representations.** This Settlement Agreement constitutes the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement Agreement, other than the representations, warranties, and covenants contained and memorialized in this document. In the event of any conflicts between this Settlement Agreement and any other document (other than a Stipulation and Order by the Court), the Settling Parties agree that this Settlement Agreement will control.

**8.    Authorization.** Each signatory to this Settlement Agreement represents that he or she is authorized to enter into this Settlement Agreement on behalf of the respective parties he or she represents.

**9.    Counterparts.** This Settlement Agreement may be executed in one or more original, photocopied, or facsimile counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.

**10.    Governing Law.** All terms of this Settlement Agreement will be governed by and interpreted according to the laws of the State of California without regard to its rules of conflicts of law and in accordance with the laws of the United States.

**11.    Headings.** The headings in this Settlement Agreement are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Settlement Agreement in any way.

**12.    Waiver.** The waiver by one party of any breach of this Settlement Agreement by any other party will not be deemed a waiver of any other breach of this Settlement Agreement. The provisions of this Settlement Agreement may not be waived except by a writing signed by the affected party, or counsel for that party, or orally on the record in court proceedings.

**13.    Continuing Jurisdiction.** The Settling Parties agree to submit to the jurisdiction of the Court and will be bound by the terms of this Settlement Agreement, including, without limitation, disputes related to implementing and enforcing the Settlement embodied in this Settlement Agreement. Any and all disputes related to claims that are not satisfactorily resolved by the Settling Parties will be submitted to the Court for final resolution. The Final Order will provide that the Court will have continuing jurisdiction over this Settlement.

**14.    Enforcement of this Agreement.**  In the event that any Party to this Settlement Agreement believes that another Party to this Settlement Agreement has breached the terms of this Settlement Agreement, that Party will notify the alleged breaching Party and Counsel in writing setting forth the nature of the breach and the requested method to cure the breach at least 14 days prior to filing any litigation to enforce the terms of the Settlement Agreement. In the event that the allegedly breaching Party fails to cure the alleged breach as set forth in the written notification after 14 days, the other Party may then file an action to enforce the Settlement Agreement.  A Party who achieves some success on the merits in demonstrating a breach occurred, could have been reasonably cured within 14 days (or a longer time set forth in the written notification) and was not cured within that time, will be entitled to attorneys' fees and expenses consistent with the standards of ERISA § 502(g)(1).

**15.    No Party Is the Drafter.** The Settlement Agreement is deemed to have been drafted by all Settling Parties hereto, as a result of arm's-length negotiations among the Settling Parties.  Whereas all Settling Parties have

CLASS ACTION SETTLEMENT AGREEMENT

contributed substantially and materially to this Settlement Agreement, it will not be construed more strictly against one party than another.

16.    **Extensions.** The Settling Parties reserve the right, subject to the Court's approval, to request any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

17.    **Evidentiary Effect.** Neither this Settlement Agreement nor the Settlement, nor any negotiation, nor act performed, nor document executed, nor proceedings held pursuant to or in forbearance of this Settlement Agreement or the Settlement, even if this Settlement Agreement is cancelled or terminated: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of the validity of any Settled Claim, or of any wrongdoing, negligence, violation or liability of any Settling Party; (b) is, or may be deemed to be, or may be used as an admission of, or evidence of any infirmity in the Complaint or claims asserted by the Class; or (c) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any Settling Party (or any of their counsel) in any civil, criminal or administrative proceeding in any court, administrative agency, or tribunal, including in this Action.  However, this Settlement Agreement may be used in such proceedings as may be necessary to consummate or enforce this Settlement Agreement, the Settlement, or the Final Order; and any Settling Party may file this Settlement Agreement and/or the Final Order in any action to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or in any subsequent action brought by SPCP or any SPCP Releasee, including insurers, seeking subrogation, contribution, indemnity or any other theory of recovery as against the KPC Defendants and/or Non-Releasees.

18.    **Final and Complete Resolution.** The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all disputes

between them with respect to this Action and the Appeal. The Settlement compromises claims which are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement Agreement were negotiated in good faith at arm's-length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

**19.    Interpretation and Construction.** In interpreting this Settlement Agreement, duplicative and/or overlapping release provisions will not be presumed or construed to be intended to release separate claims or have different meanings. Neither prior versions of this Settlement Agreement or the Agreements in Principle, nor the negotiating history of these terms will be used to aid in any interpretation or construction of those terms.

**20.    Confidential Information.** The Settling Parties will continue to abide by the terms of the Protective Order (ECF No. 74). Additionally, the Settlement Administrator will be entitled to maintain the Class Data for one year after the date of distribution of the Settlement to Class Members or Final Disposition (as defined in the Protective Order), whichever is later.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby have caused this Settlement Agreement to be executed by them or their duly authorized counsel, on the dates set forth below.

**[Signature page follows]**

DATED: June 3, 2023          Agreed to by Class Counsel

_____
R. Joseph Barton (SBN 212340)
Colin M. Downes (admitted *pro hac vice*)
BARTON & DOWNES LLP
1633 Connecticut Ave NW Suite 200
Washington, DC 20009
Tel: (202) 734-7046
Email: jbarton@bartondownes.com
Email: colin@bartondownes.com

Daniel Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
Darin Ranahan (SBN 273532)
FEINBERG JACKSON WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994
Email: dan@feinbergjackson.com
Email: nina@feinbergjackson.com
Email: darin@feinbergjackson.com

Richard E. Donahoo (SBN 186957)
Sarah L. Kokonas (SBN 262875)
William E. Donahoo (SBN 322020)
DONAHOO & ASSOCIATES, PC.
440 W. First Street, Suite 101.
Tustin, CA 92780
Tel: (714) 953-1010
Email: rdonahoo@donahoo.com
Email: skokonas@donahoo.com
Email: wdonahoo@donahoo.com

Major Khan (admitted *pro hac vice*)
MKLLC LAW
1120 Avenue of the Americas, 4th Fl.
New York, NY 10036
Tel: (646) 546-5664
Email: mk@mk-llc.com

*On Behalf of Plaintiff and the Class*

Settlement Agreement

Agreed to by SPCP GROUP LLC,

Dated: June _3_, 2023

Signature: _____

Printed Name: __Steven Weiser_____

Title: __Authorized Signatory_____

Dated: June _5_, 2023                    Approved as to form and content by

_____

Sari Alamuddin
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive
Chicago, IL 60606
Tel: (312) 324-1158

*Attorneys for SPCP Group LLC*

38
CLASS ACTION SETTLEMENT AGREEMENT