UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE GAMINO,<br><br>    Plaintiff,<br><br>v.<br><br>KPC HEALTHCARE HOLDINGS, INC. et al.,<br><br>    Defendants. | Case No. 5:20-cv-01126-SB-SHK<br><br>ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR LITIGATION COSTS [DKT. NOS. 448, 449] |

      On August 28, 2015, Defendant Alerus Financial, N.A. (Alerus), acting as the appointed trustee of the KPC Healthcare Holdings, Inc. (KPC) employee stock ownership plan (ESOP), caused the ESOP to purchase 100% of the shares of KPC common stock from Defendant Dr. Kali Pradip Chaudhuri.  Plaintiff Danielle Gamino, a former KPC employee and ESOP participant, sued Dr. Chaudhuri and Alerus (as well as other KPC executives and board members), bringing breach of fiduciary duty and prohibited transaction claims under the Employee Retirement Income Security Act of 1974 (ERISA) based on allegations that Alerus had caused the ESOP to overpay for KPC stock.  Plaintiff also sued a lender and investor in KPC, SPCP Group, LLC (SPCP).  On August 15, 2022, the Court granted SPCP's motion for summary judgment.  Dkt. No. 338.  On March 11, 2023, the Court granted in part final approval of settlements between the class, the KPC Defendants,[1] and Alerus, leaving SPCP as the only remaining defendant in the case.  Dkt. No. 418.  After SPCP moved for attorneys' fees and was awarded a bill

---

[1] The KPC Defendants are KPC Healthcare Holdings, Inc., the Administrative Committee of the KPC Healthcare, Inc. Employee Stock Ownership Plan, Kali Pradip Chaudhuri, William E. Thomas, Kali Priyo Chaudhuri, Amelia Hippert, and Lori Van Arsdale.  Dkt. No. 441-3 at 7.

1

of costs, Plaintiff and SPCP reached a settlement, which the Court preliminarily approved. Dkt. No. 446. Plaintiff now moves, without objection by any class member, for final approval of the settlement agreement with SPCP and for litigation costs and expenses. Dkt. Nos. 448, 449. The Court conducted a final fairness hearing on October 20, 2023. For the reasons set forth below, the Court grants Plaintiff's motions.

I.

The Court granted class certification and appointed class counsel prior to settlement. Dkt. No. 243. The class is defined as:

> All participants in the KPC Healthcare, Inc. Employee Stock Ownership Plan from August 28, 2015, through August 31, 2021 (unless they terminated employment without vesting in the ESOP) and those participants' beneficiaries. Excluded from the class are (a) Defendants in the Action; (b) any fiduciary of the Plan; (c) the officers and directors of KPC Healthcare Holdings, Inc. or of any entity in which one of the individual Defendants has a controlling interest; (d) the immediate family members of any of the foregoing excluded persons; and (e) the legal representatives, successors, and assigns of any such excluded persons.

Dkt. No. 446 at 5–6.[2]

The terms of the proposed settlement are detailed in the settlement agreement between Plaintiff and SPCP. Dkt. No. 441-3. Generally, under the terms of the agreement, SPCP agrees to pay $100,000 into the settlement fund, from which litigation, class notice, and settlement administration expenses will be deducted. The remainder will then be distributed to class members pursuant to the following allocation plan (which is identical to that approved in the settlements with the KPC Defendants and Alerus):

> Each [class member] shall be allocated a pro rata share of the Net Settlement Fund based on each active employee Class Member's number of vested and unvested shares of KPC stock in their ESOP account as of August 31, 2021 or, if a Class Member terminated

---

[2] The Court modified the definition to include an end date in its order granting preliminary certification. Dkt. No. 446 at 5–6.

> employment prior to August 31, 2021, the number of vested shares in such Class Member's ESOP account at the date of termination date plus any previously unvested shares that vested upon plan termination. The Plan of Allocation does not include shares in the ESOP's suspense account that were allocated to active employee participants upon plan termination or unvested shares that were previously forfeited pursuant to the terms of the Plan.

Dkt. No. 441-4 at 2. If any money remains after distribution to class members, the residual amount will be given to the Pension Rights Center in Washington D.C. as the cy pres recipient. *Id*. at 3.

Generally, the settlement agreement releases SPCP from liability to class members for claims asserted against SPCP in the first amended complaint (FAC) and from claims based on or arising from the facts underlying the FAC. Dkt. No. 441-3 at 27–28. The settlement agreement also releases Plaintiff, the class members, and class counsel from claims related to this action, including attorneys' fees, costs, and expenses—excluding the litigation costs discussed below.[3] *Id*. at 28–29.

## II.

The Court certified the class against SPCP on April 5, 2022, Dkt. No. 243, and modified the class on July 10, 2023, Dkt. No. 446. In preliminarily approving the settlements, the Court evaluated the parties' proposed procedures for noticing class members, which included emailing, if available, or sending by first-class U.S. mail copies of the notice. *Id*. at 5. Moreover, the notice, along with other information, was to be posted on the existing website used for the settlements with the other defendants. *Id*. CPT Group, Inc., the Settlement Administrator, received the class list consisting of 3,131 class members on October 27, 2022. Dkt. No. 449-3 ¶¶ 4–5. Emails were then sent on July 21, 2023, to 3,106 class members, and the remaining class members were mailed notice via U.S. first class mail. *Id*. ¶¶ 8–9. As of September 19, 2023, no notices were returned as undeliverable. *Id*. ¶ 13. The notice provided in this matter complies with the requirements of Federal Rule of Civil Procedure 23 and due process.

---

[3] SPCP agrees not to enforce the bill of costs taxed by the clerk on April 26, 2023. Dkt. No. 435. SPCP also agrees not to pursue its motion for attorneys' fees, Dkt. No. 421, which is denied as moot.

The deadline to object was September 5, 2023. Dkt. No. 446 at 6. As of September 19, 2023, the Settlement Administrator has received no objections. Dkt. No. 449-3 ¶ 14.[4]

### III.

### A.

Plaintiff seeks final approval of the settlement with SPCP. Final approval may only be granted if the court, after "evaluat[ing] the fairness of a settlement as a whole," finds that the settlement is "fair, reasonable, and adequate." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)(2)). The Court's inquiry is guided by several, non-exclusive factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 819 (internal quotation marks omitted) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)) (the *Hanlon* Factors). "Each factor does not necessarily apply to every class action settlement, and others may also be considered." *Miller v. Wise Co.*, 17-CV-00616-JAK, 2020 WL 1129863, at *5 (C.D. Cal. Feb. 11, 2020).

### B.

The *Hanlon* factors support a finding that the settlement is fair, reasonable, and adequate.

First, the Court evaluates together the strength of Plaintiff's case, the risk of continued litigation, and the settlement amount. To determine if a settlement is fair, the Court must balance the strengths and weaknesses of the plaintiff's case against the risks and expenses of continued litigation. *In re Mego Fin. Corp. Sec.*

---

[4] The Court incorporates in full its analysis of the Rule 23(e) factors from the preliminary approval. Dkt. No. 446 § III.

*Litig.*, 213 F.3d 454, 458–59 (9th Cir. 2000). "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted). No one formula governs the court's determination of the likelihood of the plaintiff's success, which the Ninth Circuit has described as "nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (quoting *Officers for Just. v. Civ. Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

When balanced against the risks and expenses of further litigation, the strength (or weakness) of Plaintiff's case justifies approval. The Court granted summary judgment in SPCP's favor, reflecting this Court's unfavorable assessment of the merits of Plaintiff's case against SPCP. Dkt. No. 338. Although Plaintiff has appealed, Dkt. No. 427, the cost of appeal is significant, and a favorable result is uncertain. And even if Plaintiff were to prevail on appeal, SPCP would raise numerous arguments, including some not yet reached by this Court, that create additional risk to the class. Moreover, SPCP moved for approximately $600,000 in fees, Dkt. No. 421, and the clerk entered a bill of costs for nearly $30,000, Dkt. No. 435. Thus, the relative strength of the case is low when compared to the risk and expense of continued litigation. *See Gribble v. Cool Transports Inc.*, 6-CV-4863-GAF, 2008 WL 5281665, at *7 (C.D. Cal. Dec. 15, 2008) (finding that a grant of summary judgment on one claim weighed in favor of approving settlement); *cf. Brown v. CVS Pharmacy, Inc.*, 15-CV-7631-PSG, 2017 WL 3494297, at *3 (C.D. Cal. Apr. 24, 2017) (finding a prior grant of summary judgment in the defendants' favor in a similar case weighed in favor of approving class settlement).[5]

According to the forensic accountant retained by Plaintiff in this case, the maximum recovery against SPCP is $1,015,898.63. Dkt. No. 441-1 at 20. SPCP disputes this amount in whole or at least in substantial part. *Id.* The $100,000 settlement, which represents approximately 10% of SPCP's maximum potential liability, falls within the range of acceptable ERISA settlements. *See, e.g.*, *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014) (approving ERISA settlement that recovered 3.1% of estimated losses); *cf. In re Mego*, 213 F.3d at 459 (holding that a settlement amounting to "only a fraction of the potential

---

[5] The Court also considers the settlement in the context of the overall resolution of this case, which includes settlements with other defendants in the amount of $9 million. Dkt. No. 418.

recovery" was fair "given the difficulties in proving the case"). Accordingly, the settlement amount is reasonable when considering the countervailing factors here—including the flaws in the case against SPCP and the risk, expense, complexity, and likely duration of continued litigation.

Second, turning to the extent of discovery and the stage of proceedings, a court may presume a settlement is fair "following sufficient discovery and genuine arms-length negotiation." *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 528. Settlement was reached after extensive discovery, including—as represented by Plaintiff—240,000 documents, 16 depositions, multiple rounds of mediation, and 2 experts. *See* Dkt. Nos. 418 at 7, 449-1 at 21. Moreover, SPCP moved for and was granted summary judgment, the parties fully briefed a related fee motion, and Plaintiff appealed the grant of summary judgment to the Ninth Circuit. Dkt. No. 449-1 at 21–22. The work completed to date favors settlement.

Third, the Court considers the experience and views of class counsel. Where class counsel recommend the proposed terms of settlement, courts are to give their determination "[g]reat weight," because counsel "are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 528. Plaintiff is represented by experienced counsel with significant ERISA and ESOP-specific experience. *See* Dkt. Nos. 405-2 ¶¶ 3–9, 405-12 ¶¶ 2–5, 405-15 ¶¶ 3–8 (declarations from lead counsel). Class counsel have worked on this case for more than three years and have conducted enough discovery to inform their views on settlement. Class counsel support approval, Dkt. No. 449-1 at 22, and their positive view of the settlement weighs in favor of approval.

Fourth, the Court considers the presence, if any, of a governmental participant. Since there is no government entity participating in this case, this factor is neutral. *See, e.g.*, *Brown v. CVS Pharmacy, Inc.*, 15-CV-7631-PSG, 2017 WL 3494297, at *5 (C.D. Cal. Apr. 24, 2017) (finding factor neutral and granting final approval).

Fifth, the risk of maintaining class certification is neutral. Although there appear to be no specific risks to class certification, a court may at any time decertify a class. *Rodriguez*, 563 F.3d at 966.

Finally, the Court examines the reactions of the class members. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class [action settlement] are favorable to the class members." *Nat'l Rural Telecomm. Coop.*, 221 F.R.D. at 529.

6

As of September 19, 2023, two weeks after objections were due, no class member has objected to the settlement. Given this indication of support—or at least a lack of opposition—this factor favors approval.

\*   \*   \*

Based on its analysis of the applicable factors for final approval, the Court finds that the settlement is "fair, reasonable, and adequate." *Lane*, 696 F.3d at 818. The Court therefore GRANTS Plaintiff's motion for final approval of the class action settlement.

## IV.

The gross amount SPCP will pay into the settlement fund is $100,000. From the $100,000, Plaintiff seeks litigation costs and expenses in the amount of $4,582.17,[6] Dkt. No 448, and administrative costs to the Settlement Administrator, including the CAFA notice, of up to $3,750. Dkt. Nos. 441-4 at 26, 441-3 at 25–26. The Court analyzes each in turn.

The request for litigation costs and expenses include: electronic discovery fees, travel expenses for the preliminary approval hearing and the final fairness hearing, filing fees, Westlaw, and other administrative costs. Dkt. Nos. 448-2 at 2, 448-3 at 2. These are typical litigation costs in class actions and are reasonable given the length and complexity of the case. Moreover, Plaintiff included in the notice that costs up to $10,000 may be taken from the settlement fund for such purposes, and no objections were received. Accordingly, the Court approves litigation costs of $4,582.17.

Plaintiff seeks costs of $2,500 for the Settlement Administrator, CPT Group, Inc. Dkt. Nos. 441-1 at 26, 441-2 ¶ 7. The Settlement Administrator declared that it has charged $2,500 for "services rendered in relation to the mailing of" the notice. Dkt. No. 449-3 at 4 of 11. Plaintiff also seeks $2,500 for CAFA notice, only half of which is to come from the settlement fund, while the other half is to come from SPCP. Dkt. No. 441-3 at 25–26. Accordingly, the Court grants the request and awards costs to the Settlement Administrator for a total of $3,750, with SPCP to pay the remaining $1,250.

---

[6] Plaintiff originally sought costs in the amount of $6,732.17, but the Court authorized counsel to appear remotely for the final fairness hearing, which reduced the costs to $4,582.17.

V.

For the foregoing reasons, Plaintiff's motion for final approval of the class action settlement and Plaintiff's motion for litigation costs and expenses are GRANTED. The Court has jurisdiction over the parties and finally approves the settlement between Plaintiff and SPCP. The Court awards $4,582.17 in litigation costs and expenses to class counsel and $3,750 to the Settlement Administrator to be paid from the settlement fund with an additional $1,250 to be paid by SPCP. The parties are directed to implement the settlements according to their terms, and the releases in the agreements are incorporated by reference into this order. Dkt. No. 441-3.

In light of this order and SPCP's agreed-upon releases, the Court denies as moot SPCP's motion for attorneys' fees. Dkt. No. 421.

A final judgment dismissing this action with prejudice will be separately entered.

IT IS SO ORDERED.

Date: October 21, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge